IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cuauhtemoc Hernandez, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| -*vs*- ) | No. 23-cv- |
| ) | |
| Thomas Dart, Sheriff of Cook ) | |
| County, and Cook County, Illinois, ) | |
| ) | |
| ) | |
| *Defendants.* ) | |

# COMPLAINT

Plaintiff Cuauhtemoc Hernadez, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, and 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §12133, and 29 U.S.C. §794a(a)(2).

2. Plaintiff Cuauhtemoc Hernandez was an inmate at the Cook County Department of Corrections for part of 2022 and 2023 under booking number 2022-0202047. Presently plaintiff is not confined to any correctional facility.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

4. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of Cook County and is a

necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5.     Cook County owns all buildings at the Cook County Department of Corrections. Cook County controls all funding for renovating county owned buildings.

6.     Defendants Sheriff and Cook County have received federal funds since at least 1988. These funds have been used to construct capital projects at the Cook County Department of Corrections and to provide medical care, including drug treatment, to inmates.

7.     Plaintiff is substantially limited in his ability to move from place to place because of chronic low back pain and right knee pain. These conditions substantially limit plaintiff's ability to stand and move from place to place. Plaintiff relies on a cane to move from place to place.

8.     On May 11, 2023, when plaintiff was transferred from Cook County Jail to the Illinois Department of Corrections, medical staff at the IDOC documented plaintiff's significant physical limitations, including the need for a "cane" and that he had an order for "slow walk":



9. When detained at Cook County Jail under booking number 2022-0202047, plaintiff was prescribed a cane by the medical staff to move from place to place.

10. Over the past two years, while detained at the Jail, plaintiff was required to walk up and down a steep ramp in the lower level of the Cermak Infirmary.

11. Defendants know this ramp does not comply with the ADA Structural Standards. In March 2018, Ellen Stoner was hired by Cook County to assess the Cermak ramp. Ms. Stoner prepared a report noting the "run exceeds code requirements" and that to make the ramp compliant with the ADA, handrails and a "landing 30' from the top of ramp" was necessary. This report is below:



12. The structural barriers prevent plaintiff and similarly situated inmates from using the ramp similar to non-disabled inmates. In addition, the plaintiff has suffered physical injuries, including pain, because the ramp is steep, lacks a landing area to rest, and lacks ADA compliant handrails.

13. Plaintiff seeks damages individually and requests that the Court allow this case to proceed as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for all individuals who traversed the Cermak ramp with a cane, crutch, or walker, from December 20, 2021, to the date of entry of judgment.

14. The refusal of defendants to correct this obvious physical barrier violates the rights of plaintiff and similarly situated inmates.

15. Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that judgment be entered in favor of plaintiff for appropriate compensatory damages, that the Court certify this case under Rule 23(b)(3), and that the Court grant whatsoever other relief may be appropriate, including an award of attorney's fees and costs. In the event the plaintiff is unable to establish compensatory damages, plaintiff seeks nominal damages.

/s/ Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10257 S. Western Ave
Chicago, Illinois 60643
(773) 233-7901
*Attorney for Plaintiff*