IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cuauhtemoc Hernandez, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-16970 |
| | ) | |
| v. | ) | Honorable Jeremy C. Daniel |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | |
| and Cook County, Illinois | ) | |
| | ) | |
| Defendants. | | |

**DEFENDANT COOK COUNTY'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, COOK COUNTY, a Body Politic and Corporate, by and through its attorneys, Jason E. DeVore and Troy S. Radunsky, of DeVore Radunsky LLC, and for its Answer to Plaintiff's Complaint, states as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, and 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §12133, and 29 U.S.C. §794a(a)(2).

   **ANSWER: Defendant Cook County admits the allegations in paragraph 1.**

2. Plaintiff Cuauhtemoc Hernandez was an inmate at the Cook County Department of Corrections for part of 2022 and 2023 under booking number 2022-0202047. Presently plaintiff is not confined to any correctional facility.

   **ANSWER: Defendant Cook County has insufficient information to form a belief regarding the truth or falsity of the allegation that Plaintiff is not presently confined to any correctional facility and can neither admit nor deny this allegation. Defendant Cook County admits the remaining allegations in paragraph 2.**

#389977v1

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

   **ANSWER: Defendant Cook County admits the allegations in paragraph 3.**

4. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of Cook County and is a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

   **ANSWER: Defendant Cook County admits the allegations in paragraph 4.**

5. Cook County owns all buildings at the Cook County Department of Corrections. Cook County controls all funding for renovating county owned buildings.

   **ANSWER: Defendant Cook County admits the allegations in paragraph 5.**

6. Defendants Sheriff and Cook County have received federal funds since at least 1988. These funds have been used to construct capital projects at the Cook County Department of Corrections and to provide medical care, including drug treatment, to inmates.

   **ANSWER: Defendant Cook County denies the allegations in paragraph 6.**

7. Plaintiff is substantially limited in his ability to move from place to place because of chronic low back pain and right knee pain. These conditions substantially limit plaintiff's ability to stand and move from place to place. Plaintiff relies on a cane to move from place to place.

   **ANSWER: Defendant Cook County has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit nor deny the allegations in paragraph 7.**

8. On May 11, 2023, when plaintiff was transferred from Cook County Jail to the Illinois Department of Corrections, medical staff at the IDOC documented plaintiff's significant physical limitations, including the need for a "cane" and that he had an order for "slow walk":

[Medical permit form for Hernandez, Cuahutemoc, Number R07414, Housing Unit T106. New Order checked. Items checked: Low Bunk Permit, Low Gallery Permit, Slow Walk. Other: Cane, CPAP machine + water. Comments: knee sleeve/support. Single Cell, Butt Plug. Start Date: MAY 11 2023. Expiration Date: 12/31/23. Date: MAY 11 2023.]

**ANSWER: Defendant Cook County has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit nor deny the allegations in paragraph 8.**

9. When detained at Cook County Jail under booking number 2022-0202047, plaintiff was prescribed a cane by the medical staff to move from place to place.

    **ANSWER: Defendant Cook County admits the allegations in paragraph 9.**

10. Over the past two years, while detained at the Jail, plaintiff was required to walk up and down a steep ramp in the lower level of the Cermak Infirmary.

    **ANSWER: Defendant Cook County has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit nor deny the allegations in paragraph 10.**

11. Defendants know this ramp does not comply with the ADA Structural Standards. In March 2018, Ellen Stoner was hired by Cook County to assess the Cermak ramp. Ms. Stoner prepared a report noting the "run exceeds code requirements" and that to make the ramp compliant with the ADA, handrails and a "landing 30' from the top of ramp" was necessary. This report is below.



**ANSWER: Defendant Cook County admits the existence of Ellen Stoner's March 2018 Report in paragraph 11.**

12. The structural barriers prevent plaintiff and similarly situated inmates from using the ramp similar to non-disabled inmates. In addition, the plaintiff has suffered physical injuries, including pain, because the ramp is steep, lacks a landing area to rest, and lacks ADA compliant handrails.

    **ANSWER: Defendant Cook County denies the allegations in paragraph 12.**

13. Plaintiff seeks damages individually and requests that the Court allow this case to proceed as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for all individuals who traversed the Cermak ramp with a cane, crutch, or walker, from December 20, 2021, to the date of entry of judgment.

   **ANSWER: Defendant Cook County admits the allegations in paragraph 13.**

14. The refusal of defendants to correct this obvious physical barrier violates the rights of plaintiff and similarly situated inmates.

   **ANSWER: Defendant Cook County denies the allegations in paragraph 14.**

15. Plaintiff demands trial by jury on his claim for damages. It is therefore respectfully requested that judgment be entered in favor of plaintiff for appropriate compensatory damages, that the Court certify this case under Rule 23(b)(3), and that the Court grant whatsoever other relief may be appropriate, including an award of attorney's fees and costs. In the event the plaintiff is unable to establish compensatory damages, plaintiff seeks nominal damages.

   **ANSWER: Defendant makes no answer to paragraph 15 as it is not a statement of fact but a matter of law.**

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, COOK COUNTY, a Body Politic and Corporate, by and through its attorneys, Jason E. DeVore and Troy S. Radunsky, of DeVore Radunsky LLC, and for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

**FIRST AFFIRMATIVE DEFENSE (Failure to Exhaust Administrative Remedies)**

1. The Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

2. Plaintiff was at all relevant times and the date of filing, a prisoner, therefore subject to the PLRA.

3. To the extent it is revealed that Plaintiff did not properly exhaust his administrative remedies as required by the PLRA, Defendant is not liable for damages therefrom.

### SECOND AFFIRMATIVE DEFENSE (Failure to Mitigate)

1. Plaintiff was required to take reasonable measures to mitigate his alleged injuries and damages.

2. To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude or reduce recovery for Plaintiff by application of the principle that a Plaintiff has a duty to mitigate their damages.

### THIRD AFFIRMATIVE DEFENSE (Statute of Limitations)

1. Claims arising under the Americans with Disabilities Act ("ADA") and Rehabilitation Act must be brought within two years of the alleged violation.

2. To the extent that Plaintiff's claims in his complaint are barred by applicable statutes of limitations to claims arising under the Americans with Disabilities Act ("ADA"), and The Rehabilitation Act, those facts shall be presented to preclude or reduce recovery for Plaintiff. *See, e.g., Bonnstetter v. City of Chi.,* 811 F.3d 969, 974 (7th Cir. 2016); *Rutledge v. Illinois Dep't of Human Servs.*, 785 F.3d 258, 260 (7th Cir. 2015) (*citing Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 n.5 (7th Cir. 2000)).

### FOURTH AFFIRMATIVE DEFENSE
### (No Punitive or Liquidated Damages Under ADA or Rehabilitation Act)

1. Punitive damages are not available under the Americans with Disabilities Act. *See Barnes v. Gorman*, 536 U.S. 181 (2002).

2. Thus, to the extent that Plaintiff seeks punitive damages in this action, such is not available under the ADA. *See Barnes v. Gorman*, 536 U.S. 181 (2002).

### **FIFTH AFFIRMATIVE DEFENSE (Failure to Exhaust Administrative Remedies)**

1. To the extent it is revealed that Plaintiff did not properly exhaust his administrative remedies as required by the ADA, 42 U.S.C. § 12117(a), et seq, Defendant is not liable for damages therefrom.

### **ADDITIONAL AFFIRMATIVE DEFENSES**

1. Defendant reserves their right to assert other affirmative defenses as they become known through further discovery or otherwise in this action.

Respectfully submitted,

*/s/ Troy S. Radunsky*
One of the Attorneys for the Defendant(s)

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com
zstillman@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that above **Defendant Cook County's Answer and Affirmative Defenses to Plaintiff's Complaint** was filed on February 15, 2024, with the Northern District of Illinois ECF System, serving a copy on all parties.

*/s/ Zachary Stillman*
Zachary Stillman
