**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Cuauhtemoc Hernandez, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-16970 |
| | ) | |
| v. | ) | Honorable Jeremy C. Daniel |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | |
| and Cook County, Illinois | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

NOW COME Defendants, COOK COUNTY SHERIFF THOMAS DART and COOK

COUNTY, a body politic and corporate, by and through their attorneys, Special Assistant State's

Attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and pursuant to

Federal Rule of Civil Procedure 23, submit the following Response in Opposition to Plaintiff's

Motion for Class Certification:

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ iii

INTRODUCTION ............................................................................................................................... 1

ARGUMENT ....................................................................................................................................... 2

I.     PLAINTIFF'S ASSERTED CLASS DEFINITION FAILS TO SATISFY THE RULE 23(a) REQUIREMENTS. ................................................................................................................... 3

      A.     Plaintiff Fails to Present a Question that is Common to the Proposed Class. ................... 3

      B.     Plaintiff Fails to Show His Claims are Typical of the Claims or Defenses of the Class ..... 6

      C.     Plaintiff Fails to Show Satisfaction of the Numerosity Requirement ................................. 7

II.     PLAINTIFF'S CLAIM FAILS TO SATISFY THE RULE 23(b)(3) REQUIREMENTS. ............. 11

      A.     Plaintiff Fails to Show that Class Questions Predominate Over Individual Questions of Members of the Class. ...................................................................................................... 11

      B.     Plaintiff Fails to Show that a Class Action is the Superior Method of Adjudication of this Case. ................................................................................................................................. 13

III.     PLAINTIFF FAILS TO DEFINE AN ASCERTAINABLE CLASS PURSUANT TO RULE 23..15

CONCLUSION....................................................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Amchem Products, Inc. v. Windsor*,
521 U.S. 591 (1997) ................................................................................................ 11

*Anderson v. Cornejo*,
199 F.R.D. 228 (N.D. Ill. 2000) ............................................................................... 3

*Andrews v. Chevy Chase Bank*,
545 F.3d 570 ............................................................................................................ 14

*Bennett v. Dart*,
53 F.4th 419 (7th Cir. 2022) ............................................................................. 12, 13

*Bennett v. Dart*,
953 F.3d 467 (7th Cir. 2020) ................................................................................. 5, 6

*Bennett v. Dart*,
2020 WL 1812376 (N.D. Ill. Apr. 9, 2020) ..................................................... 12, 14

*Chi. Police Ass'n v. City of Chi.*,
7 F.3d 584 (7th Cir. 1993) ...................................................................................... 3, 5

*Comcast Corp. v. Behrend*,
569 U.S. 27 (2013) ................................................................................................... 6

*Cwiak v. Flint Ink. Corp.*,
186 F.R.D. 494 (N.D. Ill. 1999) ............................................................................... 7

*Dancel v. Groupon, Inc.*,
949 F.3d 999 (7th Cir. 2019) ................................................................................... 13

*De Bremaecker v. Short*,
433 F.2d 733 (5th Cir. 1970) .................................................................................... 2

*Dhamer v. Bristol–Myers Squibb Co.*,
183 F.R.D. 520 (N.D. Ill. 1998) ............................................................................... 7

*General Telephone Co. of Southwest v. Falcon*,
457 U.S. 147 (1982) ................................................................................................. 2

*Gilmore v. Southwestern Bell Mobile Sys., LLC*,
210 F.R.D. 212 (N.D. Ill. 2001) ............................................................................... 5

*Jamie S. v. Milwaukee Pub.*,
668 F.3d 481 (7th Cir. 2012) ................................................................................... 15

*Kohen v. Pac. Inv. Mgmt. Co.*,
571 F.3d 672 (7th Cir. 2009) ................................................................................... 10

*Lacy v. Cook Cnty.*,
897 F.3d 847 (7th Cir. 2018) ................................................................................. 2, 6

*Lacy v. Dart*,
2015 WL 1995576 (N.D. Ill. Apr. 30, 2015) ........................................................ 7, 8

*McBean v. City of N.Y.*,
228 F.R.D. 487 (S.D. N.Y. 2005) ............................................................................ 15

*Messner v. Northshore Univ. HealthSystem*,
669 F.3d 802 (7th Cir. 2012) ........................................................................ 4, 11, 13

*Mullins v. Direct Digital, LLC*,
    795 F.3d 654 (7th Cir. 2015)..................................................................3, 9
*Murray v. E*Trade Fin. Corp.*,
    240 F.R.D. 392 (N.D. Ill. 2006)...................................................................7
*Parko v. Shell Oil Co.*,
    739 F.3d 1083 (7th Cir. 2014).....................................................................12
*Phillips v. Sheriff of Cook Cnty.*,
    828 F.3d 541 (7th Cir. 2016)........................................................................4
*Pickett v. Sheridan Health Care Ctr.*,
    664 F.3d 632 (7th Cir. 2011)........................................................................9
*Puffer v. Allstate Ins. Co.*,
    675 F.3d 709 (7th Cir. 2012)........................................................................5
*Rahim v. Sheahan*,
    2001 WL 1263493 (N.D. Ill. Oct. 19, 2001) ...............................................3
*Simer v. Rios*,
    661 F.2d 655 (7th Cir. 1981)..........................................................2, 13, 15
*Steimel v. Wernert*,
    823 F.3d 902 (7th Cir. 2016)......................................................................15
*Szabo v. Bridgeport Mach., Inc.*,
    249 F.3d 672 (7th Cir. 2001)...........................................................4, 5, 10
*Walker v. Dart*,
    2021 WL 809765 (N.D. Ill. Mar. 3, 2021)...................................................2
*Wal-Mart v. Dukes*,
    564 U.S. 338 (2011)...................................................................................3, 4

## STATUTORY AND REGULATORY PROVISIONS

29 U.S.C. § 794...............................................................................................1
42 U.S.C. § 12131......................................................................................1, 11
28 C.F.R. § 35.130(b)(7)................................................................................11

## RULES

Fed. R. Civ. P. 23...........................................................................2, 3, 6, 13, 15
Fed. R. Evid. 201(a), (b)(2)............................................................................9

## INTRODUCTION

Plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. § 12131-32 (the "ADA"), and the Rehabilitation Act, 29 U.S.C. § 794 (the "RA"), alleging lack of compliance with applicable standards under the ADA. Plaintiff's Complaint seeks finding of liability with respect to use by detainees with "cane[s], crutch[es], or walker[s]" of a lower-level ramp in the Cermak Facility connecting it to the rest of the Cook County Department of Corrections ("CCDOC"). (ECF No. 1 at ¶¶ 10, 13.) This is Counsel for Plaintiff's *second* lawsuit involving this same ramp. (*See Walker v. Dart*, 20-cv-261.)

Defendant's counsel filed their appearance in this matter on January 15, 2024 at 11:28 a.m. (ECF No. 8.) An hour and a half later, at 1:03 p.m., Plaintiff filed his Motion for Class Certification. (ECF Nos. 9-11.)

Plaintiff's bare bones motion seeks to certify a class under Rule 23(b)(3) ("all individuals who traversed the Cermak ramp with a cane, crutch, or walker, from December 20, 2021, to the date of entry of judgment.") (ECF No. 1, ¶ 13; ECF No. 9 at 1; ECF No. 10 at 2.) This Court should deny Plaintiff's Motion for several reasons. First, Plaintiff's Motion is premature. Plaintiff filed his Motion before serving any discovery requests or receiving any information in discovery to bolster his arguments for class certification under Rule 23. (ECF No. 10.)

This matter is in its infancy, and Defendants submit that discovery will reveal information necessary to determine if a class exists at all. Discovery will also confirm that "Cermak" is a distinct entity and a location (a hospital) on the CCDOC compound and that medical alerts are not proscribed or entered by Defendant Sheriff Dart and the staff of the Cook County Sheriff's Office; rather, they are entered by medical providers employed by Cermak Hospital, which is a part of the Cook County Health and Hospital system. Discovery will reveal that there are more types of alerts

than singularly being permitted to use "cane[s], crutch[es], or walker[s]"—prescriptions for those devices, and others, vary depending on short or long-distance travel, and other factors. (ECF No. 1, ¶ 10.)

Plaintiff filed his Motion for certification without to engaging in written or oral discovery. None of the information referenced in Plaintiff's Memorandum was obtained through discovery in this case, and none relates to the Cermak ramp at issue. Plaintiff relies on *Lacy v. Cook Cnty.*, 897 F.3d 847, n.36 (7th Cir. 2018), but *Lacy* dealt with ramps at the courthouses, not the ramp at Cermak. *Id.* at 851 ("claims based on inaccessible ramps and bath-room facilities at six county courthouses."). Plaintiff also relies on *Walker v. Dart*, 20-cv-0261, 2021 WL 809765, at *5 (N.D. Ill. Mar. 3, 2021), another inapposite case, which involved wheelchair users, not those with canes crutches and walkers, like here. *Id. Walker* also remains pending at this time. Plaintiff has failed to disclose those distinctions in an attempt to push for premature class certification. Plaintiff's lack of diligent effort in developing his case before moving for class certification should not be rewarded.

## **ARGUMENT**

Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3). "A class may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites for class certification have been met." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982); *Lacy*, 897 F.3d at 863.

It is axiomatic that for a class action to be certified a "class" must exist. *Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981) (citing *De Bremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970)); 3B MOORE'S FED. PRAC., ¶ 23.04[1] at 23-111 (3d ed. 1980). Rule 23 requires that a class be defined, and experience has led courts to require that classes be defined clearly and based on

objective criteria. *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 659 (7th Cir. 2015) (citations omitted). A class that is defined too vaguely fail to satisfy the "clear definition" component. *Id*.

The burden is on named plaintiff to demonstrate that all the requirements for class certification are satisfied. *Ret. Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993); *Rahim v. Sheahan*, 2001 WL 1263493, *9 (N.D. Ill. Oct. 19, 2001); *Anderson v. Cornejo*, 199 F.R.D. 228, 238 (N.D. Ill. 2000).

Federal Rule of Civil Procedure 23(a) requires that the following four prerequisites be satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a). Failure to meet any one of these requirements precludes certification of a class. *Ret. Chi. Police*, 7 F.3d at 596. If the Rule 23(a) elements are satisfied, a plaintiff must also satisfy one of the subsections of Rule 23(b).

Plaintiff fails to meet his burden of establishing commonality, typicality, and numerosity (under Rule 23(a)), and predominance and superiority (under Rule 23(b)(3)). Additionally, Plaintiff's proposed class is insufficiently ascertainable and relies on a class definition which requires subjective, individual determinations. Plaintiff's asserted class definition cannot be certified.

## I.    PLAINTIFF'S ASSERTED CLASS DEFINITION FAILS TO SATISFY THE RULE 23(a) REQUIREMENTS.

### A.    Plaintiff Fails to Present a Question that is Common to the Proposed Class.

Commonality demands that a plaintiff do more than just raise a common question, which any plaintiff with a competently crafted class complaint could do. *See Wal-Mart v. Dukes*, 564

3

U.S. 338, 350 (2011). Rather, such proposed common question "must be of such a nature that it is capable of class wide resolution." *Id.*

When assessing the commonality requirement, "courts [do] not simply apply[] a pleading standard; instead a prospective class 'must be prepared to prove that there are *in fact* . . . common questions of law or fact.'" *Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541, 550 (7th Cir. 2016) (quoting *Wal-Mart*, 564 U.S. at 350). The commonality analysis "may not simply assume the truth of the matters as asserted by the plaintiff." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012) (citing *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001)). Rather, it can "entail some overlap with the merits of the plaintiff's underlying claim." *Phillips*, 828 F.3d at 550.

Plaintiff proposes two questions, both insufficient to meet the threshold for commonality:

> **(1)** **Is the Cermak ramp required to comply with the federal structural standards set by the ADA and Rehabilitation Act?**
> **(2)** **And, if so, does the ramp comply with these standards?**

(ECF No. 10, at 6.) Plaintiff has not met the burden of proof required to show that each question satisfies commonality, making refutation of his evidence-free assertions difficult. As the Seventh Circuit noted in *Phillips*, the commonality requirement is "not simply . . . a pleading standard[.]" 828 F.3d at 555. Plaintiff is required to present real evidence showing the existence of common questions of law and fact. Instead, Plaintiff insists similarity to another case filed by his counsel, explains very little in the context of what that similarity would be, and then concludes without further support that the Court's analysis there also should apply here. (ECF No. 10 at 6, citing *Bennett v. Dart*, 18 C 4268.) The paucity of the evidence presented reflects the weakness of Plaintiff's position.

Analysis of commonality may consider the merits of success on a claim. *See Ret. Chi. Police*, 7 F.3d at 598-99 (noting that the "boundary between a class determination and the merits may not always be easily discernible.") (citation omitted). Commonality is not merely a pleading requirement. Evidence is required that Plaintiff has not provided.

Shockingly, Plaintiff fails to provide any support for commonality of the class outside of reference to the analysis in *Bennett*. Plaintiff does not even state the common relief that would be afforded to the members of his proposed class, nor what common issue lie among them. While he claims that he seeks a class consisting of "all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medical provider and traversed the Cermak ramp between December 20, 2021, and the date of entry of judgment," he fails to reference this aspect of commonality between the proposed class members in his argument for common questions among such members. (ECF No. 10 at 2.) *E.g.*, *Gilmore v. Southwestern Bell Mobile Sys., LLC*, 210 F.R.D. 212, 217 (N.D. Ill. 2001) ("Factual allegations of the complaint that go to the issue of certification are not automatically assumed to be true as . . . with . . . motion[s] to dismiss. Instead, to the extent necessary for resolving the issue of class certification, the court is to resolve factual issues, as would be true of a Rule 12(b)(1) motion to dismiss on jurisdictional grounds.") (citing *Szabo*, 249 F.3d at 675-77). There is a dearth of evidentiary support backing Plaintiff's claims for commonality. Accordingly, Plaintiff has forfeited such arguments. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (stating that a party waives an argument that is "underdeveloped, conclusory, or unsupported by law" and that a party must "allege facts and *indicate their relevance* under the correct legal standard") (emphasis added).

Further, Plaintiff relies upon *Bennett v. Dart*, 953 F.3d 467, 469 (7th Cir. 2020), and wrongly contends that it involved "nearly similar questions" related to applying "federal standards

to toilets and showers in Division 10 at the Jail." (ECF No. 10 at 6.) Yet, despite Plaintiff's assertions, *Bennett* did not hold that Plaintiff satisfied the commonality element. Instead, the Court decided that it was merely possible for a class to be certified and remanded the case to the district court to perform class certification analysis. *Id.* Plaintiff's reliance on *Bennett* is misplaced.

### B. Plaintiff Fails to Show His Claims are Typical of the Claims or Defenses of the Class

Plaintiff also fails to establish that his claims "are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). The typicality requirement is meant to ensure that the named plaintiff's claims have "the same essential characteristics as the claims of the class at large." *Lacy*, 897 F.3d at 866 (citation omitted). Rule 23 "does not set forth a mere pleading standard." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (citation omitted). A plaintiff must "be prepared to prove that there are *in fact* . . . typicality of claims." *Id.* (citation and internal quotation marks omitted).

Here, Plaintiff's claims actually present as atypical of the claims of his proposed class. Plaintiff has not presented evidence about his disability, what assistive devices he uses, when he uses them, or what issues he has had ambulating the ramp in question. Similarly, Plaintiff has not presented evidence or argument to show that he is "typical" of other individuals who have different disabilities, who use a variety of assistive devices, who may use different assistive devices at different times, and who may have had different issues ambulating up and down the Cermak ramp in question. Plaintiff would have this Court believe that he is an average member of the proposed class without providing evidence about how he uses the Cermak ramp or how others in the proposed class use the Cermak ramp.

With respect to Plaintiff's proposed Rule 23(b)(3) class ("all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medical provider and traversed the Cermak ramp between December 20, 2021, and the date of entry of judgment"), Plaintiff has not,

in fact, established that every detainee who was assigned a cane, crutch, or walker would have used the Cermak ramp in the same manner, and would have navigated the ramps without assistance. Plaintiff's claimed issues with the ramp, at this juncture, may or may not have the same essential characteristics of every other proposed class member regardless of whether they were housed in or transported through the CCDOC. Plaintiff has not presented even the most basic facts that might establish that his experience with the Cermak ramp was the same or similar to the experiences of all other persons whether housed in Cermak, Division 10, Division 6, or Division 2, et cetera. Plaintiff's unsupported allegations fail to establish that every person assigned such mobility alerts would have used the Cermak ramp on the same manner as Plaintiff Hernandez. He has not satisfied his burden to show typicality.

### C.     Plaintiff Fails to Satisfy the Numerosity Requirement.

Plaintiff cannot satisfy the numerosity requirement, which requires a plaintiff to positively show that the class is so numerous that joinder of all members is impracticable. *Cwiak v. Flint Ink. Corp.*, 186 F.R.D. 494, 496 (N.D. Ill. 1999). Class estimates may not be based on speculation. *Murray v. E\*Trade Fin. Corp.*, 240 F.R.D. 392, 396 (N.D. Ill. 2006) (citing *Dhamer v. Bristol–Myers Squibb Co.*, 183 F.R.D. 520, 525 (N.D. Ill. 1998). Here, having filed his motion before even initiating discovery, Plaintiff relies only on speculation and counsel's history of similar class actions to build a class in the instant matter, and attempts to salvage his claim by aligning it with *Lacy v. Dart*, No. 14-cv-6259, 2015 WL 1995576 (N.D. Ill. Apr. 30, 2015), and *Walker v. Dart*, No. 20-cv-261, both of which significantly differ from this matter.

Plaintiff speculates that there may be a class of "hundreds of detainees," comprised of "all Cook County detainees who have been assigned a cane, crutch, or walker by a Cermak medical provider and traversed the Cermak hospital ramp between December 20, 2021, and the date of

entry of judgment." (ECF No. 10 at 2.) But there has been no discovery concerning how many or which detainees with such alerts use the Cermak ramps or have had any difficulty at all in navigating the ramp. Instead, Plaintiff asserts this number in heavy reliance on *Walker*, wherein Defendants "produced a list of more than 500 individuals who navigated the Cermak ramp assigned a wheelchair from May 5, 2018 to the spring of 2023." (ECF No. 10 at 5.) From this, Plaintiff "estimate[s] that hundreds of detainees have navigated the Cermak ramp prescribed a cane, crutch, or walker." (*Id.*) Plaintiff's logic is not sound. The number of detainees with mobility alerts permitting canes, crutches, and walkers cannot be definitively extrapolated from the mere fact that there were hundreds of wheelchair users in another case. Wheelchair use is an entirely separate class of mobility alert, and the number of such detainees and the issues dealt with by them, cannot have any sort of predictive bearing on the numbers of detainees equipped with canes, crutches, or walkers, traversing the Cermak ramp.

Discovery is necessary to explore any reliance on figures from the *Lacy* and *Walker* cases. Further, it should not be simply presumed that documents produced in *Lacy* reflect or mirror the present demographics of CCDOC. *Lacy* began in 2014, and the first motion to certify that class was filed in September 2014. *See* Mot. to Certify Class, *Lacy v. Dart*, No. 14-cv-6259 (N.D. Ill. Nov. 9, 2015), ECF No. 21. Subsequent motions to certify an amended class were filed in early 2015 and granted on April 30, 2015. *See* Order, *Lacy*, No. 14-cv-6259, ECF No. 142. The class size in *Lacy* was determined in reliance on records that are not a part of this case, and no facts or evidence indicate that the proposed class members in this case share the same qualities or injuries as those in *Lacy*. The proposed class members herein also do not share the same mobility issues or modalities of transportation alert as those in *Lacy*. The same is true for *Walker*—both cases involved wheelchairs while here, there is no such relation to wheelchairs.

Further, Plaintiff cannot rely on a sample of the discovery produced about wheelchair users in 2014 and 2015 to support his factual assertions *in 2024* as to *an entirely separate class of detainees*. The CCDOC dramatically reduced population and movement in 2020 and 2021 during the pandemic.[1] Therefore, any relevant figures would require discovery to develop facts regarding the population of detainees with mobility alerts for canes and other walking device for detainees using the Cermak ramp between 2018 and now. But, even if one could determine the number of cane, crutch, and walker users based on the number of wheelchair users (one cannot), the different time period, particularly in light of CCDOC's response to COVID-19, makes the different time periods dispositive on this issue.

Furthermore, and unlike the class size asserted by Plaintiff, the class sizes in *Lacy* and *Walker* were not speculative and could be quantified. In the instant case, Plaintiff's proposed class lacks concrete facts or other qualifying metrics, making it inherently speculative. Specifically, his class definition merely designates prescription of "a cane, crutch, or walker" as the threshold characteristic for numerosity. Not only is any raw number of cane, crutch, and walker users speculative, but so too is the number of those individuals who used the Cermak ramp and suffered any injury.

Ultimately, the proposed class is vague at best, because it fails to identify a particular group, harmed during a particular time, and harmed in a particular way. *See Mullins v. Direct Digital,*

---

[1] *See* CIRCUIT COURT OF COOK CNTY., MODEL BOND COURT DASHBOARD, COOK COUNTY JAIL POPULATION TRENDS (Sept. 16, 2021), https://www.cookcountycourt.org/Portals/0/Chief%20Judge/Model%20Bond%20Court/2021/2021_2%20New%20D ashboard%20Final.pdf?ver=UCTiYzfNiDpBBkzTnzmGgA%3D%3D. Courts may take judicial notice of adjudicative facts that are "not subject to reasonable dispute because [they] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(a), (b)(2). This includes information made publicly available by government entities on government websites, such as the website of the Cook County Circuit Court here. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 648 (7th Cir. 2011) ("We have recognized the authority of a court to take judicial notice of government websites.").

9

*LLC*, 795 F.3d 654, 660 (7th Cir. 2015) (finding no satisfaction of class action elements where numerosity was vaguely defined). Additionally, Plaintiff's proposed class definition is overbroad because it includes many class members who were not affected and/or suffered no damages. It is well established that a class should not be certified if it is apparent that it contains a great many people who have suffered no injury at the hands of the defendant. *Kohen v. Pac. Inv. Mgmt. Co.*, 571 F.3d 672, 677 (7th Cir. 2009).

Finally, Plaintiff fails to demonstrate that their proposed class satisfies the numerosity requirement because the proposed definition is over-inclusive of all inmates who use canes, crutches, or walkers, without regard to the extent of denial of their respective ADA rights, if any. As mentioned above, no discovery has been completed in this case, and discovery would be appropriate to reflect the types of cane/crutch/walker alerts, all places in which persons with such mobility alerts might be housed, and even which persons with such mobility alerts would ever have reason to use the Cermak ramps. Plaintiff's class definition assumes that every person with such mobility implements would have used the instant ramp on the same basis as he, but he has not developed any facts to support this conclusion or assumption.

When reviewing whether class certification is appropriate, a court "may not simply assume the truth of the matters as asserted by the plaintiff," but instead must receive evidence and resolve factual disputes as necessary to decide whether certification is appropriate. *Szabo*, 249 F.3d at 676. The basic assertion that any inmate assigned a cane, crutch, or walker, and traversed the Cermak ramp between December 20, 2021, and the date of entry of judgment, suffered an absolute and guaranteed violation of their ADA rights, as alleged, is entirely unsupported.

Plaintiff's proposed class fails to meet the numerosity requirement and his Motion for Class Certification should be denied.

II.    **PLAINTIFF'S CLAIM FAILS TO SATISFY THE RULE 23(b)(3) REQUIREMENTS.**

    A.    **Plaintiff Fails to Show that Class Questions Predominate Over Individual Questions of Members of the Class.**

Under Rule 23(b)(3), class certification is permitted "only if the questions of law or fact common to class members predominate over questions that are individual to members of the class." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 814 (7th Cir. 2012) (citation and quotation marks omitted). While similar to the requirements for typicality and commonality, the predominance requirement is "far more demanding." *Id.* (citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). While "[i]ndividual questions need not be absent," such questions "[can]not predominate over the common questions affecting the class as a whole." *Id.* An individual question is one for which members of a proposed class would have to present differing evidence to make a *prima facie* showing. *Id.* at 815.

Liability for violation of the ADA is predicated upon the exclusion of a qualified individual from participation in or denial of benefits of services, programs or activities of a public entity. 42 U.S.C. § 12131. While a public entity must make reasonable modifications in policies, practices, or procedures when necessary to avoid discrimination on the basis of disability, 28 C.F.R. § 35.130(b)(7), the individualized nature of the ADA and RA inherently require a case-by-case analysis of claims. *See Messner*, 669 F.3d at 815.

Here, the potential members of the putative class will have vastly different disabilities, will utilize different assistive devices than the three asserted by Plaintiff, and will require different reasonable accommodations from one another. Further, there are likely to be issues regarding exhaustion in relation to whether each member filed grievances about the Cermak ramp, as well as the statutes of limitations of differently situated members' claims. These individualized facts

dwarf any potential common issues. Plaintiff has failed to meet his burden to show a predominating question of fact or law to establish the class, especially considering that the proper inquiry into his allegation is an individual inquiry.

Additionally, while Plaintiff has asserted some of his own injuries, he has not described the experiences or injuries of the proposed class. For each member thereof, such individual questions will have to be analyzed and explored. The existence of these individual questions in relation to each class member as a result of the lack of evidence presented will necessitate an in-depth analysis of individual issues alongside those which Plaintiff asserts have the potential to be a complex matter of class litigation. As a result, Plaintiff's individual questions and issues must be considered in depth and will surely dominate as much, if not more, than the class issues. The circumstances presented therefore allow for and even encourage the predomination of the individual issues over the class questions.

Once again, Plaintiff's argument for predominance is devoid of support, consisting mostly of mere assertions. *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085 (7th Cir. 2014) ("Mere *assertion* by class counsel that common issues predominate is not enough. That would be too facile. Certification would be virtually automatic."). Plaintiff relies on *Bennett v. Dart*, 18-cv-04268, 2020 WL 1812376, at *3 (N.D. Ill. Apr. 9, 2020) in arguing that the questions asserted in the instant case "represent[] the critical aspect, if not the totality, of Plaintiff's case, thereby satisfying predominance." (ECF No. 10 at 10.) Plaintiff's ADA and RA claims based on the questions asserted are potentially "relevant to every detainee in the putative class[,]" *Id.* (citing *Bennett v. Dart*, 53 F.4th 419, 420 (7th Cir. 2022), but the same cannot be said of the individualized aspects of Plaintiff's claims—evidentiarily they are not shown to have received the same injuries, nor experienced the same incident, nor has Plaintiff pled anything resembling the same.

Plaintiff also asserts that this Court can certify the class "to resolve an '*issue*, [but] not the whole case.'" *Id.* (citing *Bennett*, 53 F.4th at 420). While he implies that the issues in *Bennett* were similar, this is not accurate—the reason why the *Bennett* court maintained the matter as a class with respect to the *issue* as opposed to the case at whole was because there were many complex differences between members of the proposed class. *Bennett*, 53 F.4th at 420. But here, Plaintiff still seeks to certify a class, not an issue, making this argument misplaced. He also fails entirely to state exactly why this case is one where certification of the "issue" is appropriate. He makes no reasoned argument for certification of the issue, instead merely pointing to the occurrence of such in *Bennett*.

Notwithstanding Plaintiff's assertions regarding predominance, this Court should find that there is an absence of predominance of the class issues over the individual. The "starting point" in the predominance analysis is "the substantive elements of plaintiffs' cause of action and . . . the proof necessary for the various elements." *Dancel v. Groupon*, *Inc.*, 949 F.3d 999, 1008 (7th Cir. 2019) (quoting *Simer v. Rios*, 661 F.2d 655, 672 (7th Cir. 1981)). Plaintiff's allegations are woefully deficient.

### B. Plaintiff Fails to Show that a Class Action is the Superior Method of Adjudication of this Case.

Plaintiff also fails to show that a class action is the superior method of adjudication for this case. Under Rule 23(b)(3), if individual issues predominate, a class action is not the superior method for adjudication and certification should be denied. *Messner*, 669 F.3d at 815. If, to make a *prima facie* showing on a given question, the members of the proposed class present evidence that varies from member to member, then it is an individual question. *Id.* One additional factor to consider in assessing the superiority requirement is "the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(D).

Plaintiff dedicates a mere two-sentence paragraph at the end of his brief to the superiority requirement, using mostly language quoted from *Bennett v. Dart*, 2020 WL 1812376, at *3. It amounts to no more than the bare assertion of the requirement itself:

> As the merits of Plaintiff's proposed class turn upon a single legal question, proceeding as a class achieves economies of time, effort, and expense and promotes uniformity of decision.

(ECF No. 10 at 11.) Plaintiff's argument for superiority is unavailing in light of his failure to make and support an argument beyond the mere assertion that class action litigation is superior. To the contrary, considering Plaintiff's failure to delineate differences in class member specificities, and his desire to certify the issue as opposed to a class, it would seem that class action litigation may indeed not be the ideal method of resolution.

Superiority considers the difficulty of managing the instant case should class status be certified is an important consideration for the Court. As discussed, the individual questions relating to Plaintiff's claims will require highly tailored and individualized inquiries into disability, assistive device, injury, and potentially other substantive or procedural issues, such as exhaustion of administrative remedies or statute of limitations. In contrast, the class issue results only in declaratory relief for the class, for which each member would thereafter have to individually seek relief in their own individualized claim. As the Seventh Circuit has stated, "If the class certification only serves to give rise to hundreds or thousands of individual proceedings requiring individually tailored remedies, it is hard to see how common issues predominate or how a class action would be the superior means to adjudicate the claims." *Andrews v. Chevy Chase Bank*, 545 F.3d at 577.

Ultimately, in the circumstances desired by Plaintiff, the other members of the class in this case will have no relief and will be forced to undertake their own individual claims under any issued declaratory judgment. This is the definition of duplicative litigation and shows further the misbecoming of Plaintiff's arguments.

Accordingly, the motion to certify should be denied because it is not the superior way of adjudicating these claims.

## III. PLAINTIFF FAILS TO DEFINE AN ASCERTAINABLE CLASS PURSUANT TO RULE 23.

Finally, Plaintiff also fails to satisfy the threshold requirement of Rule 23 that the proposed class be sufficiently ascertainable. *Jamie S. v. Milwaukee Pub. Schs.*, 668 F.3d 481, 495 (7th Cir. 2012). To satisfy the ascertainability requirement, a plaintiff must show that class members are identifiable through clear, objective criteria so that it is administratively feasible to determine who is a member. *Id.* at 496. The requirements of Rule 23 are not satisfied when the proposed class definition is "too vague." *Steimel v. Wernert*, 823 F.3d 902, 917 (7th Cir. 2016). Proper defining of a class "alerts the court and parties to the burdens that such a process might entail[,]" and "ensures that those actually harmed by defendants' wrongful conduct will be the recipients of the relief eventually provided." *Simer*, 661 F.2d at 670. "A class is ascertainable when defined by objective criteria that are administratively feasible, without a subjective determination." *McBean v. City of N.Y.*, 228 F.R.D. 487, 492 (S.D. N.Y. 2005) (internal citations omitted).

Plaintiff argues that his class is ascertainable because it is limited to inmates assigned canes, crutches, and walkers as identified through records in the CCOMS system. (ECF No. 10 at 2-3.) But not everyone who was prescribed a cane, crutch, or walker at some point in time during their stay at CCDOC traversed the Cermak ramp while that prescription was in force. Not everyone prescribed a cane, crutch, or walker for some purposes at CCDOC was prescribed it to traverse the Cermak ramp—some likely could traverse the ramp without the device, while others may have been transported with a wheelchair or by other means. Plaintiff incorrectly assumes that every person in custody with mobility devices used the Cermak ramp on the same basis as Plaintiff. But not every person with alerts allowing use of canes, crutches, and walkers used the Cermak ramp

on the same basis as he, had the same type of mobility alert as he, or experienced the same (or any) difficulties with the ramp. Plaintiff has not explained how or why a person who was housed elsewhere or who was differently situated would have used the Cermak ramp on the same basis as he did. Simply having a designation for a mobility device alert in CCOMS is insufficient to ascertain whose ADA rights have been violated in the same way as Plaintiff. And again, Plaintiff has not developed any facts to support such conclusions or assumptions.

As phrased, Plaintiff's definition of the propsoed class is so broad that it would include any inmate who may have traversed the Cermak ramp only once while temporarily using a cane, crutch, or walker to heal from a minor injury. A list of all persons with any mobility alert, even when formally requested by Plaintiff for the prospective class, will not easily reveal these distinctions. Full development of the similarities between the claims of Plaintiff and those of the class will require fact discovery in order to review individual movement histories, medical histories, and individual complaints/grievances.

Accordingly, Plaintiff's proposed class is too subjective and fails to satisfy the ascertainability requirement. He has not engaged in any discovery to limit the issues at play and has not made any attempt to reasonably and efficiently limit those who may fall within the putative class, particularly where differently abled and situated individuals are involved and considered. Plaintiff simply cannot affirmatively show that any detainee situated differently from him would be subject to the same usage, restrictions, or troubles, as he is.

Certification of Plaintiff's putative class should be denied.

## CONCLUSION

Plaintiff's Motion for Class Certification should be denied for failure to meet the requirements for class certification under Rule 23(a), as numerosity, typicality, and commonality

are not satisfied, neither are the requirements under Rule 23(b)(3). No identifiable issues of law or fact exist as Plaintiff has only enunciated an alleged issue that must be analyzed on a case-by-case basis, and class certification is neither the superior nor fair method of evaluation since no issue of fact predominates over individual questions, which means an individualized analysis would be more appropriate. For the aforementioned reasons, Plaintiff's Motion for Class Certification should be denied.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order as follows:

1. Plaintiff's Motion for Class Certification is denied; and
2. Granting Defendants any other such relief as this court deems reasonable and just.

Respectfully Submitted,

By: */s/ Jason E. DeVore*
Jason E. DeVore, One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479
jdevore@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendants' Response in Opposition to Plaintiff's Motion for Class Certification** was filed on March 11, 2024, with the Northern District of Illinois ECF System, serving a copy to all parties.

*/s/ Zachary Stillman*
Zachary Stillman