IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cuauhtemoc Hernandez, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *-vs-* | ) | No. 23-cv-16970 |
| | ) | |
| Thomas Dart, Sheriff of Cook | ) | Judge Harjani |
| County, and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION**

Plaintiff Cuauhtemoc Hernandez, a former inmate at Cook County

Jail whose disability requires him to use a cane, alleges defendants Sheriff

Thomas Dart and Cook County have not repaired a non-compliant ramp

located in Cermak, in violation of the Americans with Disabilities Act

(ADA). Plaintiff seeks to represent a class of individuals prescribed a cane,

crutch, or walker who traversed this non-compliant ramp between

December 20, 2021, and the date of entry of judgment.

Defendants fail to respond to the argument that Cermak was

constructed after 1992 and therefore must comply with the federal

architectural standards. *See* Dkt. 10, Memorandum at 11. Nor do

defendants comment on the Corridor Ramp Accessibility Assessment

dated December 6, 2023 by Globetrotters Engineering Corporation that

provides a factual basis in support of plaintiff's position the ramp is non-

compliant. *See* Dkt. 10, Memorandum at 1; Dkt. 10-1, Corridor Ramp

Accessibility Assessment at 3, 15. The ramp is non-compliant because: (1)

the rise is greater than 30 inches and lacks an intermediate landing, and

(2) the existing handrails are not continuous because they do not extend

"horizontally a minimum of 12 inches beyond the top and bottom of the

ramp."[1]  *Id.*

      While defendants do not challenge the adequacy of plaintiff or his

counsel under Rule 23(a)(4), every other element is vigorously contested.

*See* Dkt. 19, Response at 7. The issue in this litigation concerns one

common question; namely, whether the ramp complies with the federal

accessibility standards. Plaintiff "proposes a class that will win if the

Standards apply (and were violated, to detainees' detriment) and otherwise

will lose." *Bennett v. Dart*, 953 F.3d 467, 469 (7th Cir. 2020). At this stage

of the litigation, defendants' claim the litigation turns on an individual

review of each class member's ability to traverse the ramp is inconsistent

with the holding in *Bennett v. Dart*, 53 F.4th 419 (7th Cir. 2022). Plaintiff

requests that the Court reject defendants' arguments for the following

reasons.

---

[1] Hand-railings were installed in late 2022 as a result of an agreed order in
*Walker v. Dart*. See Exhibit 1, Agreed Order in *Walker v. Dart*, 20-cv-261. Prior to this
date, the ramp did not have any hand-railings.

### I. The class is ascertainable

Defendants argue plaintiff fails to identify an ascertainable class since the proposed class "assumes that every person in custody with mobility devices used the Cermak ramp on the same basis as Plaintiff" and that "[n]ot everyone prescribed a cane, crutch, or walker for some purposes at CCDOC was prescribed it to traverse the Cermak ramp." Dkt. 19, Response at 19-20. Plaintiff requests that that the Court reject this argument for the following reasons.

The defendants are able to identify all individuals prescribed a cane, crutch, or walker at Cook County Jail who traversed the Cermak ramp. The Sheriff and County are currently litigating *Walker v. Dart*, 20-cv-261, a class certified under Rule 23(b)(2) and (b)(3) relating to wheelchair-users traversing the same ramp. *Walker v. Dart*, 2021 WL 809765 (N.D. Ill. 2021); Dkt. 10-6, *Walker v. Dart*, 20-cv-261, Dkt. 159 (order certifying Rule 23(b)(3) class). In *Walker* the defendants did not challenge ascertainability. *Walker*, 2021 WL 809765, fn. 2. After the district court allowed the case to proceed under Rule 23(b)(3), defendants produced a computer spreadsheet identifying approximately 500 detainees who moved up and down this ramp in a wheelchair. *See* Dkt. 10-3, Unopposed Motion to Send Notice in *Walker*. This computer spreadsheet identified all detainees prescribed a wheelchair (either for use at all times or long distance, meaning outside the living unit) who traversed the ramp at issue in this

case. Similar records are kept for detainees prescribed either a cane, crutch, or walker.

In *Lacy v. Cook County*, the Seventh Circuit affirmed the certification of a class of wheelchair-users who alleged certain Cook County Courthouse were not accessible. 897 F.3d 847, 869 (7th Cir. 2018). The *Lacy* class, defined as "[a]ll Cook County Jail detainees who have been assigned and currently use a wheelchair," *Lacy v. Dart*, 2015 WL 1995576, at *7 (N.D. Ill. 2015) (Gettleman, J.), is substantially identical to the *Walker* class and the proposed class here. Defendants' objection that the class is not ascertainable is without merit.

## II. The proposed class satisfies Rule 23(a)(1)

Defendants argue plaintiff cannot satisfy the numerosity requirement of Rule 23(a)(1) because the "proposed class lacks concrete facts or other qualifying metrics, making it inherently speculative" and "fails to identify a particular group, harmed during a particular time, and harmed in a particular way." Dkt. 19, Response at 13. The Court should reject these arguments for the following reason.

First, the Sheriff's online training material admits "mobility impairments" is one of the "most frequent Department of Corrections disabilities." Dkt. 10-7, Inmates with Disabilities Court at 4. Video of the Cermak ramp shows inmates using a cane, crutch or walker traverse this non-compliant ramp on a daily basis. For example, video from June 29,

2021, captures an individual using a walker and another individual use crutches to traverse the ramp. Exhibit 2, Video of individual using crutches (to be filed as a Digital Media Exhibit); Exhibit 3, Video of individual using crutches (to be filed as a Digital Media Exhibit); Exhibit 4, Video of individual using walker (to be filed as a Digital Media Exhibit); Exhibit 5, Video of individual using walker (to be filed as a Digital Media Exhibit).

It is reasonable to infer there are hundreds of putative class members in this case. In *Bennett*, a class action involving individuals prescribed a cane, crutch, or walker in Division 10 at Cook County Jail, defendants produced a list identifying more than 600 putative class members. And in *Walker*, notice was sent to more than 500 putative class members identified as traversing the Cermak ramp in a wheelchair. Accordingly, a sensible estimate of the putative class here is approximately 500 individuals.

Importantly, defendants have "not suggested how many of these individuals could not have been injured under the ADA, let alone shown 'a great many' who evaded harm." *Lacy*, 897 F.3d at 864. As the Court of Appeals held in *Lacy* when reviewing an allegation of structural barriers for wheelchair-using inmates to navigate non-compliant ramps and inaccessible toilets during court appearances, "the class definition is well tailored to reach those individuals who would have suffered the

deprivations alleged here." *Id.* For many of the same reasons, the defendants' objection to numerosity is without merit.

### III. Commonality and typicality

Defendants contend plaintiff is unable to demonstrate commonality and typicality as required by Rule 23(a). *See* Dkt. 19, Response at 7-11. The Court should reject these arguments for nearly the same reasons articulated by the district court in *Walker*. 2021 WL 809765, at *3-5.

Commonality and typicality are satisfied here because the issue to be resolved on a class-wide basis is whether the ramp complies with the structural standards. For nearly identical reasons explained in *Walker*, "the common questions of law or fact are capable of class-wide resolution." *Walker*, 2021 WL 809765, at *5. Defendants' suggestion that plaintiff has no evidence "showing the existence of common questions of law and fact," *see* Dkt. 19, Response at 8, misrepresents the record-evidence that the ramp does not comply with the applicable standards. Globetrotters Engineering Corporation submitted the Corridor Ramp Accessibility Assessment to Cook County in December of 2023 finding the Cermak ramp does "not comply with current code requirements" because the rise of the ramp is 32.4 inches and lacks an intermediate landing and the current handrails do not extend "a minimum of 12 inches beyond the top and bottom of the ramp." Dkt. 10-1, Corridor Ramp Accessibility Assessment at 3, 15. Defendants are clearly wrong the only "support for

commonality of the class" is reference to *Bennett*. *See* Dkt. 19, Response at 9.

Defendants are also wrong the putative class does not seek common relief. Dkt. 19, Response at 9. The parties dispute whether the Cermak ramp presents a structural barrier for mobility impaired detainees. *See* Dkt. 14, County Answer ¶ 12; Dkt. 15, Sheriff Answer ¶ 12. Resolution of this case as a class action under Rule 23(c)(4) resolves the issue whether the ramp complies with the ADA and "[c]lass members would receive the benefit of a declaratory judgment (if the class prevails) on the issue but would need to proceed in individual suits to seek damages; by contrast, if the class loses, every detainee would be bound through the doctrine of issue preclusion." *Bennett v. Dart*, 53 F.4th 419, 420 (7th Cir. 2022).

Defendant also ignores the record-evidence to argue plaintiff fails to satisfy typicality because he fails to present "evidence about his disability, what assistive devices he uses, when he uses them, or what issues he had ambulating the ramp in question." Dkt. 19, Response at 10. Defendant Cook County admits plaintiff was prescribed a cane by the Jail's medical staff to move from place to place. Dkt. 14, County Answer ¶ 9. The record also contains a letter from Physician Assistant Jeneal Duff dated May 3, 2020, noting plaintiff uses a cane to ambulate due to chronic knee and back pain. Dkt. 10-4, PA Duff letter dated 5/3/2020 at 1. This letter, which

defendants fail to acknowledge, states plaintiff is "walking with cane for support, especially with long distances" and to "[p]lease allow adequate time to rest while ambulating." *Id.* at 1. Plaintiff Hernandez, therefore, is typical of putative class members because he uses a cane and would benefit from an ADA compliant ramp; a ramp with the required intermediate landing that would allow a physically disabled person to traverse the ramp on the same basis as a non-disabled person.

Defendants' other argument regarding typicality, that plaintiff has not "established that every detainee who was assigned a cane, crutch, or walker would have used the Cermak ramp in the same manner, and would have navigated the ramps without assistance," dkt. 19, Response at 11, should be rejected for many of the same reasons explained in *Walker*. Plaintiff satisfies typicality because "his claim arises from the same course of conduct as the other class members – Defendants' alleged failure to bring the Cermak ramp into compliance with the ADA and RHA." *Walker*, 2021 WL 809765, at *5.

In conclusion, plaintiff requests that the Court reject defendants' challenge to commonality and typicality.

### IV. Certification appropriate under Rule 23(b)(3) and Rule 23(c)(4)

Defendants aver plaintiff is unable to satisfy the predominance element of Rule 23(b)(3) due to a need for "an in-depth analysis of

individual issues" since the putative class did not "receive[] the same injuries, nor experience[] the same incident." Dkt. 19, Response at 16-17. This argument should be rejected for the following reasons.

First, the Seventh Circuit in *Bennett* rejected this identical argument relating to a class of inmates assigned a cane, crutch, or walker assigned to Division 10 at Cook County Jail who alleged the toilets and showers violated the federal accessibility standards. *Bennett*, 53 F.4th at 420. The Seventh Circuit held the issue whether this building violated the applicable federal accessibility standards is an issue "relevant to every detainee in Division 10." *Id.* Defendants' attempt to distinguish *Bennett* by stating "here, Plaintiff still seeks to certify a class, not an issue" plainly misreads the motion. *See* Dkt. 19, Response at 17. The motion states plaintiff seeks to certify this case to resolve an "issue under Rule 23(c)(4) whether the ramp complied with the structural standards required by the ADA and Rehabilitation Act between December 20, 2021 and the date of entry of judgment." Dkt. 9, Motion.

Defendants next challenge predominance by suggesting the various putative class members "will require different reasonable accommodations from one another." Dkt. 19, Response at 15. This argument is flawed. Buildings constructed after the passage of the ADA, such as the Cermak ramp, must comply with structural accessibility standards adopted by the Department of Justice. *Lacy*, 897 F.3d at 853 (citing 28 C.F.R. §

35.151(c)); *Clemons v. Dart*, 168 F.Supp.3d at 1060, 1066 (N.D. Ill. 2016)
(Tharp, J.) ("Thus, if a facility is constructed after 1992 – as was Cermak –
it must comply with federal architectural standards."). The common
question, similar to *Bennett*, is whether the facility at issue here violates
the federal accessibility standards. *Bennett*, 53 F.4th at 420.

Defendants attempt to distinguish *Bennett v. Dart*, 53 F.4th 419 (7th
Cir. 2022), on grounds the putative class here does not present evidence
they "have received the same injuries, nor experienced the same incident"
and that in *Bennett* the class was certified only "with respect to the *issue*
as opposed to the case at whole." *See* Dkt. 19, Response at 16-17.
Defendants misunderstand plaintiff's requested relief; the plaintiff requests
to certify an issue, similar to the plaintiff class in *Bennett*. *See* Dkt. 10,
Memorandum at 10-11. *Bennett* is controlling and the common question -
whether the Cermak ramp complies with the accessibility standards - is
relevant to every detainee at Cook County Jail. *See Bennett*, 53 F.4th at
420. And "[a] class certified under Rule 23(c)(4) resolves the *issue*, not the
whole case" where "[c]lass members would receive the benefit of a
declaratory judgment (if the class prevails) on the issue but would need to
proceed in individual suits to seek damages; by contrast, if the class loses,
every detainee would be bound through the doctrine of issue preclusion."
*Bennett*, 53 F.4th at 420 (emphasis in original).

Bennett was recently applied in *Walker v. Dart*, 20-cv-261, to certify a class under Rule 23(b)(3), where the plaintiff class, defined as wheelchair-users, alleged the Cook County Jail violated the ADA by refusing to repair the non-compliant Cermak ramp. The district court found predominance satisfied for the following reasons:

> Defendants are also correct that the class members may have different damages (Dkt. 137 at 2), but again *Bennett II* instructs that those can be resolved by individual damage determinations. *Id.*; *see also Butler v. Sears, Roebuck & Co.*, 727 F.3d 800 (7th Cir. 2013) ("[A] class action limited to determining liability on a class-wide basis, with separate hearings to determine – if liability is established – the damages of individual class members, or homogeneous groups of class members, is permitted by Rule 23(c)(4) and will often be the sensible way to proceed."); *Otero v. Dart*, 306 F.R.D. 197, 207 (N.D.Ill. 2014) ("Even if damages vary among class members, the Court may hold separate liability and damage trials or appoint a magistrate judge to preside over individual damages proceedings.").

> Finally, Defendants argue that Plaintiff failed to indicate that class members suffered a detriment. (Dkt. 137 at 2). That is not accurate. Plaintiff alleged that "structural barriers prevent plaintiff and similarly situated wheelchair users from using the ramp similar to non-disabled inmates[,]" resulting in Plaintiff suffering physical injuries. (Dkt. 34 at ¶ 14 and Dkt. 138 at 4). In addition, Plaintiff highlights four other pending lawsuits where inmates allege physical damages when moving up and down the Cermak ramp that were brought after the Court's certification order. (Dkt. 128 at 3-4) [footnote omitted]. While the specific injuries may vary, the issue of the Structural Standards may "be determined class-wide . . . leaving to the future any particular inmate's claim to relief." *Bennett II*, 53 F.4th at 420. Thus, upon reconsideration, the Court finds that Plaintiff has satisfied the predominance requirement.

Dkt. 10-6, *Walker v. Dart*, 20-cv-261, Order at 3-4.

The analysis in *Walker* applies here in full force. The question of damages for putative class members may be resolved by individual damage determinations where defendants are free to present all applicable defenses. In short, plaintiff satisfies the predominance inquiry because resolution of the common question whether the ramp complies with the federal structural accessibility standards is a common issue likely to drive resolution.

### V.    Superior

Defendants re-raise many of the same argument to suggest a class action is not a superior method of adjudicating the claims regarding the Cermak ramp. *See* Dkt. 19, Response at 17-19. Defendants claim a class action would be difficult to manage because "individual questions relating to Plaintiff's claims will require highly tailored and individualized inquiries into disability, assistive device, injury, and potentially other substantive or procedural issues, such as exhaustion of administrative remedies or statute of limitations." Dkt. 19, Response at 18. This position misapplies the Seventh Circuit's holding in *Bennett*, 53 F.4th at 420 ("We do not see – and the district judge did not explain – why the application of the Standards cannot be determined class-wide, while leaving to the future any particular inmate's claim to other relief.").

Additionally, at least one other case has challenged movement up and down this allegedly non-compliant ramp by an individual prescribed

crutches. This case, *Spence v. Dart*, No. 18-cv-4258, was resolved after the district court decided cross-motions for summary judgment. *See Spence v. Dart*, 2020 WL 4677053 (N.D. Ill. 2020) (Kennelly, J.). It is likely other civil cases will challenge the same or substantially similar issues and "proceeding as a class achieves economies of time, effort, and expense and promotes uniformity of decision." *Bennett v. Dart*, 2020 WL 1812376, at *3 (N.D. Ill. Apr. 9, 2020) (Blakey, J.).

## IX.    Conclusion

Plaintiff requests that the Court order that this case proceed as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure to resolve an issue under Rule 23(c)(4).

Respectfully submitted,

/s/  Patrick W. Morrissey
Patrick W. Morrissey
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900
pwm@morrisseylawchicago.com

*Attorneys for Plaintiff*