IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CUAUHTEMOC HERNANDEZ,<br><br>        Plaintiff,<br>v.<br><br>THOMAS DART, SHERIFF OF COOK COUNTY, and COOK COUNTY, ILLINOIS,<br><br>        Defendants. | Case No. 23 C 16970<br><br>Honorable Sunil R. Harjani |

## ORDER

Before the Court is Plaintiff's Motion for Class Certification [9] pursuant to Federal Rule of Civil Procedure 23. Plaintiff's Complaint alleges that the ramp at the Cermak Health Services Facility failed to comply with the Americans with Disabilities Act (ADA) and the Rehabilitation Act because it was steep, does not have an intermediate landing, and lacks ADA compliant handrails. Plaintiff seeks class certification for the following class: all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medical provider and traversed the Cermak ramp between December 20, 2021 and the date of entry of judgment.

A proposed class must first meet the Rule 23(a) requirements of numerosity, typicality, commonality, and adequacy of representation. Fed. R. Civ. P. 23(a). "Plaintiffs bear the burden of showing that a proposed class satisfies the Rule 23 requirements, but… [i]t is sufficient if each disputed requirement has been proven by preponderance of evidence." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012) (cleaned up). The court must engage in a "rigorous analysis ... [into whether] ... the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (cleaned up).

A proposed class is sufficiently numerous when "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A class can be certified "without determination of its size, so long as it's reasonable to believe it large enough to make joinder impracticable and thus justify a class suit." *Orr v. Shicker*, 953 F.3d 490, 497 (7th Cir. 2020) (cleaned up). There is no magic number, but the Seventh Circuit has found a forty-member class sufficient to meet the numerosity requirement. *Id.* at 498. The only evidence Plaintiff has put forward regarding numerosity are: (1) videos from June 29, 2021 – prior to the period of the proposed class – of detainees traversing the Cermak ramp; and (2) an online training course that notes "mobility impairments" are one of the most frequent disabilities of detainees. The videos show one individual using a walker and another using crutches. Plaintiff suggests it is reasonable to infer from this evidence and other cases where the district court granted class certification that hundreds of class members exist. This argument is unpersuasive. First, the video evidence is outside of the period for the proposed class. Even assuming the individuals in the video were in the class, the class is at most two. Plaintiff has not

shown that joinder of these two detainees is impracticable. *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 859-60 (7th Cir. 2017). Further, the cases Plaintiff cites are uncompelling as they all deal with classes of wheelchair detainees instead of individuals who are assigned a cane, crutch, or walker. *See, e.g.*, *Lacy v. Cook Cnty.*, 897 F.3d 847, 863-67 (7th Cir. 2018); *Phipps v. Sheriff of Cook Cnty.*, 249 F.R.D. 298, 300 (N.D. Ill. Mar. 26, 2008); *Walker v. Dart*, 20-cv-261, Doc. [159] at 3-4. These cases are irrelevant — if an individual utilizes a wheelchair for mobility impairments, they generally do not also use a cane, crutch, or walker to traverse a ramp. Plaintiff has not shown by a preponderance of the evidence that joinder is impracticable.

As Plaintiff has failed to meet the numerosity requirement, the Court need not continue its analysis. Plaintiff's motion for class certification [9] is denied without prejudice given that discovery has not yet commenced.

**SO ORDERED.**

Dated: June 24, 2024

                                                   Sunil R. Harjani
                                                   United States District Judge