IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cuauhtemoc Hernandez | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) 23-cv- 16970 |
| -*vs*- | ) |
| | ) Judge Sunil R. Harjani |
| Thomas Dart, Sheriff of Cook County, | ) |
| and Cook County, Illinois, | ) |
| | ) |
| | ) |
| *Defendants.* | ) |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties, pursuant to the Court's order entered on June 24, 2024, Dkt. 28, file the following joint initial status report:

**I.   The Nature of the Case:**

A.  Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

For the Plaintiff:   Patrick W. Morrissey
Thomas Morrissey (lead trial lawyer)
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, Il. 60643
(773) 233-7901

For the Defendants:   Jason E. DeVore     (lead trial counsel)
Troy S. Radunsky
(trial bar member)
Zachary G. Stillman
(general bar member)
DeVore Radunsky, LLC
230 W. Monroe Suite 230
Chicago, Illinois  60606
(312) 300-4479

B.  Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.

        Plaintiff, a person with a mobility impairment and former detainee at Cook County Jail, alleges his rights under the Americans with Disabilities Act and Rehabilitation Act were violated because he was required to traverse an allegedly non-compliant ramp constructed after 1992 in the lower level of the Cermak building.

    C.     Briefly identify the major legal and factual issues in the case.

        The major legal and factual issues include whether the ramp complies with the federal structural standards and whether the requirements of Rule 23 for this case to be certified have been met.

    D.     State the relief sought by any of the parties.

        Plaintiff requests that: (1) the Court certify this case under Rule 23(b)(3) of the Federal Rules of Civil Procedure, (2) that the Court find that the ADA structural standards apply to the Cermak ramp, (3) that the Cermak ramp does not comply with the ADA structural standards, (4) that plaintiff is awarded compensatory damages, and (5) that the Court award attorney's fees and costs to plaintiff's counsel.

**II.**     **Jurisdiction:** Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

    A.     Identify all federal statutes on which federal question jurisdiction is based.

        Plaintiff invoked the jurisdiction of the district court under 28 U.S.C. § 1331 to assert claims arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a).

**III.**     **Status of Service:** Identify any defendants that have not been served. If plaintiff has failed to complete service of process on all defendants, then counsel must describe the efforts to perfect service to date, and provide an estimate for completion of service consistent with Federal Rule of Civil Procedure 4.

    The defendants have been served.

**IV.**     **Motions:**

    A.     Briefly describe any pending motions.

        There are no pending motions.

B. State whether the defendant(s) anticipate responding to the complaint by filing an answer or by means of a motion.

Defendants answered the complaint.

## V. Case Plan:

A. Submit a proposal for a discovery plan, including the following information[1]:

    1. The general type of discovery needed;

**Discovery requested by plaintiff**

Plaintiff seeks discovery about numerosity and ascertainability. The parties held a Rule 26(f) conference on June 26, 2024. During this conferral, defense counsel agreed to gather a list of inmates with an alert for a cane, crutch, or walker using the Cermak building during the putative class period, December 20, 2021, to the present. On July 15, 2024, the parties had another phone conferral where defense counsel represented the defendants are in the process of compiling the data and that it should be produced by the end of the month.

**Discovery requested by defendants**

    2. A date for Rule 26(a)(1) disclosures;

    The parties have served Rule 26(a)(1) disclosures.

    3. Deadline to amend pleadings and join parties;

    September 1, 2024.

    4. A date to issue first-set of written discovery requests;

    Plaintiff served a request to produce on June 25, 2024.

    Defendants request until August 2, 2024, to serve their first-set of written discovery requests.

    5. A date to issue notices of depositions with agreed upon dates and Rule 45 subpoenas;

    October 1, 2024.

---

[1] For patent cases, the proposed schedule should follow the schedule set forth in the Local Patent Rules.

      6.      A fact discovery completion date. For claims involving medical conditions, fact discovery ordinarily includes treating physician depositions; and

      November 1, 2024 for class discovery

      February 28, 2025 For all other fact discovery

      7.      Whether the parties anticipate expert discovery. If there will be expert discovery, an expert discovery schedule will be set at a later time.

      The parties anticipate expert discovery.

B.      If the parties require a protective order entered by the court during discovery, they shall follow the assigned magistrate judge's procedures. See also the [Model Confidentiality Order](#) developed by the Northern District of Illinois.

C.      State whether the parties anticipate discovery of ESI in this case. The parties should consult the Court's [sample ESI order](#) that can govern non-complex ESI discovery. For complex ESI discovery, including discovery that uses technology assisted review (TAR), the parties should consider submitting a more detailed proposed order to the assigned magistrate judge, with an accompanying motion. In a patent case, the parties should be familiar with the [Local Patent Rules for Electronically Stored Information](#).

Plaintiff requests ESI in the form of a computer list maintained at the CCDOC identifying detainees with an alert for a cane, crutch, or walker who are listed as being moved to the Cermak building from December 20, 2021, to the present (the proposed class period). This information is relevant to ascertainability and numerosity. Defendants, however, object to producing the names on grounds it is not relevant. During a conferral process on June 26, 2024, defendants offered to produce a list identifying the number of people with an alert for a cane, crutch, or walker entering the Cermak building during the class period. Defendants agreed to produce this information by July 21, 2024.

D.      With respect to trial, indicate the following:

      1.      Whether a jury trial is requested; and

      The parties jointly request a trial by jury.

2. The probable length of trial.

The parties anticipate a trial will be three days.

VI. **Consent and Settlement Discussions:**

A. The court strongly encourages the parties to consider consenting to the jurisdiction of the assigned Magistrate Judge. Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge and state whether all parties <u>unanimously</u> consent to do so.

The parties have advised their client that they may proceed before a Magistrate Judge. The parties do not unanimously consent.

B. Describe the status of any settlement discussions conducted to date (without including the particulars of any demands or offers that have been made) and advise whether the parties mutually request a settlement conference at this time.

Defendants served an offer of judgment that was not accepted by plaintiff Hernandez. The parties do not mutually request a settlement conference.

VII. **Other Matters:** State any other matters that should be brought to the Court's attention for scheduling purposes.

**From Plaintiff:**

Approximately 11 putative class members have been disclosed by the parties. Plaintiff's counsel turned over declarations by 7 putative class members regarding movement up and down the Cermak ramp.

The defendants, at this juncture, will depose at least the 7 putative class members who have executed declarations. The parties conferred on July 15, 2024, and discussed setting many of these depositions in August. All of these witnesses are incarcerated, and most are held at Cook County Jail.

Plaintiff also anticipates filing a renewed motion for class certification

**From Defendants:**

Respectfully submitted,

/s/ Patrick Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773) 233-7901
pwm@morrisseylawchicago.com

*an attorney for plaintiff*

/s/ Jason E. DeVore
Jason E. DeVore (ARDC #62422782)
Troy S. Radunsky (ARDC #6269281)
DeVore Radunsky, LLC
230 W. Monroe Suite 230
Chicago, Illinois
312-300-4479
tradunsky@devoreradunsky.com
jdevore@devoreradunsky.com
*an attorney for defendants*