IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cuauhtemoc Hernandez, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-16970 |
| | ) | |
| v. | ) | Honorable Sunil R. Harjani |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | |
| and Cook County, Illinois | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO CONSOLIDATE AND REASSIGN**

NOW COME Defendants, COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY, a body politic and corporate, by and through their attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, pursuant to Fed. R. Civ. P. 42(a) and N.D. Ill. L.R. 40.4, for their Motion to Consolidate this matter, *Hernandez v. Dart, et al.*, 23-cv-16970, with the matters of *Mathis v. Dart, et al.*, 24-cv-1127, pending before Judge Tharp, and *Rogers v. Dart, et al.*, 24-cv-3739, pending before Judge Rowland, state as follows:

**INTRODUCTION**

Counsels for Plaintiff, Thomas and Patrick Morrissey, of Thomas G. Morrissey, Ltd., presently represent detainee plaintiffs in multiple pending class action cases alleging ADA violations by the Sheriff and Cook County at the Cook County Department of Corrections ("CCDOC"). The subject pending cases each involve persons who have prescribed use of canes, crutches, or walkers while in custody if the CCDOC. Each case is pending before a different judge in the Northern District of Illinois.

In *Hernandez v. Dart, et al.*, 23-cv-16970, pending for the Honorable Judge Harjani, Plaintiff Hernandez seeks certification of a class under Rule 23(b)(3) based on the alleged ADA

non-compliance of the "Cermak ramp" in the lower portion of the CCDOC. *Hernandez* seeks a class on behalf of "all individuals who traversed the Cermak ramp with a cane, crutch, or walker, from December 20, 2021, to the date of entry of judgment." (ECF No. 1 ¶ 13.) Although, Plaintiff's counsel almost immediately filed for certification of this class before completing even one round of discovery, on June 24, 2024, this Court entered an order denying the Motion for Class Certification, therefore discovery is just beginning. (ECF No. 28.) The named Defendants in *Hernandez* are Cook County Sheriff Dart and Cook County.

In *Mathis v. Dart, et al.*, 24-cv-1127, pending before the Honorable Judge Tharp, Plaintiff William Mathis' presents nearly identical legal claims, also against Cook County and the Cook County Sheriff, but *Mathis* also includes claims concerning navigation of a second CCDOC ramp by individuals with canes, crutches or walkers. Specifically, *Mathis* adds the Residential Treatment Unit ("RTU"), where detainees may be housed and or medically treated. (*Mathis* ECF No. 5 at 8-9.) Plaintiff Mathis requests class certification under Rule 23(b)(3) of for "all Cook County Jail detainees who have been assigned a cane, crutch, or walker to traverse the [RTU] 'east tunnel' ramp from February 13, 2022 to the date of entry of judgment." (*Mathis* ECF No. 5 at ¶ 24.) In *Mathis*, Defendants' Motion to Dismiss is currently pending. but discovery is proceeding, with depositions set to start imminently.

*Rogers v. Dart, et al.*, 24-cv-3739, pending before the Honorable Judge Mary Rowland, also presents cane, crutch, or walker ADA claims, but generally concerning accommodations in a different CCDOC area– Division 9. In *Rogers*, the Plaintiff seeks certification of a class of "all inmates housed in Division 9 at the CCDOC after May 8, 2022, prescribed either a crutch, cane, or walker." (*Rogers* ECF No. 1.) Defendants in *Rogers*, again Cook County Sheriff Thomas Dart and Cook County, have a currently pending fully briefed Motion to Dismiss on file.

For the sake of judicial efficiency, these three matters are ideal candidates for consolidation, as they involve overlapping claims, overlapping class definitions and members, parties with significant similar interests and strategies, and the same counsel for all Plaintiffs and Defendants.

**ARGUMENT**

"By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge." *Blair v. Equifax Check Servs.*, 181 F.3d 832, 839 (7th Cir. 1999). As such, consolidation is favored where applicable, as it "allow[s] the court to dispatch its docket with expediency and economy while providing justice to the parties." *Richburg v. Conagra Brands, Inc.*, 22-CV-2420, 2022 WL 16836408, at *2 (N.D. Ill. Nov. 9, 2022); *see also Blocker v. City of Chicago*, 09-CV-7052, 2011 WL 1004137, at *2 (N.D. Ill. Mar. 16, 2011). It has been emphasized in the Seventh Circuit that related cases before the same court "should be consolidated before a single judge to avoid wasteful overlap." *Richburg,* 2022 WL 16836408, at *2; *see also Blair*, 181 F.3d at 839.

Under Federal Rule of Civil Procedure 42(a), this Court may "consolidate cases if they 'involve ... common question[s] of law or fact.'" *Johnson v. Ford Motor Co.*, 23-cv-14027, 2024 WL 1328829, at *3 (N.D. Ill. Mar. 28, 2024) (quoting Fed. R. Civ. P. 42(a)). Consolidation is also provided for under The Northern District's Local Rule 40.4, which gives district courts the discretion to consolidate related cases before the judge assigned to hear the earlier-filed case. *Clark v. Ins. Car Rentals*, 42 F. Supp. 2d 846, 847 (N.D. Ill. 1999); N.D. Ill. L.R. 40.4.

A moving party under Local Rule 40.4 must demonstrate the appropriateness of reassignment for consolidation. L.R. 40.4(c). Reassignment to consolidate is appropriate only if the cases are "related" such that at least one of the following criteria are met:

3

> (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same.

*Richburg,* 2022 WL 16836408, at *2 (citing L.R. 40.4(a)). If two cases are indeed "related," then the later filed case can be reassigned to the calendar of the judge assigned the earlier case, as long as each of the following factors are satisfied:

> (1) both cases are pending in this district; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would likely substantially delay the proceedings in the earlier case; and (4) the cases are susceptible of disposition in a single proceeding.

*Id.* (citing L.R. 40.4(b)).

The three matters presented here appear tailormade for consolidation due to the nature of their similar claims presented and the similar facts at hand. There are "common questions of law and fact" with regard to Plaintiffs' Counsel's multiple congruent cases seeking damages for alleged ADA violations at CCDOC.

For example, the discovery in *Hernandez*, *Mathis*, and *Rogers* will include a focus on the knowledge of the two County Defendants of the alleged difficulties faced by individuals using canes, crutches, or walkers. All three complaints contain the identical allegation that "Cook County owns all buildings at the Cook County Department of Corrections[]. Cook County controls all funding for renovating county owned buildings.*"* *(Hernandez, Mathis,* and *Rogers* Complts ¶ 5.) *Mathis* alleges that "Defendants Sheriff and Cook County know [RTU] ramp is not compliant with the ADA structural standards" and were informed about the Cermak ramp in 2018. (*Mathis* Compl., ECF No. 5, ¶¶ 13, 19-20.) *Hernandez* alleges that the Defendants have known that the Cermak ramp was not ADA compliant since 2018, citing and including an excerpt of an as-yet authenticated document (obtained by Plaintiff's counsel in prior ADA litigation against the County

4

and Sheriff). (*Hernandez* Compl. ¶ 11.) And *Rogers* alleges that Defendants were aware that individuals using canes, crutches, and walkers were assigned to Division 9 did not have accessible showers and toilets. (*Rogers* Complt. 17-19.) In fact, *Rogers* specifically cites and includes a screenshot concerning a 2018 document that appears to discuss ADA issues across the CCDOC (this document also obtained by Plaintiff's counsel in prior ADA litigation against the County and Sheriff). (*Id*. at 20.) In all three cases, the Plaintiffs allege a "refusal" of the Defendants to make ADA accommodations for persons with canes, crutches or walkers. (*Hernandez* Complt., ECF No. 1 at ¶ 14; *Mathis* Complt., ECF No. 5, at ¶ 25; *Rogers* Complt., ECF No. 1 at ¶ 25.)

Given that construction, reconstruction, and design of County-owned buildings are concentrated in the same departments with the same individuals, it would be highly efficient to consolidate document production and depositions concerning alleged knowledge of ADA violations at the CCDOC, any studies or reports or findings, or any other efforts to address the same, rather than producing the same witnesses and documents across three cases. And it would be extraordinarily wasteful and *inefficient* to search for related ADA documents and witnesses separately across three cases, not to mention deposing the same staff persons with respect to these overlapping time periods, from December 2021 to the present.

Factual discovery involving affected individuals in custody, such as the Plaintiff's and any putative class members, will also overlap greatly. Consolidation is appropriate when the purported class actions involve the same overlapping issues and claims. *Johnson,* 2024 WL 1328829, at *3. Here, while the proposed class periods are not identical, the time periods clearly overlap. First, logic dictates that persons who have been prescribed canes, crutches or walkers and who are physically assigned to Division 9 after May 2022, in addition to being potential members of the class in *Rogers*, may also be members of both the *Hernandez* and *Mathis* proposes classes, if they

5

also "traversed" either the Cermak or the RTU ramps during their time in custody. Second, *Mathis* appears to contain a Cermak sub-class – those who "traversed" the Cermak ramp with a cane, crutch or walker between February 22, 2022, through judgment. (*Mathis* Complt. ¶¶ 23-24.) Logic also dictates that these *Mathis* subclass members would also belong to any *Hernandez* class, which is filed on behalf of "all individuals who traversed the Cermak ramp with a cane, crutch, or walker, from December 20, 2021, to the date of entry of judgment." *Hernandez* essentially presents the same claims for this Cermak class, but over a larger period. In fact, *Mathis* himself is a member of the class in *Hernandez*, because initial discovery makes clear that he would have "traversed" the Cermak ramp between December 20, 2021, and the present. Plaintiff Mathis Movement and Bed Assignment Records, **Exhibit 1** pp. 7-8. To make it even more confusing, Plaintiff Rogers has already been disclosed as a potential class member in *Mathis* and would also be a member of the class proposed in *Hernandez*, as he was housed in Division 8/RTU (Plaintiff Rogers Movement and Bed Assignment Records, **Exhibit 2** p. 7) and was transported to Cermak on several occasions between December 2021 and the present, meaning he would have had to "traverse" the Cermak ramp "in the lower level of the Cermak Infirmary." *Id.* at p. 8-10. And Plaintiff Hernandez would be a member of the classes in both *Rogers* and *Mathis*, having been housed in Division 9 after May 2022, allegedly "without accessible showers and toilets," and also having "traversed" the ramp "in the lower level of the RTU known as the 'east tunnel,'" after February 2022. Plaintiff Rogers Movement and Bed Assignment Records, **Exhibit 3** pp. 1-2.

All Plaintiffs and putative class members allege substantially similar injuries and difficulties utilizing CCDOC facilities. The documents concerning individuals in custody who are prescribed canes, crutches, walkers in the CCDOC will significantly overlap – their identities, their

6

complaints, any responses to any complaints, any policies concerning addresses ADA complaints. All of this will be intertwined and duplicative

These matters are sufficiently "related" under L.R. 40.4(a), thus, reassignment for consolidation is appropriate. All three cases involve the same property, the Cook County Department of Corrections, and share overlapping issues regarding the ADA. Notably, L.R. 40.4(a)(2) only requires that the cases involve *some* of the same issues or facts of law (emphasis added). Here, the Plaintiffs in all three matters allege that CCDOC facilities are noncompliant according to the ADA and assert nearly identical class allegations pursuant to Rule 23(b)(3). Additionally, the Defendants in each case are identical, as are the counsels defending them, as well as those representing the Plaintiffs. These factors all contribute greatly to judicial efficiency in light of the small number of parties running these litigation matters as it stands.

In addition, all L.R. 40.4(b) factors are satisfied and, therefore, the cases should be reassigned to the calendar of Honorable Sunil R. Harjani. Currently, all cases are pending in the Northern District. These closely related issues and facts, if presided over by a single judge, would contribute greatly to judicial efficiency and economy. "Court[s] must balance the savings of time and effort gained through consolidation against the inconvenience, delay, or expense that might result from simultaneous disposition of the separate actions." *Bailey v. Northen Trust Co.*, 196 F.R.D. 513, 517 (N.D. Ill. Oct. 19, 2000) (quoting *Rohm & Haas Co. v. Mobil Oil Corp.,* 525 F. Supp. 1298, 1309 (D.C. Del. 1981)); *see also Magnavox Co. v. APF Electronics, Inc.*, 496 F. Supp. 29 (N.D. Ill. May 15, 1980) (granting the consolidation of three patent infringement cases involving the same patent but different defendants, emphasizing judicial economy and the avoidance of duplication of effort). Here, the consolidation of the three matters would be greatly effective and beneficial. For the sake of judicial efficient and economy, Defendants seek

consolidation in order to ensure consisting rulings on the scope of discovery, the definitions of the classes, e-discovery parameters, deadlines, depositions, and even motion practice. The discovery process would be streamlined and less burdensome for not only the parties, but importantly, for this Court, ensuring the same resolutions. These interests weigh heavily in favor of consolidation.

No substantive rulings on the merits of any case have yet been made. As a result, consolidation will not result in any significant prejudice or delays to the earlier proceeding. Notably, *Hernandez* has remained still while the Court reviewed the parties' briefs on the class certification motion, and is now similarly moving into discovery, making it an optimal time for consolidation. For these reasons, pursuant to Fed. R. Civ. P. 42(a) and N.D. Ill. L.R. 40.4, for the sake of efficiency, consolidation of these three matters is proper.

## CONCLUSION

WHEREFORE, for all the foregoing reasons Defendants, COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY, respectfully request that this Court enter an order that consolidates *Hernandez v. Dart, et al.*, 23-cv-16970, *Mathis v. Dart, et al.*, 24-cv-1127, and *Rogers v. Dart, et al.*, 24-cv-3739, currently pending in three different courtrooms in the Northern District of Illinois, under the calendar of the Honorable Sunil R. Harjani.

Respectfully submitted,

*/s/ Zachary G. Stillman*
One of the Attorneys for the Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com

8

zstillman@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that above **Defendants' Motion to Consolidate** was filed on July 25, 2024, with the Northern District of Illinois ECF System, serving a copy on all parties.

*/s/ Zachary Stillman*
Zachary Stillman
