IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cuauhtemoc Hernandez, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | 23-cv- 16970 |
| *-vs-* | ) | |
| | ) | Judge Sunil R. Harjani |
| Thomas Dart, Sheriff of Cook County, | ) | |
| and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

**JOINT STATUS REPORT**

The parties, pursuant to the Court's order entered on July 30, 2024, Dkt. 36, file the following joint status report describing the results of the consultation regarding defendants' motion to consolidate and reassign:

###### 1. Background by Plaintiff's Counsel

###### a. Other pending litigation regarding the Cermak Ramp

*Walker v. Dart*, 20-cv-261, is a class action pending before Judge Rowland concerning wheelchair-users traversing the Cermak ramp. The plaintiff class moved for permanent injunctive relief, which is presently under advisement. In that case, Cook County adopted a report finding the ramp is non-compliant and agreed to "remove and re-pour the existing concrete ramp." *Walker v. Dart*, 20-cv-261, Dkt. 214 at 5, Defendant's Response to Permanent Injunction. To bring this ramp into compliance with applicable federal standards, defendant represented it may take "56 weeks to achieve substantial completion on the project." *Id.* at 5-6.

###### b. Other pending litigation regarding the RTU East Tunnel Ramp

*Westmoreland v. Dart*, 23-cv-1851, is a putative class action pending before Judge Tharp Jr. concerning wheelchair-users traversing ramps in the lower level of the Residential Treatment Unit (RTU). Presently, a fully briefed motion for permanent injunctive relief is pending seeking defendants to bring the RTU East Tunnel Ramp into compliance with the ADA. This ramp is adjacent to the Cermak ramp and serves as a path of travel from RTU to Cermak. In response to plaintiff's motion, defendants acknowledge the ramp violates ADA code. *Westmoreland v. Dart*, 23-cv-1851, Dkt. 82 at 6-7, Defendants' Response to Permanent Injunction. Defendants also contend the request for permanent relief is unnecessary since "Cook County is already in the process of remediating the East RTU ramp features, as well as those over the entire facility, over the next several years." *Id.* at 18.

### 2. *Mathis v. Dart*, 23-cv-16970

*Mathis v. Dart*, 23-cv-16970, is pending before Judge Tharp Jr. and assigned to Magistrate Judge Gilbert for discovery supervision. The parties filed a joint status report regarding discovery on August 5, 2024, and Magistrate Judge Gilbert also has a motion to compel under advisement. *See* Exhibit 1, *Mathis* Joint Status.

Plaintiff Mathis is presently detained at Cook County Jail and has standing to seek equitable relief. *Mathis* is similar to the pending claim in *Hernandez* to the extent the case involves the Cermak ramp and plaintiff seeks to represent a case of inmates prescribed canes, crutches, and walkers. Plaintiff is seeking interim relief on behalf of a class requiring defendants to provide accommodations for putative class members when they move up and down the Cermak ramp until defendants make necessary renovations to bring the Cermak ramp into compliance with the ADA structural standards.

-2-

In *Mathis*, the plaintiff also alleges the RTU East Tunnel Ramp violates the ADA. Plaintiff Mathis seeks to represent classes under Rule 23(b)(2) and Rule 23(b)(3) for inmates with an alert for a cane, crutch, or walker who traverse the RTU East Tunnel Ramp. The proposed Rule 23(b)(2) class seeks interim relief until the RTU East Tunnel Ramp is remedied to comply with the ADA.

### 3. Reassigning and/or consolidating *Mathis*

Plaintiff's counsel agrees that it is likely more efficient if this Court finds that *Mathis* is related to *Hernandez*. In the recently filed joint status report, the parties outlined the remaining depositions to be taken in *Mathis* prior to the close of discovery on October 31, 2024. *See* Exhibit 1. Plaintiff's counsel believes the same witnesses will be deposed in both *Hernandez and Mathis* for the class issues.

The parties conferred about the following issues on August 6, 2024. The results of the conferral are as follows:

    i.    The parties agreed to request the following briefing schedule for class certification in *Mathis*: (1) Plaintiff to move for certification by August 12, 2024, (2) Defendants' response due by September 13, 2024, and (3) Plaintiff's reply by September 27, 2024.

    ii.    Plaintiff requested that the parties adopt the *Mathis* discovery deadline of October 31, 2024. Defendants requested separate discovery deadlines for each case: (1) October 31, 2024, for *Mathis* and (2) February 28, 2025, for *Hernandez*.

Plaintiff's counsel does not believe *Mathis and Hernandez* should be consolidated for trial given the request for equable relief in *Mathis*. In addition, defendants have different

timetables for repairing the non-compliant ramps. Defendants say the Cermak ramp will be repaired within two years. There is not yet an estimate for when the RTU East Tunnel Ramp will be corrected due to the currently ongoing County engagement of an architectural firm to complete a total ADA assessment of the CCDOC campus in order to avoid overly costly and duplicative piecemeal fixes implemented without consideration of the features of the building surrounding it.

### 4. Settlement, particularly injunctive relief

During an in-person conferral on July 30, 2024, defense counsel suggested there may be some avenue to pursue settlement in *Mathis* and *Hernandez*. Plaintiff's counsel believes it is the best use of resources for the parties to explore providing interim relief for inmates with an alert for a cane, crutch, or walker when traversing the ramps. Plaintiff's counsel suggests the parties request Magistrate Judge Gilbert to hold a settlement conference.

Defendants are not opposed to settlement discussions before Magistrate Judge Gilbert at a time in the future, but do not believe any such immediate conference would be productive before the detainee witnesses disclosed by Plaintiff have been deposed in this matter and the *Mathis* matter.

### 5. Status regarding *Rogers v. Dart*, 24-cv-3739

*Rogers v. Dart*, 24-cv-3729, alleges Division 9 at Cook County Jail lacks accessible toilets and showers for mobility impaired detainees. Unlike the Cermak and RTU East Tunnel Ramp, there is a dispute whether this building must comply with the structural requirements of the Rehabilitation Act since defendants dispute receipt of federal financial assistance, a necessary element. Assuming this building is required to comply with federal

accessibility standards, neither party has retained an architect to assess whether the toilets and showers in Division 9 are inaccessible. Plaintiff therefore objects to reassignment and/or consolidation of *Rogers* because any overlap is minimal.

Respectfully submitted,

/s/ Patrick Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773) 233-7901
pwm@morrisseylawchicago.com

*an attorney for plaintiff*

/s/ Jason E. DeVore (with consent)
Jason E. DeVore (ARDC #62422782)
Troy S. Radunsky (ARDC #6269281)
DeVore Radunsky, LLC
230 W. Monroe Suite 230
Chicago, Illinois
312-300-4479
tradunsky@devoreradunsky.com
jdevore@devoreradunsky.com
*an attorney for defendants*