IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cuauhtemoc Hernandez and William Mathis, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| *-vs-* | ) | No. 23-cv-16970 |
| | ) | |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) | Honorable Sunil R. Harjani |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs Cuauhtemoc Hernandez and William Mathis are substantially limited in the ability to move from place to place. Each was prescribed a cane by a Cook County Jail medical provider.

Mobility impaired detainees, like plaintiffs, must traverse non-compliant ramps in the basement of Cook County Jail. One ramp is located in the lower level of the Cermak Infirmary and the other ramp is located in the lower level of the Residential Treatment Unit (RTU) colloquially called the RTU east tunnel ramp. The RTU east tunnel "ramp leads directly to the Cermak ramp and they are of comparable size." Exhibit 1, Davis Decl. dated 5/23/2024 at fn. 2

Defendants Dart and Cook County know these ramps are non-compliant with the federal accessibility standards; Cook County hired Globetrotters Engineering Corporation (GEC) who prepared reports finding each ramp violates the ADA. Plaintiffs allege their rights secured by the ADA and Rehabilitation Act are violated because of the structural barriers presented by the ramps.

-1-

Plaintiffs request that the Court certify this case as a class action. Specifically, plaintiff Mathis seeks to be appointed class representative for two classes:

- First, a Rule 23(b)(2) class for all inmates at the Jail prescribed a cane, crutch, or walker who traverse either the RTU east tunnel ramp and/or the Cermak ramp.

- Second, a Rule 23(b)(3) class for "all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medial provider and traverse the RTU east tunnel ramp from February 13, 2022, to the date of entry of judgment" to resolve the issue under Rule 23(c)(4) whether the east tunnel ramp complied with the structural standards required by the ADA and Rehabilitation Act between February 13, 2022, and the date of entry of judgment.

Plaintiff Hernandez seeks to be appointed a class representative for one Rule 23(b)(3) class of "all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medial provider and traverse the Cermak ramp from December 20, 2021, to the date of entry of judgment" to resolve the issue under Rule 23(c)(4) whether the Cermak ramp complied with the structural standards required by the ADA and Rehabilitation Act between December 20, 2021, and the date of entry of judgment.

Plaintiffs show below the requirements of Rule 23(a), (b)(2), and (b)(3) at satisfied.

### I.    The Class is Ascertainable

Rule 23, as applied by the Seventh Circuit, requires "that a class must be defined clearly and that membership be defined by objective criteria rather than by, for example, a class member's state of mine." *Mullins v. Direct Digital, LLC,* 795 F.3d 654, 657 (7th Cir. 2015).

Cermak Heath Service Policy A-08 states the medical staff is responsible for identifying "physically disabled" inmates and must communicate "significant health needs" of inmates to correctional staff. Exhibit 10, Cermak Policy A-08 at 1. A cane, crutch, or walker are types of alerts that may be communicated to the correctional staff. *Id.* at 4-5, 7. And Sabrina Rivero-Canchola, the Sheriff's ADA Compliance Officer, testified the Jail Management System (sometimes called C-COMS) may be used to identify inmates prescribed a cane, crutch, or wheelchair. Exhibit 11, Rivero-Canchola Dep 33:6-34-11, 55:2-5, 69:1-21.

In this case, plaintiffs served discovery seeking a list of putative class members. Defendants objected to producing this information and instead produced a written response that from December 20, 2021, to the present, "there were 993 unique booking numbers with alerts for canes, crutches, and walkers, with 631 of those detainees having transportations to Cermak on record." Exhibit 16, Response to Production at ¶ 7. Defendant served similar data regarding inmates with a cane, crutch or walker housed in the RTU. In response to a request for a list of inmates moved to or from RTU with an alert for a cane, crutch, or walker from February 13, 2022, to the present, defendant responded, "[i]n the requested time period, there were 717 detainees with alerts for canes, crutches, or walkers, who were assigned to Division 08/RTU, with 476 of those

detainees having transportations to Cermak on record." Exhibit 17, Defendant's Supplemental Response to Production ¶ 12.

Records identifying members of the putative class "provide an extremely clear and objective criterion for ascertaining the class." *Lacy v. Cook County*, 897 F.3d 847, fn. 36 (7th Cir. 2018). In *Bennett v. Dart*, 18-cv-4268, the district court certified a class using this exact criteria for inmates at the Cook County Jail assigned to Division 10 "*prescribed a cane, crutch, or walker by a jail medical provider.*" Exhibit 2, *Bennett v. Dart*, 18-cv-4268, Dkt. 175, Minute entry (emphasis added). Plaintiffs show below that the proposed class satisfies each of the requirements of Rule 23(a) and should be maintained as a class action under Rule 23 (b)(2) and (b)(3).

## II.    The Proposed Class Satisfies Rule 23(a), (b)(2) and (b)(3)

A party seeking to maintain a case as a class must show that the proposed class satisfies each of the requirements of Rule 23(a) and that the proposed class satisfies one of the subsections of Rule 23(b). *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010).

As the Seventh Circuit observed in *Beaton v. SpeedyPC Software*, 907 F.3d 1018 (7th Cir. 2018), "certification is largely independent of the merits . . . and a certified class can go down in flames on the merits." *Id.* at 1031. Plaintiffs show below that this case satisfies all elements required for certification under Rule 23 (b)(2) and (b)(3).

### a. Numerosity

Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable." The named plaintiff is not required "to

specify the exact number of persons in the class," *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989), but must provide a reasonable estimate of the number of class members. *Miller v. Spring Valley Properties*, 202 F.R.D. 244, 247 (C.D.Ill. 2001). This rule is illustrated in *Phipps v. Sheriff of Cook County*, 249 F.R.D. 298 (N.D.Ill. 2008). There, the plaintiff had identified 12 class members. *Id.* at 300. The court concluded that the evidence supported the "sensible estimate" that the class would consist of more than fifty persons and thereby satisfied the numerosity requirement of Rule 23(a)(1). *Id.* The general rule is that a class of 40 satisfies the numerosity requirement of Rule 23(a)(1). *George v. Kraft Foods Global*, 270 F.R.D. 355, 365 (N.D. Ill. 2010).

In *Lacy v. Dart*, Dart and Cook County conceded approximately 60 wheelchair-users were detained at the time the parties briefed a motion for class certification. 2015 WL 1995576, at *3 (N.D. Ill. 2015). The Seventh Circuit affirmed the certification of the *Lacy* class comprising of "[a]ll Cook County Jail detainees who have been assigned and currently use a wheelchair." *Lacy v. Cook County*, 897 F.3d 847, 863-67 (7th Cir. 2018).

Defendants maintain records that can identify the number of individuals prescribed a cane, crutch, or walker moved to the RTU and Cermak. *See Lacy*, 897 F.3d at n. 36 (noting the "fact that the Department of Corrections keeps records of all wheelchair-assigned detainees also undermines the defendants' [challenge to ascertainability] . . . These records provide an extremely clear and objective criterion for ascertaining the class."). Here, defendant identified hundreds of inmates prescribed a cane, crutch, or walker as being located in

either the RTU and/or the Cermak Infirmary. *See* Exhibits 16 and 17. Plaintiffs, therefore, have shown by a preponderance of the evidence that the numerosity requirement is met.

### b. Commonality

To satisfy the commonality requirement of Rule 23(a)(2), the "prospective class must articulate at least one common question that will actually advance all of the class members' claims." *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 550 (7th Cir. 2016); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011).

Here, the plaintiffs present four common legal and factual questions:

    a) Is the Cermak ramp required to comply with the federal structural standards set by the ADA and Rehabilitation Act?

    b) If so, does the ramp comply with these standards?

    c) Is the RTU east tunnel ramp required to comply with the federal structural standards?

    d) And, if so, does the ramp comply with these standards?

As the Court of Appeals explained in *Lacy*, "[p]erhaps the most obvious example of such discrimination is when structural barriers prevent people with disabilities from accessing otherwise available public services." 897 F.3d at 853.

In *Bennett v. Dart*, Case No. 18 C 4268, the district court was presented with nearly similar questions pertaining to the application of the federal structural standards to toilets and showers in Division 10 at the Jail. The district court initially found these questions were inappropriate for class certification on belief such a decision would run afoul of the rule against one-way intervention. Exhibit 12, *Bennett v. Dart*, Case No. 18 C 4268, Dkt. 119, Minute entry. The Court of

Appeals granted the plaintiff's petition for an interlocutory appeal under Rule 23(f) and vacated the district court's decision:

> The district judge's view that a class cannot be certified unless the plaintiff has already prevailed on a central legal issue is a formula for one-way intervention rather than a means to avoid it. Bennett, by contrast, proposes a class that will win if the Standards apply (and were violated, to detainees' detriment) and otherwise will lose. That's how class actions should proceed.

*Bennett v. Dart*, 953 F.3d 467, 469 (7th Cir. 2020).

Here, there is evidence each ramp is not compliant with applicable federal accessibility standards. Cook County hired GEC who prepared a report finding the Cermak ramp is non-compliant, in part, because it is too steep and, to remedy this violation, the entire ramp must be reconstructed. Exhibit 18, GEC Cermak Report at 3. GEC prepared a similar report for the RTU east tunnel ramp and found multiple violations, including several sections of the ramp are too steep and the top and intermediate landings are out of compliance. Exhibit 19, GEC RTU Report at 10-11. The same analysis in *Bennett* applies to the legal and factual questions here. Whether the federal structural standards control in this case will generate class wide answers and direct resolution of this case.

### c. Typicality

A class representative's claims are typical of the proposed class if they "arise[] from the same event or practice or course of conduct that gives rise to the claims of the other class members and [are] based on the same legal theory." *Lacy*, 897 F.3d at 866. The elements of "commonality and typicality typically 'tend to merge.'" *Priddy v. Health Care Serv. Corp.*, 870 F.3d 657, 660 (7th Cir. 2017).

It is understood that typicality does not require perfect identity of claims. *See Beaton*, 907 F.3d at 1026 (noting that claims "may feature some factual variations as long as they have the same essential characteristics" (internal quotations omitted)). Here, plaintiffs Hernandez and Mathis share the same essential characteristics of the proposed class because each uses a cane to ambulate and alleges to have been deprived the ability to traverse the ramps on the same basis as non-disabled inmates because defendants refuse to bring the ramps into compliance with applicable federal structural standards. *See Walker v. Dart*, 2021 WL 809765, at *5 (N.D. Ill. 2021) (Rowland, J.) (typicality satisfied where plaintiff alleges defendants refuse to bring a ramp at the Jail into compliance with federal standards).

Plaintiff Mathis attends medical appointments regularly and must traverse the Cermak ramp about once each month. Exhibit 3, Mathis Decl. ¶¶ 3-6. Plaintiff Hernandez similarly is substantially limited in the ability to move from place to place; during an intake exam on February 2, 2022, PA Salvador Martinez diagnosed plaintiff as obese with chronic lower back pain and prescribed a cane. Exhibit 20, PA Martinez Record at 3-4. And the Sheriff's movement records show plaintiff Hernandez was moved to Cermak on numerous occasions, including 2/7/22, 2/26/22, 4/7/22, and 8/4/22. Exhibit 21, Sheriff's Movement Records for Hernandez. Other putative class members, such as Carlos Martinez, Tommy Love, Kavarian Rogers, Quovotis Harris, and Raasikh Phillips, aver they have been prescribed a cane, crutch, or walker, and have been unable to traverse the ramps on the same basis as non-disabled inmates because of the structural

barriers. Exhibit 7, Martinez Decl., Exhibit 8, Love Decl., Exhibit 9, Rogers Decl., Exhibit 14, Harris Decl., Exhibit 15, Phillips Decl. Plaintiffs, therefore, satisfy the typicality requirement.

### d. Adequacy

Plaintiffs and the putative class are represented by competent counsel and they will "fairly and adequately protect the interests of the class" as required by Rule 23(a)(4). The named plaintiffs are: (1) represented by competent counsel,[1] (2) have "a sufficient interest in the outcome of the case to ensure vigorous advocacy, and (3) does not have interests antagonistic to those of the class." *Saltzman v. Pella Corp.*, 257 F.R.D. 471, 480 (N.D. Ill. 2009). There can be no dispute that Mathis is substantially limited in the ability of moving from place to place and uses a cane to ambulate. Physician Assistant Glen Trammell authored a medical record on June 4, 2024, documenting plaintiff has chronic knee pain and gout and that he ambulated with the assistance of a cane. Exhibit 4, PA Trammell record dated 6/4/2024. Indeed, plaintiff Mathis has grieved about

---

[1] Thomas G. Morrissey has been appointed class counsel in several civil rights cases, including: *Hvorick v. Sheahan*, 92 C 7324 (Shadur, J.); *Watson v. Sheahan*, 94 C 6891 (Bucklo, J.); *Gary v. Sheahan*, 96 C 7294 (Coar, J.); *Bullock v. Sheahan*, 04 C 1051 (Bucklo, J.); *Jackson v. Sheriff*, 06 C 493 (Coar, J.); *Streeter v. Sheriff*, 08 C 732 (Castillo, J.); *Phipps v. Sheriff*, 07 C 3889 (Bucklo, J.); *Parish v. Sheriff*, 07 C 4369 (Lee, J.); *Zaborowski v. Sheriff*, 08 C 6946 (St. Eve, J.); *Smentek v. Sheriff*, 09 C 529 (Lefkow, J.); *Lacy v. Dart*, 14 C 6259 (Gettleman, J.); *Beley v. City of Chicago*, 12 C 9714 (Blakey, J.); *Bell v. Sheriff*, 14 C 8059 (Castillo, J.); *Whitney v. Khan*, 18 C 4475 (Kennelly, J.); *Bennett v. Dart*, 18 C 4268 (Blakey, J.); *Clay v. Dart*, 19 C 2412 (Wood, J.), *Walker v. Dart*, 20 C 261 (Rowland, J.); and *Craig v. Hughes*, 23-cv-2993 (Harjani, J.).

Patrick W. Morrissey has been appointed class counsel in the following case: *Lacy v. Dart*, 14 C 6259 (Gettleman, J.); *Beley v. City of Chicago*, 12 C 9714 (Blakey, J.); *Bell v. Sheriff*, 14 C 8059 (Castillo, J.); *Whitney v. Khan*, 18 C 4475 (Kennelly, J.); *Bennett v. Dart*, 18 C 4268 (Blakey, J.); *Clay v. Dart*, 19 C 2412 (Wood, J.); *Walker v. Dart*, 20 C 261 (Rowland, J.); and *Craig v. Hughes*, 23-cv-2993 (Harjani, J.).

hardship traversing the Cermak and RTU ramps. Exhibit 5, Grievance marked control number 2023x18633; Exhibit 13, Grievance marked "non-compliant" as repeat of 2023x18633. Similarly, the record shows plaintiff Hernandez used a cane to move from place to place, traveled to Cermak many times, and ADA Compliance Officer Rivero-Canchola even authored an e-mail that Hernandez "states he had difficulty walking long distances." Exhibit 22, Rivero-Canchola e-mail sent 3/25/2022; *see also* Exhibit 23, RN Jeelan McCray 8/18/2022 Note ("Pt seen today. He ambulated out with a noticeable staggered limp and drag of his left leg. Pt is overweight and strongly declares that he cannot get up from a standing position without a cane. Pt does have an order for a cane all times. Div 9 will not allow pt to have his cane on the deck."). Plaintiffs, therefore, satisfy the adequacy requirement.

### e. Rule 23(b)(2)

Rule 23(b)(2) applies when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed.R.Civ.P. 23(b)(2).

Plaintiff Mathis is presently incarcerated at the Jail and alleges the defendants act on grounds that apply generally to the class by failing to comply with the structural standards required by the ADA and Rehabilitation Act. Plaintiff Mathis seeks injunctive relief against the defendants and such relief would further the goals of judicial economy because it avoids the duplicative litigation of identical claims. *See Lacy v. Dart*, 2015 WL 1995576, at *6 (N.D. Ill. 2015). For the same reasons explained in *Walker*, "the proposed class members have a

common injury – inability to safely use [ramps] – that would be addressed by the same remedy – bringing the [ramps] into compliance." *Walker*, 2021 WL 809765, at \*6. Accordingly, the Court should find that plaintiff Mathis satisfies the requirements imposed by Rule 23(b)(2).

### f. Rule 23(b)(3): Predominance and Superiority

"Analysis of predominance under Rule 23(b)(3) 'begins, of course, with the elements of the underlying cause of action.'" *Messner v. Northshore University HealthSystems*, 669 F.3d 802, 815 (7th Cir. 2012), quoting *Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S.Ct. 2179, 2184 (2011). The predominance requirement, although similar to questions of commonality and typicality, is more demanding than either of those Rule 23(a) requirements. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997).

"Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Amgen Inc. v. Connecticut Ret Plans & Trust Funds*, 568 U.S. 455, 459 (2013). Moreover, the "office of a Rule 23(b)(3) certification ruling is not to adjudicate the case; rather, it is to select the 'metho[d]' best suited to adjudication of the controversy 'fairly and efficiently.'" *Id.* at 460. The method best suited to resolve the common questions is a class action.

Here, the claim of plaintiffs and the putative class turns upon two questions: (1) whether the ADA and Rehabilitation Act's structural standards apply, and (2) if so, whether the ramp in question violates these standards. These questions, for nearly identical reasons explained in *Bennett*, "represent[] the critical aspect, if not the totality, of Plaintiff's case, thereby satisfying

predominance." *Bennett v. Dart*, 2020 WL 1812376, at *3 (N.D. Ill. 2020). This issue is relevant to every detainee in the putative class. *Bennett*, 53 F.4th 419, 420 (7th Cir. 2022).

This is a case where the Court can certify this case to resolve an "*issue*, [but] not the whole case." *Bennett*, 53 F.4th 419, 420 (emphasis in original). The purpose of a Rule 23(c)(4) issue class was recently discussed in *Newberg and Rubenstein on Class Actions*:

> Just as a class action aims to generate a judgment that has a claim preclusive effect on all class members and defendants, so too an issue class judgment aims to generate an issue preclusive effect with regard to that issue. In the typical situation, an issue class is certified to resolve liability and then class members can pursue damages on a more individualized basis if they prevail on liability. The Seventh Circuit has explained the functional meaning of this common use of issue class certification, writing:
> A class certified under Rule 23(c)(4) resolves [an] issue, not the whole case. Class members would receive the benefit of a declaratory judgment (if the class prevails) on the issue but would need to proceed in individual suits to seek damages; by contrast, if the class loses, every detainee would be bound through the doctrine of issue preclusion.
>
> In sum, a class's victory on liability, codified in a declaratory judgment, binds the defendant on that issue in all future (liability) proceedings; while the defendant's victory on liability, codified in a judgment in its favor, similarly precludes all class members from re-litigating the issue in the future.

2 *Newburg and Rubenstein on Class Actions* § 4:92 (6th ed.). Whether the ramp in question complied with the ADA structural standards is "relevant to every detainee" who traversed the ramp, *see Bennett*, 53 F.4th at 420 (7th Cir. 2022), and "specific injuries" that "may vary" among class members may be resolved by "individual damage determinations," *see* Exhibit 6, *Walker v. Dart*, 20-cv-261, Dkt. 159, Order at 3-4, where defendants will be permitted to bring any defenses

as permitted by law. The Court, therefore, can resolve this class-wide issue in favor of the plaintiff class.

In addition to satisfying the predominance prong of Rule 23(b)(3), a class action is superior to other methods for adjudicating the claims of members of the proposed class. The district court in *Bennett* concisely explained this reasoning: "[a]s the merits of Plaintiff's proposed class turn upon a single legal question, proceeding as a class achieves economies of time, effort, and expense and promotes uniformity of decision." 2020 WL 1812376, at *3.

### IX. Conclusion

For the reasons above stated, plaintiffs request that the Court order that this case proceed as a class action and certify the following classes:

1. A Rule 23(b)(2) class for "all individuals at Cook County Jail prescribed a cane, crutch, or walker by a jail medical provider who traverse the Cermak and/or RTU east tunnel ramp" and appointment plaintiff Mathis the class representative;

2. A Rule 23(b)(3) class for "all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medial provider and traversed the RTU east tunnel ramp between February 13, 2022, and the date of entry of judgment" to resolve the issue under Rule 23(c)(4) whether the ramp complied with the structural standards required by the ADA and Rehabilitation Act between February 13, 2022, and the date of entry of judgment and appoint plaintiff Mathis as class representative; and

3. A Rule 23(b)(3) class for "all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medial provider and traversed the Cermak ramp between December 20, 2021, and the date of entry of judgment" to resolve the issue under Rule 23(c)(4) whether the ramp complied with the structural standards required by the ADA and Rehabilitation Act between December 20, 2021, and the date of entry of judgment and appoint plaintiff Hernandez as class representative.

Respectfully submitted,

/s/ Patrick W. Morrissey
Patrick W. Morrissey
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900
pwm@morrisseylawchicago.com

*Attorneys for Plaintiffs*