IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| William Mathis, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | 24-cv-1127 |
| -*vs*- | ) | |
| | ) | Judge Tharp Jr. |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) | |
| | ) | Magistrate Judge Gilbert |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT SHERIFF'S SECOND SET OF INTERROGATORIES**

Plaintiff William Mathis, by counsel, responds to defendant Sheriff's second set of interrogatories as follows:

1. Identify by first and last name and booking number, where known, any person, including any witness disclosed by Plaintiff in this case, appearing in the following video footage files disclosed by Plaintiff with his Initial Rule 26(a)(1)(A) Disclosures on May 10, 2024:

a. "Recording #164"

b. "Recording #165"

c. "Recording #166"

d. "Recording #167"

**ANSWER:** Counsel for plaintiff objects to the extent defendants have responsive information in their possession regarding inmates moving to and from Cermak daily with an alert for a cane, crutch, or walker. Defendants also have similar information regarding individuals housed in the RTU and were moved from this building with an alert for a cane, crutch, or walker. Defendants, however, refuse to produce this information to plaintiff's counsel that may assist with answering this interrogatory. *See* Dart's Response to Plaintiff's First Request for Production ¶¶ 11-12. Subject to and notwithstanding this objection, plaintiff states as follows:
- In recording 164 I do not recognize anybody.
- In recording 165, I saw the first inmate with a cane before. He is in front of the officer. I do not recall his name.

Exhibit 4 Page 1

- In recoding 166, I believe I have seen the inmate in the wheelchair and the inmate pushing the wheelchair. I believe they were housed with me in the RTU. I don't recall any names.
- In recording 167, I do not believe I recognize any individual.

2.  Identify by first and last name and booking number, where known, any person, including any witness disclosed by Plaintiff in this case, appearing in the April 16, 2024, video footage, requested by Plaintiff in Request No. 7 of his 1st Set of Requests for Production to Defendants, and Produced by Defendants with their Responses on June 21, 2024.

**ANSWER:** Counsel for plaintiff objects to the extent defendants have responsive information in their possession regarding inmates moving to and from Cermak daily with an alert for a cane, crutch, or walker. Defendants also have similar information regarding individuals housed in the RTU and were moved from this building with an alert for a cane, crutch, or walker. Defendants, however, refuse to produce this information to plaintiff's counsel that may assist with answering this interrogatory. *See* Dart's Response to Plaintiff's First Request for Production ¶¶ 11-12. Subject to and notwithstanding this objection, plaintiff states as follows: I do not believe I know the name and booking number of people on the video that I watched.

3.  Identify by first and last name and booking number, where known, any person, including any witness disclosed by Plaintiff in this case, appearing in the April 23, 2024, video footage, requested by Plaintiff in Request No. 8 of his 1st Set of Requests for Production to Defendants, and Produced by Defendants with their Responses on June 21, 2024.

**ANSWER:** Counsel for plaintiff objects to the extent defendants have responsive information in their possession regarding inmates moving to and from Cermak daily with an alert for a cane, crutch, or walker. Defendants also have similar information regarding individuals housed in the RTU and were moved from this building with an alert for a cane, crutch, or walker. Defendants, however, refuse to produce this information to plaintiff's counsel that may assist with answering this interrogatory. *See* Dart's Response to Plaintiff's First Request for Production ¶¶ 11-12. Subject to and notwithstanding this objection, plaintiff states as follows: I do not believe I know the name and booking number of people on the video that I watched.

4.  Identify by first and last name and booking number, where known, any person, including any witness disclosed by Plaintiff in this case, appearing in the April 9, 2024, video footage, requested by Plaintiff in Request No. 9 of his 1st Set of Requests for Production to Defendants, and Produced by Defendants with their Responses on June 21, 2024.

**ANSWER:** Counsel for plaintiff objects to the extent defendants have responsive information in their possession regarding inmates moving to and from Cermak daily with an alert for a cane, crutch, or walker. Defendants also have similar information regarding individuals housed in the RTU and were moved from this building with an alert for a cane, crutch, or walker. Defendants, however, refuse to produce this information to plaintiff's counsel that may assist with answering this interrogatory. *See* Dart's Response to Plaintiff's First Request for Production ¶¶ 11-12. Subject to and notwithstanding this objection, plaintiff states as follows: I do not believe I know the name and booking number of people on the video that I watched.

Exhibit 4 Page 2

5.      Identify by first and last name and booking number, where known, any person, including any witness disclosed by Plaintiff in this case, appearing in the April 11, 2024, video footage, requested by Plaintiff in Request No. 10 of his 1st Set of Requests for Production to Defendants, and Produced by Defendants with their Responses on June 21, 2024.

**ANSWER:** Counsel for plaintiff objects to the extent defendants have responsive information in their possession regarding inmates moving to and from Cermak daily with an alert for a cane, crutch, or walker. Defendants also have similar information regarding individuals housed in the RTU and were moved from this building with an alert for a cane, crutch, or walker. Defendants, however, refuse to produce this information to plaintiff's counsel that may assist with answering this interrogatory. *See* Dart's Response to Plaintiff's First Request for Production ¶¶ 11-12. Subject to and notwithstanding this objection, plaintiff states as follows: I do not believe I know the name and booking number of people on the video that I watched.

6.      Identify by first and last name and booking number, where known, any person, including any witness disclosed by Plaintiff in this case, appearing in the May 28, 2024, video footage, requested by Plaintiff in Request Nos. 1-2 of his 2nd Set of Requests for Production to Defendants, and Produced by Defendants initially on June 21, 2024, and again on June 25, 2024.

**ANSWER:** Counsel for plaintiff objects to the extent defendants have responsive information in their possession regarding inmates moving to and from Cermak daily with an alert for a cane, crutch, or walker. Defendants also have similar information regarding individuals housed in the RTU and were moved from this building with an alert for a cane, crutch, or walker. Defendants, however, refuse to produce this information to plaintiff's counsel that may assist with answering this interrogatory. *See* Dart's Response to Plaintiff's First Request for Production ¶¶ 11-12. Subject to and notwithstanding this objection, plaintiff states as follows: I recognize Tommy Love. His booking number is 2024-0416135.

7.      Identify by first and last name and booking number, where known, any person, including any witness disclosed by Plaintiff in this case, appearing in the May 23, 2024, video footage, requested by Plaintiff in Request No. 3 of his 2nd Set of Requests for Production to Defendants, and Produced by Defendants initially on June 21, 2024, and again on June 25, 2024.

**ANSWER:** Counsel for plaintiff objects to the extent defendants have responsive information in their possession regarding inmates moving to and from Cermak daily with an alert for a cane, crutch, or walker. Defendants also have similar information regarding individuals housed in the RTU and were moved from this building with an alert for a cane, crutch, or walker. Defendants, however, refuse to produce this information to plaintiff's counsel that may assist with answering this interrogatory. *See* Dart's Response to Plaintiff's First Request for Production ¶¶ 11-12. Subject to and notwithstanding this objection, plaintiff states as follows: At 2:34 pm, I am seen moving up the Cermak ramp. This image is below:

Exhibit 4 Page  3



I do not believe I can recognize other people in the video.

8. Identify by first and last name and booking number, where known, any person, including

Exhibit 4 Page 4

any witness disclosed by Plaintiff in this case, appearing in the May 30, 2024, video footage, requested by Plaintiff in Request No. 4 of his 2nd Set of Requests for Production to Defendants, and Produced by Defendants initially on June 21, 2024, and again on June 25, 2024.

**ANSWER:** Counsel for plaintiff objects to the extent defendants have responsive information in their possession regarding inmates moving to and from Cermak daily with an alert for a cane, crutch, or walker. Defendants also have similar information regarding individuals housed in the RTU and were moved from this building with an alert for a cane, crutch, or walker. Defendants, however, refuse to produce this information to plaintiff's counsel that may assist with answering this interrogatory. *See* Dart's Response to Plaintiff's First Request for Production ¶¶ 11-12. Additionally, video showing an inmate using crutches may be Carlos Matinez 2022-0103033, however, counsel does not have supporting documents from defendants to verify this. Subject to and notwithstanding this objection, plaintiff states as follows: I recognize Carlos Matinez 2022-0103033. He was on my deck.

9. Identify by first and last name and booking number, where known, any person, including any witness disclosed by Plaintiff in this case, known or suspected to appear in the June 20, 2024, video footage, requested by Plaintiff in Request No. 1 of his 3rd Set of Requests for Production to Defendants.

Exhibit 4 Page 5

**ANSWER:** Counsel for plaintiff objects to the extent defendants have responsive information in their possession regarding inmates moving to and from Cermak daily with an alert for a cane, crutch, or walker. Defendants also have similar information regarding individuals housed in the RTU and were moved from this building with an alert for a cane, crutch, or walker. Defendants, however, refuse to produce this information to plaintiff's counsel that may assist with answering this interrogatory. *See* Dart's Response to Plaintiff's First Request for Production ¶¶ 11-12. Subject to and notwithstanding this objection, plaintiff states as follows:

      I am shown on the video on June 20, 2024 at about 4:19 pm moving up the Cermak ramp. A screenshot of me moving up this ramp is below with the identifies of the other people next to me. I do not know the names and booking numbers of the other people in this video that is about 3 hours long.

Exhibit 4 Page 6



*An attorney for the plaintiff*
Thomas G. Morrissey, Ltd.
ARDC 6309730
10257 S. Western Ave.
Chicago IL 60643
(773)233-7901

Exhibit 4 Page 7

<u>Verification</u>

I, William Mathis, state under penalty of perjury, the foregoing answers to Defendant Sheriff of Cook County's Second Set of Interrogatories are, to the best of my knowledge true and correct.

Dated: 7-25-24

*William Mathis* (signature)
William Mathis

Exhibit 4 Page 8

## CERTIFICATE OF SERVICE

        I, Patrick W. Morrissey, state that I served the foregoing on the undersigned attorney for defendants by Email on August 15, 2024.

Jason E. DeVore
Troy S. Radunsky
Zachary G. Stillman
DeVore Radunsky, LLC
230 W. Monroe Suite 230
Chicago, IL 60606
*Attorney for all defendants*

_/s/ Patrick W. Morrissey_

Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773)-233-7901

Exhibit 4 Page 9