**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Cuauhtemoc Hernandez, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-16970 |
| | ) | |
| v. | ) | Honorable Jeremy C. Daniel |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | |
| and Cook County, Illinois | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

NOW COME Defendants, COOK COUNTY SHERIFF THOMAS DART and COOK

COUNTY, a body politic and corporate, by and through their attorneys, Special Assistant State's

Attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and pursuant to

Federal Rule of Civil Procedure 23, submit the following Response in Opposition to Plaintiffs'

Second Motion for Class Certification (ECF Nos. 41-42):

**TABLE OF CONTENTS**

Table of Authorities.................................................................................................................ii

Introduction.............................................................................................................................. 1

Argument ................................................................................................................................. 2

I. PLAINTIFFS' ASSERTED CLASS DEFINITIONS FAIL TO SATISFY THE RULE 23(a)
REQUIREMENTS. ................................................................................................................ . 4

  A. Plaintiffs Fail to Present a Question that is Common to the Proposed Classes..................... 4

  B. Plaintiffs Fail to Show Their Claims are Typical of the Claims or Defenses of the Class .... 7

  C. Plaintiffs Fail to Satisfy the Numerosity Requirement ......................................................... 9

II. PLAINTIFF MATHIS' CLAIMS FAIL TO SATISFY THE RULE 23(b)(2)
REQUIREMENTS. ................................................................................................................ 11

  A. Plaintiff Fails to Show Satisfaction of the Requirement that the Contemplated Equitable
Relief be Appropriate for the Whole Class............................................................................. 11

B. Plaintiff Fails to Show Satisfaction of the Finality Requirement ........................................ 13

III. PLAINTIFFS' CLAIMS FAIL TO SATISFY THE RULE 23(b)(3) REQUIREMENTS...... 14

A. Plaintiffs Fail to Show that Class Questions Predominate Over Individual Questions of Members of the Class ............................................................ 14

B. Plaintiffs Fail to Show that a Class Action is the Superior Method of Adjudication of this Case ............................................................ 18

IV. PLAINTIFFS FAIL TO DEFINE AN ASCERTAINABLE CLASS PURSUANT TO RULE 23 ............................................................ 20

Conclusion ............................................................ 22

# TABLE OF AUTHORITIES

## United States Supreme Court Cases

*Comcast Corp. v. Behrend,*
  569 U.S. 27 (2013) ............................................................ 3, 4, 6, 7
*General Telephone Co. of Southwest v. Falcon,*
  457 U.S. 147 (1982) ............................................................ 3
*Wal-Mart v. Dukes,*
  564 U.S. 338 (2011) ............................................................ 4, 5, 13, 14

## Court of Appeals Cases

*Andrews v. Chevy Chase Bank,*
  545 F.3d 570 (7th Cir. 2008) ............................................................ 12, 20
*Bennett v. Dart,*
  53 F.4th 219 (7th Cir. 2022) ............................................................ 16
*Bennett v. Dart,*
  953 F.3d 467 (7th Cir. 2020) ............................................................ 5, 6, 7
*Chi. Police Ass'n v. City of Chi.,*
  7 F.3d 584 (7th Cir. 1993) ............................................................ 3, 5
*Oshana v. Coca-Cola Co.,*
  472 F.3d 503 (7th Cir. 2006) ............................................................ 3
*Dancel v. Groupon, Inc.,*
  949 F.3d 999 (7th Cir. 2019) ............................................................ 18
*De Bremaecker v. Short,*
  433 F.2d 733 (5th Cir. 1970) ............................................................ 3
*In re Nassau Cnty.,*
  461 F.3d 219 (2d Cir. 2006) ............................................................ 17
*Jamie S. v. Milwaukee Pub. Sch.,*
  668 F.3d 481 (7th Cir. 2012) ............................................................ 13, 14, 15, 21
*Kartman v. State Farm Mut. Auto. Ins. Co.,*
  634 F.3d 883 (7th Cir. 2011) ............................................................ 11, 13

*Kohen v. Pac. Inv. Mgmt. Co.*,
  571 F.3d 672 (7th Cir. 2009) ........................................................................... 10
*Lacy v. Cook Cnty.*,
  897 F.3d 847 (7th Cir. 2018) ................................................................... 1, 3, 7, 9
*Messner v. Northshore Univ. HealthSystem*,
  669 F.3d 802 (7th Cir. 2012) ................................................................. 4, 15, 18
*Mullins v. Direct Digital, LLC*,
  795 F.3d 654 (7th Cir. 2015) .......................................................................... 3, 10
*Parko v. Shell Oil Co.*,
  739 F.3d 1083 (7th Cir. 2014) ....................................................................... 16
*Phillips v. Sheriff of Cook Cnty.*,
  828 F.3d 541 (7th Cir. 2016) ...................................................................... 4, 5, 7
*Puffer v. Allstate Ins. Co.*,
  675 F.3d 709 (7th Cir. 2012) ...................................................................... 6, 19
*Simer v. Rios*,
  661 F.2d 655 (7th Cir. 1981) ................................................................. 3, 18, 21
*Steimel v. Wernert*,
  823 F.3d 902 (7th Cir. 2016) .......................................................................... 21
*Szabo v. Bridgeport Mach., Inc.*,
  249 F.3d 672 (7th Cir. 2001) ............................................................. 4, 6, 11, 15

District Court Cases

*Anderson v. Cornejo*,
  199 F.R.D. 228 (N.D. Ill. 2000) ....................................................................... 3
*Bennett v. Dart*,
  2020 WL 1812376 (N.D. Ill. Apr. 9, 2020) ............................................. 16, 19
*Cwiak v. Flint Ink. Corp.*,
  186 F.R.D. 494 (N.D. Ill. 1999) ....................................................................... 9
*Dhamer v. Bristol–Myers Squibb Co.*,
  183 F.R.D. 520 (N.D. Ill. 1998) ....................................................................... 9
*Gilmore v. Southwestern Bell Mobile Sys., LLC*,
  210 F.R.D. 212 (N.D. Ill. 2001) ....................................................................... 6
*Jacks v. DirectSAT USA, LLC*,
  2024 WL 4380256 ..................................................................................... 17, 19
*Lacy v. Dart*,
  2015 WL 1995576 (N.D. Ill. 2015) .................................................................. 9
*McBean v. City of N.Y.*,
  228 F.R.D. 487 (S.D. N.Y. 2005) .................................................................... 21
*Murray v. E*Trade Fin. Corp.*,
  240 F.R.D. 392 (N.D. Ill. 2006) ....................................................................... 9
*Phipps v. Sheriff of Cook Cnty.*,
  249 F.R.D. 298 (N.D. Ill. Mar. 26, 2008) ....................................................... 1
*Rahim v. Sheahan*,
  2001 WL 1263493 (N.D. Ill. Oct. 19, 2001) ................................................... 3

*Tomeo v. CitiGroup, Inc*., No. 13 C,
  2018 WL 4627386 (N.D. Ill. 2018) ............................................................................... 3
*Walker v. Dart*,
  2021 WL 809765 (N.D. Ill. Mar. 3, 2021) ..................................................... 1, 2, 12

## Statutes

29 U.S.C. § 794 ..................................................................................................................... 1
42 U.S.C. §§ 12131 ......................................................................................................... 1, 15

## Rules

Fed. R. Civ. P. 23 ...................................................................................................... passim

## Regulations

28 C.F.R. § 35.130 .............................................................................................................. 15

## **INTRODUCTION**

Plaintiffs Hernandez and Mathis bring their consolidated actions under the Americans with Disabilities Act, 42 U.S.C. §§ 12131-32 (the "ADA"), and the Rehabilitation Act, 29 U.S.C. § 794 (the "RA"), alleging Defendants' lack of compliance with applicable standards under the ADA. Plaintiffs' Amended Consolidated Complaint seeks a finding of liability with respect to use by detainees with canes, crutches, or walkers of two ramps: a lower-level ramp in the Cermak Facility connecting it to Division 8/RTU of the Cook County Department of Corrections ("CCDOC") (the "Cermak ramp"); and a lower-level ramp in the Division 8/RTU facility leading into the Cermak facility (the "RTU ramp"). (ECF No. 43).

This is Plaintiff Hernandez's second Motion for Class Certification in this matter and the first filed as to Plaintiff Mathis after their cases were consolidated on August 7, 2024. (ECF No. 39). Plaintiff Hernandez's first attempt at certification (ECF No. 9) was denied by this Court on June 24, 2024, because of his failure to initiate discovery prior to bringing such a motion and his inability to assert any evidence relating to numerosity as a result. (ECF No. 29). The Court also deemed his reliance on cases related only to wheelchair-bound detainees unpersuasive in light of the involvement of detainees using canes, crutches, and walkers in the case herein. (*Id.* at 2.)

Similarly in the current Motion, Plaintiffs again rely on the same inapplicable cases. *See generally* ECF No. 42 (citing *Lacy v. Cook Cnty.*, 897 F.3d 847 (7th Cir. 2018); *Phipps v. Sheriff of Cook Cnty.*, 249 F.R.D. 298, 300 (N.D. Ill. Mar. 26, 2008); *Walker v. Dart*, No. 20-cv-0261, 2021 WL 809765 (N.D. Ill. Mar. 3, 2021); *see also* ECF No. 29 ("These cases are irrelevant . . . ."). For example, Plaintiffs point to *Lacy v. Cook Cnty.* for support, but *Lacy* concerned ramps at county courthouses, not the ramp at Cermak. 897 F.3d at 851 (noting that plaintiffs' "claims are based on purportedly inaccessible ramps and bathroom facilities at six county courthouses"). Plaintiffs also

1

rely on *Walker v. Dart*, another inapposite case involving wheelchair users. 2021 WL 809765, at

*5. *Walker* remains pending at this time. Plaintiff has failed to disclose those distinctions in an

attempt to push for premature class certification.

Plaintiffs' bare bones motion seeks to certify three classes as to the consolidated Plaintiffs:

1. Plaintiff Mathis – Rule 23(b)(2) ("all inmates at the Jail prescribed a cane, crutch, or walker who traverse either the RTU east tunnel ramp or the Cermak ramp.")

2. Plaintiff Mathis – Rule 23(b)(3) ("'all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medial [sic] provider and traverse the RTU east tunnel ramp from February 13, 2022, to the date of entry of judgment' to resolve the issue under Rule 23(c)(4) whether the east tunnel ramp complied with the structural standards required by the ADA and Rehabilitation Act between February 13, 2022, and the date of entry of judgment.")

3. Plaintiff Hernandez – Rule 23(b)(3) ("'all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medial provider and traverse the Cermak ramp from December 20, 2021, to the date of entry of judgment' to resolve the issue under Rule 23(c)(4) whether the Cermak ramp complied with the structural standards required by the ADA and Rehabilitation Act between December 20, 2021, and the date of entry of judgment.")

(ECF No. 42 at 2).

This Court should deny Plaintiffs' Motion for several reasons. Plaintiffs have not met the

burdens required under Rules 23(a), (b)(2), (b)(3), or (c)(4). Plaintiffs have failed at establishing

commonality, typicality, and numerosity under Rule 23(a), appropriateness and finality under

23(b)(2), and predominance and superiority under Rule 23(b)(3). Further, Plaintiffs' proposed

classes are not sufficiently ascertainable and rely on class definitions necessitating subjective,

individual determinations for each potential member.

## **ARGUMENTS**

Plaintiffs cannot satisfy the requirements of Federal Rule of Civil Procedure 23(a), (b)(2),

and (b)(3). "A class may only be certified if the trial court is satisfied, after a rigorous analysis,

that the prerequisites for class certification have been met." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982); *Lacy*, 897 F.3d at 863.

It is axiomatic that for a class action to be certified a "class" must exist. *Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981) (citing *De Bremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970)); 3B MOORE'S FED. PRAC., ¶ 23.04[1] at 23-111 (3d ed. 1980). Rule 23 requires that a class be defined, and experience has led courts to require that classes be defined clearly and based on objective criteria. *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 659 (7th Cir. 2015) (citations omitted). A class that is defined too vaguely fails to satisfy the "clear definition" component. *Id*. The burden is on the named plaintiffs to demonstrate that all the requirements for class certification are satisfied. *Ret. Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993); *Rahim v. Sheahan*, 2001 WL 1263493, *9 (N.D. Ill. Oct. 19, 2001); *Anderson v. Cornejo*, 199 F.R.D. 228, 238 (N.D. Ill. 2000).

Federal Rule of Civil Procedure 23(a) requires that the following four prerequisites be satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a). Failure to meet any one of these requirements precludes certification of a class. *Ret. Chi. Police*, 7 F.3d at 596. If the Rule 23(a) elements are satisfied, a plaintiff must also satisfy one of the subsections of Rule 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013); *Oshana v. Coca-Cola Co.*, 472 F.3d 503, 513 (7th Cir. 2006); *Tomeo v. CitiGroup, Inc.*, No. 13 C 4046, 2018 WL 4627386 (N.D. Ill. 2018).

The Supreme Court has repeatedly emphasized that it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question, and that certification

is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied. *Comcast Corp.*, 569 U.S. at 33.

Plaintiffs fail to meet their burdens of establishing commonality, typicality, and numerosity under Rule 23(a), appropriateness and finality under 23(b)(2), and predominance and superiority under Rule 23(b)(3). Additionally, Plaintiffs proposed classes are not sufficiently ascertainable and rely on class definitions which require subjective, individual determinations. Plaintiffs' asserted class definitions cannot be certified.

I.     **PLAINTIFFS' ASSERTED CLASS DEFINITIONS FAIL TO SATISFY THE RULE 23(a) REQUIREMENTS.**

    A.     **Plaintiffs Fail to Present a Question that is Common to the Proposed Classes.**

Commonality demands that a plaintiff do more than just raise a common question, which any plaintiff with a competently crafted class complaint could do. *See Wal-Mart v. Dukes*, 564 U.S. 338, 350 (2011). Rather, "what matters to class certification is the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (Emphasis added). Therefore, "a prospective class must show that its claims 'depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541, 550 (7th Cir. 2016) (quoting *Wal-Mart*, 564 U.S. at 350)

When assessing the commonality requirement, "courts [do] not simply apply[] a pleading standard; instead a prospective class 'must be prepared to prove that there are *in fact* . . . common questions of law or fact.'" *Id*. The commonality analysis "may not simply assume the truth of the matters as asserted by the plaintiff." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012) (citing *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001)).

Rather, it can "entail some overlap with the merits of the plaintiff's underlying claim." *Phillips*, 828 F.3d at 550.

Plaintiffs propose four questions, all insufficient to meet the threshold for commonality:

(1)    **Is the Cermak ramp required to comply with the federal structural standards set by the ADA and Rehabilitation Act?**
(2)    **If so, does the ramp comply with these standards?**
(3)    **Is the RTU east tunnel ramp required to comply with the federal structural standards?**
(4)    **And, if so, does the ramp comply with these standards?**

(ECF No. 42 at 6). Plaintiffs have not met the burden of proof required to show that each question satisfies commonality, making refutation of their evidence-free assertions difficult. As the Seventh Circuit noted in *Phillips*, the commonality requirement is "not simply . . . a pleading standard[.]" 828 F.3d at 555 (citing *Wal-Mart*, 564 U.S. at 350).

Here, Plaintiffs are required to present real evidence showing the existence of common questions of law and fact. They have not. Instead, Plaintiffs insist upon similarity to another case filed by their counsel, explain very little in the context of what that similarity would be, and then conclude, without further support beyond showing noncompliance of the ramps at issue, that the Court's analysis in that case also should apply here. (ECF No. 42 at 7, citing *Bennett v. Dart*, 953 F.3d 467 (7th Cir. 2020)). They also claim, likewise without support, that the mere fact that the alleged ramps are not in compliance with the ADA equates to the common experience for all proposed class members for the ramps. The paucity of the evidence presented reflects the weakness of Plaintiffs' arguments.

Analysis of commonality may consider the merits of success on a claim. *See Ret. Chi. Police*, 7 F.3d at 598-99 (noting that the "boundary between a class determination and the merits may not always be easily discernible") (citation omitted). Commonality is not merely a pleading

requirement. *See Comcast Corp.,* 569 U.S. at 33 ("Rule 'does not set forth a mere pleading standard.'")

Shockingly, Plaintiffs fail to provide any support for commonality of the proposed class beyond a reference to the analysis in *Bennett* and citation to the reports showing noncompliance of the at-issue ramps with the ADA. Nowhere do Plaintiffs state the common issues or injuries sustained by members of their proposed classes. While they claim to certify a class consisting of "all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medical provider" and traversed the at-issue ramps, Plaintiffs fail to discuss any commonality between the proposed class members and any common questions among such members. See, *e.g.*, *Gilmore v. Southwestern Bell Mobile Sys., LLC*, 210 F.R.D. 212, 217 (N.D. Ill. 2001) ("Factual allegations of the complaint that go to the issue of certification are not automatically assumed to be true as . . . with . . . motion[s] to dismiss. Instead, to the extent necessary for resolving the issue of class certification, the court is to resolve factual issues, as would be true of a Rule 12(b)(1) motion to dismiss on jurisdictional grounds.") (citing *Szabo*, 249 F.3d at 675-77)). There is a dearth of evidentiary support backing Plaintiffs' claims for commonality, with Plaintiffs' asserted evidence consisting merely of the reports showing that the ramps in question do not comply with the ADA – which Defendants do not even dispute. This says nothing about the common experience of the class or any common questions among them. Accordingly, any such arguments are forfeited. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (stating that a party waives an argument that is "underdeveloped, conclusory, or unsupported by law" and that a party must "allege facts and *indicate their relevance* under the correct legal standard") (emphasis added).

Further, Plaintiffs rely upon *Bennett v. Dart*, 953 F.3d at 469, and incorrectly contend that it involved "nearly similar questions" related to applying "federal standards to toilets and showers

in Division 10 at the Jail." (ECF No. 42 at 6). Yet, despite these errant assertions, *Bennett* did not

hold that the plaintiff satisfied the commonality element. Rather, the court noted that it was merely

possible for a class to be certified and remanded the case to the district court to perform the class

certification analysis. *Id.* at 469. Plaintiffs' reliance on *Bennett* is thus entirely misplaced.

Finally, Plaintiffs also improperly assert that their proposed questions satisfy the

commonality requirement. (ECF No. 42 at 6). Plaintiffs acknowledge that satisfaction of the

commonality inquiry requires "articulat[ion] [of] at least one common question *that will actually*

*advance all of the class members' claims*." *Id*. (citing *Phillips*, 828 F.3d at 550 (emphasis added).

Plaintiffs' questions do not advance their claims, as there are no remaining issues regarding the

question of the ramps' compliance with the ADA at this time: Defendants do not dispute non-

compliance per their Expert's Reports - but many questions remain with regard to the experiences

of the disclosed proposed class members, and the existence of damages, if any, amongst such

individuals. *See supra*.

### B.    Plaintiffs Fail to Show Their Claims are Typical of the Claims or Defenses of the Class.

Plaintiffs also fail to establish that their claims "are typical of the claims or defenses of the

class." FED. R. CIV. P. 23(a)(3). The typicality requirement is meant to ensure that the named

plaintiff's claims have "the same essential characteristics as the claims of the class at large." *Lacy*,

897 F.3d at 866 (citation omitted). Rule 23 "does not set forth a mere pleading standard." *Comcast*

*Corp.*, 569 U.S. at 33 (citation omitted). A plaintiff must "be prepared to prove that there are *in*

*fact* . . . typicality of claims." *Id.* (citation and internal quotation marks omitted) (Emphasis in

original).

Here, Plaintiffs' claims related to the ramps are atypical of the claims of their proposed

class. For example, Plaintiffs assert that they "share the same essential characteristics of the

proposed class because each uses a cane to ambulate" and have been "deprived the ability to traverse the ramps on the same basis as non-disabled inmates." (ECF No. 42 at 8). But Plaintiffs have not presented evidence of their disabilities, what assistive devices they use and when, or any specific injuries arising from traversing the ramps in question.

Similarly, Plaintiffs have not presented evidence or argument to show that they are "typical" of other individuals who have different disabilities or injuries, who use a variety of assistive devices, who may use different assistive devices at different times, and who may have had different issues ambulating up and down the ramps in question. For example, proposed class member Carlos Martinez uses "crutches to move from place to place because of an injury." Martinez Decl., Pl.'s Ex. 7, at 1. Another proposed class member, Tommy Love, declared that he uses a cane to move from place to place because of several chronic medical conditions. Love Decl., Pl.'s Ex. 8, at 1. Yet Plaintiffs would have this Court believe that they are typical members of their proposed classes without providing evidence about how they traverse the ramps, how others in the proposed class traverse the ramps, or whether they or other proposed class members have suffered any injuries from traversing the ramps.

With respect to both proposed Rule 23(b)(3) classes, Plaintiffs have not, in fact, established that every detainee who was assigned a cane, crutch, or walker would have used the ramps in the same manner, and would have navigated those ramps without other forms of assistance. Plaintiffs' proposed class members have different experiences: one individual stated he has been escorted up and down both ramps, while another stated that he has requested and been denied help from staff. *See* Love Decl., Pl.'s Ex. 8, at 1; Rogers Decl., Pl.'s Ex. 9, at 2. Other proposed class members have not indicated whether CCDOC staff has helped them traverse the tramp. *See* Harris Decl., Pl.'s Ex. 14; Phillips Decl., Pl.'s Ex. 15.

Plaintiffs' claimed issues with the ramps may or may not have the same essential characteristics of every other proposed class member. But Plaintiffs have not asserted even the most basic facts that might establish similarities between their experiences with the ramps and those of all other persons who are housed in other parts of the CCDOC. These unsupported allegations fail to establish that every person assigned such mobility alerts would have used the ramps in the same manner as Plaintiffs Mathis and Hernandez. As a result, Plaintiffs have not satisfied their burden to show typicality.

### C. Plaintiffs Fail to Satisfy the Numerosity Requirement.

Plaintiffs cannot satisfy the numerosity requirement, which requires them to positively show that the class is so numerous that joinder of all members is impracticable. *Cwiak v. Flint Ink. Corp.*, 186 F.R.D. 494, 496 (N.D. Ill. 1999). Class estimates may not be based on speculation. *Murray v. E\*Trade Fin. Corp.*, 240 F.R.D. 392, 396 (N.D. Ill. 2006) (citing *Dhamer v. Bristol–Myers Squibb Co.*, 183 F.R.D. 520, 525 (N.D. Ill. 1998)).

Here, despite now having numbers of detainees with mobility devices assigned to the RTU who traveled to Cermak for all proposed classes, Plaintiffs remain forced to rely on speculation and counsel's history of similar class actions to build their classes. They point again to the *Lacy* case in that a class of sixty wheelchair users there was enough to achieve numerosity. (ECF No. 42 at 5) (citing *Lacy v. Dart*, No. 14 C 6259, 2015 WL 1995576, at *3 (N.D. Ill. 2015). They further assert that the "general rule is that a class of 40 satisfies the numerosity requirement[.]" But these assertions are unavailing in light of the lack of additional concrete facts or other qualifying metrics.

Such evidentiary standing Plaintiffs' proposed classes inherently speculative. Specifically, the class definitions merely designate prescription of "a cane, crutch, or walker" as the threshold

characteristic for numerosity, and for the proposed number of class members. Not only is any raw number of individual detainees assigned to a given Division with an alert for cane, crutch, or walker entirely speculative, but so too is the number of those individuals who regularly, as opposed to sporadically, use the Cermak or RTU ramps, much less suffered any injury as a result. For example, some detainees asserted that they regularly used the ramps (Harris Decl., Pl's Ex. 14), some several times (Rogers Decl., Pl's Ex. 9), while others reported using them only once a month (Mathis Decl, Pl's Ex. 3). On the other hand, and unlike the others who used canes and walkers for their mobility issues, detainee Carlos Martinez, who also reported having issues on the occasions that he traversed the ramps, used crutches temporarily for an injury. (Martinez Decl., Pl's Ex. 7). These differing rates of use of the ramps, differing uses of varied mobility aids, demonstrate the inherently speculative nature vis-à-vis impracticability of joinder. In any event, the declarations of the majority of the proposed class members fail entirely to state the frequency of their encounters with the Cermak or RTU ramps. (Love Decl., Pl's Ex. 8; Phillips Decl., Pl's Ex. 15; Martinez Decl., Pl's Ex. 7).

Ultimately, the proposed classes are vague at best because they fail to identify a particular group harmed during a particular time in a particular way. *See Mullins v. Direct Digital, LLC*, 795 F.3d 654, 660 (7th Cir. 2015) (finding no satisfaction of class action elements where numerosity was vaguely defined). Additionally, Plaintiffs' proposed class definitions are overbroad because they may include many class members who were not affected and/or suffered no damages. It is well established that a class should not be certified if it is apparent that it contains many people who have suffered no injury at the hands of the defendant. *Kohen v. Pac. Inv. Mgmt. Co.*, 571 F.3d 672, 677 (7th Cir. 2009). Here, it is clear that Plaintiffs' proposed class definitions and the alleged numbers of individuals asserted to be members are so broad as to clearly include individuals who

never even had issues or difficulties with the ramps, much less injuries. Plaintiffs simply have not made the evidentiary showing to pierce the veil of speculation inherent to the proposed class sizes.

Finally, Plaintiffs fail to demonstrate that their proposed classes satisfy the numerosity requirement because the proposed definition is over-inclusive of all inmates who use canes, crutches, or walkers without regard to the extent of denial of their respective ADA rights, if any. Plaintiffs' class definition assumes that every person with such mobility implements would have used the instant ramp on the same basis as them, but Plaintiffs have not developed any facts to support this speculative assumption.

When reviewing whether class certification is appropriate, a court "may not simply assume the truth of the matters as asserted by the plaintiff," but instead must receive evidence and resolve factual disputes as necessary to decide whether certification is appropriate. *Szabo*, 249 F.3d at 676. Plaintiffs' basic assertion that any inmate assigned a cane, crutch, or walker who traversed the Cermak or RTU ramps suffered an absolute and guaranteed violation of their ADA rights, as alleged, is entirely unsupported.

Plaintiffs' proposed classes fail to meet the numerosity requirement and the Motion for Class Certification should be denied.

## II.     PLAINTIFF MATHIS' CLAIMS FAIL TO SATISFY THE RULE 23(b)(2) REQUIREMENTS.

### A. Plaintiff Fails to Show Satisfaction of the Requirement that the Contemplated Equitable Relief be Appropriate for the Whole Class.

The first requirement for certification of a claim under Rule 23(b)(2) is that "the contemplated equitable relief must be . . . 'appropriate respecting the class as a whole.'" *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 892 (7th Cir. 2011) (quoting Fed. R. Civ. P. 23(b)(2)).

11

Plaintiff fails in his motion to make an argument for satisfaction of appropriateness. While he claims to seek injunctive relief against Defendants and that "such relief would further the goals of judicial economy because it avoids the duplicative litigation of identical claims[,]" he declines entirely to expand upon how the injunctive relief would avoid duplication, as well as what specific injunctive relief is sought. (ECF No. 42 at 10). Further, plaintiff's specious claim is inconsistent with the arguments made under Rule 23(b)(3) that will inexorably necessitate individual claims by each and every class member in order to obtain any relief through the resultantly issued declaratory judgment. See *Andrews v. Chevy Chase Bank*, 545 F.3d 570, 577 (7th Cir. 2008).

Moreover, Plaintiff's reliance on *Walker v. Dart*, 2021 WL 809765, to support the appropriateness of injunctive relief is misplaced. *Walker* is distinguishable in that it involved wheelchair bound detainees with issues traversing the ramps, not detainees with alerts for canes, crutches, and walkers. *Id.* at *1 (noting class members' common injury of inability to use ramps would be addressed by same remedy – bringing ramps into compliance). Additionally, class members in *Walker* suffered concrete and defined injuries, including burned hands, as opposed to general claims of pain without incident. *Id.* at *5.

Here, Plaintiff Mathis has not made any such concrete allegations about injuries to himself or others. Indeed, the only injury described in the declarations of proposed class members is pain. *See* Pl.s' Ex. Nos. 7-9, 14-15. The *Walker* court noted that because of the injuries described, individuals had an actual "inability to safely use the . . . ramp," whereas the same cannot be said in the instant case. *Id.*

Finally, the ramp involved in *Walker* is the same ramp as the Cermak ramp involved in the matter herein. As has been discussed, plans are in place for its renovation to be substantially complete by September of 2025, with the RTU ramp also marked as part of a larger CCDOC-

specific zone by zone ADA compliance overhaul on which major work on planning stages is imminently starting. Therefore, for the aforementioned reasons, Plaintiff fails to satisfy the appropriateness requirement.

### B.    Plaintiff Fails to Show Satisfaction of the Finality Requirement.

The other requirement of Rule 23(b)(2), finality, necessitates that the contemplated equitable relief sought by the putative class be "final" to "the class as a whole." *Kartman*, 634 F.3d at 892 (quoting Fed. R. Civ. P. 23(b)(2)). "In other words, claims for individualized relief . . . do not satisfy Rule 23(b)(2)." *Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 499 (7th Cir. 2012) (internal citations omitted). Class certification under 23(b)(2) is not permitted where individual class members would be entitled to different or individualized relief. *Wal-Mart*, 564 U.S. at 357.

Here, not all members would receive the same relief or accommodation. For example, not all inmates with alerts for canes, crutches, and walkers require the same degree of assistance using ramps, and all such detainees would not have experienced the same difficulties or injuries (or lack thereof). A case-by-case analysis is required to determine what accommodations an inmate using a particular mobility implement may need, and whether any such persons were injured from difficulties with traversal of the RTU and Cermak ramps. While these allegations might give rise to individual damages claims for Plaintiff, they are not proper claims upon which to base a 23(b)(2) class litigation matter.

In *Jamie S. v. Milwaukee Pub. Sch.*, plaintiff "superficially structured their case" and motion for class certification as a 23(b)(2) claim for class-wide injunctive and declaratory relief. 668 F.3d at 499. The court vacated the class certification order and noted that the individualized relief sought by plaintiff "would be class-wide in name only" as individualized relief cannot be obtained under 23(b)(2). *Id.* Rule 23(b)(2) "does not authorize class certification when each

13

individual class member would be entitled to a different injunction or declaratory judgment against the defendant." *Id*. (quoting *Wal-Mart*, 564 U.S. at 357.)

Much like the plaintiff in *Jamie S.*, Plaintiff Mathis asserts claims on behalf of the entire class alleging ADA and RA compliance issues in relation to an individually experienced injury. Yet he does not explain how a single class-wide relief can possibly cater to a class of diverse individuals who may be entitled to different injunctions, some presumably without any injury. Accordingly, certification under Rule 23(b)(2) should be denied, as the relief sought by Plaintiff "would be class-wide in name only," therefore making it inappropriate relief for the putative class at whole. 668 F.3d at 499.

## III.  PLAINTIFFS' CLAIMS FAIL TO SATISFY THE RULE 23(b)(3) REQUIREMENTS.

Plaintiffs cannot show that their claims satisfy the predominance requirement of Rule 23(b)(3). Further, Plaintiffs have not shown that certification under Rule 23(c)(4) is appropriate. Finally, Plaintiffs' arguments that a class action is the superior method of adjudicating the controversy fail.

### A.  Plaintiffs Fail to Show that Class Questions Predominate Over Individual Questions of Members of the Class.

Rule 23(b)(3) allows certification where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Jacks v. DirectSAT USA, LLC*, No. 23-3166, 2024 WL 4380256, at *6 (7th Cir. Oct. 3, 2024) (quoting FED. R. CIV. P. 23(b)(3)); *see Messner*, 669 F.3d at 814 (permitting class certification "only if the questions of law or fact common to class members predominate over questions that are individual to members of the class") (citation and quotation marks omitted)). Though similar to the requirements for typicality and commonality, the predominance requirement

14

is "far more demanding." *Id.* (citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). While "[i]ndividual questions need not be absent," such questions "[can]not predominate over the common questions affecting the class as a whole." *Id.* An individual question is one for which members of a proposed class would have to present differing evidence to make a *prima facie* showing. *Id.* at 815.

Liability for violation of the ADA is predicated upon the exclusion of a qualified individual from participation in or denial of benefits of services, programs or activities of a public entity. 42 U.S.C. § 12131. While a public entity must make reasonable modifications in policies, practices, or procedures when necessary to avoid discrimination on the basis of disability, 28 C.F.R. § 35.130(b)(7), the individualized nature of the ADA and RA inherently require a case-by-case analysis of claims. *See Messner*, 669 F.3d at 815.

Here, Plaintiffs have failed to meet their burden to show a predominating question of fact or law to establish the class, especially considering that the proper inquiry into their allegations remain individual inquiries. The potential members of the putative class have vastly different disabilities, utilize mobility devices differently than Plaintiffs, and require different reasonable accommodations from one another. Further, there are likely issues regarding exhaustion in relation to whether each member filed grievances about the Cermak ramp, as well as the statutes of limitations of differently situated members' claims. These individualized facts dwarf any potential common issues. This does not even begin to consider the vastly differing results of the putative class members' use of the ramp, including mere difficulties (or lack thereof), falls, pain, bruises, or worse.

Additionally, while the Plaintiffs have asserted some of their own injuries, they have not described the experiences or injuries of the proposed class members. For each member thereof,

15

such individual questions will have to be further analyzed and explored. The existence of individual questions relating to details for each class member as a result of Plaintiffs' failure to present evidence will necessitate an in-depth analysis of individual issues alongside those which Plaintiffs assert have the potential to be a complex matter of class litigation. As a result, Plaintiffs' individual questions and issues must be considered in depth and will surely dominate as much, if not more, than the class issues. The circumstances presented therefore allow for—and even encourage—individual questions to predominate over the class questions.

Once again, Plaintiffs' argument for predominance is devoid of support, consisting mostly of mere assertions. See *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085 (7th Cir. 2014) ("Mere *assertion* by class counsel that common issues predominate is not enough. That would be too facile. Certification would be virtually automatic."). Plaintiffs again rely on *Bennett v. Dart*, 18-cv-04268, 2020 WL 1812376 (N.D. Ill. Apr. 9, 2020), in arguing that the questions asserted in the instant case "represent[] the critical aspect, if not the totality, of Plaintiff's case, thereby satisfying predominance." (ECF No. 42 at 11-12). Plaintiff's ADA and RA claims based on the questions asserted are potentially "relevant to every detainee in the putative class[,]" *Id.* (citing *Bennett v. Dart*, 53 F.4th 419, 420 (7th Cir. 2022)), but the same cannot be said of the individualized aspects of their claims. Plaintiffs have not shown that they received the same injuries, nor experienced the same incident, nor have Plaintiffs pled anything resembling the same. It is clear that because individual questions predominate, certification under Rule 23(b)(3) should be denied.

Plaintiffs also assert that their proposed 23(b)(3) class can be certified to "resolve the issue under Rule 23(c)(4) whether the east tunnel ramp complied with the structural standards required by the ADA and Rehabilitation Act between February 13, 2022, and the date of entry of judgment." (ECF No. 42 at 2). This position is untenable.

The Seventh Circuit had not directly addressed the "interaction between Rule 23(b)(3) and Rule 23(c)(4)" until recently. *Jacks*, 2024 WL 4380256 (Lee, J.). In doing so, the Court held that, "as part of satisfying its burden under Rule 23, a party seeking certification of an issue class under Rule 23(c)(4) must show that common questions predominate in the resolution of the specific issue or issues that are the subject of the certification motion and not as to 'the cause of action, taken as a whole.' *Id.* at *7 (quoting *Corley v. Orangefield Indep. Sch. Dist.*, 152 Fed. Appx 350, 355 (5th Cir. 2005).

The Seventh Circuit first rooted its holding in the text of Rule 23(c)(4), which states that, "When appropriate, an action may be brought or maintained as a class action *with respect to particular issues*." *Id.* (quoting Fed. R. Civ. P. 23(c)(4)). Next, the Court looked to the Second Circuit's analysis, which noted that "the 2006 version of the rule expressly mandated that the other requirements in Rule 23 (including Rule 23(b)(3)) be applied only after the issues appropriate for certification have been identified." *Id.* (citation omitted).[1] Finally, the Seventh Circuit rejected the approach of the Fifth Circuit because following it "would render Rule 23(c)(4) superfluous." *Id.* While the Fifth Circuit views Rule 23(c)(4) as authority for a court to sever issues for a class trial, the Seventh Circuit noted this power is already a well-established principle enshrined in Rule 42(b), which permits a court to order separate trials for convenience, to avoid prejudice, or efficiency. *Id.* (citations omitted).

In this case, as stated, Plaintiffs have failed to "show that common questions predominate in the resolution of the specific issue or issues that are the subject of the certification motion and

---

[1] citing *In re Nassau Cnty.*, 461 F.3d 219, 226 (2d Cir. 2006) (noting Rule 23(c)(4)'s language that "an action may be brought or maintained as a class action with respect to particular issues . . . and the provisions of this rule shall then be construed and applied accordingly") (emphasis in original)).

The Seventh Circuit also pointed out that "while the 2007 amendment to Rule 23(c)(4) deleted the second clause, the modification was not intended to substantively change the rule." Id (citing Fed. R. Civ P. 23(c)(4) advisory committee's note to 2007 amendment ("These changes are intended to be stylistic only.")).

17

not as to the cause of action, taken as a whole." *Jacks*, 2024 WL 4380256, at *7 (internal quotations omitted).

Notwithstanding the Plaintiffs' assertions regarding predominance, this Court should find that there is an absence of predominance of the class issues over the individual. The "starting point" in the predominance analysis is "the substantive elements of plaintiffs' cause of action and . . . the proof necessary for the various elements." *Dancel v. Groupon, Inc.*, 949 F.3d 999, 1008 (7th Cir. 2019) (quoting *Simer*, 661 F.2d at 672). Plaintiffs' allegations are woefully deficient.

**B.      Plaintiffs Fail to Show that a Class Action is the Superior Method of Adjudication of this Case.**

Plaintiffs also fail to show that a class action is the superior method of adjudication for this case. Under Rule 23(b)(3), if individual issues predominate, a class action is not the superior method for adjudication and certification should be denied. *Messner*, 669 F.3d at 815. If, to make a *prima facie* showing on a given question, the members of the proposed class present evidence that varies from member to member, then it is an individual question. *Id.* One additional factor to consider in assessing the superiority requirement is "the likely difficulties in managing a class action." FED. R. CIV. P. 23(b)(3)(D).

The Seventh Circuit noted in *Jacks* that "the superiority requirement 'functions as a backstop against inefficient use of Rule 23(c)(4)' because it 'ensures that courts will not rely on issue certification where there exist only minor or insignificant common questions.'" 2024 WL 4380256, at *8 (citations omitted). Notably, that Court also stated as follows:

> [T]his is not a case where liability and damages can be determined by a simple formula or uncomplicated follow-on proceedings. To the contrary, we agree with the district court that determining liability and damages would necessitate hundreds of separate trials to evaluate evidence regarding the nature and scope of an individual technician's work and the impact of his particular supervisor on the type of tasks assigned and how the technician recorded his time— not to mention the individualized piece-rate calculations at the center of this dispute. Thus, even if the

> fourteen certified issues were answered, doing so would not materially advance Plaintiffs' claims given the magnitude of what remains. As a result, we conclude that a class action, as currently certified, is not a superior device to resolve this controversy and affirm the district court's decision to decertify this case, albeit on slightly different grounds.

*Id.* at *9.

In light of the importance of superiority as an element, it is perplexing that Plaintiffs dedicate a mere two-sentence paragraph at the end of their brief to it, using mostly language quoted from *Bennett*, 2020 WL 1812376, at *3. It amounts to no more than the bare assertion of the requirement itself:

> As the merits of Plaintiff's proposed class turn upon a single legal question, proceeding as a class achieves economies of time, effort, and expense and promotes uniformity of decision.

(ECF No. 42 at 13). Plaintiffs' argument for superiority is unavailing in light of their failure to make and support an argument beyond the mere assertion that class action litigation is superior. Accordingly, any such arguments are forfeited. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (stating that a party waives an argument that is "underdeveloped, conclusory, or unsupported by law" and that a party must "allege facts and *indicate their relevance* under the correct legal standard") (emphasis added). Further, to the contrary, considering their failure to delineate differences in class member qualifies and specificities, and single-minded desire to certify the issue as opposed to a class, it would seem that class action litigation is not the ideal method of resolution for the Plaintiffs herein.

As discussed, the individual questions relating to Plaintiffs' claims require highly tailored and individualized inquiries into existing disabilities, use of assistive devices, injuries sustained, and potentially other substantive or procedural issues, such as exhaustion of administrative remedies or statute of limitations. In contrast, a class issue results only in declaratory relief for the

class, but each member would thereafter have to individually seek relief for their own claims. *See* FED. R. CIV. P. 23(c)(4).

As the Seventh Circuit has stated, "if the class certification only serves to give rise to hundreds or thousands of individual proceedings requiring individually tailored remedies, it is hard to see how common issues predominate or how a class action would be the superior means to adjudicate the claims." *Andrews*, 545 F.3d at 577. This was confirmed recently when the Seventh Circuit noted that certification of a 23(c)(4) issue where "determining liability and damages would necessitate hundreds of separate trials[,] … even if the … certified issues were answered[,] … would not materially advance Plaintiffs' claims given the magnitude of what remains." *Jacks*, 2024 WL 4380256, at *9.

Ultimately, in the circumstances desired by Plaintiffs, the other members of the class in this case will obtain no relief and will be forced to undertake their own individual claims under any issued declaratory judgment. This is the definition of duplicative litigation and shows further the misbecoming of Plaintiffs' arguments. The Seventh Circuit has stated that this sort of circumstance where many trials will be necessitated for individual judgments does not materially advance a plaintiff's claims. This does not make for a superior method of adjudication.

Accordingly, class certification should be denied because it is not the superior way of adjudicating these claims.

## IV. PLAINTIFFS FAIL TO DEFINE AN ASCERTAINABLE CLASS PURSUANT TO RULE 23.

Finally, Plaintiffs also fail to satisfy the threshold requirement of Rule 23 that the proposed class be sufficiently ascertainable. *Jamie S.*, 668 F.3d at 495. To satisfy the ascertainability requirement, a plaintiff must show that class members are identifiable through clear, objective criteria so that it is administratively feasible to determine who is a member. *Id.* at 496. The

requirements of Rule 23 are not satisfied when the proposed class definition is "too vague." *Steimel v. Wernert*, 823 F.3d 902, 917 (7th Cir. 2016). Proper defining of a class "alerts the court and parties to the burdens that such a process might entail," and "ensures that those actually harmed by defendants' wrongful conduct will be the recipients of the relief eventually provided." *Simer v. Rios*, 661 F.2d at 670. "A class is ascertainable when defined by objective criteria that are administratively feasible, without a subjective determination." *McBean v. City of N.Y.*, 228 F.R.D. 487, 492 (S.D. N.Y. 2005) (internal citations omitted).

Plaintiffs argue that the proposed classes are ascertainable because they now possess discovery showing data on the number of individual detainees assigned to Division 8 with cane, crutch, and walker alerts, over the specified time periods, as well as the number of those identified detainees with transportations to Cermak on record. (ECF No. 42 at 3-4). However, not everyone who was prescribed a cane, crutch, or walker for some purpose at CCDOC uses their mobility devices in relation to the Cermak and RTU ramps identically—some likely could traverse the ramp without the device, while others may have been transported with a wheelchair or other means, or even on a different path altogether in rare circumstances. Plaintiffs incorrectly assume that every person in custody with mobility devices used the Cermak and RTU ramps on the same basis as Plaintiffs. But not every person with alerts allowing use of canes, crutches, and walkers used the Cermak or RTU ramps on the same basis as them, had the same type of mobility alert as them, or experienced the same (or any) difficulties with the ramp, let alone injury or same kind of injury. Plaintiffs have not explained how or why a person who was housed elsewhere for the majority of this period, or who was differently situated, would have used these ramps on the same basis as them.

Simply having a designation for a mobility device alert in CCOMS (Cook County Sheriff electronic jail management system) is insufficient to ascertain whose ADA rights have been violated or that such violations were identical or even similar to the experience of Plaintiffs. As phrased, Plaintiffs' definitions of the proposed classes are so broad that they would include any inmate who may have traversed the ramps only once while temporarily using a cane, crutch, or walker to heal from minor injuries. Even a formal list of all persons with mobility device alerts and transportations to Cermak for the prospective class would not easily reveal these distinctions.

Accordingly, Plaintiffs' proposed classes are too subjective and fail to satisfy the ascertainability requirement. Plaintiffs simply cannot affirmatively show that any detainee situated differently from them would be subject to the same usage, restrictions, or troubles, as them. Certification of Plaintiffs' putative class should be denied.

## **CONCLUSION**

Plaintiffs' Motion for Class Certification should be denied for failure to meet the requirements for class certification under Rule 23(a), as numerosity, typicality, and commonality are not satisfied, nor are the requirements under Rules 23(b)(2) or (b)(3). No identifiable issues of law or fact exist as Plaintiffs have only enunciated an alleged issue that must be analyzed on a case-by-case basis, and class certification is neither the superior nor fair method of evaluation since no issue of fact predominates over individual questions, which means an individualized analysis would be more appropriate. For the aforementioned reasons, Plaintiffs' Motion for Class Certification should be denied.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order as follows:

1.    Denying Plaintiffs' Motion for Class Certification ; and
2.    Granting Defendants any other such relief as this court deems reasonable and just.

22

Respectfully submitted,

By:     */s/ Jason E. DeVore* _____
         Jason E. DeVore, One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479
jdevore@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendants' Response in Opposition to Plaintiffs' Motion for Class Certification** was filed on October 14, 2024, with the Northern District of Illinois ECF System, serving a copy to all parties.

         */s/ Zachary Stillman*
         Zachary Stillman