**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Cuauhtemoc Hernandez and William Mathis, | ) ) | |
| | ) | Case No. 23-cv-16970 |
| Plaintiffs, | ) ) | |
| | ) | Honorable Sunil R. Harjani |
| v. | ) ) | |
| | ) | Magistrate Judge Holleb Hotaling |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF FRCP 12(b)(6) MOTION TO DISMISS
PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT**

NOW COME Defendants, COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY, a body politic and corporate, by and through their attorneys, Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, and for their Reply in Support of their Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiffs' Amended Consolidated Complaint, state as follows:

## ARGUMENT

### I.   Plaintiffs' Response Concedes the Complaint's Inadequacy

Plaintiffs rely on facts not alleged in the Amended Consolidated Complaint in their Response to combat the inadequacy of the Amended Complaint. Notably, Plaintiffs appended to their Response numerous documents produced in discovery in an attempt to incorporate dates of alleged conduct into the Complaint. Yet even the dates in the exhibits for Plaintiff Mathis do not align entirely with those alleged in the Complaint. Accordingly, Plaintiffs should be required to replead their claims. The whole point of a complaint is to give "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs should not be filing their Complaint

1

piecemeal, some parts here, others there. At the very least Plaintiffs' Complaint should be dismissed, and they should file an Amended Complaint with the facts they now claim to allege in Response to Defendants' Motion, as well as any other allegations Plaintiffs may have hanging around that they plan on "supplementing" later too.

A plaintiff may supplement allegations when responding to a motion to dismiss, pursuant to *Bishop v. Air Line Pilots Ass'n, Intl.*, 900 F.3d 388, 399 (7th Cir. 2018), but only where such supplemental facts are "consistent with the complaint." *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992). "The court need not stretch allegations beyond their sensible and reasonable implications." *E.E.O.C. v. Park Ridge Public Library*, 856 F. Supp. 477, 479 (N.D. Ill. 1994) (citing *Chan v. City of Chicago*, 777 F. Supp. 1437, 1440 (N.D. Ill. 1991)).

Plaintiffs suggest that Mathis has given fair notice of his claims through his discovery responses, and also suggest that Defendants had access to Mathis' information because he is incarcerated in the Cook County Department of Corrections ("CCDOC"). (ECF No. 57 at 3-5.) Yet, a plaintiffs' complaint must provide fair notice of a claim and the basis for it. (*Id.* at 4 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The paucity of plaintiff's allegations is reflected by Mathis' attempt to incorporate several new dates to explain the context of his claims regarding his detention. Now that Mathis has improperly asserted facts that are inconsistent with the barebones operative Complaint, he should be required to properly plead his allegations in a manner that provides fair notice to Defendants.

Plaintiff's choice to omit essential facts suggests an attempt to gain a tactical advantage. Plaintiffs argue that they are allowed to supplement the Complaint, but the "supplemental material" used to introduce new dates into this matter are inconsistent with the dates in the initial Complaint. Plaintiffs' hodgepodge of documents in their response should not be the guiding

document. Instead, Plaintiff Mathis' claims should be dismissed, and he should be required to plead allegations in a factually consistent, cohesive manner a single, simple document.

## II.      **Plaintiffs Concede the Restoration Act is Not Retroactive**

The Northern District of Illinois definitively and unequivocally concluded in *Mendoza* that the Restoration Act ("RA") is "not retroactive." *Mendoza v. Dart, et al.*, 20-cv-670, ECF No. 213 (N.D. Ill. Mar. 4, 2024). Plaintiffs offer no real resistance to this established ruling. Instead, plaintiffs meekly argue that their claims "deserves little consideration because plaintiff Mathis traversed the ... ramps after January 1, 2024[.]" (ECF No. 57 at 6.) Notably, Plaintiffs make no attempt to distinguish *Mendoza*. (*Id.*)

Indeed, Plaintiffs acknowledge that the Act is not retroactive by asserting only that Plaintiff Mathis experienced conduct contributing to his claims after January 1, 2024. This, coupled with plaintiff's failure to distinguish *Mendoza,* is a death knell for his claims under the Act. (*Id.* at 6-7.) Hence, any alleged ADA violations that occurred before January 1, 2024, are not subject to the RA. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (a party waives an argument that is "underdeveloped, conclusory, or unsupported by law" and that a party must "allege facts and indicate their relevance under the correct legal standard").

Plaintiffs assert that the records show the conduct has continued, but no claims that predate the effective date of the statute are permitted because there were no recovery rights to restore when the conduct occurred before January 1, 2024. *See* 775 ILCS 60/10 ("The purpose of this Act is to restore in Illinois the full enjoyment of the civil rights unjustly limited by . . . *Cummings*.").

Thus, Plaintiff concedes, and caselaw states, that any alleged violations from before January 1, 2024, are not covered by the RA, and should be dismissed.

As to alleged violations after January 1, 20204, as discussed below, Defendants are protected from liability by numerous provisions of the state law Tort Immunity Act.

III.    **The Tort Immunity Act Applies to Restoration Act Claims for Violations of the ADA**

Plaintiffs speciously assert that the Tort Immunity Act ("TIA") does not apply to violations of the ADA nor to claims under the RA. This is false. The TIA covers the waterfront – it does not, and does not *need* to, expressly list the various legal theories that it covers. 745 ILCS 10/2-102 ("Notwithstanding any other provision of law, a local public entity is not liable … *in any action* brought directly or indirectly against it by the injured party or a third party."); 10/2-111 ("Nothing contained herein shall operate to deprive any public entity of any defense heretofore existing and not described herein."); *see also Monson v. City of Danville*, 2018 IL 122486, 115 N.E.3d 81, 91 (2018) ("We did not find the language limited the scope of immunities available to a defendant.").

This is expressly the type of liability for which the TIA is meant to be a shield to Defendants, particularly so considering the existence of other avenues through which Defendants can be pursued, under the ADA itself, as well as the Rehabilitation Act.

Plaintiffs incorrectly recast Defendants' argument to suggest that it relates to immunity from violations of the ADA under the TIA. That is not the argument Defendants made. Instead, Defendants argued that the TIA exists to "protect local public entities and public employees from liability arising from the operation of government," 745 ILCS 10/1-101(a), and that the RA itself only "waives sovereign and Eleventh Amendment of the United States Constitution immunity" for violations, 775 ILCS 60/30, therefore, the TIA applies to RA Claims. (ECF No. 54 at 5-10.) The RA's deafening silence on the TIA is notable in that its protections should apply to claims brought for RA violations.

Further, Plaintiff Mathis claims that the TIA is inapplicable because he "seeks relief in the form of a class under Rule 23(b)(2), and the text of the TIA does not apply to injunctive relief." (ECF No. 57 at 8 (citing *Rivera v. City of N. Chi.*, No. 19 C 5701, 2021 WL 323794, at *9 (N.D. Ill.

4

Feb. 1, 2021)). Again, this is false. Plaintiff Mathis' claims explicitly include allegations of violations under the Rehabilitation Act for which he seeks monetary damages, not injunctive relief, and his claim should be treated accordingly. (ECF No. 43 at 9.) TIA defenses do not become inapplicable merely because a plaintiff's claims include *proposed* class allegations and prayer for injunctive relief. Plaintiffs have asserted no case law to support such proposition.

Importantly, the enactment? of the RA does not reflect the General Assembly's intent to abrogate immunities available to governmental entities and employees under the TIA. Defendants Sheriff Thomas J. Dart and Cook County are permitted to assert such defenses as available to it under the laws of the State of Illinois. Defendants have therefore raised state law TIA defenses to Plaintiff's state law RA claims, not to federal ADA claims. (*Id.* at 1, 9.)

**A. <u>Section 4-103 Applies to Bar Plaintiffs' Claims</u>**

Plaintiffs' arguments against the specific provisions of the TIA asserted as defenses are also without merit and unsupported by precedent. Specifically, Plaintiffs' argument for inapplicability of section 4-103 is without support, legal or otherwise.

A local public entity cannot be held liable for state law claims based on a "failure to provide sufficient equipment, personnel, supervision or facilities" in a jail or detention/correctional facility. 745 ILCS 10/4-103. Ramps in the basement of the jail used for transport of personnel and detainees certainly fall under the purview of facilities of the jail, and the CCDOC is without doubt a facility to which section 4-103 applies. *Jefferson v. Sheahan*, 279 Ill. App. 3d 74, 76 (1st Dist., 1996) ("Section 4–103 applies to CCDC detention facilities such as the one at issue and affords … immunity for the type of allegations contained in plaintiff's Complaint, specifically, failure to adequately provide for and supervise the facility"); *see also Bollinger v. Schneider*, 64 Ill. App. 3d 758, 761 (3rd Dist. 1978).

Plaintiffs contend that this section "does not apply," because they allege that the Cermak and RTU ramps must comply with "structural accessibility standards that apply to newly constructed or altered facilities," and that Defendants have failed to bring these ramps into compliance. (ECF No. 57 at 8.) They assert that as a result, Defendants have no immunity for violating the ADA and RA, with the latter being because it "merely affords a remedy that the legislature determined was unjustly limited by the *Cummings* decision." (*Id.* at 8 (citing 775 ILCS 60/5, 60/10).) Despite Plaintiff's errant insistence, Defendants make no arguments for their immunity from liability for violations of the ADA.

Much like the RA, the TIA was passed in response to a perceived unjust limitation by the Courts of sovereign immunity, in particular. *See Coleman v. E. Joliet Fire Prot. Dist.*, 2016 IL 117952, ¶¶ 39-42; *Tzakis v. Berger Excavating Contrs., Inc.*, 2019 IL App (1st) 170859, ¶ 88. The TIA "protects local public entities and their employees from liability arising from government operations," *Tzakis*, 2019 IL App (1st) 170859, ¶ 88 (citing *Monson*, 2018 IL 122486 at ¶ 55; 745 ILCS 10/1-101.1(a)), and "prevent[s] the dissipation of public funds on damage awards." *Tzakis*, 2019 IL App (1st) 170859 at ¶ 88. Both the RA and the TIA are current state law, regardless of the legislature's drive to restore previously limited remedies, and applicable precedents apply to both.

Plaintiff Mathis alone brings an individual state law claim under the RA, which is therefore subject to state law defenses. That the underlying claim for monetary damages relates to violations of the ADA and has no bearing on Defendants' ability to assert viable state law defenses.

Notably, claims based on alleged failure to keep a jail in a "safe and reasonable" condition are barred by section 4-103. *Isaacs v. St. Clair Cnty. Jail*, 08-0417-DRH, 2009 WL 211158, at *5-6 (S.D. Ill. Jan. 29, 2009) (citing 745 ILCS 10/4-103). Also, claims based on a local public entity's "failure to train correction officers … are barred … as they involve … failure to provide sufficient

personnel and supervision." *Hawkins v. St. Clair Cnty.*, No. 07-142-DRH, 2009 WL 10726383, at *25 (S.D. Ill. Mar. 31, 2009).

Here, section 4-103 applies to any allegations by Plaintiffs pertaining to alleged failure by Defendants under the RA to provide a safe and reasonably sufficient facility, and/or to train officers on how to comply with the ADA.

The ramps in the transport areas of the basement of the jail, which are allegedly noncompliant with the ADA, may constitute insufficient facilities. Pursuant to section 4-103, Defendants are thus immune from state law allegations of insufficient facilities, such as Plaintiff's claims under the RA for violations of the ADA.

Also, because there is no liability under 4-103 for any failure to train personnel which may have resulted in injuries or conduct as alleged, any allegation as pled via claims under the RA should be dismissed.

## B. Section 3-103 Apply to Bar Plaintiffs' Claims

Plaintiffs' arguments as to the applicability of section 3-103 are also without support, other than a lone reference to *Lacy v. Cook County*, 897 F.3d 847, 853 (7th Cir. 2018), where the Court noted that ramps can pose structural barriers that prevent those with disabilities from accessing services. (ECF No. 57 at 9.) Plaintiffs' argument fails where section 3-103 is applicable.

Plaintiffs argue that section 3-103 does not shield Defendants from liability because the ramps "appear[] from use that it has created a condition that is not reasonably safe." (*Id.*) Plaintiffs, however, have not alleged to what extent, if any, that the ramps are not reasonably safe in the context alleged. Plaintiffs' claim that Defendants have knowledge of the ramps at issue and of the inaccessibility they pose is not the same as the ramp being unsafe; a ramp may be noncompliant with the ADA by a matter of inches, but a technical violation is not necessarily dangerous. (*Id.*)

7

Plaintiffs' tortured attempt to impose a duty of care upon Defendants regarding the at issue ramps is simply untenable under 3-103(a).

Local public entities are not liable for injuries caused by adoption of a construction or improvement plan approved by legislative or other body or employee where the plans are prepared in conformity with prior set standards. 745 ILCS 10/3-103(a). An exception exists where it "appears from ... use that it has created a condition that is not reasonably safe." *Id.*

"The duty of care described in section 3-103 derives from the more basic delineation of governmental duty" in 3-102, *Curtis v. Cnty. of Cook*, 98 Ill.2d 158, 165 (1983), thus defendants owe no duty under 3-103(a) if one does not exist under 3-102(a). *Boub v. Twp. of Wayne*, 291 Ill. App. 3d 713, 723 (2nd Dist. 1997) (citing *Curtis*, 98 Ill.2d at 165).

Section 3-102(a) states:

> ...a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition.

745 ILCS 10/3-102(a). Constructive notice only exists if it can be shown that there was an inspection system in place, used as intended, that did not find the condition, or otherwise if the condition could not have been reasonably found through implementation of a practical and cost-effective inspection system. 745 ILCS 10/3-102(b)(1)-(2). Actual and constructive notice are plaintiff's burden to prove. *Alave v. City of Chi.*, 2023 IL 128602, ¶ 37 (citing *Monson v. City of Danville*, 2018 IL 122486, ¶ 23).

Here, Plaintiffs argue that Defendants have "knowledge" of the condition of the ramps. (ECF No. 57 at 9.) However, 3-102(a) specifically states that "actual ... notice of the existence of

such a condition that is not reasonably safe" must exist "in reasonably adequate time *prior to an injury*." 745 ILCS 10/3-102(a). No physical injury has been alleged here, nor are Defendants aware of any injury having occurred to either Plaintiffs or any similarly situated detainee in relation to usage of the at issue ramps. Without an injury or incident, Plaintiff cannot show that the present condition of the ramps to be not reasonably safe, and there is no condition for Defendants to have had notice of. Plaintiff cannot affirmatively show that any allegedly known minor noncompliance with the ADA standards for construction and facilities equates to actual knowledge of the creation of a *dangerous* condition.

Similarly, Plaintiffs fail to provide evidence to support an argument that the Defendants had constructive notice of the condition. Any such argument wrongly presupposes that the accessibility of the ramps was a material issue causing them to not be reasonably safe, despite no injuries occurring or alleged to be at risk of occurring. Accordingly, there is no duty of care owed to Plaintiffs under 3-102(a), and Defendants are shielded under 3-103(a) from RA liability based on any allegedly not reasonably safe condition of the at issue ramps.

## C. Sections 2-109 & 2-202 Also Apply to Bar Plaintiffs' Claims

Plaintiffs also claim that section 2-109 does not apply since personal liability is not an element for liability under Title II of the ADA, and therefore Defendants cannot claim immunity for liability "resulting from an act or omission of ... employee where the employee is not liable[.]" (ECF No. 57 at 9 (citing 745 ILCS 10/2-109)). This is an incoherent argument. Of course, individual defendants are not liable for violations of the ADA, but Plaintiffs' claims are clearly not limited to the ADA and seek further damages as permitted under the RA.

Defendants are not liable for the RA claims where no individual defendant employee is alleged to have caused the injury. *See generally, Albert v. Board of Educ. of Chi.*, 2014 IL App (1st) 123544, ¶¶ 32-40. Plaintiffs do not allege any claims under the RA against any individuals. Thus,

9

section 2-109 shields Defendants from liability *under the RA* for any injuries resulting from violations of the ADA. Plaintiffs' conclusory statement regarding purported inapplicability is baseless and unsupported by law or fact.

The same holds true for Plaintiffs' arguments for inapplicability of section 2-202. Plaintiffs' RA claims should be dismissed because they do not even allege willful and wanton conduct, and liability for acts of negligence is protected by the TIA. *Gordon v. Degelmann*, 29 F.3d 295, 299 (7th Cir. 1994) (citing 745 ILCS 10/2-202) (municipalities only liable for willful and wanton acts of employees).

## <u>CONCLUSION</u>

For all the foregoing reasons, Defendants respectfully request that Plaintiffs' Amended Consolidated Complaint be dismissed for failure to state a valid claim.

WHEREFORE, Defendants, COOK COUNTY SHERIFF THOMAS DART, and COOK COUNTY, a body politic and corporate, respectfully request that this Court enter an order dismissing Plaintiffs Complaint for failure to state a claim, or otherwise dismissing Plaintiffs' claims asserted under the Restoration Act.

Respectfully submitted,

*/s/ Jason E. DeVore*_____
One of the Attorneys for the Defendant(s)

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe St., Suite 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com
zstillman@devoreradunsky.com

10

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the above **Defendants' Reply in Support of their Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiffs' Amended Consolidated Complaint** was filed on October 21, 2024, with the Northern District of Illinois ECF System, serving a copy on all parties.

*/s/ Zachary Stillman*
Zachary Stillman