IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERNANDEZ & MATHIS<br><br>　　　　　Plaintiff,<br>　v.<br><br>THOMAS DART, et al<br>　　　　　Defendant. | Case No. 23 cv 16970<br><br>Judge Sunil R. Harjani |

## **ORDER**

Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [54] is granted in part and denied in part.

Defendants first claim that Plaintiff Mathis failed to identify the dates of the incidents and the dates that Plaintiff was a resident at the Cook County Department of Corrections. In the Amended Complaint [43], Plaintiff identified Mathis' booking number and using that booking number, Defendants Sheriff and Cook County could easily determine when he was an inmate at the facility, which provides sufficient notice of the claims against Defendants. Regardless, there is no dispute now, given that discovery has commenced, that the Sheriff's records identify the dates of his incarceration. As for the dates of the incident, Mathis stated in the Complaint that he traversed the Cermark ramp and the RTU ramp for medical appointments while he was housed at the facility, and in particular, every three to four weeks on the Cermark ramp for medical appointments. Mathis then provided detail about the structure of the ramp and why they violate disability laws. Thus, from the Amended Complaint, Defendants know that the identity of the Plaintiff Mathis, the ramp at issue, generally when Mathis had to traverse the ramp while in custody, and why they did not comply with accessibility laws. All of this is sufficient to satisfy Federal Rule of Civil Procedure 8, provide fair notice to Defendants about their claims of inaccessibility, and to survive a motion to dismiss. *See Lacy v. Cook County*, 897 F.3d 847, 853 (7th Cir. 2018) (evaluating allegations that plaintiff had to traverse steep ramps while at the courthouse and use bathrooms that did not comply with accessibility standards).

Defendants next argue that the Illinois Restoration Act does not apply retroactively and that any claim prior to January 1, 2024 should be dismissed. Plaintiff Mathis does not challenge the substance of Defendants' argument or argue that the act should apply retroactively, but merely states the claim should survive because he traversed the ramp after January 1, 2024. As a result, Plaintiff has waived any argument on the retroactivity issue, and any claim by Mathis under the Illinois Restoration Act that pre-dates January 1, 2024 is dismissed, but any claim after that date survives.

Finally, Defendants argue that various sections of the Tort Immunity Act shields Defendants from liability under the Illinois Restoration Act. Both sides hotly dispute whether the immunity provisions apply to this new statute. The Court declines to consider this argument on a motion to dismiss for a number of reasons. First, it involves considering facts outside the four corners of the Amended Complaint. For example, part of the analysis on this issue, as the parties acknowledged, is whether this case involved a failure to provide sufficient equipment, personnel, supervision or facilities (Section 4-103) or whether the ramps were not reasonably safe (Section 3-103). *See Sterling v. Bd. of Educ. Of Evanston Twp. High School Dist. 202*, 2021 WL 809763, at \*9 (N.D. Ill. 2021) (declining to apply immunity on a motion to dismiss because it is "a fact-specific inquiry" and "the Court needs more facts to make such a decision"). On the current record, the Court must only view the allegations of the Complaint and take them as true. Second, it is unsettled whether the Immunity Act "categorically excludes actions that do not sound in tort." *Society of American Bosnians and Herzegovinians v. City of Des Plaines*, 2017 WL 748528, at \*14 (N.D. Ill 2017). The parties need to better address this issue in their briefing, as the claims in this case sound in disability and inaccessibility violations on initial review, and the current briefing is too perfunctory for the Court to decide this issue. Third, the Tort Immunity Act provides affirmative defenses, *Van Meter v. Darien Park Dist.*, 799 N.E.2d 273, 280 (2003), and plaintiffs generally need not anticipate and overcome affirmative defenses in their complaint. S*idney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). Nothing in the Amended Complaint demonstrates that the Plaintiff has pled themselves out of court. *Van Meter*, 278 Ill.Dec. 555, 799 N.E.2d at 284 (An affirmative defense "must be apparent on the face of the complaint" to warrant dismissal.). The motion on this basis is denied without prejudice to defendants' raising it at a later time after the close of discovery.

**SO ORDERED.**

Dated: November 13, 2024

_____
Sunil R. Harjani
United States District Judge