IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CUAUHTEMOC HERNANDEZ AND WILLIAM MATHIS, <br><br> Plaintiffs, <br> v. <br><br> THOMAS DART, SHERIFF OF COOK COUNTY, AND COOK COUNTY, ILLINOIS, <br><br> Defendants. | Case No. 23 C 16970 <br><br> Honorable Sunil R. Harjani |

## MEMORANDUM OPINION AND ORDER

This case arises from allegations that the ramps at the Cook County Department of Correction's Cermak Health Services Facility and the Residential Treatment Unit's east tunnel fail to comply with the Americans with Disabilities Act (ADA) and the Rehabilitation Act because they are steep, do not have proper landings, and lack ADA compliant handrails.

Plaintiff Hernandez previously moved for class certification pursuant to Federal Rule Civil Procedure 23. On June 24, 2024, this Court found there had been no evidence presented about numerosity. At that time, the only evidence put forward was: (1) videos of a handful of detainees traversing the Cermak ramp; and (2) an online training stating that "mobility impairments" were frequent disabilities of Cook County Jail detainees. The video evidence was outside of the period for the proposed class and showed only two potential class members. Thus, the Court denied the motion but allowed leave to refile, given discovery was in its infancy. *See* Doc. [29]. Defendants then moved to consolidate the cases of Plaintiff Hernandez and Plaintiff Mathis. After hearing oral arguments on the issue, the Court granted consolidation based on the substantial similarities of the cases and in the interest of judicial economy. An amended consolidated complaint and a renewed motion for class certification followed.

Plaintiffs Hernandez and Mathis now seek class certification for the following three classes:

(1) a Rule 23(b)(2) class for all Cook County Jail inmates prescribed a cane, crutch, or walker who traversed either the Residential Treatment Unit east tunnel and/or the Cermak ramp;

(2) a Rule 23(b)(3) class for all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medical provider and traversed the Residential Treatment Unit east tunnel ramp from February 13, 2022 to the date of judgment, to resolve the Rule 23(c)(4) issue of whether the east tunnel ramp complied with

the structural standards required by the ADA and Rehabilitation Act at that time; and

(3) a Rule 23(b)(3) class of all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medical provider and traversed the Cermak ramp from December 20, 2021 to the date of judgment, to resolve the Rule 23(c)(4) issue of whether the Cermak ramp complied with the structural standards required by the ADA and Rehabilitation Act at that time.

Defendants challenge the class certification motion by arguing that: (1) the proposed classes are not ascertainable and sweep in uninjured parties; (2) Plaintiffs cannot satisfy Rule 23(a)'s numerosity, commonality, typicality, and adequate representation requirements; (3) Plaintiffs have not satisfied Rule 23(b)(2) by showing there is equitable relief appropriate to the class as a whole; and (4) Plaintiffs have not shown that common issues predominate or a class action is the superior method under Rule 23(b)(3). The Court grants the motion for class certification [41], but the class is modified, as further stated below.

## Discussion

Rule 23 governs the certification of class actions. A proposed class must first meet the Rule 23(a) requirements of numerosity, typicality, commonality, and adequacy of representation. Fed. R. Civ. P. 23(a). In addition, "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). "Plaintiffs bear the burden of showing that a proposed class satisfies the Rule 23 requirements, but… [i]t is sufficient if each disputed requirement has been proven by preponderance of evidence." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012) (cleaned up). The court must engage in a "rigorous analysis [into whether] the prerequisites of Rule 23(a) have been satisfied," and "[f]requently that rigorous analysis will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart*, 564 U.S. at 351 (cleaned up). But district courts should not "turn the class certification proceedings into a dress rehearsal for the trial on the merits." *Messner*, 669 F.3d at 811. If certified, the certification order must "define the class and the class claims, issues, or defenses, and must appoint class counsel." Fed. R. Civ. P. 23(c)(1)(b).

## Class Ascertainability

A class must be ascertainable before proceeding to the Rule 23 factors. The Seventh Circuit Court of Appeals has recognized that, while a class should not sweep in a great number of individuals who suffered no injury, district courts must balance this consideration with the fact that it is often inevitable that a class will include persons not injured. *Lacy v. Cook Cnty., Illinois*, 897 F.3d 847, 864 (7th Cir. 2018). The Court of Appeals has previously addressed this precise issue of whether a class of detainees with mobility difficulties is ascertainable. *Id.* In *Lacy*, defendants challenged the district court's class certification of "[a]ll Cook County Jail detainees who have been assigned and currently use a wheelchair." *Id.* at 863. The Seventh Circuit held that the class was ascertainable and was "confident that the balance tips in favor of certification" given the number of detainees assigned wheelchairs and that Defendant had not suggested how many could be uninjured under the ADA. *Id.* at 864. Here, as in *Lacy*, Plaintiffs provide evidence that the

2

proposed class includes potentially over 900 detainees who were assigned a cane, crutch, or walker based on a disability. Defendants disagree, arguing that certain individuals were using these devices for other reasons, such as a short-term injury or in lieu of a wheelchair. However, Defendants provide no evidence that the number of individuals that would be swept in is so numerous that class certification is impermissible. *See also Bennett v. Dart*, 953 F.3d 467, 468-69 (7th Cir. 2020) (*Bennett I*) (*per curiam*) (reversing denial of class certification for a class of detainees who need canes, crutches, or walkers when using non-ADA compliant showers and bathrooms); *Walker v. Dart*, 2021 WL 809765 (N.D. Ill. Mar. 3, 2021) (certifying a class of Cook County detainees who used a wheelchair to traverse the Cermak ramp).

To further address this issue, the Court will tailor the classes to reach disabled individuals who would have suffered the alleged deprivations. Defendants' response briefing centers on the notion that not every person prescribed a cane, crutch, or walker suffers an injury under the ADA and Rehabilitation Act. For example, run-of-the-mill short-term injuries generally do not qualify as disabilities under the ADA. *Shaw v. Williams*, 2018 WL 3740665, at **8-9 (N.D. Ill. Aug. 7, 2018) ("[T]emporary injuries that neither cause nor relate to longer-term impairments generally do not demonstrate a disability under the ADA."). The Court also recognizes that wheelchair use, as in *Lacy*, can be better tied to a disability status than canes, crutches, or walkers, which can be used for simple injuries that do not rise to the level of a disability under the ADA. The current version of the proposed class – all inmates at Cook County Jail prescribed a cane, crutch, or walker – might very well include a large number of individuals temporarily using a crutch to help heal from a minor injury, such as an ankle sprain. Not all of this can be solved at the claims processing stage; the class must be ascertainable at the outset. As a result, the Court will exercise its discretion to redefine the classes by only including detainees who have been assigned a cane, crutch, or walker for a period of more than two weeks. *See Lacy v. Dart*, 2015 WL 1995576, at *7 n.5 (N.D. Ill. Apr. 30, 2015) ("District courts have wide latitude to redefine class definitions to resolve any ambiguity."). These classes are now ascertainable.

### Rule 23(a) Requirements

As noted above, for a class to be certified, Plaintiff must show numerosity, typicality, commonality, and adequacy of representation. Fed. R. Civ. P. 23(a).

A proposed class is sufficiently numerous when "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A class can be certified "without determination of its size, so long as it's reasonable to believe it large enough to make joinder impracticable and thus justify a class suit." *Orr v. Shicker*, 953 F.3d 490, 497 (7th Cir. 2020) (cleaned up). There is no magic number, but the Seventh Circuit has found a forty-member class sufficient to meet the numerosity requirement. *Id.* at 498. The parties agree that, in the proposed timeframe, there were 590 individuals who had medical alerts for canes, crutches, or walkers that transported and used the Cermak ramp. Doc. [42-17], Ex. 17, ¶ 11. They also agree that approximately 476 individuals who had medical alerts for canes, crutches, or walkers traversed the Residential Treatment Unit east tunnel. Doc. [42-17], Ex. 17, ¶ 12. Even if some of the over 900 individuals were using a cane, crutch, and/or walker temporarily (and are now excluded), joinder of such a voluminous class is still impractical. The Court finds that the numerosity requirement is met.

3

To satisfy commonality, Plaintiffs must "assert a common injury that is 'capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Lacy*, 897 F.3d at 865 (*citing Wal-Mart*, 564 U.S. at 350). The issue is not one of common questions but the "capacity of class-wide proceedings to generate common *answers*." *Id.* Again, the Seventh Circuit's reasoning from *Lacy* is instructive and binding. Despite noting that "the reasonableness of a given accommodation will vary among individuals with differing disabilities," the Seventh Circuit held that "any dissimilarities among the proposed class members will not impede the generation of common answers in this case." *Id.* Contrary to Defendants' argument that the questions posed in this case are not common to all class members, as in *Lacy*, "commonality abounds." *Id.* The proposed class "share[s] a common physical impairment" requiring use of a crutch, cane, or walker, they face common physical barriers when they confront noncompliant facilities and common answers are needed – whether the ramps were non-ADA compliant such that individuals can seek damages. *Id.* at 865-66.

Defendants "challenge to the typicality requirement fails for largely the same reasons" the commonality requirement fails. *Lacy*, 897 F.3d at 866 (*citing Wal-Mart*, 564 U.S. at 349 n.4 ("commonality and typicality requirements… tend to merge.")). A claim is typical if it arises from the "same event or practice or course of conduct that gives rise to the claims of other class members and is based on the same legal theory." *Id.* (cleaned up). As in *Lacy*, the injurious conduct alleged (failure to provide ADA compliant ramps) and the requested relief (damages for injuries sustained while using the non-compliant ramps) is typical of the class at-large. Compl. [43] ¶¶ 12-13, 28-29.

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). Here, Plaintiffs are: (1) represented by class counsel who have been appointed to numerous similar cases in this district; (2) have sufficient interest as individuals who needed assistive devices and suffered injuries because of the lack of ADA compliant ramps at both locations; and (3) do not have any interests antagonistic to those of the proposed classes. *See e.g.*, *Bennett v. Dart*, 2020 WL 1812376, at *3 (N.D. Ill. Apr. 9, 2020) (granting motion for class certification for all inmates prescribed a walker, crutch, or cane by medical staff who were denied accommodations).

Furthermore, the Seventh Circuit's holdings in *Bennett I* and *II* dictate the outcome in this case. *Bennett I*, 953 F.3d at 469; *Bennett II*, 53 F.4th 419, 420 (7th Cir. 2022) (*Bennett II*) (*per curiam*). In *Bennett I*, the Seventh Circuit reversed the district courts refusal to certify a class of detainees prescribed canes, crutches, or walkers when looking at whether showers and bathroom facilities were compliant with the ADA and Rehabilitation Act. 953 F.3d at 469. The district court on remand granted class certification, but later decertified the class. *Bennett II*, 53 F.4th at 420. The Seventh Circuit reversed the decertification of the class under Rule 23(a) and (b)(3), noting that Rule 23(c)(4) allows for class actions with respect to particular issues. *Id.* ("Class members [] receive the benefit of a declaratory judgment (if the class prevails) on the [certified] issue but would need to proceed in individual suits to seek damages; by contrast, if the class loses, every detainee would be bound through the doctrine of issue preclusion."). The same reasoning applies here. By certifying the classes, the Court will be able to determine common issues, such as whether

4

the ramps were ADA compliant for the individuals using canes, crutches, and/or walkers. *See also Lacy*, 897 F.3d at 866 n.38 ("many courts have certified classes based on allegedly unreasonable accommodations").

### Rule 23(b) Requirements

Rule 23(b) allows class certification if Rule 23(a) is met in connection with one of the listed Rule 23(b) requirements. For example, a class may be maintained under Rule 23(b)(2) if Rule 23(a) is satisfied, and a party seeks "final injunctive relief or corresponding declaratory relief" that is "appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Plaintiff Mathis seeks injunctive relief for the Rule 23(b)(2) class of all inmates at Cook County Jail prescribed a cane, crutch, or walker for more than two weeks and who traversed either the Residential Treatment Unit east tunnel and/or the Cermak ramp. Defendants respond that a Rule 23(b)(2) class is inappropriate because Plaintiffs would have varied abilities, experiences, and injuries, and there are no concrete physical injuries alleged. Further, Defendants assert these ramps are allegedly set for construction to make them ADA compliant, making common injunctive relief unnecessary.

As all proposed class members have difficulty ambulating, "any variation in ability and experience beyond that does not undermine the conclusion that injunctive relief would address the complaint of all class members in this case." *See Walker*, 2021 WL 809765, at *6. As in *Walker*, the proposed class members have a common injury – inability to safely use the Cermak and Residential Treatment Unit ramps. *Id.* Common injunctive relief would remedy the injury – either by bringing the ramps into compliance or by ordering policies and procedures to assist class members while the ramps undergo construction. *Id.* Accordingly, the Court certifies the first class pursuant to Rule 23(b)(2).

Plaintiffs Mathis and Bermudez both seek certification of two Rule 23(b)(3) classes. A court may certify a class under Rule 23(b)(3) when Rule 23(a) is met and "questions of law or fact common to members of the class predominate over any questions affecting only individual members, and [] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). This criterion is more demanding than the Rule 23(a) requirements. *Amchem*, 521 U.S. at 623-24.

Predominance requires that the legal or factual questions are sufficiently cohesive to warrant adjudication by representation. *Messner*, 669 F.3d at 814 (*citing Amchem*, 521 U.S. at 623). *Bennett II* instructs district courts to consider whether certification in ADA cases under Rule 23(b)(3) in conjunction with (c)(4) is appropriate to "resolve the *issue*, not the whole case." *Bennett II*, 53 F.4th at 420. The proposed Rule 23(b)(3) classes seek to resolve the Rule 23(c)(4) issue of whether the east tunnel and Cermak ramps complied with the structural standards required by the ADA and Rehabilitation Act at that time.

While class members might have different damages or issues regarding exhaustion, the main substantive issues – whether: (1) the ADA standards apply to the Cermak and Residential Treatment Unit east tunnel ramps; and (2) if the standards were violated because the ramps were not compliant – can be resolved on a class-wide basis as they are applicable to every detainee in

5

the proposed classes. *Id.* (reversing decertification of a class of detainees who used canes, crutches, and walkers, for non-ADA compliant facilities). Thus, these issues predominate.

Finally, Rule 23(b)(3) allows class certification only where "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "When appropriate, an action may be brought or maintained as a class action with respect to particular issues." Fed. R. Civ. P. 23(c)(4). Here, the merits of the proposed class turn on common questions and proceeding as a class "achieves economies of time, effort, and expense and promotes uniformity of decision." *See Bennett*, 2020 WL 1812376, at *3 (certifying class of detainees who utilized canes, crutches, and walkers).

## Conclusion

For the reasons stated above, Plaintiffs' motion for class certification [41] is granted as modified. The Court certifies the following classes:

(1) pursuant to Rule 23(b)(2), all inmates at Cook County Jail prescribed a cane, crutch, or walker by a jail medical provider for a period of more than two weeks and who traversed either the Residential Treatment Unit east tunnel and/or the Cermak ramp;

(2) pursuant to Rule 23(b)(3) a class for all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medical provider, for a period of more than two weeks, and traversed the Residential Treatment Unit east tunnel ramp from February 13, 2022 to the date of judgment, to resolve the Rule 23(c)(4) issue of whether the east tunnel ramp complied with the structural standards required by the ADA and Rehabilitation Act at that time; and

(3) pursuant to Rule 23(b)(3) a class of all Cook County Jail detainees who have been assigned a cane, crutch, or walker by a jail medical provider, for a period of more than two weeks, and traversed the Cermak ramp from December 20, 2021 to the date of judgment, to resolve the Rule 23(c)(4) issue of whether the Cermak ramp complied with the structural standards required by the ADA and Rehabilitation Act at that time.

The Court also certifies class representative: William Mathis for classes (1) and (2), and Cuauhtemoc Hernandez for class (3); and class counsel: Thomas Gerard Morrissey and Patrick William Morrissey.

**SO ORDERED.**

Dated: November 27, 2024

_____
Sunil R. Harjani
United States District Judge