IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cuauhtemoc Hernandez and William Mathis, | ) ) ) | Case No. 23-cv-16970 |
| Plaintiffs, | ) ) | Honorable Sunil R. Harjani |
| v. | ) ) | |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT SHERIFF THOMAS J. DART'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S
<u>AMENDED CONSOLIDATED COMPLAINT</u>**

NOW COMES Defendant, COOK COUNTY SHERIFF THOMAS J. DART, by and through his attorneys, Jason E. DeVore, Troy S. Radunsky, and Zachary G. Stillman, of DeVore Radunsky LLC, and for his Answer to Plaintiff's Amended Consolidated Complaint (ECF No. 43), states as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, and 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §12133, and 29 U.S.C. §794a(a)(2).

**ANSWER: Defendant Sheriff Dart admits the allegations in paragraph 1.**

2. Plaintiff Cuauhtemoc Hernandez was an inmate at the Cook County Department of Corrections for part of 2022 and 2023 under booking number 2022-0202047. Presently plaintiff is not confined to any correctional facility.

**ANSWER: Defendant Sheriff Dart has insufficient information to form a belief regarding the truth or falsity of the allegation that Plaintiff is not presently confined to any correctional facility and can neither admit nor deny this allegation. Defendant Sheriff Dart admits the remaining allegations in paragraph 2.**

3. Plaintiff William Mathis is an inmate at the Cook County Department of Corrections assigned booking number 2023-0407079.

**ANSWER: Defendant Sheriff Dart admits that Plaintiff William Mathis was an inmate at the Cook County Department of Corrections and assigned the booking number 2023-04077079. Defendant denies that Plaintiff William Mathis remains in CCDOC custody at this time.**

4. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

**ANSWER: Defendant Sheriff Dart admits the allegations in paragraph 4.**

5. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of Cook County and is a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

**ANSWER: Defendant Sheriff Dart admits only that Defendant Cook County and Defendant Sheriff are responsible for accommodating the needs of disabled detainees remanded to the Sheriff of Cook County. Defendant Sheriff further admits that this Court has held that Cook County is a necessary party for purposes of indemnification pursuant to *Carver v. Sheriff of LaSalle County,* 324 F.3d 947 (7th Cir. 2003).**

6.     Cook County owns all buildings at the Cook County Department of Corrections. Cook County controls all funding for renovating county owned buildings.

**ANSWER: Defendant Sheriff Dart admits the allegations in paragraph 6.**

7.     Defendants Sheriff and Cook County have received federal funds since at least 1988. These funds have been used to construct capital projects at the Cook County Department of Corrections and to provide medical care, including drug treatment, to inmates.

**ANSWER: Defendant Sheriff Dart admits only that Defendants currently receive federal funds. Defendant Sheriff further admits that federal funds have been used in programming for detainees. Defendant Sheriff Dart has insufficient information to form a belief regarding the truth or falsity of remaining allegations and can neither admit nor deny the allegations in paragraph 7 at this time.**

8.     Plaintiff Hernandez is substantially limited in his ability to move from place to place because of chronic low back pain and right knee pain. These conditions substantially limit plaintiff's ability to stand and move from place to place. Plaintiff relies on a cane to move from place to place.

**ANSWER: Defendant Sheriff Dart has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit nor deny the allegations in paragraph 8.**

9.     When detained at Cook County Jail under booking number 2022-0202047, plaintiff Hernandez was prescribed a cane by the medical staff to move from place to place.

**ANSWER: Defendant Sheriff Dart admits only that during his time in custody, Plaintiff Hernandez was prescribed either the general use of a cane or the use of a cane for long distances only.**

10. Over the past two years, while detained at the Jail, plaintiff Hernandez was required to walk up and down a steep ramp in the lower level of the Cermak Infirmary.

**ANSWER: Defendant Sheriff Dart has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit nor deny the allegations in paragraph 10.**

11. Defendants know this ramp does not comply with the ADA Structural Standards. In March 2018, Ellen Stoner was hired by Cook County to assess the Cermak ramp. Ms. Stoner prepared a report noting the "run exceeds code requirements" and that to make the ramp compliant with the ADA, handrails and a "landing 30' from the top of ramp" was necessary. This report is below:



4

**ANSWER: Defendant Sheriff Dart has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit nor deny the allegations in paragraph 11.**

12. The structural barriers prevent plaintiff Hernandez and similarly situated inmates from using the ramp similar to non-disabled inmates. In addition, the plaintiff has suffered physical injuries, including pain, because the ramp is steep, lacks a landing area to rest, and lacks ADA compliant handrails.

**ANSWER: Defendant Sheriff Dart denies the allegations in paragraph 12.**

13. Plaintiff Hernandez seeks damages individually and requests that the Court allow this case to proceed as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for all individuals who traversed the Cermak ramp with a cane, crutch, or walker, from December 20, 2021, to the date of entry of judgment.

**ANSWER: Defendant Sheriff Dart admits that Plaintiff seeks the relief enumerated in paragraph 13.**

14. The refusal of defendants to correct this obvious physical barrier violates the rights of plaintiff and similarly situated inmates.

**ANSWER: Defendant Sheriff Dart denies the allegations in paragraph 14.**

15. Plaintiff Mathis is substantially limited in his ability to move from place to place and stand because of arthritis in the left knee. Plaintiff relies on a cane to move from place to place.

**ANSWER: Defendant Sheriff denies that Plaintiff Mathis was substantially limited in his ability to stand or walk while in the custody of the CCDOC. Defendant Sheriff also denies that Plaintiff Mathis relied on a cane to move from place to place at all times while in the**

5

**custody of the CCDOC. Defendant Sheriff Dart has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit nor deny the allegations in paragraph 15.**

16. For several months plaintiff was housed in the Jail's Residential Treatment Unit (RTU) and prescribed a cane by the Cook County Department of Corrections medical staff to move from place to place.

**ANSWER: Defendant Sheriff admits that Plaintiff Mathis was housed in the RTU between December 10, 2023 and February 18, 2024, and again from February 22, 2024 to February 29, 2024. Defendant denies that Plaintiff Mathis was prescribed the use of a cane for general day-to-day activities during either of these periods. Defendant Sheriff denies that Plaintiff Mathis relied on a cane to move from place to place at all times while in the custody of the CCDOC.**

17. Construction of the RTU was completed in 2013. This building, based on the date of construction, is required to comply with the federal structural standards of the ADA.

**ANSWER: Defendant Sheriff Dart admits that the RTU was completed in 2013. Defendant Sheriff Dart admits only to those duties and requirements imposed by law, and as interpreted by judicial order, and denies any assertions of duties or requirements inconsistent therewith.**

18. While assigned to the RTU, plaintiff Mathis has been required to move up and down a steep ramp in the lower level of the RTU known as the "east tunnel." This ramp is shown below:



**ANSWER: Defendant Sheriff Dart admits only that Plaintiff may have used the RTU ramp during his time in custody. Defendant Sheriff Dart has insufficient information to form a belief regarding the truth or falsity of the remaining allegations and can neither admit nor deny the allegations in paragraph 18.**

19. Defendants Sheriff and Cook County know this ramp is not compliant with the ADA structural standards. In March of 2021, TJ Tyrrell, a general manager of Cook County's Department of Facilities Management, wrote an e-mail to leadership of Cook County and the Sheriff's Office identifying this ramp appeared to be out of compliance with the ADA.

**ANSWER: Defendant Sheriff Dart has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit nor deny the allegations in paragraph 19.**

20. Cook County hired Globetrotters Engineering Corporation who prepared a report dated April 1, 2024 in Westmoreland v. Dart, 23-cv-1851, and make the following findings why the RTU east tunnel ramp does not comply with the ADA structural standards:

**Upper Ramp:** The Upper Ramp has a 25.95' horizontal run and a 1.93' vertical rise with an average slope of 1:13.4. There is a variation in slope at the very top of the ramp. The last 4.27' of the run at the top has a rise of 4.56", resulting in a slope of 1:11.

The upper portion of the ramp floor surface is not code compliant; the top 16.5% of the overall length is approximately 0.64% steeper than permitted by code. Since the bottom portion of the ramp run is shallower than 1:12, it would be possible to add a floor topping to even out the slope, creating a consistent floor slope that is 1:12 or shallower.

**Intermediate Landing:** The Intermediate Landing is 4.75 feet (57 inches) in length. Since the landing length is less than 60 inches, it is not code compliant. It is 5% shorter than the required length. To correct this nonconformity, a longer level floor plane at the landing will need to be provided, extending the floor surface west. This will require rebuilding the Lower Ramp along its entire length to provide the additional landing length while maintaining a maximum 1:12 ramp slope.

**Lower Ramp:** The Lower Ramp has a 30.4' horizontal run and a 2.47' vertical rise, with an average slope of 1:12. There is a variation in slope at the very bottom of the ramp. The last 1 foot of the run is steeper than the rest of the ramp, with a slope of approximately 1:8.5.

The lower portion of the ramp floor surface is not code compliant; the lower 3.5% of the overall run is approximately 11.7% steeper than permitted by code. The floor surface will need to be feathered out, and the ramp length extended slightly to ensure compliance with code requirements for ramp slope.

**Handrails:** As per code requirements, handrails must be located 34-38 inches above the ramp floor and extend a minimum of 12 inches beyond the top and bottom of each ramp. The ramps have continuous handrails on each side. However, at the lower end of the Lower Ramp, the handrails are approximately 33 inches above the ramp floor, which is below the required minimum. At other locations, the handrail height exceeds 34 inches above the ramp floor.

Additionally, the handrails extend 7.4 inches beyond the Lower Ramp and 11.3 inches beyond the Upper Ramp. Since these extensions are less than the required 12 inches, the handrails are not in compliance with code requirements for handrail extensions.

**ANSWER: Defendant Sheriff Dart admits that Globetrotters Engineering Corporation prepared a report dated April 1, 2024, in *Westmoreland v. Dart*, 23-cv-1851, and admits that the report contains the quoted language. Defendant has not located any errors in Plaintiff's transcription of the report language.**

21. Despite this notice, defendants continue to direct mobility impaired inmates prescribed a crutch, cane, or walker to traverse this non-compliant RTU ramp.

**ANSWER: Defendant Sheriff Dart admits that the ramp is still in use for all detainees. Defendant Sheriff Dart denies that Defendants have failed to accommodate "mobility impaired inmates prescribed a crutch, cane, or walker" when navigating the RTU ramp.**

22. Plaintiff Mathis, because of the physical barriers, is unable to traverse this ramp on the same basis as non-disabled basis. Plaintiff has experienced pain and discomfort traversing this non-compliant ramp.

**ANSWER: Defendant Sheriff Dart denies the allegations in paragraph 22.**

23. Additionally, plaintiff Mathis is required to move up and down a steep and long ramp to attend medical appointments every three to four weeks located in the lower level of Cermak.

**ANSWER: Defendant Sheriff Dart admits that Plaintiff may have used a ramp to attend medical appointments in the lower level of Cermak. Defendant Sheriff denies that Defendants have failed to accommodate Plaintiff, or similar situated detainees, while such detainees navigate any ramps within the CCDOC. Defendant denies that Plaintiff was required to navigate any ramp without appropriate accommodation for any mobility impairment suffered by Plaintiff.**

24. This ramp was constructed after 1992 and must comply with the ADA federal accessibility standards.

**ANSWER: Defendant Sheriff Dart has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit nor deny the allegations in paragraph 24.**

25. Cook County hired Globetrotters Engineering Corporation in 2023 to analyze this ramp for compliance with applicable ADA structural standards.

**ANSWER: Defendant Sheriff Dart admits the allegations in paragraph 25.**

26. On December 6, 2023, Globetrotters issued a report that the Cermak ramp does not comply with the ADA because the rise is approximately 32.4 inches and does not have an intermediate landing as required by applicable federal standards. Globetrotters also found the handrails on the ramp do not comply with applicable ADA standards because they are not continuous and do not extend a minimum 12 inches beyond the ramp.

**ANSWER: Defendant Sheriff Dart admits that Globetrotters prepared a report containing language similar to that paraphrased by the Plaintiff in paragraph 26.**

27. Despite knowing this, defendants Sheriff and Cook County continue to direct mobility impaired detainees, like plaintiff Mathis, to move up and down this non-compliant ramp.

**ANSWER: Defendant Sheriff Dart admits that the ramp is still in use for all detainees. Defendant Sheriff Dart denies that Defendants have failed to accommodate Plaintiff, or similar impaired detainees, while such detainees navigate any ramps within the CCDOC.**

28. The Cermak ramp structural barriers prevent plaintiff and similarly situated inmates from using the ramp similar to non-disabled inmates. In addition, the plaintiff has suffered physical injuries, including pain, because the ramp is steep, lacks a landing area to rest, and lacks ADA compliant handrails.

**ANSWER: Defendant Sheriff Dart denies the allegations in paragraph 28.**

29. Plaintiff Mathis seeks damages individually and requests that the Court allow this case to proceed as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure for all individuals who traverse the RTU "east tunnel" ramp and the Cermak ramp with a cane, crutch, or walker.

**ANSWER: Defendant Sheriff Dart admits the allegations in paragraph 29 outline what Plaintiffs seek but deny any wrongdoing.**

30. Plaintiff Mathis also requests that the Court allow this case to proceed as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for all individuals who traversed the RTU east tunnel ramp with a cane, crutch, or walker, from February 13, 2022, to the date of entry of judgment.

**ANSWER: Defendant Sheriff Dart admits the allegations in paragraph 30 outline what Plaintiffs seek but deny any wrongdoing or that this case should proceed as a class action.**

31. Plaintiffs demand trial by jury on their claim for damages.

**ANSWER: Defendant Sheriff Dart makes no answer to paragraph 31 as it is not a statement of fact but a matter of law.**

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, COOK COUNTY SHERIFF THOMAS J. DART, by and through his attorneys, Jason E. DeVore and Troy S. Radunsky, of DeVore Radunsky LLC, and for his Affirmative Defenses to Plaintiff's Complaint, states as follows:

### FIRST AFFIRMATIVE DEFENSE (Failure to Exhaust Administrative Remedies)

1. The Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

2. Plaintiff was at all relevant times and the date of filing, a prisoner, therefore subject to the PLRA.

3. To the extent it is revealed that Plaintiff did not properly exhaust his administrative remedies as required by the PLRA, Defendant is not liable for damages therefrom.

### SECOND AFFIRMATIVE DEFENSE (Failure to Mitigate)

1. Plaintiff was required to take reasonable measures to mitigate his alleged injuries and damages.

2. To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude or reduce recovery for Plaintiff by application of the principle that a Plaintiff has a duty to mitigate their damages.

### THIRD AFFIRMATIVE DEFENSE (Statute of Limitations)

1. Claims arising under the Americans with Disabilities Act ("ADA") and Rehabilitation Act must be brought within two years of the alleged violation.

2. To the extent that Plaintiff's claims in his complaint are barred by applicable statutes of limitations to claims arising under the Americans with Disabilities Act ("ADA"), and The Rehabilitation Act, those facts shall be presented to preclude or reduce recovery for Plaintiff. *See, e.g., Bonnstetter v. City of Chi.,* 811 F.3d 969, 974 (7th Cir. 2016); *Rutledge v. Illinois Dep't of Human Servs.*, 785 F.3d 258, 260 (7th Cir. 2015) (*citing Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 n.5 (7th Cir. 2000)).

### FOURTH AFFIRMATIVE DEFENSE
### (No Punitive or Liquidated Damages Under ADA or Rehabilitation Act)

1. Punitive damages are not available under the Americans with Disabilities Act. *See Barnes v. Gorman*, 536 U.S. 181 (2002).

2. Thus, to the extent that Plaintiff seeks punitive damages in this action, such is not available under the ADA. *See Barnes v. Gorman*, 536 U.S. 181 (2002).

### FIFTH AFFIRMATIVE DEFENSE (Failure to Exhaust Administrative Remedies)

1. To the extent it is revealed that Plaintiff did not properly exhaust his administrative remedies as required by the ADA, 42 U.S.C. § 12117(a), et seq, Defendant is not liable for damages therefrom.

## ADDITIONAL AFFIRMATIVE DEFENSES

1. Defendant reserves their right to assert other affirmative defenses as they become known through further discovery or otherwise in this action.

                                          Respectfully submitted,

                                          */s/ Troy S. Radunsky*
                                          One of the Attorneys for the Defendant(s)

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com
zstillman@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that above **Defendant Sheriff Dart's Answer and Affirmative Defenses to Plaintiff's Amended Consolidated Complaint** was filed on December 13, 2024, with the Northern District of Illinois ECF System, serving a copy on all parties.

                                          */s/ Zachary Stillman*
                                          Zachary Stillman