IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cuauhtemoc Hernandez, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-16970 |
| | ) | |
| v. | ) | Honorable Sunil R. Harjani |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | |
| and Cook County, Illinois | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT COOK COUNTY SHERIFF THOMAS DART'S RESPONSE TO PLAINTIFF'S MOTION FOR APPROVAL OF CLASS NOTICE

NOW COME Defendants COOK COUNTY SHERIFF THOMAS DART ("CCSO"), , by and through its attorneys, Jason E. DeVore, TroyS. Radunsky and Jorie R. Johnson, of DeVore Radunsky LLC, pursuant to Fed. R. Civ. P. 6(b), and for Defendant CCSO's Response to Plaintiff's Motion for Approval of Class Notice.

### BACKGROUND

1. On February 14, 2025, the parties submitted a Joint Status Report that included competing language for a class notice, based upon information known as of that date (Dkt # 84).

2. Now additional information has been discovered based on initial conversations with members of the CCSO's IT team.

3. As discussed herein, it is premature to approve language to be sent to potential class members because newly discovered information suggests that a spreadsheet based upon more appropriate parameters may narrow the class.

4. The potential reduction in class list members may also reduce the number of potential class representatives because some of the fifteen potential class representatives provided by Plaintiff's counsel may not qualify as class members.

1

5. If the revised class list information reflects a reduction in class members with a narrowed class, it would be appropriate for Defendants to file a motion to modify the class in light of the updated information.

6. At the time the court entered the minute order setting a briefing schedule for Plaintiff's motion, the class list information was not yet due, and Defendants had not yet provided class list information to Plaintiff. (Dkt #99).

7. On April 11, 2025, Defendants timely provided class list information to Plaintiff.

8. Thereafter, issues were discussed among counsel for all parties related to the omission of certain potential class members from the class list and the number of individuals on the list provided to Plaintiff on April 11.

9. April 12, 2025, Plaintiff's counsel asked that Defendant CCSO provide revised class list information.

10. Defendants are taking steps to run a revised class list.

11. During the process of running a revised class list, Defendants determined that certain parameters need to be revised in order to rule out persons who may have a "de minimis" injury or no injury.

12. There is a strong interest in ensuring that those with "de minimis" or no injury are not included a class list.

## ARGUMENT

13. According to the United States Supreme Court, a district court has discretion to modify a class's definition. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982).

14. A class certification order is "inherently tentative," and a district court "remains free to modify it in the light of subsequent developments in the litigation." Id.; see also

Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").

15. The Seventh Circuit Court of Appeals held that "[i]f the evidence calls into question the propriety of defining a class in a particular way, then the definition must be modified." *Fonder v. Sheriff of Kankakee Cty., 823 F.3d 1144, 1147 (7th Cir. 2016).*

16. Here, the newly discovered information suggests that the evidence may call into question to propriety of defining a class in a particular way.

17. Thus, there should be an opportunity to address this issue before determining the language of a class notice.

18. Accordingly, Defendant CCSO requests that this court allow a revised class member search to be completed before addressing the issue of disseminating information to a list of class members that does not appear to be appropriate to accurately and adequately address the needs to this case.

19. No party would be prejudiced by allowing production of the revised class list.

20. Not allowing production of a revised class list before addressing the language and means of delivering class lists would cause the court to make rulings based on inaccurate or incomplete information, which would not benefit the needs of this matter.

21. This response is not made to cause undue delay or any improper purpose but instead is made to support the needs of this case and highlight new information discovered after Plaintiff raised an issue with the content of the class list provided on April 11.

WHEREFORE, Defendant Cook County Sheriff Thomas Dart respectfully request that this Honorable Court enter an order as follows:

1. Plaintiff's Motion is entered and continued until a date to be set by this Court;
2. Defendants to provide a revised class list by a date to be set by this Court;

3. Any other such relief as this court deems reasonable and just.

Respectfully Submitted,

**Defendant Sheriff Thomas Dart**

By: */s/ Jason E. DeVore*
Jason E. DeVore, One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Jorie R. Johnson (ARDC #6325695)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com
jjohnson@devoreradunsky.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that this Defendant CCSO's Response to Plaintiff's Motion for Approval of Class Notice was filed on April 21, 2025, with the Northern District of Illinois ECF System, serving a copy to all parties.

*/s/ Jason E. DeVore*
Jason E. DeVore