IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cuauhtemoc Hernandez, et al., ) | |
| ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | 23-cv-16970 |
| -*vs*- ) | |
| ) | Judge Harjani |
| Thomas Dart, Sheriff of Cook ) | |
| County, and Cook County, Illinois, ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO PRODUCE LAST KNOWN ADDRESSSES OF CLASS MEMBERS TO FACILITATE CLASS NOTICE**

Plaintiffs Hernandez and Mathis, by counsel, move the Court to compel defendants to produce the last known addresses of class members to facilitate class notice in accordance with Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure.

Grounds for this motion are as follows:

1. The Court certified two Rule 23(b)(3) classes on November 27, 2024.

2. Pursuant to Rule 23(c)(2)(B), the Court must direct notice to class members.

3. On December 11, 2024, class counsel served a targeted and narrowly tailored request for production seeking, in an Excel sheet, the following information:

    a. Names,

    b. Date of births,

    c. Last known addresses, and

    d. Custody status (i.e., whether the individual remains in custody at the Cook County Jail).

*See* Exhibit 1, Defendant Sheriff's Response to Request for Production.

4. Counsel for the Sheriff and Cook County produced this type of information to facilitate class notice in *Bennett v. Dart*, 18-cv-4268. The date of births, for example, are necessary to identify class members who are currently incarcerated in the Illinois Department of Corrections.[1]

5. On January 10, 2025, defendants responded to the production request. The Sheriff's response indicates an ongoing investigation for responsive documents and commitment to produce requested information. *See* Exhibit 1, Sheriff's Response to Production.

6. The parties filed a status report on February 14, 2025, regarding class notice. In this report, defense counsel suggested more information should be available in the "next 21 to 28 days" regarding the timeline for production of this information. *See* Dkt. 84, Joint Status ¶ 7.

7. On March 6, 2025, the parties conferred regarding the status of producing the addresses of class members. Defense counsel did not have a timeframe for when this material will be turned over which prompted plaintiff to file an unopposed motion seeking the Court to impose a deadline to turn over this material. *See* Dkt. 93, Motion.

8. The Court set April 11, 2025, for defendants to turn over the necessary information to facilitate notice by U.S. Mail. *See* Dkt. 99, Minute entry.

9. The material defendants produced on April 11, 2025, is incomplete and non-compliant with the request:

---

[1] The IDOC publishes a quarterly list of individuals incarcerated in each IDOC facility. It is necessary for the Sherrif and County to produce the date of births of class members so that the parties can deliver notice by US Mail to the correct individuals currently incarcerated in the IDOC. *See* IDOC "Prison Population Data Sets" available at
https://idoc.illinois.gov/reportsandstatistics/prison-population-data-sets.html

-3-

    a. It lacks dates of birth.

    b. It was not produced in Excel format.

    c. It omits class members known by the parties, including Kavarian Rogers, who was deposed by defense counsel and remains at the Jail.

    d. It includes only a single person marked "Active" in the custody status field – plainly implausible because the class continues to grow.

10. An example of the data turned over by defendants on April 11, 2025, (with redactions by class counsel for personal identifying information) is below:

| Booking ID | Last Name | First Name | Last Known Address | Custody Status |
|---|---|---|---|---|
| 6 | | R------ | | Not Active |
| 6 | | R | | Not Active |
| 0 | | E | 1 | Not Active |
| 7 | | S | | Not Active |
| 7 | | S | | Not Active |
| 9 | | F | | Not Active |
| 9 | | F | | Not Active |
| 2 | | E | | Not Active |
| 2 | | E | | Not Active |
| 6 | | E | | Not Active |
| 6 | | E | | Not Active |
| 6 | | E | | Not Active |
| 6 | | E | | Not Active |
| 8 | | E | | Not Active |
| 8 | | E | | Not Active |
| 6 | | M | | Not Active |
| 6 | | M | | Not Active |
| 3 | | C | | Not Active |

*Hernandez v Sheriff et al, 23-cv-1690 | Class List*      DR003682

11. Defense counsel has acknowledged in a recent filing that the list is inaccurate. *See* Dkt. 103, Response ¶¶ 2-3. Defense counsel now objects to producing the class list

on a belief they – unilaterally – may redefine the class definition to "rule out persons who may have 'de minimis' injury or no injury." *Id.* ¶ 11.

12. On April 24, 2025, Patrick and Thomas Morrissey had a face-to-face conferral with defense counsel Jason DeVore and Jorie Johnson. During this conferral, defense counsel was unable to provide certainty when the information requested by class counsel in the December 11, 2024, request for production will be turned over so that necessary preparations can be made to notify the class. *See* Exhibit 2, P.Morrissey e-mail sent 4/29/2025 (memorializing the 4/24/2025 conferral).

It is therefore respectfully requested that the Court order defendants to produce the last known addresses of the Rule 23(b)(3) plaintiff class in an Excel sheet, including the date of births. Class counsel also requests defendants to identify the class members who remain at the Cook County Jail, as requested in the December 2024 request for production.

        Respectfully submitted,

/s/   Patrick Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL. 60643
(773) 233-7901
pwm@morrisseylawchicago.com

*Attorney for the plaintiff class*