IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cuauhtemoc Hernandez, et al., ) | |
| ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | 23-cv-16970 |
| *-vs-* ) | |
| ) | Judge Harjani |
| Thomas Dart, Sheriff of Cook ) | |
| County, and Cook County, Illinois, ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION, DKT. 113**

Plaintiffs, by counsel, respond to defendants' motion to extend the deadline for them to file a status report regarding their anticipated motion for summary judgment as follows:

1. "This case arises from allegations that ramps at the Cook County Department of Correction's Cermak Health Services Facility and the Residential Treatment Unit's east tunnel fail to comply with the Americans with Disabilities Act (ADA) and the Rehabilitation Act because they are too steep, do not have proper landings, and lack ADA compliant handrails." Dkt. 72, Memorandum Opinion and Order at 1.

2. Fact discovery closed on March 3, 2025. Dkt. 89, Minute entry.

3. The parties engaged in limited expert discovery. Plaintiff did not retain an expert and defendants adopted prior reports authored by Carl Darr, Vice President of Architecture for Globetrotters Engineering Cooperation (GEC), finding that the Cermak ramp and Residential Treatment Unit east tunnel ramp

are noncompliant with ADA structural standards. Mr. Darr was produced for a short deposition on April 30, 2025.

4. There is no interest in settlement. *See* Dkt. 107, Minute entry.

5. On April 2, 2025, the Court set May 22, 2025, as the deadline to file a status report for any party seeking to file summary judgment "detailing the basis for summary judgment and explaining why there are no genuine disputed of fact and why judgment can be granted as a matter of law." Dkt. 99, Minute entry.

6. Defendants fail to explain good cause for extending this deadline to June 5, 2025.

7. On May 21st, at about 4:15 pm, Thomas Morrisey had a phone conferral with Troy Radunsky, an attorney for defendants. During this call, defendants indicated that any summary judgment motion would be limited to individual claims by plaintiffs Hernandez and Mathis. Defense counsel also indicated they likely would adhere to the May 22nd deadline to file a status report. This conferral was memorialized by Thomas Morrissey. Exhibit 1, T.Morrissey e-mail sent 5/21/2025.

8. Based on defendants' Rule 26(a)(2) Disclosure of Mr. Darr, class counsel does not believe there is a good faith basis for defendants to move for summary judgment over the Rule 23(b)(3) class issues. Dkt. 112-3, Darr Dep 34:3-36:10. Mr. Darr testified that the ADA structural standards are "mandatory," explaining: "[i]t would have been mandatory at the time for the designer to design the ramp accordingly and for the contractor to build the ramp accordingly." *See* Dkt. 112-3 3, Darr Dep. 17:21–18:8. Mr. Darr further opines that each non-compliant ramp

must be renovated to meet the mandatory ADA structural standards. *See* Dkt. 112-6, Cermak Report at 9–10; Dkt. 112-7, Residential Treatment Unit Report at 16.

9. Class counsel has filed a status report regarding an anticipated summary judgment motion. Dkt. 112. Class counsel requests that the Court maintain the in-person status hearing to discuss summary judgment set for May 29, 2025. S*ee* Dkt. 99, Minute entry.

Respectfully submitted,

/s/ Patrick Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773) 233-7901
pwm@morrisseylawchicago.com
*an attorney for the plaintiff class*