IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cuauhtemoc Hernandez, et al., | ) | |
| | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | 23-cv-16970 |
| *-vs-* | ) | |
| | ) | Judge Harjani |
| Thomas Dart, Sheriff of Cook | ) | |
| County, and Cook County, Illinois, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO RULE 37(b)(2) FOR FAILURE TO PRODUCE THE REVISED CLASS LIST**

Plaintiffs Hernandez and Mathis, by counsel, move the Court to impose just sanctions in accordance with Rule 37(b)(2) for defendants' failure to produce the revised class list due by May 26, 2025, pursuant to the Court's order entered on May 9, 2025. Dkt. 111.

Grounds for this motion are as follows:

1. The Court certified two Rule 23(b)(3) classes on November 27, 2024.

2. Pursuant to Rule 23(c)(2)(B), the Court must direct notice to class members.

3. On December 11, 2024, class counsel served a targeted and narrowly tailored request for production seeking, in an Excel sheet, the following information:

    a. Names,

    b. Date of births,

    c. Last known addresses, and

    d. Custody status (i.e., whether the individual remains in custody at the Cook County Jail).

*See* Exhibit 1, Defendant Sheriff's Response to Request for Production.

4.    Counsel for the Sheriff and Cook County produced this type of information to facilitate class notice in *Bennett v. Dart*, 18-cv-4268. The date of births, for example, are necessary to identify class members who are currently incarcerated in the Illinois Department of Corrections.[1]

5.    On January 10, 2025, defendants responded to the production request. The Sheriff's response indicates an ongoing investigation for responsive documents and commitment to produce requested information. *See* Exhibit 1, Sheriff's Response to Production.

6.    The parties filed a status report on February 14, 2025, regarding class notice. In this report, defense counsel suggested more information should be available in the "next 21 to 28 days" regarding the timeline for production of this information. *See* Dkt. 84, Joint Status ¶ 7.

7.    On March 6, 2025, the parties conferred regarding the status of producing the addresses of class members. Defense counsel did not have a timeframe for when this material will be turned over which prompted plaintiff to file an unopposed motion seeking the Court to impose a deadline to turn over this material. *See* Dkt. 93, Motion.

8.    The Court set April 11, 2025, for defendants to turn over the necessary information to facilitate notice by U.S. Mail. *See* Dkt. 99, Minute entry.

---

[1] The IDOC publishes a quarterly list of individuals incarcerated in each IDOC facility. It is necessary for the Sherrif and County to produce the date of births of class members so that the parties can deliver notice by US Mail to the correct individuals currently incarcerated in the IDOC. *See* IDOC "Prison Population Data Sets" available at
https://idoc.illinois.gov/reportsandstatistics/prison-population-data-sets.html

9. The material defendants produced on April 11, 2025, is incomplete and non-compliant with the request:

   a. It lacks dates of birth.

   b. It was not produced in Excel format.

   c. It omits class members known by the parties, including Kavarian Rogers, who was deposed by defense counsel and remains at the Jail.

   d. It includes only a single person marked "Active" in the custody status field – plainly implausible because the class continues to grow.

10. An example of the data turned over by defendants on April 11, 2025, (with redactions by class counsel for personal identifying information) is below:

| Booking ID | Last Name | First Name | | Last Known Address | | Custody Status |
|---|---|---|---|---|---|---|
| 6 | | B | | | | Not Active |
| 6 | | R | | | | Not Active |
| 0 | | E | | 1 | | Not Active |
| 7 | | S | | | | Not Active |
| 7 | | S | | | | Not Active |
| 9 | | F | | | | Not Active |
| 9 | | F | | | | Not Active |
| 2 | | E | | | | Not Active |
| 2 | | E | | | | Not Active |
| 6 | | E | | | | Not Active |
| 6 | | E | | | | Not Active |
| 6 | | E | | | | Not Active |
| 6 | | E | | | | Not Active |
| 8 | | E | | | | Not Active |
| 8 | | E | | | | Not Active |
| 6 | | M | | | | Not Active |
| 6 | | M | | | | Not Active |
| 3 | | C | | | | Not Active |

Hernandez v Sheriff et al, 23-cv-1690 | Class List

DR003682

11. Defense counsel has acknowledged in a recent filing that the list is inaccurate. *See* Dkt. 103, Response ¶¶ 2-3.

12. On April 24, 2025, Patrick and Thomas Morrissey had a face-to-face conferral with defense counsel Jason DeVore and Jorie Johnson. During this conferral, defense counsel was unable to provide certainty when the information requested by class counsel in the December 11, 2024, request for production will be turned over so that necessary preparations can be made to notify the class. *See* Exhibit 2, P.Morrissey e-mail sent 4/29/2025 (memorializing the 4/24/2025 conferral).

13. On May 9, 2025, the Court granted defendants' motion for an extension of time to produce the revised class list and set May 26, 2025 as the deadline for production. Dkt. 111, Minute entry.

14. Defendants did not meet the deadline and counsel sent an email at 10:01 pm on May 27th indicating: "[w]e are working to provide updated information within the next few days." Exhibit 4 at 4, J.DeVore e-mail sent 5/2/2025 at 10:01 pm.

15. The following day, class counsel informed defendants, in writing, that defendants had no issue producing nearly identical information in the *Walker v. Dart*, 20-cv-261, class action regarding wheelchair-users moving up and down the Cermak ramp, and that defense counsel, in *Rogers v. Dart*, 24-cv-3739, produced a class list in January 2025 using the following formula to identify inmates assigned a cane, crutch, or walker from May 8, 2022 through December 18, 2024 assigned to Division 9 at the Jail:



Exhibit 3 at 2-3, P.Morrissey e-mail sent 5/28/2025 at 10:25 am.

16. On May 28th at 3:00 p.m., all attorneys of record had a conferral over Zoom. Defense counsel insisted that this conferral be recorded by video and artificial intelligence to generate a transcript.

17. During this conferral, the lead attorney for the defendants, Mr. Jason DeVore, acknowledged defendants violated the Court's deadline and was unable to commit to any date for producing an updated class list with accurate information to facilitate class notice. *See* Exhibit 4, AI Transcript of Conferral at 10-11.

It is therefore respectfully requested that the Court impose just sanctions under Rule 37(b)(2) for violating the Court's deadline to produce a revised class list, including directing an employee of the Sheriff's office knowledgeable about generating this revised class list to appear in open Court during the hearing scheduled for June 3, 2025 at 9:30 am to provide an update and timeline for production of this material.

Respectfully submitted,

/s/     Patrick Morrissey
        Thomas G. Morrissey, Ltd.
        10257 S. Western Ave.
        Chicago, IL. 60643
        (773) 233-7901
        pwm@morrisseylawchicago.com

*Attorney for the plaintiff class*