4:23 - Unidentified Speaker

Is everybody ready?

4:25 - Jorie R. Johnson

I'm waiting for Jason to sign on. He said he'd be on in a second.

4:57 - Conference Room (Patrick Morrissey) - Speaker 2

Hey, Ms. Johnson, when are we going to talk about Rogers?

5:01 - Unidentified Speaker

That's a different case.

5:02 - Unidentified Speaker

This is Hernandez.

5:03 - Jorie R. Johnson

I'm not going to talk with you about that case. All right.

5:08 - Conference Room (Patrick Morrissey) - Speaker 2

Well, I sent you a message about filing the blueprint under seal. I'm going to file it today and say I didn't receive any response from your office. And we've been reaching out about Rogers for quite some time.

5:23 - Jorie R. Johnson

So in regard to that case, again, I'm not going to talk with you about that on the Zoom meeting, considering it's about Hernandez, and that's not what this is about.

Exhibit 4 Page 1

5:34 - Conference Room (Patrick Morrissey) - Speaker 2

All right, well, I'll just make my representation in the court that you wouldn't, that was, defense counsel wasn't interested in talking about it.

5:43 - Jason DeVore

That's false.

5:44 - Conference Room (Patrick Morrissey) - Speaker 2

It's not this time. Well, Mr. Moore, I asked your office about the unopposed motion to file the blueprint I need to file that today. It's attached to our rule 11 motion.

5:56 - Jorie R. Johnson

Right. Considering you keep filing motions and we have other things going on, that's not our only case. I get that that's what you're focused on, but we have other cases going on and we had other matters this morning. And again, this is about Hernandez right now. So I'll respond to your email before 430P.

6:15 - Jason DeVore

So for Hernandez, we have, as we said, you know, we're trying to, get the updated list based, actually when we're trying to get some additional information and it's specifically part of it relates to, well, relates to the movements and where certain detainees can go if it's to and from with RTU, CIRMAC, certain areas, and then there can be some difficulties or some enhancements, I guess. Maybe that's the best way to put it. Jorie can correct me if I'm misinterpreting, but based on certain clinics and how they're categorized, and then also certain court locations, I think it can get a bit more granular, but we're trying to get some additional information so we can have the updated list run because there have been some questions outstanding, and we have had conversations with people in IT, and now we're getting some additional information from the from some different areas outside of IT. Here's the problem, Mr. DeVore.

7:49 - Conference Room (Patrick Morrissey) - Speaker 2

The order was Monday to give it to us. And you sent us an email at 10 o'clock last night, one day after the deadline.

Exhibit 4 Page 2

7:58 - Jason DeVore

The deadline was yesterday. Monday was a holiday, just to be clear. And by operation of the rules, it was yesterday. And we understand that yesterday, it was when it was due. And that's why we reached out to you. You and we and we understand and we're not trying to we're trying to do everything we can to get the information as fast as we can it's just why wouldn't you have reached out to us last week about this or two weeks we have talked to you about this issue and it's not changed so I guess it I guess you know in our in our view and and based upon what we've talked about it's not it's not a new issue it's a continuation and we were I was just wanting to make sure that I put a cap on it yesterday. So because this has been, it's an issue that you would think perhaps, I don't know.

8:53 - Conference Room (Patrick Morrissey) - Speaker 2

Why don't you give us the same thing you gave us in Walker? Why can't you give us the same information that was given in Walker?

9:03 - Jason DeVore

So we're getting the categories of information to correspond with what is needed. But the problem is that in terms of the poll, it's not the same information. I guess it's not as simple as it was in the other one. I wasn't there for that case, but it's my understanding that there are some factors in this poll that may not have existed in the prior one. You know the inner workings of that one, but

9:41 - Conference Room (Patrick Morrissey) - Speaker 2

Well, I've given you what we've been given in Walker.

9:46 - Conference Room (Patrick Morrissey) - Speaker 2

How many names do you have now?

9:50 - Jason DeVore

Well, that's the issue is that with the new run.

Exhibit 4 Page 3

9:55 - Conference Room (Patrick Morrissey) - Speaker 2

We haven't received any response from your office other than what was given by Miss Johnson in April. Right.

10:04 - Jason DeVore

We don't have a newer list than that, Pat, in our hands. In the defendant's hands, is there an additional list? I know there's not an additional list that pulls the information in a way that is that is accurate right now because the information that we provided appears to, I'm not sure if it's inaccurate, but I believe that was what you requested, right? So, I can't remember what the number was when we first sent it, but those, and I don't know what the new numbers will be, but we're trying to get There's some question as to how certain things may be classified or input in terms of some of the clinics. And if they're like, are they inside Stroger technically or are they not? And we wanna make sure that we pick up, that we aren't missing something. So, we're trying to, we're going to be talking to some people or getting, we have a question pending. We have a request for information pending in terms of trying to get some more, trying to get some guidance on how certain things are, I don't know, certain things are classified or keyed in. But, and I'm not even sure I'm using the right terminology, but we don't want to miss something.

12:01 - Conference Room (Patrick Morrissey) - Speaker 1

Well, so let me ask you, Jason, the list that you now have.

12:09 - Jason DeVore

I don't have a new list.

12:12 - Conference Room (Patrick Morrissey) - Speaker 1

So is there any difference? What? From talking to your clients, have you found out that the information that they have includes people that are currently incarcerated at the Cook County Jail or the IDOC? Do you know that?

12:31 - Jorie R. Johnson

Right, that's what they were trying to... Ms.

Exhibit 4 Page 4

12:34 - Conference Room (Patrick Morrissey) - Speaker 2

Johnson, you gave me, you gave us that stuff in Rogers. I sent you an email, you gave us, you identified in Rogers the class list people who are currently in jail because it says their bed assignments as of the date you pulled the list and when people are not in the jail it says no.

12:57 - Jorie R. Johnson

What do you mean it says no?

12:59 - Conference Room (Patrick Morrissey) - Speaker 2

You said. It says no n-u-l-l meaning they don't have a responsive data for that that field.

13:06 - Jorie R. Johnson

It doesn't have a responsive data for that field? Well I don't know exactly how they pulled it but your issue was is that it didn't show if they were essentially sent to IDOC or if they they remained in the jail and that's the issue that we brought up with them. So they said that they were looking into it and speaking with somebody in operations about where if they were transferred to IDOC, they could see about putting that input in as they did. And we explained that apparently that was Brandon Bennett, the case that you keep mentioning. And we gave them the email that you sent and that's also part of the issue that they're running. Ms.

13:51 - Conference Room (Patrick Morrissey) - Speaker 2

Johnson, your office, Jason gave us the list in Rogers.

13:56 - Jorie R. Johnson

I wasn't a part of Rogers at that time, so I don't know what list you're talking about, but the point is we're giving you what you want. That's what you wanted. They said that they could figure it out by speaking with these people, so that's what they're figuring out so that we can give you the list that you asked for. That is the information you are seeking. They are running that list. We're also trying to figure out, just like Jason said, to give you the correct list because you want the people who went over this ramp, right? Both ramps. We're trying to make sure that certain places are either, are they at Cermak or

Exhibit 4 Page 5

are they at Stroger? Because you don't want a list of people who went over something that happened at Stroger because that doesn't do anything for you and it doesn't do us any justice. And that's wrong.

14:45 - Conference Room (Patrick Morrissey) - Speaker 2

The people come back and they go to CIRMAC. No, not necessarily.

14:49 - Jorie R. Johnson

There are a couple different ways that people can come in. That was the issue. So apparently, if they come in a certain way, that's not going over the ramp, and that was the problem. It was pulling the wrong list of people. But apparently, if they come over this other way that's labeled, it does go over the ramp that you're seeking. That's the point. We're trying to give you the right list of people so it might increase the number. I'm not trying to trick I'm trying to give you the list that you're seeking, and we're trying to give you that list. So we had to speak with somebody in operations, and so did the IT people. And in order to figure out this issue, that's what they're trying to do right now and rerun the list. So that's what they're going to do. They're going to rerun this list with this new information after speaking with somebody in operations, and then also give you the other information which you were seeking, which is are people either still at the jail, or did they get transferred to IDOC, or is it neither? Did they just get released on their own recognizance, which would give you that list that I gave you in the first place, which is the last known address that we have?

15:59 - Unidentified Speaker

Are you giving us the date of births?

16:02 - Conference Room (Patrick Morrissey) - Speaker 1

Yes. And it's going to be an Excel spreadsheet? Yes, in that format. So when you refer to a list, Normally there is a list that was run. It hasn't been ran.

16:19 - Jason DeVore

I complete my state.

16:23 - Jorie R. Johnson

Exhibit 4 Page 6

It keeps going on and off mute I don't know why you're muted.

16:46 - Conference Room (Patrick Morrissey) - Speaker 1

Is it true or not true that the sheriff, since the date in which the judge extended the time for you to give us a list, that a list has been run by the sheriff's office? No.

17:02 - Jason DeVore

So the sheriff has been working on generating a new list, and we're trying to make sure that the correct parameters, including based on information you provided and you requested, and it can be confirmed. And then once that new information gets it, that Jorie discussed, is ready and ascertained, then the list can be rerun to amend, replace the list that we provided to you April 9th or 11th, whenever it was.

17:42 - Conference Room (Patrick Morrissey) - Speaker 2

What did you ask me?

17:45 - Conference Room (Patrick Morrissey) - Speaker 1

I believe, Jason, that since the time Judge Harjani gave you this extension to May 26, we've asked you numerous times to have a conferral, not only to confirm that we're on the same page in regards to what information needed to be provided so that we could send out class notice.

18:11 - Conference Room (Patrick Morrissey) - Speaker 2

We asked Mr. DeVore well before the extension. We gave him the issues in a walker, and before you even gave us the first list, Mr. DeVore, in April, probably April 10th, we sent you a letter or an email probably on April 1st, explaining precisely what we needed.

18:33 - Conference Room (Patrick Morrissey) - Speaker 1

And is it not true that Mr. DeVore, you haven't set up or agreed to a about providing this class list until today, after the date the court set for turning over the class list. That's what I understand the situation is. If I'm wrong, please correct me and tell me what dates you provided that we could talk about this before the date, which was May 26, for you to turn it over. Over the class list because this is the first time we've

Exhibit 4 Page 7

learned from you now in Miss Jordan or Miss Johnson that you're having technical problems in providing the information.

19:22 - Jason DeVore

I don't know I wouldn't classify it as technical problems and we have in terms of the discussion we discussions we've had on this issue the issue hasn't changed we've had emails, we've had talks, we've had, we were in court. And these issues were, were fleshed out. So there wasn't anything new, or exciting in terms of or, I think, maybe productive in terms of what anything that could have been discussed. So is your position that and so then we update the most recent update last night and then of course then we agreed today to to have a discussion with the update that based on the information we now have so so it's not anything uh I don't think this should be viewed bad badly because we're providing information as it becomes available and we're working to try to get the information you know mr devore is it is it you Mr.

20:33 - Conference Room (Patrick Morrissey) - Speaker 1

DeVore, is it your position that since early April to today, that you felt that there was no need to talk to us about difficulty in turning over the class list? Not at all. And therefore, you didn't, you didn't, you didn't, Why didn't you comply with our request to talk about this well before May 26? Comply with your request to talk?

21:09 - Jason DeVore

That just is, I think, what we're talking about are different things. I mean, one of the things is we definitely had an opportunity that we did talk about. We were going to talk about some things in this case after Carl Dardep and our office and I was still there and then you weren't for whatever the reason that's OK. We sometimes need to go, but we did talk about sitting down about this on that date and I wasn't the one who left my office. You were so I just want to make that clear. But in terms of other things we have provided updated information, it's been a little bit, you know.

21:52 - Conference Room (Patrick Morrissey) - Speaker 1

Are you referring to the date? I think I've only recently been in your office when Mr. Was deposed, and I recall we wanted to talk to you. You left and you said you had to pick up your daughter.

22:07 - Jason DeVore

Exhibit 4 Page 8

That's what happened. That's absolutely false. I was in my office. You did leave the table and said you didn't have any time.

22:16 - Conference Room (Patrick Morrissey) - Speaker 1

That's not what I said at all. When did you first learn that you weren't going to be able to comply with the court's order on May 26.

22:28 - Jason DeVore

Well, we learned for definitively that we couldn't do it. And we knew as when we gave the update that that's when we definitely couldn't get it done. And as I said, you know, so you found out we got an email from the last night.

22:47 - Unidentified Speaker

You did.

22:48 - Jason DeVore

And we got an email last night at 10 p.m.

22:52 - Conference Room (Patrick Morrissey) - Speaker 1

Was that the first time you learned that you couldn't comply?

22:57 - Jason DeVore

It wasn't like I got an email from a client or anything like that but you know it's an issue we want to have done and we would have liked to have had done a long time ago and it's been more time-consuming and difficult than it may seem at first blush. So That's kind of where we are, unfortunately.

23:25 - Conference Room (Patrick Morrissey) - Speaker 1

So where are we specifically in regards to turning over the list? Is it going to come tomorrow?

Exhibit 4 Page 9

23:33 - Jason DeVore

I don't think it'll be tomorrow. It'll come Friday. I don't know the date, as I said. I don't know the date.

23:42 - Conference Room (Patrick Morrissey) - Speaker 1

It'll come next Monday.

23:44 - Jason DeVore

Until I talk with our client, I cannot get another, I can't get get the exact date range. But we have another client contact we're going to have, and we're trying to get it today, but we couldn't get it, at least as of right now. And so it's still only 323. So hopefully, we can get a client contact today, but I don't know if we will. So we've requested it, and we're trying to get this information. As quickly as we possibly can.

24:19 - Conference Room (Patrick Morrissey) - Speaker 1

So is it fair to say that you cannot give us a time period when you're gonna comply with the judge's order? You can't agree to give it to us prior to Monday. That's June 2nd, I think.

24:36 - Jason DeVore

Well, yeah, here's the problem, is that if I give you a date and I don't know for sure, and then that date comes and goes, then I've got a problem. I mean, I've got a problem anyway, because we want to make sure we're moving this thing along. But I mean, we're going to be in court on this case imminently. So I know we're overdue, and I know we've already filed a motion seeking extend further time. And based upon, I know, it's it's tardy at this point for the by a day. But I think we're going to have to file something and advise the court of the situation. But you know, that's, that's exactly where we are. And I don't know if Jorie has more to add, but she already added quite a bit.

25:42 - Jorie R. Johnson

Jason, you said you already filed a motion?

Exhibit 4 Page 10

25:47 - Unidentified Speaker

No, we haven't.

25:49 - Conference Room (Patrick Morrissey) - Speaker 2

We haven't.

25:50 - Jason DeVore

What is your motion going to say? It was due yesterday and we're trying to get it done as fast as we can and we're quite additional time to comply.

26:09 - Jason DeVore

You just told us you didn't have any idea when you're- We don't know.

26:14 - Jason DeVore

I mean, we're kind of, and we'll say we don't even know, but we're trying to get this as expeditiously as possible.

26:23 - Jorie R. Johnson

And is this the sheriff or the county's person? The list is pulled from the sheriff.

26:30 - Unidentified Speaker

It's not from- Sheriff.

26:31 - Conference Room (Patrick Morrissey) - Speaker 2

They never had any of these issues in Walker. Or you gave us the list of Rogers.

Exhibit 4 Page 11

26:38 - Jason DeVore

Well, the list in Rogers, I mean, I don't have it in front of me. I don't have the parameters.

26:47 - Conference Room (Patrick Morrissey) - Speaker 2

I can't remember, honestly. I sent you the Rogers this morning, I think one or two times the parameters you used.

26:56 - Jason DeVore

You gave them to me. OK. I mean, I haven't honestly not looked at those parameters today. So. I'm not denying whatever I sent you or what happened in the other case. But in terms of what's happening and what the complexities are, I mean, we've set them out to the best of our ability. And I think we've tried to be pretty clear on it.

27:31 - Conference Room (Patrick Morrissey) - Speaker 1

a status tomorrow asking to file summary judgment in this case?

27:37 - Jason DeVore

We plan to file, yeah, we'll file a status report tomorrow.

27:44 - Conference Room (Patrick Morrissey) - Speaker 1

And what issue are you going to ask to proceed to summary judgment on?

27:52 - Jason DeVore

We're going to finalize that tomorrow.

27:56 - Conference Room (Patrick Morrissey) - Speaker 1

So you can't tell me.

Exhibit 4 Page 12

27:59 - Conference Room (Patrick Morrissey) - Speaker 1

What are you gonna do?

28:01 - Jorie R. Johnson

No, the fair is about what you'll see tomorrow.

28:04 - Conference Room (Patrick Morrissey) - Speaker 1

That's why I'll be filed on the doc.

28:07 - Conference Room (Patrick Morrissey) - Speaker 1

Are you going to ask the court to continue the matter set for June 3rd, the status?

28:13 - Unidentified Speaker

No.

28:13 - Conference Room (Patrick Morrissey) - Speaker 1

And your motion in regards to this class list, are you gonna ask to continue the status from June 3rd?

28:20 - Jason DeVore

I don't think we need to add, I mean, we can keep the status. Pardon me? We can keep the status June 3rd, as far as I'm concerned. I mean, we, I wasn't part of the relief we were looking at.

28:34 - Conference Room (Patrick Morrissey) - Speaker 1

That was not part of the relief.

Exhibit 4 Page 13

28:37 - Jason DeVore

No, we were just looking for additional time to provide this, um, revised class list, but you can't provide any, any, uh, period of time.

28:46 - Conference Room (Patrick Morrissey) - Speaker 1

You're going to ask for a week. You're going to ask for a month, six months. What is it? They've now had, I think, precisely almost six months. I think it was certified on November 27th. So six months to turn over a class list.

29:05 - Jason DeVore

Well, we'd like to, well, we'd like to be able to get some more guidance from our client and then use that information to put in the motion, but time is of the essence. Want to wait, you know, another couple more days until after we've got more information from the client. I'd rather get a motion on file. It's kind of a, you know, it's kind of a Hobson's choice.

29:36 - Conference Room (Patrick Morrissey) - Speaker 1

So if the people are incarcerated that are putative class members, will the sheriff give hand out the notice to them?

29:49 - Jason DeVore

I don't know. We haven't, we'll have to talk about that. You know, is that, that's your suggestion?

29:58 - Conference Room (Patrick Morrissey) - Speaker 1

It's about people coming in on the new that are disabled or use canes, crutches, or walkers. Are you going to give them the notice so that when they go to and from the RTU, that they can participate in this case? Because what I understand, there's no movement on the sheriff's part to remedy that. There's no reason to, why would we delay giving them the notice, Mr.

30:30 - Conference Room (Patrick Morrissey) - Speaker 2

Exhibit 4 Page 14

DeVore, for all these new people? I'm not trying to delay anything.

30:35 - Jason DeVore

So I have a question, and I think I know the answer. So when we file this motion, is it going to be a contested motion? Yeah, we're opposing it.

30:48 - Conference Room (Patrick Morrissey) - Speaker 2

Okay. I have to ask.

30:50 - Jason DeVore

I have to ask, I believe, otherwise I get in trouble for not asking and I'm gonna, you know, I'm not gonna violate any.

31:03 - Conference Room (Patrick Morrissey) - Speaker 2

Well, we're opposing it because you violated the court's order. Okay.

31:09 - Conference Room (Patrick Morrissey) - Speaker 2

So put that in.

31:12 - Jason DeVore

Okay. Okay. And you do not wanna agree to any extension of time to us to produce the class list under any circumstances, at least not under the circumstances we discussed here previously. Okay.

31:27 - Conference Room (Patrick Morrissey) - Speaker 2

You can put in there that we've given you at least five extensions, right?

31:33 - Jason DeVore

Exhibit 4 Page 15

Wow.

31:33 - Conference Room (Patrick Morrissey) - Speaker 2

Because it was due in January and we gave you an extension in February March, April, May, you got another extension. This is the fifth extension. So you can include. Okay. And no, it's fine.

31:49 - Jason DeVore

If you're objecting, I just want to make a correction of it. You'll say you can't represent when you're going to, your clients are going to produce. The court ran the extensions. You know.

32:04 - Conference Room (Patrick Morrissey) - Speaker 2

The bottom line, Mr. Vores, your client's been given five, four or five extensions, whether it's by, by agreements or by order of the court. And the first thing you produced to us in April was completely flawed.

32:21 - Jason DeVore

Well, we're trying to, we're trying to prevent, uh, producing, uh, flawed information. But, but Mr.

32:28 - Conference Room (Patrick Morrissey) - Speaker 2

DeVore, I told you two weeks, about two weeks before you gave us the flawed information. I, I, I warned you don't produce this flawed information. You produced information worse than what was produced by your clients Walker and Bennett.

32:46 - Jason DeVore

I mean, I don't know that it was. We want to prevent flawed information and we want to provide categories that are helpful. And the information that was previously provided, as you said, was not helpful to you and didn't have all the granularity you wanted. We're gonna talk about Rogers because we can't, we cannot have the same thing happen in Rogers.

Exhibit 4 Page 16

33:11 - Conference Room (Patrick Morrissey) - Speaker 2

You're almost at the finish line in Rogers with producing the class list. You have produced everything except the date of births for up until December 18th of 2024. So we need to bring this to the court's attention in Rogers. So can you talk to us tomorrow?

33:29 - Jason DeVore

Let me take a look and see what some timeframes are for Rogers and we'll get, we'll set up another, we'll set up a time to talk and I'll see if we, we'll see if we can get it done tomorrow, but we'll reach out with some time, proposed times.

33:50 - Conference Room (Patrick Morrissey) - Speaker 2

Will you respond to my substantive questions too about Rogers? Cause it should, you should be able to easily just supplement it.

34:00 - Jason DeVore

We can respond to your email. So, and then we'll go from there.

Exhibit 4 Page 17