IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cuauhtemoc Hernandez, et al., | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) 23-cv-16970 |
| -*vs*- | ) |
| | ) Hon. Sunil R. Harjani |
| Thomas Dart, Sheriff of Cook County, | ) |
| and Cook County, Illinois, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

**DEFENDANTS' STATUS REPORT
REGARDING MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendants, COOK COUNTY SHERIFF THOMAS J. DART, and COOK COUNTY, ILLINOIS, by and through their attorneys, Jason E. DeVore, Troy S. Radunsky and Jorie R. Johnson of DeVore Radunsky LLC, and pursuant to this Court's order entered May 22, 2025, Dkt. 116, submit the following status report regarding their anticipated motion for summary judgment:

**INTRODUCTION**

Defendants intend to move for summary judgment on all claims asserted by Plaintiffs Cuauhtemoc Hernandez and William Mathis under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. Plaintiffs' claims rest on allegations that the use of certain ramps at the Cook County Department of Corrections (CCDOC)—specifically in the Cermak Infirmary and Residential Treatment Unit (RTU) violated their rights under these statutes.

**I. BASIS FOR SUMMARY JUDGMENT**

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Here, even accepting Plaintiffs' allegations as true for summary judgment purposes, the record fails to support the necessary elements of an ADA or Rehabilitation Act claim:

1. **Lack of Denial of Program Access or Services:** Plaintiffs fail to demonstrate that they were denied access to any service, program, or activity due to disability. Plaintiffs do not allege they missed medical appointments, were unable to participate in housing or classification opportunities, or were excluded from jail operations.

2. **Reasonable Accommodations Were Provided:** Sheriff's Office and County records establish that reasonable accommodations were considered and, when appropriate, provided. Both Plaintiffs had mobility evaluations and were prescribed canes for long-distance walking when medically necessary. No evidence shows they were denied devices, modifications, or transfers due to their impairments.

3. **No Evidence of Intentional Discrimination:** To recover compensatory damages under the ADA or Rehabilitation Act, Plaintiffs must show deliberate indifference. The record reflects ongoing facility assessments (e.g., Globetrotters and Stoner reports), inter-agency cooperation, and no specific complaint or grievance lodged by either Plaintiff requesting further accommodation while detained. At most, Plaintiffs' allegations suggest structural limitations, not discriminatory treatment.

4. **No Standing for Structural Claims or Class Certification:** Plaintiffs challenge the slope, handrails, and landings of jail ramps, but do not identify a single incident in which they were physically injured or denied a program due to those features. Plaintiffs' class allegations fail to establish commonality or typicality under Rule 23, and neither Plaintiff can serve as a representative for individuals with different medical profiles or detention circumstances.

II. **LACK OF GENUINE DISPUTES OF MATERIAL FACT**

Defendants do not dispute the existence of the Cermak and RTU ramps, or the general contours of the facility evaluations cited by Plaintiffs. However, there is no admissible evidence establishing that either Plaintiff was denied services or exposed to discriminatory conduct as a result of those structural conditions. The relevant facts—duration of confinement, medical orders, and movement history—are confirmed by official records and do not give rise to a triable ADA or Rehabilitation Act claim.

## CONCLUSION

Accordingly, Defendants intend to file a motion for summary judgment on all claims on the grounds that: (1) Plaintiffs were not denied the benefits of services or programs by reason of disability; (2) no genuine dispute exists regarding any material fact; and (3) judgment should be entered as a matter of law.

Additionally, Defendants are in the process of generating an updated class list in response to issues raised by Plaintiff and to provide more detailed information. In the course of this review, Defendants identified discrepancies in their previously produced records, which may result in a different number of detainees. These discrepancies have prompted Defendants to consider seeking decertification of the class. Defendants would request time to brief this issue and the motion for summary judgment.

Case: 1:23-cv-16970 Document #: 119 Filed: 05/29/25 Page 4 of 4 PageID #:1226

Defendants look forward to discussing the summary judgment process at the upcoming in-person status hearing.

Respectfully submitted,

/s/ Jorie R. Johnson

Jorie R. Johnson

Jason E. DeVore (ARDC #6242782)
Troy S. Radunsky (ARDC #6269281)
Jorie R. Johnson (ARDC #6325695)
DeVore Radunsky, LLC
230 W. Monroe Suite 230
Chicago, Illinois
312-300-4479
tradunsky@devoreradunsky.com
jdevore@devoreradunsky.com
jjohnson@devoreradunsky.com
*an attorney for defendants*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that **Defendants Status report regarding Motion for Summary Judgment** was filed on May 29, 2025, with the northern district of Illinois ECF system, serving a copy to all parties.

/s/ Jorie R. Johnson

Jorie R. Johnson