**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CUAUHTEMOC HERNANDEZ and )
WILLIAM MATHIS, )
            )
        *Plaintiffs,* )
            )   Case No. 23-cv-16970
   *-vs-* )
            )   Judge Sunil R. Harjani
THOMAS DART, Sheriff of Cook County, )   Magistrate Judge Keri L. Holleb Hotaling
and COOK COUNTY, ILLINOIS, )
            )
       *Defendants.* )

**DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION
OF TIME TO FILE DISPOSITIVE MOTIONS**

Defendants, THOMAS DART, in his official capacity as Sheriff of Cook County, and COOK COUNTY, ILLINOIS, by their attorney EILEEN O'NEILL BURKE, State's Attorney of Cook County, through her Special Assistant State's Attorneys, JOHNSON & BELL, LTD., request an extension of time to file dispositive motions. In support of their motion, Defendants state as follows:

1. On June 3, 2025, the Court set a deadline of July 11, 2025, for the parties to file cross-motions for summary judgment. (Minute Entry, ECF No. 120.) The Court deferred entering a briefing schedule on the motions. (*Id.*)

2. On July 8, 2025, Plaintiffs filed their motion for summary judgment. (Motion, ECF No. 121.)

3. The Cook County State's Attorney's Office recently assigned this case to Johnson & Bell, Ltd. On July 10, 2025, Monica Burkoth, Samuel Branum, Adnan Shafi, and Nelson Aydelotte of Johnson & Bell, Ltd. filed their substitutions of appearance and appearances on behalf of Defendants.

1

4.      Defendants' former counsel is in the process of preparing and transferring the case file to new counsel and has indicated that the case file is large. Although new counsel does not yet have the case file, Plaintiffs attached thirty-three exhibits to their motion for summary judgment, which suggests to new counsel that the record is indeed quite large and that new counsel will need time to become familiar with the case.

5.      Defendants therefore request a 60-day extension of time, until September 9, 2025, to file dispositive motions. Plaintiffs do not oppose this 60-day extension and request that the Court set this date, September 9, 2025, for Defendants to file a response and cross-motion for summary judgment, which may be filed in the same brief. Defendants are unable to commit to Plaintiffs' proposal at this time without yet having the opportunity to review the case file.

6.      The requested extension is necessary to allow Defendants' new counsel sufficient time to receive and review the case file, to become familiar with the facts and legal issues, and to prepare an appropriate dispositive motion.

7.      This request is made in good faith and not for the purpose of delay. Federal Rule of Civil Procedure 6(b)(1)(A) provides that when an act must be done within a specified time, the court may, for good cause, extend the time "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for good cause.

8.      Courts have recognized that a change in counsel constitutes good cause for extending deadlines, as it is necessary to allow new counsel adequate time to prepare. *See United States v. Smith*, 771 F.3d 1045, 1047 (7th Cir. 2014) (granting extension of time to allow new counsel sufficient time to review the record and to submit an appropriate request for relief); *Yapan v. Marvin Holding Co.*, No. 11 C 5812, 2014 U.S. Dist. LEXIS 7593, at *1 (N.D. Ill. Jan. 22, 2014)

(granting extension of time to respond to motion for summary judgment after new counsel appeared in the case); *Jack Tuchten Wholesale Produce, Inc. v. Farmer's Fresh Mkt. Inc.*, No. 08 C 5197, 2010 U.S. Dist. LEXIS 13746, at *2–3 (N.D. Ill. Feb. 17, 2010) (granting defendant "extra time to retain new counsel and respond to the motions").

9.      The requested extension will not prejudice any party and will serve the interests of justice by allowing for a fully developed and properly prepared dispositive motion.

10.     This is the first request for an extension of time to file dispositive motions.

11.     Defense counsel shared a draft of this motion with Plaintiffs' counsel before filing. Plaintiffs' counsel stated that he does not oppose an extension through September 9, 2025, for Defendants to file dispositive motions.

12.     Plaintiffs proposed that Defendants also file their response to Plaintiffs' motion for summary judgment within 60 days, but without yet having the opportunity to review the case file, Defendants are unable to commit to Plaintiffs' proposal at this time.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order, pursuant to the Federal Rule of Civil Procedure 6(b)(1)(A), granting them an extension up to and including September 9, 2025, to file dispositive motions.

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

Dated: July 10, 2025                    /s/ *Samuel D. Branum*
                                        Special Assistant State's Attorney

Monica Burkoth (burkothm@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
Adnan Shafi (shafia@jbltd.com)
Nelson A. Aydelotte (aydelotten@jbltd.com)

Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770