IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cuauhtemoc Hernandez and William Mathis, | ) ) ) | |
| *Plaintiffs,* | ) ) | |
| -*vs*- | ) ) | No. 23-cv-16970 |
| Thomas Dart, Sheriff of Cook County, et. al., | ) ) ) ) | Judge Sunil R. Harjani |
| *Defendants.* | ) | |

### PLAINTIFFS' LOCAL RULE 56.1(b)(3)(C) STATEMENT OF ADDITIOINAL FACTS

Plaintiffs Hernandez and Mathis, by counsel, files the following Local Rule Statement of Additional Facts in response to defendants' motion for summary judgment:

1. Plaintiff Mathis was not using a cane when he entered the Department of Corrections. Dkt 122-26, Mathis Dep 13:10-12. An alert for Mathis to use a cane for long distances only became effective on October 16, 2023. Exhibit 1, Mathis Inmate Alerts.

2. Plaintiff William Mathis was admitted to the Illinois Department of Corrections on August 29, 2024. Dkt. 122-3, IDOC Profile for William Mathis.

3. On January 19, 2022, Deputy Director Eric Davis testified in *Walker v. Dart*, 20-cv-261, that it is not for him "to say on a definitive basis" whether the Cermak ramp complies with the ADA structural standards and that is why Cook County is hiring an "Architect of Record" to "make the definitive determination and to design any remediations accordingly." Dkt. 122-5, Davis (1/19/2022) Dep 85:4-15.

4. Deputy Director Davis's declaration dated February 22, 2024, states Cook County intends to assign HDR Architecture as the Architect of Record for the Cermak ramp. Dkt. 140-1, Davis Decl. ¶ 16.

5. HDR Architecture prepared a Program Analysis Report dated August 2, 2024 for the Cermak Tunnel Renovation which stated: "upon review of the previous study performed by GEC, and review of the feasibility of the options presented, HDR concurs and recommends that the County pursue removal and replacement of the non compliant existing slab on grade ramp, executed in phased construction to maintain County operations." Exhibit 2 at 1, 4, HDR Cook County Government Cermak Tunnel Renovation Program Analysis Report (to be filed provisionally under seal).

6. A summary of the HDR Program Analysis Report for the Cermak Tunnel Renovation found the following aspects of the ramp to be "non-compliant":

   1) Per Section 405.6 of the 2010 Americans with Disabilities Act Accessibility Guidelines (ADAAG) and the 2009 American National Standards Institute (ANSI) Standard A117.1, the rise for any ramp shall be a maximum of 30-inches. The existing ramp rise is approximately 2.7 feet, which is 32.4 inches.

   2) Per Section 505 of the 2010 ADAAG and the 2009 ANSI Standard A117.1, ramp handrails shall be continuous along the full length of the ramp and shall extend horizontally a minimum of 12 inches beyond the top and bottom of the

> ramp. Since the original construction, anti-ligature handrails have been added to each side of the ramp incline. However, at the top and bottom of the ramp the handrails do not extend a minimum of 12 inches beyond the ramp, and the handrails are not continuous.

Exhibit 2 at 3, HDR Cook County Government Cermak Tunnel Renovation Program Analysis Report (to be filed provisionally under seal)

7. On April 1, 2025, defendants Dart and Cook County disclosed Carl Darr as an expert in *Westmoreland v. Dart*, 23-cv-1851, along with the GEC Report dated April 1, 2024, for the RTU ramps. Dkt. 142-8, Defendants' Rule 26(a)(2)(B) Disclosure in *Westmoreland*. Defendants disclosed the same GEC report for the RTU east tunnel ramp in this case. Dkt. 122-11, Defendants' Rule 26(a)(2)(B) Disclosure in *Hernandez*.

8. Deputy Director Davis testified as the Rule 30(b)(6) Designee for Cook County on October 23, 2024, and stated that the current budget for 2025 projects the cost to repair the noncompliant Cermak ramp will be $600,000. Dkt. 142-1, Davis (Cook County 30(b)(6) Designee) (10/23/2024) Dep 4:16-5:7, 23:6-24:7.

9. Deputy Director Davis agrees that the cost to renovate the RTU east tunnel ramp is similar to the cost to repair the Cermak ramp. Dkt. 142-1, Davis (Cook County Rule 30(b)(6) Designee) (10/23/2024) Dep 92:8-13.

10. Deputy Director Davis, when discussing the budget to repair the Cermak ramp, said "the ADA is a law" and "[w]e will construct whatever is needed to be constructed" and "whatever it is going to turn out to be, whatever it takes, is what we are going to

allocate for it." Dkt. 142-1, Davis (Cook County 30(b)(6) Designee) (10/23/2024) Dep 23:18-24:7.

11. Mr. Darr agrees that it would be easy to fix the upper non-compliant landing on the RTU east tunnel ramp by moving doors at the top to make the landing a 60-inch clear floor area. Dkt. 142-4, Darr (6/3/2024) Dep 48:23-49:5, 93:19-24.

12. In response to a FOIA request seeking video of the RTU east tunnel ramp from February 6, 2025, *see* Exhibit 4 at 3, the Sheriff's Office produced the following video depicting the top of the RTU east tunnel ramp. Exhibit 5, (to be filed as a digital media exhibit). This video, a still image produced below, shows the state of the non-compliant landing at the top of the RTU east tunnel ramp:



Exhibit 5, Video at 6:10 (to be filed as a digital media exhibit)

13. Mr. Darr opines that installing handrails on the RTU east tunnel ramp compliant with the ADA "wouldn't require much" and "could be done" in the year 2024. Dkt. 142-4, (6/3/2024) Dep 94:12-95:4.

14. Mr. Darr said the code requires handrail extensions to be 12 inches because "the logical understanding is that, if somebody is approaching a ramp or getting off a ramp, they still might need to have something to hold onto." Dkt. 142-4, Darr (6/3/2024) Dep 64:8-15.

15. Video of the RTU east tunnel ramp from November 7, 2019, marked Tunnel-CAM 0.108 CMK to RTU West, shows Eugene Westmoreland stumble near the top of the ramp while in possession of a cane. Exhibit 3, Video at 10:01:45 a.m. (to be filed as a digital media exhibit); Exhibit 12, Westmoreland Decl. dated 2/8/2023 ¶¶ 1-2 (foundation for video labeled "Tunnel-CAM 0.108 CMK to RTU West-2019-11-07"); Exhibit 13, Defendants' Response to Statement of Facts in *Westmoreland v. Dart*, 21-cv-4330, ¶ 27

16. Video of the RTU east tunnel ramp from November 7, 2019, depicts Eugene Westmoreland brace himself on the wall near the top of the ramp in the vicinity of the noncompliant landing and location where handrail extensions should be 12 inches beyond the ramp. Exhibit 3, Video at 10:02:09 a.m. (to be filed as a digital media exhibit).

17. Mr. Darr opines that repairing the upper ramp area on the RTU east tunnel ramp that is too steep can be corrected by perhaps saw-cutting out a portion to make the ramp less steep. Dkt. 142-4, Darr (6/3/2024) Dep 95:5-20.

18. During a hearing before Judge Rowland on March 23, 2023, in *Walker v. Dart*, 20-cv-261, Brian Gainer, the lead attorney for defendants from Johnson and Bell, Ltd., discussed the "surveyor report" of the Cermak ramp. Dkt. 142-3,Transcript from *Walker v. Dart*, 20-cv-261 on 3/23/2023 at 11:1-6. Mr. Gainer acknowledge the surveyor report is not from an "architectural person" and when asked by the Court whether this survey could be defended in front of a jury, he stated "[n]o, I think we need an expert." *Id.* at 12:12-16, 18:16-19:1. During the hearing Judge Rowland stated the plat survey "is not going to fly with a jury" and Mr. Gainer "agree[d] with the [Court's statement]." *Id.* 19:4-6.

19. On March 12, 2024, Deputy Director Davis testified in *Walker v. Dart*, 20-cv-261, as follows about GEC's recommendation regarding the Cermak ramp: "[a]t this point, the variation is such that it seems prudent and in the best interest of the citizenry and the people occupying the facility to go ahead and replace it. The offset is greater than we thought it was." Dkt. 142-2, Davis (3/12/2024) Dep 258:3-259:12.

20. Deputy Director Davis testified other ramps at the Cook County Jail, for example the Residential Treatment Unit (RTU) east tunnel corridor adjacent to the Cermak ramp, do not have anti-ligature handrails. Dkt. 142-2, Davis (3/12/2024) Dep 147:7-14. Additionally, Deputy Director Davis testified he has no personal knowledge whether other ramps at the Jail have anti-ligature handrails. Exhibit 2, Davis (3/12/2024) Dep 148:5-9.

21. On August 27, 2025, Gary Keclik, an architect, toured some living units in Division 11 and observed handrails next to the stairs on Living Unit AA and along the

second-floor perimeter of Living Unit AA. Dkt. 142-9, Keclik Decl. ¶¶ 1, 3, 7. These railings were not anti-ligature. *Id.*

22. Mr. Keclik toured some living units in Division 9 on February 20, 2025. *Id.* ¶ 13. The Division 9 living units he observed, similar to the living units in Division 11, did not have anti-ligature handrails. *Id.* Division 9, according to the Sheriff's webpage, houses maximum and medium security detainees. Exhibit 11 at 3, Printout of "Active Individual in Custody Housing" identifying Division 9 houses maximum and medium security detainees.

23. Lonnie Hollis, in response to a question whether inmates with canes, crutches, or walkers are accommodated up or down either the Cermak or RTU east tunnel ramp, stated "[t]hat, I am not sure if I can answer that without being speculative." Dkt. 122-17, Hollis (Sheriff 30(b)(6) Designee) Dep 86:5-87:6.

24. Mr. Hollis stated there is an expectation that a Sheriff's employee who is escorting a person with a cane, crutch, or walker would "document the request for accommodation" and any accommodation in the Jail Management System (JMS) because "[t]hat's the expectation of the policy." Dkt. 122-17, Hollis (Sheriff 30(b)(6) Designee) Dep 89:21-92:14.

25. Mr. Hollis had no knowledge whether any person with a cane, crutch, or walker requested an accommodation or was even provided an accommodation during the year prior to his deposition and stated "[i]f there were instances of such [accommodations], as you described, it should be contained and the expectation that would be that it should be

contained in the Jail Management System." Dkt. 122-17, Hollis (Sheriff 30(b)(6) Designee) Dep 102:8-104:10.

26. Prior to his deposition, Mr. Hollis did not look at JMS to see if any person with a cane, crutch, or walker was accommodated up or down the Cermak or RTU east tunnel ramps. Dkt. 122-17, Hollis (Sheriff 30(b)(6) Designee) Dep 87:7-89:20.

27. Mr. Hollis had no information and did not "want to speculate" whether class members were accommodated, such as in a wheelchair, in the year prior to his November 18, 2024, deposition. Dkt. 122-17, Hollis (Sheriff 30(b)(6) Designee) Dep 103:13-104:1.

28. Eugene Westmoreland suffered a fall in the afternoon of November 7, 2019, at the Department of Corrections and, because of this fall, "is now confined to a wheelchair." *Westmoreland v. Dart*, 21-cv-4330, 2023 WL 4273661, at *5-6 (N.D.Ill. 2023) (Kennelly, J.) (district court's review of undisputed facts at summary judgment).

29. On August 13, 2021, the Sheriff's Office collected a grievance from Eugene Westmoreland, a wheelchair-user, complaining of pain and burns caused by "going up and down several ramps." Exhibit 6 at 1, Westmoreland Grievance marked Control # 2021 x 10912. Under the "Specific Location of Incident" the grievance identifies "RTU Building – Halls & Court Building – Halls." *Id.*

30. On December 13, 2022, the Sheriff's Office collected a grievance from Eugene Westmoreland complaining about the pain and injury received when rolling his wheelchair from the RTU to Cermak because of the non-compliant ramps that he found to be steep. Exhibit 7 at 1, Westmoreland Grievance marked Control # 2022 x 18190.

31. On January 25, 2024, Sabrina Rivero-Canchola responded to a grievance by Raasikh Phillips assigned Grievance # 2024 x 00603. Exhibit 8, Phillips Grievance at 2-3. Phillips complains in this grievance that it was "extremely hard" traversing the ramps from RTU to Cermak with his walker. *Id.* at 1.

32. Phillips avers he has used a walker since November of 2023 due to a medical condition and that traversing the ramps from RTU to Cermak causes him pain and that he fears he may fall. Exhibit 9, Phillips (7/5/2024) Decl. ¶¶ 1-3.

33. The Sheriff's Office collected a grievance from Antoine Pierce on March 12, 2024, complaining of pain walking up and down the Cermak ramp with a cane. Exhibit 10 at 1, Pierce Grievance assigned Control # 2024 x 03041.

34. Deputy Director Davis believes it is feasible to extend the handrails on "two of the four ends" on the Cermak ramp with "a custom extension." Dkt. 142-2, Davis (3/12/2024) Dep 150:6-15.

35. Mr. Hollis, in response to questions whether signs are posted near the Cermak or RTU east tunnel ramp, said "I'm not sure if the signage is still there, I haven't been in the tunnels in a while." Dkt. 122-17, Hollis (Sheriff 30(b)(6) Designee) Dep 80:21-23.

/s/ Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773)233-7901
pwm@morrisseylawchicago.com

*an attorney for the plaintiff class*