UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Montrell Carr, et al.<br><br>  Plaintiff,<br><br>    v.<br><br>Sheriff of Cook County and Cook County, Illinois,<br><br>  Defendants. | Case No. 17-cv-7135<br><br>Judge Martha M. Pacold |

**ORDER**

  Defendants' motion to dismiss, [227], is denied.[1] Defendants argue that named plaintiff Quintin Scott lacks standing to sue because he lacks an injury-in-fact that is redressable by this court. Specifically, defendants argue (1) Scott's injury is not redressable because Rule 23(e), as interpreted by the Seventh Circuit, violates the Rules Enabling Act and therefore cannot vest the district court with the power to grant an incentive award and (2) Scott lacks a cognizable injury-in-fact because an incentive award is the byproduct of litigation. Plaintiff argues that the Seventh Circuit has already decided the issues raised by defendants and therefore defendants' arguments are foreclosed by the mandate rule and the law of the case doctrine.

  Under the mandate rule, a district court must "adhere to the commands of a higher court on remand." *Carmody v. Bd. of Trs. of Univ. of Ill.*, 893 F.3d 397, 407 (7th Cir. 2018) (internal quotation marks omitted). The Seventh Circuit's mandate controls "matters within its compass." *Moore v. Anderson*, 222 F.3d 280, 283–84 (7th Cir. 2000) (internal quotation marks omitted). To apply this rule, district courts must consider "what issues were actually decided by the mandate," which requires a "careful reading of the reviewing court's opinion." *Fed. Trade Comm'n v. Credit Bureau Ctr., LLC*, 2021 WL 4146884, at *3 (N.D. Ill. Sept. 13, 2021) (quoting *Moore*, 222 F.3d at 283–84).

  "The law of the case doctrine is a corollary to the mandate rule and prohibits a lower court from reconsidering on remand an issue expressly or impliedly decided by a higher court absent certain circumstances." *United States v. Adams*, 746 F.3d 734, 744 (7th Cir.2014). On remand, the district court is permitted to consider three categories of issues: "(1) the issues remanded, (2) issues arising for the first time on

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph citations. Page numbers refer to the CM/ECF page number.

Exhibit 2 Page 1

remand, or (3) issues that were timely raised before the district and/or appellate courts but which remain undecided." *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001).

Defendants argue that their motion addresses issues arising for the first time on remand because, defendants argue, the Seventh Circuit "failed to address" the "jurisdictional defects" identified in the motion. [227] at 7.

After this court denied the motion for class certification, [164], named plaintiffs Montrell Carr and Quintin Scott accepted offers of judgment. *See* [178], [179]. Scott accepted a conditional offer of judgment and reserved his right to appeal the denial of class certification and to seek an incentive award for his role as a named plaintiff. [179]. Pursuant to the offers of judgment accepted by the named plaintiffs, the court entered final judgment. [187]. Scott appealed. [188].

On appeal, defendants challenged the Seventh Circuit's appellate jurisdiction over the case. Defendants argued that Scott no longer had a live interest in the case because he could only seek an incentive award if the class prevailed. [195] at 2. Defendants also argued that Scott could not seek an incentive award because such awards are prohibited by the Supreme Court's decisions in *Internal Improvement Fund Trustees v. Greenough*, 105 U.S. 527 (1881), and *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1885). [195] at 9.

The Seventh Circuit rejected both arguments. *Id.* First, the Seventh Circuit held that the prospect of an incentive award is enough to "show that Scott has an ongoing stake in the litigation." *Id.* at 9–12. Second, the Seventh Circuit held that Scott's injury is redressable. *Id.* at 12. It rejected defendants' argument that such an award is prohibited by Supreme Court precedent. *Id.* at 17. The Seventh Circuit held that the incentive award is "akin to the kind of monetary award that the Supreme Court blessed in *Greenough*, not the 'personal expenses' it disapproved." *Id.* It concluded that "incentive awards to named plaintiffs are permitted so long as they comply with the requirements of Rule 23. Such an award can redress the injury asserted in this case, and so standing is secure." *Id.* at 19.

The Seventh Circuit vacated the order denying class certification and remanded the case for further proceedings. *Id.* at 31. Defendants then filed a petition for rehearing and rehearing en banc. The Seventh Circuit summarily denied the petition for rehearing and rehearing en banc. [196]; *Scott v. Dart*, 108 F.4th 931 (7th Cir. 2024).[2] Defendants petitioned for a writ of certiorari, which the Supreme Court denied. *Dart v. Scott*, 145 S. Ct. 1166 (2025).

---

[2] Judge Easterbrook, joined by Chief Judge Sykes, wrote separately, urging the Supreme Court to resolve the circuit split concerning incentive awards. *Scott*, 108 F.4th at 932–33. But because the denial of the petition for rehearing did not explain the basis for the denial, it is "insufficient to confer any implication or inference regarding a court's opinion relative to the

2

Exhibit 2 Page 2

On remand, defendants offer two additional arguments that Scott lacks standing. First, defendants argue that Scott's injury is not redressable because Rule 23(e), as interpreted by the Seventh Circuit, violates the Rules Enabling Act, meaning that the district court cannot award Scott an incentive award. [227] at 6–7. Second, defendants argue that Scott lacks an injury-in-fact because "litigation byproducts such as costs are not injuries in fact for purposes of Article III." *Id.* (citations omitted). While defendants did not make these particular arguments before the Seventh Circuit panel that decided this case, the panel *did* decide the issue that defendants raise—whether Scott has standing based on the prospect of an incentive award.[3] Defendants' new arguments are thus foreclosed by the law of the case doctrine and the mandate rule. *See Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 234 (7th Cir. 1988) (law of the case doctrine applies when a party makes "new arguments" regarding the "same issue" previously decided).

Defendants have not cited any recent authorities demonstrating a change in the law since the Seventh Circuit rendered its decision in this case. *See Kathrein v. City of Evanston*, 752 F.3d 680, 685–86 (7th Cir. 2014) (a "change in the law," such as a decision from the Supreme Court, that "clearly alter[s] the law underlying" the previous decision may justify departure from the law of the case). Nor have defendants pointed to any factual developments that would justify departure from the law of the case. *See id.* ("substantial new evidence introduced after first review" may justify departure from law of the case). Thus, departure from the law of the case is not warranted.

For these reasons, defendants' motion to dismiss for lack of subject matter jurisdiction, [227], is denied.

Dated: May 19, 2025 /s/ Martha M. Pacold

---

merits of a case." *Moore v. Anderson*, 222 F.3d 280, 284 (7th Cir. 2000). The denial therefore does "not create law of the case nor . . . expand the compass of [the] original mandate." *Id.*

[3] Defendants explain that they raised their Rules Enabling Act argument in their petition for rehearing en banc. As explained above, however, the Seventh Circuit summarily denied defendants' petition.