IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cuauhtemoc Hernandez and William Mathis, ) ) *Plaintiffs,* ) ) -*vs*- ) ) Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, ) ) ) *Defendants.* ) | 23-cv-16970 Judge Harjani |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE EXHIBIT 2 UNDER SEAL OR ALTERNATIVELY FILE ON THE PUBLIC DOCKET**

Plaintiffs Hernandez and Mathis, by counsel, respectfully move the Court for leave to file Exhibit 2, a report by HDR Architecture regarding renovations for the Cermak ramp marked "Confidential-Subject to Protective Order" under seal or alternatively on the public docket. This exhibit is referenced in plaintiffs' Local Rule 56.1 statement of additional facts. Dkt. 143, Plaintiff's Statement of Additional Facts (PSOAF), ¶¶ 5-6.

Grounds for this motion are as follows:

1. Plaintiffs' response to defendants' motion for summary judgment references Exhibit 2, a report from HDR Architecture dated August 2, 2024. This document was marked by defense counsel as "Confidential-Subject to Protective Order."

-1-

2. HDR Architecture was hired by Cook County as the "Architect of Record" to renovate the Cermak ramp to comply with the ADA structural standards. Dkt. 143, PSOAF ¶¶ 3-4.

3. Class counsel is uncertain whether there is "good cause" under Seventh Circuit precedent to file this document under seal.

4. Defendants oppose summary judgment, in part, by arguing the structural noncompliance of the Cermak ramp is "*de minimis* or due to technical infeasibility." Dkt. 141, Defs. Memo at 15.

5. The HDR Architecture report may "affect the disposition of federal litigation" and documents "are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010).

6. Nowhere in the HDR Architecture report is there any indication that the Cermak ramp violations are minor, nor dos the report suggest that it would be technically infeasible to reconfigure this ramp to comply with the ADA structural standards.

7. Additionally, the HDR Architecture report closely parrels the report of defendants' Rule 26(a)(2)(B) expert, Carl Darr of Globetrotters Engineering Corporation (GEC), which likewise concluded that the Cermak ramp is noncompliant with ADA structural standards. The GEC report was never designated "Confidential-Subject to Protective Order" and appears on the public docket as Dkt. 122-14.

8. Additionally, defense counsel filed an original blueprint of the Cermak ramp in support of their motion for summary judgment as Dkt. 140-1 at 7.

9. In accordance with Local Rule 26.2(c)(1), class counsel will provisionally file Exhibit 2 electronically under seal.

10. Class counsel shared a draft of this motion with defense counsel and attempted to obtain a position whether the HDR Architecture "Program Analysis Report" could be filed on the public docket. On September 8, 2025, Mr. Samuel Branum, the primary attorney for defendants, said "we are looking into" whether this document should be filed under seal. Exhibit 1, S.Branum e-mail sent 9/8/2025 at 11:27 a.m.

It is therefore respectfully requested that the Court grant leave for class counsel to file Exhibit 2 under seal or alternatively on the public docket.

Respectfully submitted,

/s/ Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773)233-7901

*an attorney for the plaintiff class*