IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cuauhtemoc Hernandez, et al., | ) |
| | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) 23-cv-16970 |
| -*vs*- | ) |
| | ) Judge Harjani |
| Thomas Dart, the Sheriff of Cook County, and Cook County, Illinois, | ) |
| | ) |
| | ) |
| *Defendants.* | ) |

**PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD WITH PERSUASIVE ADDITIONAL AUTHORITY**

Plaintiffs, by counsel, seek leave of Court to supplement the summary judgment record with *Walker v. Dart*, 20-cv-261, 2025 WL 2624577 (N.D. Ill. Sept. 11, 2025) (Rowland, J.), persuasive supplemental authority.

Grounds for this motion are as follows:

1. On September 11, 2025, the district court issued a memorandum opinion and order in *Walker v. Dart*, 20-cv-261, granting a motion to reconsider a prior order finding that the plaintiff, a wheelchair-user, did not have Article III standing to bring a claim under the Americans with Disabilities Act (ADA) regarding moving up and down the non-compliant Cermak ramp at the Cook County Department of Corrections.

2. In *Walker*, the court held the plaintiff's sworn testimony "he has suffered physical injury such as uncontrollable muscle spasms and pain in his hands and shoulder from traversing the allegedly non-compliant ramp" is "sufficient evidence of an injury-in-fact" to establish Article III standing. Exhibit 1, *Walker v. Dart,* 2025 WL 2624577, at *3.

3. Defendants' memorandum in support of summary judgment asserts that neither plaintiff has standing. *See* Dkt. 141, Defendants' Memorandum at 9-12. The record evidence is that plaintiffs Hernandez and Mathis experienced similar harms traversing the non-compliant ramps and the *Walker* opinion is persuasive authority that each plaintiff has Article III standing.

4. Additionally, the *Walker* opinion is persuasive authority Article III standing is determined by the Court, not a jury as suggested by defendants. *See* Dkt. 141, Defendants' Memo at 17 ("The Court may not enter judgment in favor of Plaintiffs on any issue involving the ramps until any factual dispute regarding standing and this Court's jurisdiction is resolved by a jury.")

5. The *Walker* opinion had not yet been issued when plaintiffs filed their response in opposition to defendants' motion for summary judgment on September 7, 2025. *See* Dkt. 144.

6.  Class counsel shared a draft of this motion with defendants on September 16, 2025. Defendants oppose this motion and request until September 30, 2025, to file a response.

It is therefore respectfully requested that the Court grant leave for class counsel to supplement the summary judgment record with *Walker v. Dart*, 2025 WL 2624577 (N.D.Ill. Sept. 11, 2025) (Rowland, J.)

        Respectfully submitted,

/s/ Patrick Morrissey
   Thomas G. Morrissey, Ltd.
   10257 S. Western Ave.
   Chicago, IL 60643
   (773) 233-7901
   pwm@morrisseylawchicago.com

*an attorney for the plaintiff class*