2025 WL 2624577
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division,
EASTERN DIVISION.

CORNELIUS WALKER, Plaintiff,
v.
THOMAS DART, Sheriff of Cook County,
and COOK COUNTY, ILLINOIS, Defendants.

Case No. 20-cv-261
|
Filed: 09/11/2025

### MEMORANDUM OPINION AND ORDER

MARY M. ROWLAND United States District Judge

*1 Plaintiff Cornelius Walker, a detainee at Cook County Jail, brought this class action against Sheriff Thomas Dart and Cook County, Illinois, (collectively "Defendants"). Walker alleges violations of Section 202 of the Americans with Disabilities Act, 42 U.S.C. § 12132, Section 504 of the Rehabilitation Act, and 29 U.S.C. § 794(a). Before the Court is Plaintiff's motion for reconsideration of the Court's summary judgment order pursuant to Rule 59(e) and Plaintiff's motion for leave to supplement the motion for reconsideration. For the reasons stated below, Plaintiff's motions for reconsideration [251] and for leave to supplement the motion to reconsider [255] are granted.

### BACKGROUND

The Court assumes familiarity with, and incorporates by reference, its Memorandum Opinion and Order denying Plaintiff's motion for partial summary judgment and dismissal of the case for lack of jurisdiction. [249].

The Court previously denied the motion for summary judgment on Plaintiff's claims regarding the Cermak ramp. [249]. We found Plaintiff Walker failed to meet his burden of demonstrating he satisfies the elements of Article III standing, *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430–31 (2021), which, at the summary judgment stage of litigation, must be set forth by affidavit or other evidence of specific facts, *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 284 (7th Cir. 2020) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)) (internal quotations omitted). Plaintiff Walker now moves for reconsideration of the Court's prior Article III standing holding with a proposed supplemented record. Defendants oppose both motions.

### LEGAL STANDARDS

A motion to reconsider is appropriate "where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, [ ] where significant new facts have been discovered," *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013), or to prevent manifest injustice, *Cardenas v. City of Chicago*, 2010 WL 3547961, at *1 (N.D. Ill. Sept. 1, 2010); *Troy v. Kenard Corp.*, 1997 WL 12789, at *3 (N.D. Ill. Jan. 10, 1997) (collecting cases). Such circumstances are rare and the "party moving for reconsideration bears a heavy burden" to prove such problems exist. *Caine v. Burge*, 897 F.Supp.2d 714, 717 (N.D. Ill. 2012); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). The party moving for reconsideration must establish a manifest error of law or fact or present newly discovered evidence. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

### ANALYSIS

As an initial matter, Defendants oppose Plaintiff's motion for leave to supplement his motion to reconsider with factual statements ([255]). [269] at 7–9. Defendants argue a plaintiff may submit "newly discovered evidence" pursuant to Rule 59(e) only if the plaintiff "exercised due diligence in discovering it and, nevertheless, only discovered it post-judgment." *Id.* at 7 (quoting *Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021)). They assert all of the evidence with which Plaintiff seeks to supplement his motion was previously available to Plaintiff and thus should not be considered. *Id.* at 8. Although Walker's affidavit is not newly discovered evidence, the Court, in its discretion, grants Plaintiff's motion to supplement ([255]) and will consider Walker's sworn statements.[1] To bar Plaintiff's statements from which standing may be substantiated would create manifest injustice. *See Cardenas*, 2010 WL 3547961, at *1;

*Troy*, 1997 WL 12789, at *3. Thus, the Court turns to the merits of Plaintiff's motion for reconsideration supplemented with Plaintiff Walker's factual statement and affidavit.

**\*2** In support of reconsideration, Plaintiff argues the Court committed a manifest error of law by granting summary judgment independent of a motion under Rule 56(f). [251] at 2–4. Because Defendants did not move for summary judgment, Walker contends, Rule 56(f) requires the Court to give notice and a reasonable time to respond where the Court might grant summary judgment to a nonmovant or when granting summary judgment on grounds not raised by a party. *Id.* This argument is a nonstarter for several reasons. First, the Court did not grant summary judgment to a nonmovant or on grounds not raised by a party. Instead, the Court dismissed Plaintiff's case for lack of jurisdiction because Plaintiff did not show that he has Article III standing. [249] at 14. Second, standing is a jurisdictional defect that the Court must address *sua sponte* where necessary. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see Freedom From Religion Found., Inc. v. Nicholson*, 536 F.3d 730, 737 (7th Cir. 2008). Finally, Plaintiff had notice and opportunity to respond to Defendants' jurisdictional challenge. Furthermore, not only did Plaintiff have notice and opportunity, but Plaintiff also responded to Defendants' jurisdictional challenge. *See* [227] at 8–10; [245] at 2–6, 12–13.

Plaintiff also contends Defendants did not challenge Walker's standing to pursue injunctive relief.[2] [273] at 7. Indeed, Defendants did not explicitly challenge Walker's standing to pursue just injunctive relief. *See* [214]. However, during summary judgment briefing, Defendants persuaded the Court that Walker failed to establish that he had standing at the time he initiated the lawsuit to pursue *either* legal or injunctive relief. [249] at 14; *cf. Arreola v. Godinez*, 546 F.3d 788, 795 (7th Cir. 2008) ("In our view, it is best to confine the term 'standing' to the Article III inquiry and thus to keep it separate from the plaintiff's entitlement to relief."). With a supplemented record, this Court reconsiders whether Walker can satisfy his Article III burden to seek either legal or injunctive relief.

To establish Article III standing, Walker must show he "(1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021). In response to Plaintiff's motion for partial summary judgment, Defendants disputed the sufficiency of the evidence regarding whether Plaintiff suffered an injury in fact due to Defendants' challenged conduct, *i.e.*, the failure to repair the Cermak ramp. [241] at 7–11. As evidence of his concrete and particularized injury, Plaintiff Walker previously relied on a 2018 grievance stating he was "struggling up a hill [the Cermak ramp] and rolling down real fast with no assistance." [222-7] at 1. In the grievance, Walker identified the ramp as an issue ongoing over the prior three years when traveling back and forth to court and that he felt his "rights ha[d] been violated." The Court held this evidence alone was insufficient to satisfy Plaintiff's burden. [249] at 9.

Walker now attests that he suffered physical injury and pain as a result of traversing the purportedly non-complaint Cermak ramp. *See* [255-1] at 5–10 ("Walker Decl."). After a spinal cord injury in 2014 that caused Plaintiff to lose feeling below his chest, Walker has suffered from muscle spasms that cause his body to shake uncontrollably. Walker Decl. at ¶¶ 2–3. Certain movements trigger Walker's spasms, including rolling in his wheelchair. *Id.* ¶ 3. According to Walker, when he traverses ramps, he will at times hold onto the handrail or stop at a landing. *Id.* ¶¶ 6, 8. This allows Walker to control his speed, rest, and move safely up and down ramps. *Id.* While at Cook County Jail, Walker experienced muscle spasms while traversing the Cermak ramp and needed to hold onto a railing and pause at a landing, but there were no handrails installed or landings constructed. *Id.* ¶¶ 5, 7, 9–10. Without a handrail or landing to rest, Walker's muscle spasms were triggered and he shook uncontrollably. *Id.* ¶¶ 7, 10. Furthermore, Walker experienced pain in his shoulder from rolling up the ramp and pain in his hands from applying the brakes after accelerating down the ramp. *Id.* ¶¶ 11–12; [255-1] at Ex. 2, p. 8 (Walker Dep. Tr. 30:15–20).[3] On at least one occasion, Walker sought medical attention for burning pain in his hands and took medicine—Tylenol and a Lidocaine patch—after rolling down the ramp. Walker Dep. Tr. 31:11–32:14.

**\*3** Plaintiff Walker has satisfied his burden to establish he had Article III standing to pursue legal or injunctive relief at the time he filed this suit. *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir.2009) ("[W]hile a litigant need not definitively establish that a right of his has been infringed, he must have a colorable claim to such a right to satisfy Article III.") He has submitted evidence of an "injury in fact" that is traceable to the Cermak ramp and can be redressed by a lawsuit. "Tangible harms, like physical or monetary harms, 'readily qualify as concrete injuries.' " *Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1190 (7th Cir. 2021) (quoting *Ramirez*, 594 U.S. at

414). Here, Walker attests he has suffered physical injury such as uncontrollable muscle spasms and pain in his hands and shoulder from traversing the allegedly non-compliant ramp. This is sufficient evidence of an injury-in-fact. *See Gilbert v. TrueAccord Corp.*, 608 F. Supp. 3d 656, 664 (N.D. Ill. 2022) (finding evidence that the plaintiff was so angry "she began to shake" a sufficient concrete injury in fact for purposes of standing) (citing *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021)).

Accordingly, the Court grants Plaintiff Walker's motion for reconsideration to prevent manifest injustice. *See Cardenas*, 2010 WL 3547961, at *1; *Troy*, 1997 WL 12789, at *3; *cf. Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505 (7th Cir. 2016) ("During the course of litigation, however, district courts need no special authority to revisit their rulings; indeed, the purpose of contemporaneous objection rules is to allow them to fix problems promptly, thereby avoiding wasteful appeals.").

## CONCLUSION

For the stated reasons, Plaintiff's motions for reconsideration [251] and for leave to supplement the motion to reconsider [255] are granted.

ENTER:

**All Citations**

Slip Copy, 2025 WL 2624577

---

### Footnotes

1   Walker attaches a handwritten statement dated January 28, 2025 describing, in part, the physical pain he experienced using the ramp in question. [255-1] at Ex. 1, pp 5–10. He also attaches a deposition he gave on May 15, 2019, in a case entitled *Lacy v. Dart,* 14 C 6529 wherein he described the same physical injuries stemming from his use of the ramp. [255-1] at Ex. 2, p. 8 (Walker Dep. Tr. 30:15–20).

2   Plaintiff argues the Court previously found Walker has standing to pursue injunctive relief when it certified a Rule 23(b)(2) class. [273] at 4–9. Even if the Court found Walker had standing—which it did not—the Court is not prevented from reconsidering the question of standing. *See Flynn v. FCA US LLC*, 39 F.4th 946, 953 (7th Cir. 2022) ("[A] federal court's ongoing obligation to assure itself of its jurisdiction means that revisiting such matters is almost always on the table.").

3   Plaintiff Walker was deposed on May 15, 2019 by an attorney for Defendant Sheriff Dart in *Lacy v. Dart*, 14-cv-6529. The deposition was previously submitted to the Court in support of Plaintiff's motion to certify a Rule 23(b)(2) class. *See* [40-14]. Defendants are correct. It was not the Court's job to search the record and consider Plaintiff's testimony from this transcript, filed in May of 2020, when considering standing in January of 2025. [249].

---

End of Document                                                     © 2025 Thomson Reuters. No claim to original U.S. Government Works.