IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CUAUHTEMOC HERNANDEZ and WILLIAM MATHIS, | ) ) ) | |
| *Plaintiffs,* | ) ) ) | Case No. 23-cv-16970 |
| -vs- | ) ) ) | Judge Sunil R. Harjani Magistrate Judge Keri L. Holleb Hotaling |
| THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, | ) ) ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR LEAVE TO SUBMIT ADDITIONAL AUTHORITY**

Defendants, THOMAS DART, in his official capacity as Sheriff of Cook County, and COOK COUNTY, ILLINOIS, by their attorney EILEEN O'NEILL BURKE, State's Attorney of Cook County, through her Special Assistant State's Attorneys, JOHNSON & BELL, LTD., submit this Response to Plaintiffs' motion to provide additional authority. (Dkt. 155.)

**INTRODUCTION**

Plaintiffs seek to supplement the record on summary judgment with a recently issued district court opinion, *Walker v. Dart*, 2025 WL 2624577 (N.D. Ill. Sept. 11, 2025) (Rowland, J.). According to Plaintiffs, *Walker* supports their argument that they have Article III standing to pursue their ADA claims. Plaintiffs further contend that *Walker* demonstrates that Article III standing is a matter for the Court rather than a jury.

This Court should reject Plaintiffs' attempt to supplement the record for at least three reasons. First, *Walker* is not binding precedent and is factually distinguishable from the instant case. Second, Plaintiffs mischaracterize the role of a jury in resolving disputed facts that go to standing, and their reliance on *Walker* for this proposition is misplaced. Third, Plaintiffs' reliance

1

on *Walker* is improper because Federal Rule of Civil Procedure 56 does not provide for piecemeal supplementation of the record after briefing has closed.

**ARGUMENT**

**I.     The *Walker* Decision Is Not Binding and Offers No New Controlling Law.**

The district court's order in *Walker* is not binding on this Court. District court opinions, even from the same district, are not binding precedent. *See Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457 (7th Cir. 2005) (citing *Bank of America, N.A. v. Moglia*, 330 F.3d 942, 949 (7th Cir. 2003)). Further, *Walker* represents the decision of a single district judge based on a different record involving a differently situated plaintiff, a wheelchair user. Plaintiffs' claims here involve individuals using canes and crutches, not wheelchairs and thus present distinct factual issues.

In *Walker*, the plaintiff submitted sworn testimony describing uncontrollable muscle spasms and specific physical pain from traversing a single ramp. *Walker,* 2025 WL 2624577, at *3. By contrast, the record in this case lacks evidence of physical injury attributable to the ramps at issue. Plaintiffs Hernandez and Mathis describe general discomfort, but their testimony does not rise to the level of concrete injury documented in *Walker*.

Plaintiffs' attempt to equate their claims with *Walker* misstates the scope and applicability of that decision. A different district court judge ruling on a differently situated plaintiff complaining about different issues and alleging different injuries offers this Court nothing of note.

**II.    The *Walker* Opinion Does Not Alter the Standing Analysis in This Case.**

Plaintiffs also rely on *Walker* for the assertion that Article III standing is "determined by the Court, not a jury." (Pls.' Mot. ¶ 3, ECF No. 155.) But this misstates the law. It is well-established that where genuine issues of material fact exist as to standing, those issues must be tried by a jury. "[I]n a case . . . that proceeds to trial, the specific facts set forth by the plaintiff to

support standing 'must be supported adequately by the evidence adduced at trial.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotation marks omitted)).

This Court may not enter judgment in favor of Plaintiffs if a jury determines they lack standing because they did not suffer a concrete injury. *See FEC v. Salvi*, 205 F.3d 1015, 1019 (7th Cir. 2000) ("A judgment is void . . . where it is entered by the court without jurisdiction . . . ."); *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 725 (7th Cir. 2016) (concluding that the plaintiff lacked Article III standing, vacating judgment of the district court, and remanding with instructions to dismiss for lack of jurisdiction).

Plaintiffs Hernandez and Mathis have not demonstrated that they were denied access to programs or services, and their testimony of pain falls short of establishing concrete injury. The *Walker* court found standing based on sworn testimony that the plaintiff, a wheelchair user, experienced uncontrollable muscle spasms and shoulder pain directly attributable to the ramp. *Walker,* 2025 WL 2624577, at *3. Here, by contrast, neither Hernandez nor Mathis has identified any comparable injury, at most they describe general discomfort. *Walker* did not disregard precedent, instead it applied the established principle that concrete physical injury may suffice for Article III standing but the record here lacks that kind of injury evidence. Because no such injury is established here, Defendants' position—that factual disputes concerning Plaintiffs' alleged injuries must be resolved by a jury—is fully consistent with this authority. *Walker* does not alter this principle and does not bind this Court.

### III. Plaintiffs' Request Is Procedurally Improper and Prejudicial.

This Court set clear deadlines for briefing on Defendants' Motion for Summary Judgment, and Plaintiffs filed their response on September 7, 2025. (Pls.' Resp., ECF No. 144.) Those

deadlines ensured that both sides could address the record on equal footing without continual additions after briefing closed. Plaintiffs had a full opportunity in their September 7 filing to cite any available authority on Article III standing, but they failed to do so.

Allowing Plaintiffs to now insert supplemental authority after their briefing has concluded would undermine the orderly resolution of summary judgment. It would also prejudice Defendants by forcing them to prepare serial responses to shifting arguments, rather than litigating on a stable record. The Court in *Haynes* upheld the denial of a party's attempt to supplement the record after summary judgment briefing had ended. *Haynes v. Ind. Univ.*, 902 F.3d 724, 733 (7th Cir. 2018) (emphasizing that "it's not an excuse for belatedly asking to supplement the record with expert reports after summary-judgment briefing is complete"). Here, Plaintiffs' request to inject *Walker v. Dart* weeks after briefing closed for Plaintiffs is precisely the kind of piecemeal litigation the rules are designed to prevent.

Indeed, the untimeliness of Plaintiffs' supplement is only heightened by Sections I and II, above. It may be one thing if Plaintiffs could offer controlling U.S. Supreme Court or Seventh Circuit precedent that is directly on point or alters the legal landscape. But that is not the case. Plaintiffs simply seem to want the last word, or to distract from real problems with their case, or to burden the Court and Defendants with extra unnecessary briefing, or to act like the rules and briefing schedule designed to ensure fairness in the process do not apply to them. Any of those motives are prejudicial and should of course be rejected.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion for leave to submit additional authority.

EILEEN O'NEILL BURKE
State's Attorney of Cook County

Dated: September 24, 2025  /s/ Adnan Shafi
Special Assistant State's Attorney

Monica Burkoth (burkothm@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
Adnan Shafi (shafia@jbltd.com)
Nelson A. Aydelotte (aydelotten@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770