IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| William Mathis, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -vs- | ) | No. 24-cv-1127 |
| | ) | |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) ) ) ) | Judge Tharp, Jr. |
| | ) | |
| *Defendants.* | ) | |

## AMENDED COMPLAINT

Plaintiff William Mathis, by counsel, and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and the Illinois Civil Rights Remedies Restoration Act ("Restoration Act"), 775 ILCS 60/1 *et seq*. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. § 1367.

2. Plaintiff William Mathis is an inmate at the Cook County Department of Corrections assigned booking number 2023-0407079.

3. Defendant Thomas Dart is the Sheriff of Cook County. The Sheriff, under Illinois law, is responsible for all operations at the Cook County Department of Corrections. Plaintiff sues Dart in his official capacity only.

4. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating

Exhibit 2 Page 1

the needs of disabled prisoners remanded to the Sheriff of Cook County and is a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5. Cook County owns all buildings at the Cook County Department of Corrections. Cook County controls all funding for renovating county owned buildings.

6. Defendants Sheriff and Cook County have received federal funds since at least 1992. These funds have been used to construct capital projects at the Cook County Department of Corrections and to provide medical care, including drug treatment, to inmates.

7. Plaintiff is substantially limited in his ability to move from place to place and stand because of arthritis in the left knee. Plaintiff relies on a cane to move from place to place.

8. For several months plaintiff has been housed in the Jail's Residential Treatment Unit (RTU) and has been prescribed a cane by the Cook County Department of Corrections medical staff to move from place to place.

9. Construction of the RTU was completed in 2013. This building, based on the date of construction, is required to comply with the federal structural standards of the ADA.

10. While assigned to the RTU, plaintiff has been required to move up and down a steep ramp in the lower level of the RTU known as the "east tunnel." This ramp is shown below:



11. The total rise of this ramp is approximately 48 inches. Because the rise of this ramp is greater than 30 inches, it must have an intermediate landing that is at least 60 inches long.

12. The intermediate landing, however, is only 38 inches long and thus fails to comply with the applicable ADA standards.

13. Defendants Sheriff and Cook County know this ramp is not compliant with the ADA structural standards. In March of 2021, TJ Tyrrell, a general manager of Cook County's Department of Facilities Management, wrote an e-mail to leadership of Cook County and the Sheriff's Office identifying this ramp appeared to be out of compliance with the ADA.

14. Despite receiving this e-mail, defendants have failed to take reasonable steps to ensure this ramp is altered to comply with the applicable ADA standards.

Exhibit 2 Page 3

15. Defendants continue to direct mobility impaired inmates prescribed a crutch, cane, or walker to traverse this non-compliant RTU ramp.

16. Plaintiff, because of the physical barriers, is unable to traverse this ramp on the same basis as non-disabled basis. Plaintiff has experienced pain and discomfort traversing this non-compliant ramp.

17. Additionally, plaintiff Mathis is required to move up and down a steep and long ramp to attend medical appointments located in the lower level of Cermak.

18. This ramp was constructed after 1992 and must comply with the ADA accessibility standards.

19. Cook County hired Globetrotters Engineering Corporation in 2023 to analyze this ramp for compliance with applicable ADA standards.

20. On December 6, 2023, Globetrotters issued a report that the Cermak ramp does not comply with the ADA because the rise is approximately 32.4 inches and does not have an intermediate landing as required by applicable federal standards. Globetrotters also found the handrails on the ramp do not comply with applicable ADA standards because they are not continuous and do not extend a minimum 12 inches beyond the ramp.

21. Despite knowing this, defendants Sheriff and Cook County cause mobility impaired detainees, like plaintiff Mathis, to move up and down this non-compliant ramp.

22. The Cermak ramp structural barriers prevent plaintiff and similarly situated inmates from using the ramp similar to non-disabled inmates. In addition,

the plaintiff has suffered physical injuries, including pain, because the ramp is steep, lacks a landing area to rest, and lacks ADA compliant handrails.

23.  Plaintiff seeks damages individually and requests that the Court allow this case to proceed as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure for all individuals who traverse the RTU "east tunnel" ramp and the Cermak ramp with a cane, crutch, or walker.

24.  Plaintiff also requests that the Court certify a class pursuant to Rule 23(b)(3) for "all Cook County Jail detainees who have been assigned a cane, crutch, or walker to traverse the "east tunnel" ramp from February 13, 2022 to the date of entry of judgment" to resolve the issue, pursuant to Rule 23(c)(4), whether the "east tunnel" ramp complied with the structural standards required by the ADA and Rehabilitation Act between February 13, 2022 and the date of entry of judgment.

25.  The refusal of defendants to correct the obvious physical barriers and require mobility impaired detainees to move up and down these non-compliant ramps violates the rights of plaintiff and similarly situated inmates.

26.  Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that judgment be entered in favor of plaintiff for appropriate compensatory damages, including damages available under the Restoration Act, that the Court certify this case under Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that the Court grant whatsoever other relief may be appropriate, including an award of

attorney's fees and costs. In the event plaintiff is unable to demonstrate compensatory damages, plaintiff seeks an award of nominal damages.

          /s/ <u>Patrick W. Morrissey</u>
             ARDC No. 6309730
             Thomas G. Morrissey, Ltd.
             10257 S. Western Ave
             Chicago, Illinois 60643
             (773) 233-7901
             *Attorney for Plaintiff*