**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| CUAUHTEMOC HERNANDEZ and WILLIAM MATHIS, | ) ) ) | |
| *Plaintiffs,* | ) ) | Case No. 23-cv-16970 |
| -*vs*- | ) ) | Judge Sunil R. Harjani |
| THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, | ) ) ) | Magistrate Judge Keri L. Holleb Hotaling |
| *Defendants.* | ) ) | |

## DEFENDANTS' MOTION FOR LEAVE TO FILE FIRST AMENDED AFFIRMATIVE DEFENSES

Defendants, THOMAS J. DART, in his official capacity as Sheriff of Cook County, and COOK COUNTY, ILLINOIS, by their attorney EILEEN O'NEILL BURKE, State's Attorney of Cook County, through her Special Assistant State's Attorneys, JOHNSON & BELL, LTD., move this Honorable Court for entry of an order granting Defendants leave to file their first amended affirmative defenses. In support of this motion, Defendants state as follows:

1.      On December 13, 2024, Defendants filed their answers and affirmative defenses to Plaintiffs' amended consolidated complaint. (Cook County Ans., ECF No. 75; Dart Ans., ECF No. 76.) No deadline has been set for Defendants to amend their pleadings.

2.      Under Rule 15 of the Federal Rules of Civil Procedure, a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The rule takes a liberal approach to allowing amendments. *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). When a motion for leave to amend is filed before the deadline for amending pleadings, the party seeking leave is not required to show

good cause or excusable neglect. *See Adams v. City of Indianapolis*, 742 F.3d 720, 733–34 (7th Cir. 2014).

3.      The Supreme Court has explained that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

4.      Defendants' proposed amendment, attached as Exhibit A, adds affirmative defenses under the Tort Immunity Act (Nos. 7–10) and asserts that Plaintiffs may not recover damages for mental or emotional injuries without a physical injury (No. 6). Defendants are not seeking leave to amend their previously asserted affirmative defenses (Nos. 1–5).

5.      This motion is not brought in bad faith or for any improper purpose. Allowing Defendants to amend their affirmative defenses will not cause undue delay and will not prejudice Plaintiffs. In contrast, denying Defendants' request for leave to amend their affirmative defenses would greatly prejudice Defendants.

6.      Before filing this motion, Defendants conferred with Plaintiffs' counsel who advised that Plaintiffs oppose this motion. Plaintiffs request until December 29, 2025, to file a response. Defendants request until January 12, 2026, to file a reply.

WHEREFORE, Defendants, THOMAS J. DART, in his official capacity as Sheriff of Cook County, and COOK COUNTY, ILLINOIS, respectfully request that the Court enter an order granting them leave to file their first amended affirmative defenses.

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

Dated: December 17, 2025

/s/ *Samuel D. Branum*
Special Assistant State's Attorney

Monica Burkoth (burkothm@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
Adnan Shafi (shafia@jbltd.com)
Nelson A. Aydelotte (aydelotten@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770