IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CUAUHTEMOC HERNANDEZ and WILLIAM MATHIS, <br><br> *Plaintiffs,* <br><br> -vs- <br><br> THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, <br><br> *Defendants.* | ) ) ) ) ) ) Case No. 23-cv-16970 ) ) Judge Sunil R. Harjani ) Magistrate Judge Keri L. Holleb Hotaling ) ) ) ) |

**DEFENDANTS' FIRST AMENDED AFFIRMATIVE DEFENSES**

Defendants, THOMAS J. DART, in his official capacity as Sheriff of Cook County, and COOK COUNTY, ILLINOIS, by their attorney EILEEN O'NEILL BURKE, State's Attorney of Cook County, through her Special Assistant State's Attorneys, JOHNSON & BELL, LTD., for their first amended affirmative defenses, state as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to Exhaust Administrative Remedies)**

1. The Prison Litigation Reform Act (PLRA) provides that "no action shall be brought . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

2. Plaintiffs were at all relevant times and the date of filing, prisoners, therefore subject to the PLRA.

3. To the extent it is revealed that Plaintiffs did not properly exhaust their administrative remedies as required by the PLRA, Defendants are not liable for damages therefrom.

1

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

4. Plaintiffs were required to take reasonable measures to mitigate their alleged injuries and damages.

5. To the extent it is revealed that Plaintiffs failed to take reasonable measures to mitigate their alleged injuries and damages, those facts shall be presented to preclude or reduce recovery for Plaintiffs by application of the principle that Plaintiffs have a duty to mitigate their damages.

**THIRD AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

6. Claims arising under the Americans with Disabilities Act (ADA) and the Rehabilitation Act must be brought within two years of the alleged violation.

7. To the extent that Plaintiffs' claims in their complaint are barred by applicable statutes of limitations to claims arising under the ADA and the Rehabilitation Act, those facts shall be presented to preclude or reduce recovery for Plaintiffs. *See, e.g.*, *Bonnstetter v. City of Chi.*, 811 F.3d 969, 974 (7th Cir. 2016); *Rutledge v. Illinois Dep't of Human Servs.*, 785 F.3d 258, 260 (7th Cir. 2015) (citing *Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 n.5 (7th Cir. 2000)).

**FOURTH AFFIRMATIVE DEFENSE**
**(No Punitive or Liquidated Damages Under ADA or Rehabilitation Act)**

8. Punitive damages are not available under the Americans with Disabilities Act. *See Barnes v. Gorman*, 536 U.S. 181 (2002).

9. Thus, to the extent that Plaintiffs seek punitive damages in this action, such is not available under the ADA. *See Barnes v. Gorman*, 536 U.S. 181 (2002).

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

10. To the extent it is revealed that Plaintiffs did not properly exhaust their administrative remedies as required by the ADA, 42 U.S.C. § 12117(a), et seq, Defendants are not liable for damages therefrom.

### SIXTH AFFIRMATIVE DEFENSE
### (Mental or Emotional Injury)

11. The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e).

12. Plaintiffs did not sustain a physical injury as required by Section 1997e(e). *Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006).

13. To the extent Plaintiffs seek damages for mental or emotional injury, their claim is barred because they cannot show physical injury as required by Section 1997e(e) of the PLRA.

### SEVENTH AFFIRMATIVE DEFENSE
### (Illinois Tort Immunity Act: 745 ILCS 10/4-103)

14. Section 4-103 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") provides that:

> (a) Neither a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein. Nothing in this Section requires the periodic inspection of prisoners.

745 ILCS 10/4-103.

15. This provision shields local public entities, including Defendants, from state law liability. *See Dunn v. County of Will*, 2019 U.S. Dist. LEXIS 73917, at *13 (N.D. Ill. May 2, 2019) (citing *Schneider v. County of Will*, 528 Fed. Appx. 590 (7th Cir. 2013)).

16. Plaintiffs' claims involve an alleged failure by Defendants to provide a safe and reasonably sufficient facility for Plaintiffs (i.e., allegations that the Cook County Department of Corrections (CCDOC) has ramps that are steep, lack landing areas, and lack handrails). This amounts to a claim that CCDOC does not have sufficient equipment or facilities.

17. Therefore, Defendants are immune from suit with respect to Plaintiffs' state law claims.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Illinois Tort Immunity Act: 745 ILCS 10/2-109)**

18. Under Section 2-109 of the Tort Immunity Act, "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109.

19. Generally, there is no personal liability under Title II of the ADA or the Rehabilitation Act. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. #303*, 783 F.3d 634, 644 (7th Cir. 2015); *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012).

20. Plaintiffs do not allege any claims against an individual defendant.

21. Because an employee cannot be held liable under Title II of the ADA or the Rehabilitation Act, and because the Tort Immunity Act grants immunity to local public entities where an employee is not liable, the Tort Immunity Act shields Defendants from liability under Plaintiffs' state law claims for injuries resulting from a violation of the ADA and Rehabilitation Act.

### NINTH AFFIRMATIVE DEFENSE
### (Illinois Tort Immunity Act: 745 ILCS 10/2-202)

22. Section 2-202 of the Tort Immunity Act protects Illinois governmental workers and entities from liability for acts of negligence. 745 ILCS 10/2-202. A municipality in Illinois is liable only for the willful and wanton acts of its employees. *Gordon v. Degelmann*, 29 F.3d 295, 299 (7th Cir. 1994) (citing 745 ILCS 10/2-202).

23. The Tort Immunity Act defines willful and wanton conduct as "a course of action which shows an actual or deliberate intention to cause harm, or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." *Sparks v. Starks*, 367 Ill. App. 3d 834, 838 (1st Dist. 2006) (internal quotations omitted).

24. Plaintiffs cannot show willful and wanton conduct on the part of Defendants, and any liability for acts of negligence is protected by the Tort Immunity Act.

### TENTH AFFIRMATIVE DEFENSE
### (Illinois Tort Immunity Act: 745 ILCS 10/3-103)

25. Section 3-103 of the Tort Immunity Act provides that:

> (a) A local public entity is not liable under this Article for an injury caused by the adoption of a plan or design of a construction of, or an improvement to public property where the plan or design has been approved in advance of the construction or improvement by the legislative body of such entity or by some other body or employee exercising discretionary authority to give such approval or where such plan or design is prepared in conformity with standards previously so approved. The local public entity is liable, however, if after the execution of such plan or design it appears from its use that it has created a condition that it is not reasonably safe.
>
> (b) A public employee is not liable under this Article for an injury caused by the adoption of a plan or design of a construction of, or an improvement to public property.

745 ILCS 10/3-103.

26. To the extent Plaintiffs seek to recover for injuries "caused by the adoption of a plan or design of a construction of, or an improvement to public property where the plan or design has been approved in advance of the construction" by Defendants or its employees "exercising discretionary authority to give such approval or where such plan or design is prepared in conformity with standards previously so approved," Defendants are immune from suit.

### ADDITIONAL AFFIRMATIVE DEFENSES

27. Defendants reserve their right to assert other affirmative defenses as they become known through further discovery or otherwise in this action.

WHEREFORE, based on the foregoing, Defendants, THOMAS J. DART, in his official capacity as Sheriff of Cook County, and COOK COUNTY, ILLINOIS, deny that Plaintiffs and class members are entitled to any relief, including but not limited to damages, injunctive relief, costs, attorney's fees, or other relief. Defendants pray that this Honorable Court grant judgment in their favor and against Plaintiffs on all aspects of their complaint and further request that this Honorable Court award Defendants fees, costs, and such other relief that this Court deems just and appropriate.

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

/s/ *Samuel D. Branum*
Special Assistant State's Attorney

Monica Burkoth (burkothm@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
Adnan Shafi (shafia@jbltd.com)
Nelson A. Aydelotte (aydelotten@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770