IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cuauhtemoc Hernandez, et al., ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | 23-cv-16970 |
| -vs- ) | |
| ) | Judge Harjani |
| Thomas Dart, Sheriff of Cook ) | |
| County, and Cook County, Illinois, ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE FIRST AMENDED AFFIRMATIVE DEFENSES, DKT. 168**

Plaintiffs, by counsel, respond to defendants' motion to file their first amended affirmative defenses as follows:

1. On August 18, 2025, Defendants Dart and Cook County moved for summary judgment. Dkt. 138, Motion. Defendants' memorandum recited the summary judgment standard as the "proverbial put up or shut up moment in a lawsuit." Dkt. 141, Memorandum 7.

2. Defendants now seek leave to assert five new affirmative defenses (Nos. 6-10), primarily relating to the Tort Immunity Act. *See* Dkt. 168, Motion ¶ 4.

3. The Court should deny defendants' motion due to undue delay. Defendants have been aware of the potential applicability of affirmative defenses under the Illinois Tort Immunity Act for more than one year and were expressly instructed by the Court on November 13, 2024, to raise any such affirmative defenses after the close of discovery. *See* Dkt. 70, Order at 2. Despite that instruction, defendants waited until after summary judgment was fully briefed –

on October 6, 2025, *see* Dkt. 159, Defs. Reply – to seek leave to assert these defenses. Allowing defendants to raise new affirmative defenses at this late stage would be patently unfair and prejudicial. Courts in this Circuit routinely deny leave to amend under similar circumstances. *See Feldman v. American Memorial Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999) (affirming denial of motion to amend based on five-month delay after discovering the facts that allegedly necessitated the amendment); *Johnson v. Cypress Hill*, 641 F.3d 867, 872-73 (7th Cir. 2011) (denying motion for leave to file a second amended complaint after the filing of motion for summary judgment); *Venters v. City of Delphi*, 123 F.3d 956, 968 (7th Cir. 1997) (denying motion for leave to add affirmative defense where defendants' first and only mention of the defense was in their reply memorandum in support of motion for summary judgment).

4. In addition to undue delay, allowing the proposed amendment would cause undue prejudice to plaintiffs. Summary judgment is fully briefed, and – critically – the parties did not litigate the applicability of the Illinois Tort Immunity Act during discovery. Defendants have not identified any witnesses or documents that would support these proposed affirmative defenses, and plaintiffs' counsel therefore did not pursue discovery relating to the Tort Immunity Act. Permitting defendants to inject these defenses at this late stage would fundamentally alter the posture of the case after discovery has closed, and dispositive briefing is complete. As the Seventh Circuit explained in *Johnson* when affirming the denial of leave to amend, "there must be a point at which a [party] makes a commitment to the theory of [his] case" and the plaintiff's "request to change his claims on the

eve of summary judgment is exactly the sort of switcheroo we have counseled against." *Johnson*, 641 F.3d at 873.

5. Additionally, defendants' motion – aside from reciting boilerplate language regarding the standard for permitting an amendment, *see* Dkt. 168, Motion ¶ 5 – fails to advance any specific facts supporting the requested relief. Defendants do not, for example, explain why they took no action to seek leave to assert these additional affirmative defenses prior to moving for summary judgment. Moreover, in advance of a phone conferral regarding defendants' proposed motion, plaintiffs' counsel requested information concerning the evidence defendants contend supports these proposed affirmative defenses and how defendants intend to apply them given that the parties' cross-motions for summary judgment are fully briefed. *See* Exhibit 1 at 1-2, P.Morrissey e-mail sent 12/15/2025. The parties thereafter conferred by telephone on December 17, 2025. *See* Exhibit 1 at 1, P.Morrissey e-mail sent 12/17/2025. Defendants' motion is silent as to these serious concerns raised by plaintiffs' counsel.

6. Finally, defendants seek to reassert all of their original affirmative defenses, including duplicative defenses that lack any factual or legal basis. For example, proposes Affirmative Defenses Nos. 1 and 5 assert the identical contention that each plaintiff failed to exhaust available administrative remedies. *See* Dkt. 168-1 at 1, 3, Proposed Affirmative Defenses Nos. 1 and 5. These duplicative defenses are inapplicable here. Plaintiff Mathis exhausted his available administrative remedies (and defendants never raised this at summary judgment), and plaintiff Hernandez was not in custody when this case was filed,

so this requirement does not apply to him. *See Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998).

7. Affirmative defenses must set forth in "short and plain statements," *see* Fed. R. Civ. P. 8(a), and include facts supporting "all material elements" of the affirmative defense asserted. *MAN Roland Inc. v. Quantum Color Corp.*, 57 F.Supp.2d 576, 578 (N.D. Ill. 1999). "Defendants cannot simply recite a laundry list of Rule 8(c)(1) affirmative defenses without indicating in any way how they may be tied to the facts of this case." *Pietrzycki v. Heights Tower Serv. Inc.*, 2015 WL 688510, at *3 (N.D. Ill. 2015). Defendants, by seeking to reassert boilerplate affirmative defendants without any factual basis, is another basis to deny the motion due to the futility of the amendment.

It is therefore respectfully requested that the Court deny defendants' motion for leave to file their first amended affirmative defenses.

Respectfully submitted,

/s/ Patrick Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773) 233-7901
pwm@morrisseylawchicago.com
*an attorney for the plaintiff class*