IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CUAUHTEMOC HERNANDEZ and WILLIAM MATHIS, <br><br>*Plaintiffs,* <br><br>-*vs*- <br><br>THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, <br><br>*Defendants.* | Case No. 23-cv-16970 <br><br> Judge Sunil R. Harjani <br> Magistrate Judge Keri L. Holleb Hotaling |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE
TO FILE FIRST AMENDED AFFIRMATIVE DEFENSES**

Defendants, THOMAS J. DART, in his official capacity as Sheriff of Cook County, and COOK COUNTY, ILLINOIS, by their attorney EILEEN O'NEILL BURKE, State's Attorney of Cook County, through her Special Assistant State's Attorneys, JOHNSON & BELL, LTD., submit the following reply brief in support of their motion for leave to amend their affirmative defenses:

1. Defendants seek leave to amend their affirmative defenses to include defenses related to the Tort Immunity Act that were raised in Defendants' motion to dismiss. Defendants are not seeking leave to amend their previously asserted affirmative defenses. Plaintiffs oppose this request, primarily arguing undue delay and prejudice. However, as demonstrated below, the liberal amendment standard under Rule 15 favors granting Defendants' motion.

2. Federal Rule of Civil Procedure 15(a)(2) explicitly provides that courts "should freely give leave [to amend] when justice so requires." This liberal amendment standard reflects the federal policy favoring resolution of cases on their merits rather than on procedural technicalities. The rule's permissive language creates a presumption in favor of granting leave to amend.

1

3. In *Blaney v. United States*, 34 F.3d 509, 512 (7th Cir. 1994), the Seventh Circuit held that the defendants did not waive an affirmative defense not pleaded in their answer because "the defendants raised the issue in their motion to dismiss." As the Seventh Circuit pointed out, when defendants "argue an affirmative defense in the district court, technical failure to plead the defense is not fatal." *Id.* (quoting *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 334 (7th Cir. 1987)).

4. Likewise, Defendants raised affirmative defenses under the Tort Immunity Act in their motion to dismiss. (Mot. to Dismiss at 10–14, ECF No. 54.) There is no dispute that Plaintiffs have been aware of these affirmative defenses since October 2024 when Plaintiffs responded to Defendants' affirmative defenses in their response to the motion to dismiss. (Resp. to Mot. to Dismiss at 7–9, ECF No. 57.)

5. In ruling on the motion to dismiss, the Court permitted Defendants to reassert its affirmative defenses "at a later time." (Order at 2, ECF No. 70.) Defendants intend to argue these affirmative defenses at trial. Defendants seek to formally amend their answer to conform the responsive pleading to the affirmative defenses raised in their motion to dismiss. *See Jackson v. Rockford Hous. Auth.*, 213 F.3d 389, 393 (7th Cir. 2000) (affirming district court's decision to allow defendant to amend its answer on summary judgment to add affirmative defenses the plaintiff knew about where "no trial date had been set"); *Garofalo v. Village of Hazel Crest*, 754 F.3d 428, 437 (7th Cir. 2014) (affirming district court's decision to allow defendant to amend its answer on summary judgment, in part, because "the district court addressed this defense from the outset of the case").

6. Plaintiffs' primary argument against amendment is alleged undue delay. Plaintiffs argue that Defendants seek leave to raise "new affirmative defenses" and that Defendants were

"expressly instructed by the Court" to amend their answer after the close of discovery. (Pl.'s Resp. ¶ 3, ECF No. 170.) Both arguments are unsupported by the record.

7. First, the affirmative defenses are not "new" because they were raised in Defendants' motion to dismiss. (Mot. to Dismiss at 10–14.) Second, Plaintiffs' suggestion that the Court expressly ordered Defendants to formally amend their answer after the close of discovery is incorrect. The last sentence in the Court's order, which Plaintiffs appear to be relying on, states: "The motion on this basis [affirmative defenses] is denied without prejudice to defendants' raising it at a later time after the close of discovery." (Order at 2.) The reason the Court permitted Defendants to re-raise their affirmative defenses after the close of discovery is because "plaintiffs generally need not anticipate and overcome affirmative defenses in their complaint." (*Id.*)

8. Plaintiffs have been aware of Defendants' affirmative defenses because Defendants raised those affirmative defenses in their motion to dismiss. The timing of Defendants' motion for leave to amend does not constitute undue delay sufficient to overcome the liberal amendment standard.

9. Plaintiffs' claims of prejudice are similarly overstated. Plaintiffs do not identify any evidence they were unable to obtain in discovery to rebut Defendants' affirmative defenses. The proposed affirmative defenses do not introduce new factual theories. Rather, the affirmative defenses are based on the same evidence Plaintiffs must present in their case in chief at trial.

10. For example, Plaintiffs allege that the Cook County Department of Corrections (CCDOC) has ramps that are steep, lack landing areas, and lack handrails. Defendants' seventh affirmative defense is based on the fact that these allegations amount to a claim that CCDOC does not have sufficient equipment or facilities. Similarly, Plaintiffs must prove deliberate indifference to seek money damages, and Defendants' ninth affirmative defense is based on Plaintiffs inability

3

to present evidence of willful and wanton conduct. Even if the standard is not identical, the evidence, or lack thereof, would be the same.

11. Plaintiffs have not identified any evidence they were precluded from obtaining in discovery that would prejudice them if Defendants are permitted to amend their affirmative defenses. The underlying evidence regarding the ramps, Defendants' knowledge and actions, and Plaintiffs' alleged injuries is the same, regardless of whether it may be used to support Plaintiffs' case in chief or Defendants' affirmative defenses. In short, Plaintiffs will not be prejudiced if Defendants are granted leave to amend their affirmative defenses.

12. Plaintiffs also argue that Defendants submit "boilerplate" affirmative defenses without advancing "any specific facts." (Pl.'s Resp. ¶ 5.) Plaintiffs misread Defendants' affirmative defenses and misread Rule 8's notice pleading standard.

13. Rule 8 permits Defendants to state their affirmative defenses in "short and plain terms." Fed. R. Civ. P. 8(b)(1)(A). Defendants' proposed amended affirmative defenses satisfy this standard by clearly identifying the legal and factual bases for each defense. The fact that the affirmative defenses do not list "the evidence defendants contend supports these proposed affirmative defenses and how defendants intend to apply them" (Pl.'s Resp. ¶ 5) does not render the affirmative defenses deficient. Defendants pleaded in "short and plain terms" the legal and factual bases for each affirmative defense, which is all that Rule 8 requires.

14. The fundamental question under Rule 15 is whether justice requires granting leave to amend. Fed. R. Civ. P. 15. In this case, justice favors allowing Defendants to present all available defenses. Denying leave would potentially deprive Defendants of valid legal defenses based solely on procedural technicalities, contrary to the spirit of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants, THOMAS J. DART, in his official capacity as Sheriff of Cook County, and COOK COUNTY, ILLINOIS, respectfully request that the Court enter an order granting them leave to file their first amended affirmative defenses.

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

Dated: January 12, 2026

/s/ *Samuel D. Branum*
Special Assistant State's Attorney

Monica Burkoth (burkothm@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
Adnan Shafi (shafia@jbltd.com)
Nelson A. Aydelotte (aydelotten@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770