**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CUAUHTEMOC HERNANDEZ and WILLIAM MATHIS, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | Case No. 23-cv-16970 |
| *-vs-* | ) | |
| | ) | Honorable Sunil R. Harjani |
| THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFFS' OPPOSED MOTION FOR APPROVAL OF CLASS NOTICE AND SHIFT COST OF CLASS NOTICE TO DEFENDANTS**

Plaintiffs Cuauhtemoc Hernandez and William Mathis, as class representatives of the Rule 23(b)(3) classes, request that the Court approve class notice in accordance with Rule 23(d)(1)(B) and that the Court order defendants to pay for the cost of notice.

Grounds for this motion are as follows:

**1. Background**

On June 3, 2025, the Court approved class notice and set August 25, 2025 as the deadline to opt out. Dkt. 120, Minute entry. This notice explains "if you are a member of a class, you may be eligible to seek money damages if the class prevails" and that class members "will not have any obligation to pay for legal services to class counsel except out of any award as the Court may order." Exhibit 1 at 2, Approved Class Notice from 2025.

On February 4, 2026, the Court ruled in favor of both classes on the issues certified under Rule 23(c)(4). Dkt. 175, Memorandum Opinion and Order. Pursuant to Rule 23(d)(1)(B), members of the classes should be provided notice of this ruling and the next steps in the litigation.[1]

The Seventh Circuit has made clear that "it is not uncommon for class actions to have a 'final phase' for class members to submit individualized proof of a claim." *Svoboda v. Amazon.com Inc.*, 2025 WL 4632107, at *6 (7th Cir. Mar. 6, 2026, as amended). This approach is consistent with prior rulings involving classes certified under Rule 23(b)(3) to resolve issues under Rule 23(c)(4). In *Walker v. Dart,* for example, the district court explained that separate damage proceedings may be appropriate to resolve individual damages after common issues are decided on a classwide basis:

> Defendants are also correct that the class members may have different damages (Dkt. 137 at 2), but again *Bennett II* instructs that those can be resolved by individual damages determinations. *Id.*; *see also Bulter v. Sears, Roebuck & Co.*, 727 F.3d 800 (7th Cir. 2013) ("[A] class action limited to determining liability on a class-wide basis, with separate hearing to determine – if liability is established – the damages of individual class members, or homogenous groups of class members, is permitted by Rule 23(c)(4) and will often be the sensible way to proceed."); *Otero v. Dart*, 306 F.R.D. 197, 207 (N.D. Ill. 2014) ("Even if damages vary among class members, the Court may hold separate liability and damages trials or appoint a magistrate judge to preside over individual damages proceedings.").

Exhibit 2, *Walker v. Dart*, 20-cv-261, Dkt. 159 Order at 3-4; Exhibit 3, *Westmoreland v. Dart*, 23-cv-1851, Dkt. 123, Order at 9-10 (same); Exhibit 12, *Craig v. Hughes*, 23-cv-2993, Dkt. 85 Order at 3 (same); Exhibit 4, *Harris v. Medical Transportation Management, Inc*., 17-cv-1371, Dkt. 254, Memorandum Opinion and Order, (D.C. Cir. Apr. 11, 2025), at 1-2 (granting partial summary judgment to Rule 23(c)(4) issue class); Exhibit 5, *Harris v. Medical Transportation Management, Inc*., 17-cv-1371, Dkt. 262, Order, (D.C. Cir. May 19, 2025) (following grant of partial summary

---

[1] While Class Counsel believes the parties should engage in settlement—either with assistance of the Court, a Magistrate Judge, or a third-party mediator—defense counsel explained during an in-person conferral on March 12, 2026, that defendants are not interested in settlement.

judgment to the Rule 23(c)(4) issue class, class counsel was directed to file a motion seeking leave for the class members to intervene in the lawsuit); *Cunningham v. Multnomah County*, 2015 WL 274187, at *8 (D. Or. 2015) (certifying an issue class explaining if plaintiff "received a favorable decision regarding the issues covered by the class, there is nothing in the record to suggest there would be an overwhelming number of individual actions left to adjudicate").

In *Scott v. Dart*, 99 F.4th 1076 (7th Cir. 2024), the Seventh Circuit explained a class action is often superior to individual actions because "where a common issue exists such that its resolution is unlikely to be enhanced by repeated proceedings, . . . it makes good sense, especially when the class is . . . large, to resolve that issue in one fell swoop while leaving the remaining, claimant-specific issues to individual follow-on proceedings." *Scott*, 99 F.4th at 1092 (cleaned up); *see also Kidd v. Pappas*, Case No. 22-cv-7061, 2025 WL 1865983, at *17-18 (N.D. Ill. July 7, 2025) (Kennelly, J.) (granting Rule 23(b)(3) certification, and, in the alternative certifying a Rule 23(b)(3) class to resolve two issues under Rule 23(c)(4), and citing *Scott* for proposition a class action is superior where many common issues of law or fact exist even if there must be claimant-specific issues to be decided on "individual follow-on proceedings" because, in the alternative, "potentially over 1,700 sperate lawsuits all challenging Cook County's tax sale procedure, is wasteful in comparison").

### 2. Class Counsel's proposed notices

Two separate notices should be disseminated to the class. The first notice should be directed to individuals who received class notice in 2025 and did not opt out of this class action. The second notice should be directed to individuals who used the ramps after April 23, 2025, the cutoff date for compiling data for the first round of notice. These individuals have not received

notice. The need for two distinct notices arises from the differing procedural postures and rights of these two groups, as explained below.

### a. *Notice for individuals who received notice in 2025*

On June 3, 2025, the Court approved dissemination of class notice by First-Class U.S. Mail. *See* Dkt. 120, Minute entry. Pursuant to that order, notice was sent to 1,253 putative class members for the period from December 20, 2021 through April 23, 2025. Only two individuals opted out of the class action. As a result, 1,251 individuals comprise the certified classes for that period.

All class members should receive notice of the "final phase" of this litigation, during which they may submit individualized proof of claim for damages. Class Counsel proposes that class members be given 120 days to return a postcard to Class Counsel electing to proceed with this phase. A postcard with prepaid postage provides an efficient method for class members – many of whom are incarcerated – to participate. A proposed form of notice for these individuals is attached as Exhibit 6.

A nearly identical process was discussed during a status hearing on February 4, 2026, in *Walker v. Dart*, Case No. 20-cv-261. During that hearing, the court indicated that it makes sense to "get a notice out because I want to get my arms around how many plaintiffs we are talking about here." *See Walker v. Dart*, Case No. 20-cv-261, Dkt. 316, Transcript from 2/4/2026 Hearing at 22:7-9.[2] The court also expressed disagreement with defendants' interpretation of the Seventh Circuit's decision in *Bennett* that class members must file independent cases to seek damages. *Id.* at 22:14-19 (stating, "I don't see the *Bennett* court saying you then have to have the members of the class, however many there are, file independent cases").

---

[2] Class Counsel does not include this transcript as an exhibit because the release of transcript restriction is May 7, 2026.

**b. *Notice for individuals who did not receive notice in 2025***

Defendants have not produced updated lists identifying additional class members who used the ramps after April 23, 2025, and who therefore have not received notice or an opportunity to opt out of this class action. Defendants should be ordered to produce this updated information so that these individuals can receive separate notice advising them of their right to participate in this class action, including the "final phase" of the litigation during which class members may submit individualized proof of claim for damages. A proposed form of notice for these individuals is attached as Exhibit 7.

**3. Class Counsel's objections to defendants' proposed notice**

On March 12, 2025, defense counsel provided two proposed notices to Class Counsel. Exhibit 8, S.Branum e-mail sent 3/12/2026. One proposed notice is directed to individuals who previously received notice. Exhibit 9, Defendants' Proposed Notice for Class Members Already Notified in 2025. This notice contains conflicting information. On one hand, it states that "[t]here is a possibility that a jury could find against Mr. Hernandez or Mr. Mathis and there is a possibility that the case could be dismissed for lack of subject matter jurisdiction." *Id.* At the same time, the notice states that, following this notice, class members will receive "additional notice at the conclusion of this case to inform you of the outcome." *Id.* The notice further provides that "[a]s a member of the class you may file an individual lawsuit if you would like to purse damages based on the Court's ruling on the Cermak ramp and the RTU east tunnel ramp." *Id.*

The second proposed notice – directed to individuals who did not receive the earlier notice because they used the ramps after April 23, 2025 – is substantially the same, with the additional statement that those individuals have the right to opt out of the case. Exhibit 10, Defendants' Proposed Notice for New Class Members.

Defendants' proposed notices fail to provide class members with meaningful guidance on how to pursue damages. The notices do not identify a deadline for filing an action, specify the court in which such an action should be filed, or otherwise explain what steps a class member must take to seek relief. Moreover, the proposed notices are inconsistent with the notice approved by the Court in 2025, which informed class members that this class action provides a vehicle for pursing damages and that Class Counsel has been appointed to asst them in pursing those claims. *See* Exhibit 1, Notice Approved in 2025.

Class Counsel believes defendants' vague suggestion – that class members must secure counsel, initiate individual lawsuits, pay filing fees, and have their cases randomly assigned to judges– is unworkable and fundamentally contrary to the purpose of a class action. Class actions exist to "facilitate relief where claimants cannot or will not sue individually." *Svoboda*, 2025 WL 4632107, at *8 (citing *Amchem Products Inc. v. Windsor*, 521 U.S. 591, 616-17 (1997)); *Mullins v. Direct Digital LLC*, 795 F.3d 654, 658 (7th Cir. 2015) (same). Such barriers often include the inability to obtain counsel and the burdens of complex and costly litigation. *Svoboda*, 2025 WL 4632107, at *8.

Defendants' proposal would require class members – many of whom face precisely these barriers – to navigate litigation in multiple courts unfamiliar with this case. This approach neither promotes judicial economy nor efficiency and instead erects substantial obstacles to meaningful relief for class members.

### 4. Defendants should pay the cost of class notice

Class Counsel requests that the Court order defendants to bear the cost of sending notice to the class now that the Court has granted summary judgment in favor of each Rule 23(b)(3) class.

Defendants oppose this request and contend that Class Counsel should continue to bear the expense of providing notice to class members.[3]

In *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 178 (1974), the Supreme Court explained the "usual rule is that a plaintiff must initially bear the cost of notice to the class." That rule, however, does not control this case. Here, Class Counsel *did* bear the cost of initial notice approved by the Court on June 3, 2025. Dkt. 120, Minute entry. This present dispute concerns a subsequent notice following summary judgment in favor of the Rule 23(b)(3) classes.

*Bakov v. Consolidated World Travel, Inc.*, 68 F.4th 1053 (7th Cir. 2023), supports shifting notice costs where the plaintiff class has prevailed. As *Bakov* explains, district courts retain discretion to allocate notice costs, particularly where liability has been established. *Id.* at 1059-60 (citing *Fournigault v. Independence One Mortg. Corp.*, 242 F.R.D. 486, 490 (N.D.Ill. 2007) (finding that, because plaintiffs were entitled to summary judgment on the merits, "circumstances exist which justify the exceptional requirement of Defendant bearing the cost of notice")). In *Hunt v. Imperial Merchant Services, Inc.*, 560 F.3d 1137, 1143 (9th Cir. 2009), the Nineth Circuit cited district court authority and quoted *Newburg on Class Actions* for the general principle that "'interim litigation costs, including class notice, may be shifted to defendant after plaintiff's showing of some success on the merits, whether by preliminary injunction, partial summary judgment, or other procedure.'" 560 F.3d at 1143 (citing 3 William B. Rubenstein, Alba Conte, and Herbert B. Newburg, *Newburg on Class Actions* § 8:6 (4th ed. 2007)).

---

[3] Class Counsel has not obtained an estimate from Atticus Administration, the claims administrator who sent the first notice in 2025, because defendants have not supplemented the class list with approximately 11 months of additional class members. In *Walker*, Atticus Administration estimated cost to send notice to 811 individuals to be $24,235. Exhibit 11, Atticus Administration Estimate in *Walker* prepared 12/23/2025. Notice here is expected to be more expensive because there are several hundred additional class members.

Additionally, as the Seventh Circuit emphasized in *Bakov*, "[t]he fact that the district court's liability determination may be reversed on appeal does not affect" the propriety of shifting notice costs to defendants. 68 F.4th at 1059.

Finally, consistent with *Palmer v. City of Chicago*, 806 F.2d 1316 (7th Cir. 1986), Class Counsel is prepared to execute an undertaking promising to personally repay any notice costs shifted to defendants if the Seventh Circuit reverses the grant of summary judgment. Class Counsel can also submit financial documentation for an in-camera review to demonstrate the ability to repay such costs. These safeguards obviate any need for a bond.

## 5. Conclusion

It is therefore respectfully requested that the Court approve the notices proposed by Class Counsel and attached as Exhibits 6 and 7. Class Counsel also requests that the Court order defendants to bear the cost of class notice.

<div style="margin-left:40%">

Respectfully submitted,

/s/  <u>Patrick W. Morrissey</u>

Thomas G. Morrissey
Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773) 233-7901

*Attorneys for the plaintiff class*

</div>