**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CUAUHTEMOC HERNANDEZ and WILLIAM MATHIS, | ) ) ) | |
| *Plaintiffs,* | ) ) ) | Case No. 23-cv-16970 |
| -*vs*- | ) ) | Judge Sunil R. Harjani |
| THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, | ) ) ) | Magistrate Judge Keri L. Holleb Hotaling |
| *Defendants.* | ) ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR APPROVAL
OF CLASS NOTICE AND TO SHIFT COSTS TO DEFENDANTS**

Defendants, THOMAS J. DART, in his official capacity as Sheriff of Cook County, and COOK COUNTY, ILLINOIS, by their attorney EILEEN O'NEILL BURKE, State's Attorney of Cook County, through her Special Assistant State's Attorneys, JOHNSON & BELL, LTD., oppose Plaintiffs' motion for approval of class notice and to shift costs of class notice. In support of their response, Defendants state as follows:

**INTRODUCTION**

Plaintiffs ask this Court to approve sending Plaintiffs' version of class notice and to order Defendants to pay for class notice based on the Court's February 4, 2026, interlocutory order granting partial summary judgment on the issue of the Cermak ramp and RTU east tunnel ramp ("ramps"). Plaintiffs' motion should be denied because: (1) it is premature to send notice to class members because the case is still being litigated; (2) if notice is sent now, it must accurately inform class members that they must file an individual lawsuit to pursue damages; (3) the traditional rule is that plaintiffs, not defendants, bear the cost of class notice; and (4) Plaintiffs are not "prevailing parties" entitled to fee-shifting under the Americans with Disabilities Act (ADA). In the

1

alternative, Plaintiffs should be required to post a security bond in the event they lose at trial or on appeal to ensure that Defendants will be reimbursed for any costs.

## ARGUMENT

**I.    It Is Premature to Send Notice to Class Members Because the Case Is Still Being Litigated.**

**A.    A jury must resolve factual issues intertwined with the issue of standing, including whether Plaintiffs suffered a concrete injury.**

A defendant is "entitled to a jury trial" to resolve the issue of standing "when that issue is intertwined with the merits of a claim protected by the Seventh Amendment." *Perttu v. Richards*, 605 U.S. 460, 479 (2025) (reaching this conclusion in the context of exhaustion under the PLRA but basing its decision on Supreme Court "cases involving subject matter jurisdiction").

Although in some cases, a court "may resolve factual disputes in the course of determining whether subject matter jurisdiction is proper," the Supreme Court has "long held that a court may not do so when the factual disputes are intertwined with the merits." *Id.* at 472. A court may not decide factual issues relating to standing "lest under the guise of determining jurisdiction the merits of the controversy between the parties be summarily decided without the ordinary incidents of a trial, including the right to a jury." *Id.* at 473 (citation omitted).

Standing "is an essential ingredient of subject-matter jurisdiction" that "must be secured at each stage of the litigation." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020). Standing must exist not only at the time of filing but must be maintained throughout the litigation process, including at trial and even on appeal. *See Big Shoulders Capital LLC v. San Luis & Rio Grande R.R.*, 13 F.4th 560, 567–68 (7th Cir. 2021) ("A party must have standing in every stage of the litigation, including on appeal.").

It is Plaintiffs' burden to establish standing "at each stage of the litigation." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021). "This is because

the elements of standing are 'not mere pleading requirements but rather an indispensable part of the plaintiff's case.'" *Id.* at 1007–08. As the litigation progresses, "the way in which the plaintiff demonstrates standing changes." *Id.* at 1008. Standing must be supported "in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id.*

Because Defendants will be raising a factual challenge to standing at trial, Plaintiffs must present evidence of injury to the jury, and the jury must weigh the evidence and make credibility determinations regarding the fact of injury. *See Spuhler v. State Collection Serv.*, 983 F.3d 282, 285 (7th Cir. 2020) (stating that "if a plaintiff's standing is questioned as a factual matter," then the plaintiff must prove that standing exists); *Mainstreet Org. of Realtors v. Calumet City*, 505 F.3d 742, 752 (7th Cir. 2007) (stating that at summary judgment, a plaintiff must show that standing exists in the usual way (by affidavit or other evidence) "and at trial they must be proven"); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) ("[I]n a case . . . that proceeds to trial, the specific facts set forth by the plaintiff to support standing 'must be supported adequately by the evidence adduced at trial.'" (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotation marks omitted))).

While the Court found that Plaintiffs presented sworn testimony of injury at the summary judgment stage, Defendants dispute this evidence. Weighing the evidence and making credibility determinations regarding Plaintiffs' alleged injuries cannot be made on summary judgment but instead, must be resolved by a jury at trial. Regardless of whether Plaintiffs may ultimately convince a jury that they suffered a concrete injury, the factual issue relating to injury is intertwined with that of standing and presents a factual dispute that must be resolved by a jury. *Perttu*, 605 U.S. at 472–73. After weighing the evidence, a jury could determine that Plaintiffs did not suffer

3

an injury while traversing the ramps, which would mean that Defendants prevailed on their factual challenge to Plaintiffs' standing. If that were to happen, then the entire class action must be dismissed. *Walters v. Edgar*, 163 F.3d 430, 437 (7th Cir. 1998).

Because factual issues underpinning standing requirements, including whether Plaintiffs suffered concrete injuries, are "intertwined" with Plaintiffs' claims, a jury must first resolve those factual issues before the issue of standing can be decisively resolved. If a jury determines that Plaintiffs did not suffer any concrete injury, then Plaintiffs would fail to meet the standing requirements, this Court would lack jurisdiction, and the class action must be dismissed. *Walters*, 163 F.3d at 437.

### B. Notice should be sent when the case has concluded. Sending notice now would be premature and confusing to putative class members.

The fundamental requirement that a plaintiff must establish standing at each stage of the litigation with the manner and degree of evidence required at that stage, including at trial, cannot be evaded by proceeding with class notice while standing remains in dispute. The question of Article III standing remains a live issue that must be resolved by a jury, *see Perttu*, 605 U.S. at 472–73, before notice is sent to class members informing them of the outcome of the case.

Sending notice to the putative class before resolving the fundamental question of Plaintiffs' standing would be premature and wasteful of judicial and party resources. If a jury determines that Plaintiffs did not suffer any concrete injury, then the entire class action would be dismissed for lack of subject-matter jurisdiction. This would render any previously sent notice misleading to class members and create unnecessary confusion.

### II. If Notice Is Sent Now, It Must Accurately Inform Class Members That They Must File an Individual Lawsuit to Pursue Damages.

This case involves a Rule 23(c)(4) class action, which is brought only "with respect to particular issues." A class certified under Rule 23(c)(4) does not resolve the whole case. *Bennett v.*

*Dart*, 53 F.4th 419, 420 (7th Cir. 2022). It resolves only the issue that was certified, which in this case is whether the ramps complied with the structural standards.

In *Bennett*, the Seventh Circuit declared how class members must proceed after a court resolves the issue in an issue class: "Class members would receive the benefit of a declaratory judgment . . . on the issue but would *need to proceed in individual suits* to seek damages." *Id.* (emphasis added). This Court cited *Bennett* in its November 27, 2024 class certification order to conclude that Rule 23(c)(4) allows for class actions with respect to particular issues: "Class members [] receive the benefit of a declaratory judgment (if the class prevails) on the [certified] issue but would need to proceed in individual suits to seek damages . . . ." (Order at 4, ECF No. 72.) In those individual suits, each class member must establish their own disability status, injury, causation, and damages through separate proceedings.

Resolving all remaining individual issues outside the discrete issue of the ramps' measurements for every putative class member who is seeking damages would be unworkable in a single case. If only for case management purposes, filing an individual lawsuit is the most sensible approach so that individual issues may be litigated in each case rather than attempting to litigate a morass of individual issues across all putative class members in a single case. Keeping track of each individual class members' case within a single case would lead to unnecessary confusion without saving any judicial resources. Even if this Court already has knowledge of the ramps, that discrete issue has already been resolved and will not be relitigated in individual cases. The fact that other judges do not have knowledge of the ramps is of no consequence and will not make any difference or result in any efficiencies in any individual suits.

Plaintiffs cite *Svoboda v. Amazon.com Inc.*, 162 F.4th 821 (7th Cir. 2025), but that case did not involve an issue class and does not control the outcome in this case. *Svoboda* was a run-of-the-

mill class action and was not certified to resolve a single issue as in *Bennett* and this case. Issue classes are categorically different from other class actions because they "resolve the *issue*, not the whole case." (Order at 5, ECF No. 72.) After resolution of the issue, class members must then "proceed in individual suits to seek damages." (*Id.* at 4.) *Svoboda* is not on point, and the case does not support Plaintiffs' position.

Plaintiffs also cite unpublished out-of-circuit district court cases for his position that class members may "intervene" in this case (Pl.'s Mot. at 2–3, ECF No. 179), but those cases are not binding on this Court and do not override controlling Seventh Circuit precedent. Based on controlling Seventh Circuit precedent (*Bennett*), and this Court's class certification order, each class member must file his or her own individual suit to pursue damages. *See Bennett*, 53 F.4th at 420. Plaintiffs object because class members would be required to pay a filing fee, but this is the right (and legally mandated) approach because each class member must litigate his or her case just like any other plaintiff who is required to pay a filing fee.

Other than the discrete issue relating to the measurements of the ramps, each class member must plead and prove every remaining issue in an ADA claim, which Defendants have the right to defend against. This involves all the elements of an ADA claim, including that the class member is a qualified individual with a disability. Because the class member would be seeking damages, it also includes proving that Defendants acted with deliberate indifference. When a class member files an individual suit for damages, the class member's complaint will provide notice to Defendants regarding the scope of the alleged claims, such as the nature of the injury, if any, the time period involved, and the alleged acts of deliberate indifference. Depending on what is alleged in the complaint, Defendants may also have defenses relating to causation and other issues.

In short, there are multiple individual issues specific to each class member that must be resolved before any class member would be entitled to damages. Those issues would be litigated just like any other case, including through written discovery, depositions, dispositive motions, and if necessary, trial. The parties would need to obtain and review the class member's medical records to assess allegations of disability and injury. This may include obtaining medical records from the Illinois Department of Corrections or private medical providers through subpoenas to determine whether the class member continued to seek treatment for their alleged injuries or whether the medical records support the allegations at all. Some class members may not agree to allow access to their medical records, which would then require motion practice. Other issues relating to discovery may require court involvement.

When only a discrete issue in an issue class is resolved, it makes sense that a class member must file an individual suit to pursue damages because all the class member has is a declaratory judgment on the single issue. Every other issue in the case is left unresolved, so the case must proceed through discovery and trial just like any other case.

Class notice should not be sent at this time because there is still the possibility that a jury will find that Plaintiffs did not suffer a concrete injury that would confer standing, resulting in dismissal of the case. However, if notice is sent now, it should accurately inform class members that they must file an individual suit to proceed on their individual ADA claim. Defendants also object to including a postcard in the notice because it falsely suggests that all a class member needs to do to be awarded damages is to mail in the postcard. To the contrary, a class member must plead and prove every remaining issue in an ADA claim, which Defendants have the right to defend against, before the class member may be awarded damages.

In the event the Court orders that notice be sent now, Defendants propose the notice attached as Exhibit A for individuals who did not receive prior notice, and the notice attached as Exhibit B for individuals who received prior notice. Plaintiffs object that the "notices fail to provide class members with meaningful guidance on how to pursue damages" because they "do not identify a deadline for filing an action, specify the court in which such an action should be filed, or otherwise explain what steps a class member must take to seek relief." (Pl.'s Mot. at 6.) However, the notices provide meaningful guidance to class members by informing them that they "may file an individual lawsuit if [they] would like to pursue damages based on the Court's ruling on the Cermak ramp and the RTU east tunnel ramp." (Class Notices, Exs. A & B.)

The notices cannot advise on the statute of limitations or where to file an action because that information depends on what claims are brought, such as pursuant to the ADA or the Illinois Civil Rights Remedies Restoration Act, any affirmative defenses Defendants may raise, such as the Illinois Tort Immunity Act, 745 ILCS 10/8-101, which imposes a one-year time limit on actions against local governmental entities, and where the case is filed, such as in state or federal court.

Plaintiffs also object that the "notices are inconsistent with the notice approved by the Court in 2025, which informed class members that this class action provides a vehicle for pursing [*sic*] damages and that Class Counsel has been appointed to asst [*sic*] them in pursing [*sic*] those claims." (Pl.'s Mot. at 6.) Defendants' proposed notices are consistent with the 2025 notice. The 2025 notice informs class members that they "*may* be eligible to *seek* money damages if the class prevails." (Pl.'s Mot., Ex. 1 at 2, emphasis added.) The 2025 notice does not inform class members they are entitled to damages simply by being part of the class. They may seek damages in individual suits if the class prevails. *See Bennett*, 53 F.4th at 420. The 2025 notice informs class members that class counsel will pursue the issues certified in the case and that class members do

8

not have an obligation to pay for legal services. The notice does not inform class members that class counsel will also represent them if they choose to seek damages. Defendants' proposed notices accurately inform class members of the next steps in the litigation.

## III. The Traditional Rule Is That Representative Plaintiffs Bear the Cost of Class Notice.

The well-established rule in class action litigation is that plaintiffs, not defendants, bear the cost of class notice. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). The plaintiff "should bear all costs relating to the sending of notice because it is he who seeks to maintain the suit as a class action." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 359 (1978). That principle is particularly applicable in Rule 23(c)(4) issue classes because deciding a single, discrete issue does not establish liability for damages. *See Bakov v. Consol. World Travel, Inc.*, 68 F.4th 1053, 1057 (7th Cir. 2023) (stating that the "general rule outlined by *Oppenheimer* is most likely to apply when liability has yet to be determined"). Courts rely "on a finding of liability to shift notice costs to a defendant," but even a finding of liability does not require a defendant to bear the cost of notice. *See id.* at 1058–59 ("This does not mean that costs must be shifted when liability has been found; the ultimate decision rests in the district court's discretion.").

On February 4, 2026, the Court entered partial summary judgment in favor of Plaintiffs but did not find that Defendants were liable to Plaintiffs or any class member for damages. At a minimum, a plaintiff must prove a denial of services, causation, and deliberate indifference before a defendant can be held liable for damages under the ADA or Rehabilitation Act. *See McDaniel v. Syed*, 115 F.4th 805, 822, 829 (7th Cir. 2024). The Court's only holding was that the ramps did not comply with the structural standards. The Court did not make any finding that Defendants acted with deliberate indifference to Plaintiffs or any class member and did not hold that Defendants were liable for damages to Plaintiffs or any class member.

Without a finding of liability, the general rule that a plaintiff bears the cost of class notice governs, and the cost of notice does not shift to Defendants. *See Bakov*, 68 F.4th at 1058 (stating that notice is shifted to defendants when there is a finding of liability).

IV.     **Plaintiffs Are Not "Prevailing Parties" Entitled to Cost-Shifting Under the ADA.**

Under the ADA, only the "prevailing party" may be awarded attorney's fees and costs. *Krocka v. City of Chicago*, 203 F.3d 507, 517 (7th Cir. 2000). Establishing prevailing party status requires more than achieving a favorable ruling on a preliminary issue. "A party prevails in litigation 'when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)).

A.     **Partial summary judgment on the limited issue does not resolve the whole case or award relief that would confer prevailing party status.**

Plaintiffs obtained only partial summary judgment on a single issue that explicitly does not resolve the whole case or award any damages. *See Bennett*, 53 F.4th at 420. The Court's limited ruling falls short of the material alteration in legal relationship required for prevailing party status.

For Defendants to be held liable to Plaintiffs for damages under the ADA or Rehabilitation Act, Plaintiffs must prove, at a minimum, that Defendants acted with deliberate indifference to their rights. *See McDaniel*, 115 F.4th at 822. Plaintiffs have not made this showing, nor will they be able to do so at trial. Each class member must also prove this element in their individual suits for damages.

The absence of any determination that Defendants are liable for damages means that Defendants face no concrete obligation to Plaintiffs or class members. Without such concrete obligations, there can be no material alteration in the legal relationship between the parties as required for prevailing party status.

10

**B.** **The absence of a final judgment means Plaintiffs are not prevailing parties.**

The Supreme Court "has repeatedly held that, other than a settlement made enforceable under a consent decree, a final judgment on the merits is the normative judicial act that creates a prevailing party." *Zessar v. Keith*, 536 F.3d 788, 796–97 (7th Cir. 2008) (citing *Sole v. Wyner*, 551 U.S. 74 (2007) (declining to bestow prevailing party status on a plaintiff whose motion for preliminary injunction was granted but who failed to prevail on the merits); *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001) (noting that the Supreme Court has "only awarded attorney's fees where the plaintiff has received a judgment on the merits, or obtained a court-ordered consent decree") (citations omitted)).

No final judgment has been entered. Plaintiffs' individual claims are proceeding to trial where they must prove their claims. The absence of a final judgment is significant and dispositive. *See Walker v. Calumet City*, 565 F.3d 1031, 1037 (7th Cir. 2009) (reversing award of attorneys' fees because "[t]here was no final judgment on the merits in [the plaintiff's] favor and no consent decree was entered"). Plaintiffs' situation is analogous to cases where courts have found that preliminary or interlocutory rulings, without more, do not establish prevailing party status. *See id.*; *see also Zessar*, 536 F.3d at 795–96 (requiring a final alteration in the legal relationship to confer prevailing party status). Because the case remains pending with unresolved claims, Plaintiffs are not prevailing parties.

**V.** **In the Alternative, Plaintiffs Should Be Required to Post a Security Bond.**

This case is still being litigated, and Plaintiffs could potentially lose at trial or on appeal. To ensure that Defendants will be reimbursed if that were to happen, Defendants request the Court to order Plaintiffs to post a security bond for any costs that are shifted to Defendants. *See Bakov*, 68 F.4th at 1059.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' motion for approval of class notice, deny Plaintiffs' motion to order Defendants to pay for class notice, and order any other relief this Court deems appropriate and just.

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

Dated: March 27, 2026

/s/ *Samuel D. Branum*
Special Assistant State's Attorney

Samuel D. Branum (branums@jbltd.com)
Nelson A. Aydelotte (aydelotten@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770

12