**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

Cuauhtemoc Hernandez, et al.

                                   Plaintiff,

v.                                                              Case No.: 1:23–cv–16970
                                                                Honorable Sunil R. Harjani

Thomas Dart, et al.

                                   Defendant.

_____

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, April 9, 2026:

     MINUTE entry before the Honorable Sunil R. Harjani: Plaintiff's opposed motion for approval of class notice and to shift costs [179] is denied without prejudice to refiling after the jury trial. There are some significant and important disputes remaining between the parties. Defendant continues to challenge the standing of the Plaintiffs. To be clear, Article III standing must be secured at each stage of the litigation. It is never permanently established, contrary to Plaintiffs' representation. The Court at summary judgment found standing at that stage. But that could change when the Plaintiffs testify about their injury in fact. The Court is mindful that it must always be secure of its own jurisdiction. Also, nothing prevents a defendant from bringing a Rule 12(b)(1) motion challenging subject matter jurisdiction at any time; an issue that is not waived under Rule 12(h)(3). But, defendants are wrong that this is a jury issue. Subject matter jurisdiction, including Article III standing, is a decision for the Court, like the amount in controversy or the citizenship of the parties. If the Court, after hearing from the witnesses at trial, finds no injury in fact, it must sua sponte dismiss for lack of subject matter jurisdiction; Defendant is also free to raise the issue with the Court in a Rule 12(b)(1) motion after the Plaintiffs' case in chief or the close of the evidence. But juries do not make that decision; judges do. See, e.g., Soyinka v. Franklin Collection Serv., Inc., 2022 WL 900161, at *7 (N.D. Ill. Mar. 27, 2022) (ordering bench evidentiary hearing to make credibility determination to assess standing); Miller UK Ltd. v. Caterpillar, Inc., 2015 WL 7351674, at *9 (N.D. Ill. Nov. 20, 2015) (granting motion to preclude argument regarding lack of standing but permitting evidence regarding standing (or lack thereof)). But for now, having reviewed it at summary judgment, there is Article III standing sufficient to proceed to trial. Having said that, the question for present purposes is whether now is the right time to send notice to the class about the Court's summary judgment decision on the certified issue. The Court has broad discretion in determining the appropriate timing to provide notice to the class about a development in the case. Cavin v. Home Loan Ctr., 469 F.Supp.2d 561, 574 (N.D. Ill. 2007). Exercising that discretion, the Court finds that waiting until after the jury trial is the most practical and economical option. The trial on the individual claims is set for August 17, 2026. That is only a few months away, and no one will be prejudiced by waiting a few months for the trial to be completed. The Court has also not yet issued a Rule 54(b) judgment on the certified issue. And if indeed the Court finds that Plaintiffs never had standing, then it would doom the class action. Walters v. Edgar, 163 F.3d 430

(7th Cir. 1998). This is different than a plaintiff who loses standing later in the case because of some development, which does not doom the class action. Morlan v. Universal Guar. Lif. Ins. Co., 298 F.3d 609 (7th Cir. 2002). Thus, undergoing the time and expense now for class notice, while these matters are still pending, does not promote the efficient administration of the class. In the meantime, the Court will give some thought to how to adjudicate the class members' cases. The Court is aware of the language in Bennett calling for individual suits, but is also mindful of the inefficiencies in having class members bring individual cases before different judges in this district. The Court defers a decision on this issue until after the jury trial. Mailed notice(lxs, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.