**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CUAUHTEMOC HERNANDEZ and WILLIAM MATHIS, | ) ) ) | |
| *Plaintiffs,* | ) ) ) | Case No. 23-cv-16970 |
| -*vs*- | ) ) | Judge Sunil R. Harjani |
| THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, | ) ) ) | Magistrate Judge Keri L. Holleb Hotaling |
| *Defendants.* | ) ) | |

**DEFENDANTS' UNOPPOSED MOTIONS *IN LIMINE***

Defendants, THOMAS J. DART, in his official capacity as Sheriff of Cook County, and COOK COUNTY, ILLINOIS, by and through their attorneys, move this Honorable Court for entry of an order *in limine* as to the following issues:

On July 6, 2026, the parties met and conferred on Defendants' motions *in limine*. Plaintiffs state that they do not oppose the following motions:

**1.      Motion to Bar Mention of Settlement Negotiations or Offers of Compromise.**

Defendants respectfully move this Honorable Court for entry of an order *in limine* prohibiting Plaintiffs (including their attorneys) and all witnesses from testifying, making any comment or remark, introducing any evidence, or making any argument in the presence of the jury regarding any settlement negotiations or offers of settlement or judgment in this case. Federal Rule of Evidence 408(a) provides that "[e]vidence of settlements or compromises is not admissible to prove the validity of a disputed claim." *FDIC v. Chi. Title Ins. Co.*, No. 12-cv-05198, 2017 U.S. Dist. LEXIS 132852, at *20 (N.D. Ill. Aug. 21, 2017) (citing Fed R. Evid. 408(a)).

In this case, the parties have participated in negotiations in an effort to reach a settlement of this lawsuit. Any mention of any such negotiations or offers of settlement should be excluded

1

on the basis that such evidence or argument would be irrelevant, immaterial, and prejudicial. Such evidence is prohibited under the Federal Rules of Evidence 408.

Rule 408 is grounded on a policy of encouraging settlement of disputed claims without litigation. *In re General Motors Corp. Engine Interchange Litigation*, 594 F2d 1106, 1124 (7th Cir. 1979). The failure to provide such protections as outlined in Rule 408 would have a chilling effect on settlement and the resolution of future lawsuits. Therefore, Plaintiffs' counsel should be barred from referencing any settlement discussions in this case, prior settlements in other cases, and any settlement amounts.

2.      **Motion to Bar Testimony, Evidence, or Argument Referring to Attorneys' Fees, Litigation Costs, Indemnification, or Who Will Pay Any Judgment.**

Defendants respectfully move this Court for an order *in limine* barring any references to an award of attorneys' fees, the litigation costs in bringing this case to trial, whether Defendant Sheriff's Office may be indemnified by Cook County for any compensatory damages against it, and which party will be paying any ultimate judgment. *See* Fed R. Evid. 411. Such evidence relating to monetary matters is not relevant to the issue of whether Defendants are liable. Courts have excluded evidence of a local government's duty to indemnify under Section 9-102 in constitutional tort claims. *See, e.g.*, *Townsend v. Benya*, 287 F. Supp. 2d 868, 874 (N.D. Ill. 2003); *Saunders v. City of Chicago*, 320 F. Supp. 2d 735, 738 (N.D. Ill. 2004).

Federal Rule of Evidence 411 provides in pertinent part that "[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. While Rule 411 does not refer to indemnification, federal courts in the Northern District of Illinois have held that a local government's duty to indemnify is analogous to an insurance company's duty to provide coverage. *Townsend*, 287 F. Supp. 2d at 874; *Saunders*, 320 F. Supp. 2d at 738. This reasoning also applies

2

to evidence and argument relating to awards of attorneys' fees, litigation costs, and who will ultimately pay any judgment. Accordingly, all such references to such monetary matters should be barred.

3.      **Motion to Bar Testimony, Evidence, or Argument that the Jury Should Punish or "Send a Message" to Cook County, the Cook County Sheriff, or the Cook County Sheriff's Office.**

Defendants move for an order *in limine* barring any argument or inference that the jury should send a message, or that the jury should punish Cook County, the Cook County Sheriff, or the Cook County Sheriff's Office with its verdict. As a matter of law, Plaintiffs cannot recover punitive damages from Cook County, the Cook County Sheriff, or the Cook County Sheriff's Office in this case. "[C]ompensatory damages are available in private causes of action under the ADA and Rehabilitation Act" but "punitive damages are not." *CTL v. Ashland Sch. Dist.*, 743 F.3d 524, 528 (7th Cir. 2014) (citing *Barnes v. Gorman*, 536 U.S. 181, 184–85 (2002)).

Sending a message or imposing punishment cannot form the basis for any award of damages other than punitive damages. Accordingly, Plaintiffs should not be permitted to imply to the jury that punishment can serve as a legitimate basis for an award against Cook County, the Cook County Sheriff, or the Cook County Sheriff's Office.

4.      **Motion to Bar Plaintiffs from Arguing that ADA Noncompliance Automatically Equals Compensatory Damages.**

Defendants respectfully seek to bar Plaintiffs from arguing that ADA noncompliance means they are automatically entitled to compensatory damages. The proper standard for obtaining compensatory damages under Title II of the ADA and Section 504 of the Rehabilitation Act is to show intentional discrimination by Defendants. Plaintiffs must establish intentional discrimination by showing deliberate indifference, which requires both (1) "knowledge that a harm to a federally protected tight is substantially likely" and (2) "a failure to act upon that likelihood." *Lacy v. Cook*

*County*, 897 F.3d 847, 863 (7th Cir. 2018). Thus, Plaintiffs must prove more than ADA noncompliance to obtain compensatory damages.

**5.     Motion to Bar Testimony, Evidence, or Argument Regarding Delay in Bringing Case to Trial.**

Defendants respectfully move this Court to prohibit Plaintiffs, their attorneys, and any witnesses called by Plaintiffs, from making any statements, remarks, or arguments that Defendants, or any particular Defendant, delayed the trial or that Plaintiffs have waited a long time for their day in court, or other like statements.

There is no evidence that any Defendant engaged in any pre-trial conduct that was designed to or had the effect of unreasonably delaying the trial. Moreover, the fact that Plaintiffs may have been waiting a long time for trial is completely irrelevant to any issue in this case. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence *and* the fact is of consequence to the determination of the action. Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. The length of time between the date of the occurrence and the start of trial is of no consequence to the determination of Plaintiffs' cause of action, and the probative value of any such evidence would be substantially outweighed by a danger of unfair prejudice to Defendants, confusing the issues, and misleading the jury. Accordingly, all evidence or argument in this regard, other than the fact of the date of the occurrence, should be barred.

**6.** **Motion to Bar Testimony, Evidence, or Argument Regarding Amount of Time or Money Expended by Plaintiffs to Prosecute Case.**

Defendants move to bar Plaintiffs from making any argument or presenting any testimony or evidence regarding the amount of time or money Plaintiffs expended prosecuting this case. Such argument, testimony, or evidence is irrelevant and prejudicial, *see* Fed. R. Evid. R. 401, 402, and 403, and therefore, should be barred. *See Buck v. Young*, No. 17-cv-00270-SPM, 2022 U.S. Dist. LEXIS 22655, at *9 (S.D. Ill. Feb. 8, 2022) (granting similar motion); *Gomez v. Schoenbeck*, No. 3:16-CV-291-NJR-GCS, 2019 U.S. Dist. LEXIS 140101, at *6 (S.D. Ill. Aug. 19, 2019) (same).

**7.** **Motion to Bar Any "Golden Rule" Argument.**

Defendants move to bar Plaintiffs from making any type of "Golden Rule" argument to the jurors. "A 'Golden Rule' appeal in which the jury is asked to put itself in the plaintiff's position 'is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.'" *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982) (citations omitted). Any "Golden Rule" argument by Plaintiffs or their witnesses should therefore be barred.

## CONCLUSION

WHEREFORE, Defendants THOMAS J. DART, in his official capacity as Sheriff of Cook County, and COOK COUNTY, ILLINOIS, respectfully request that this Court enter an order *in limine* as to the foregoing issues and grant such other relief as the Court deems appropriate and just.

Respectfully submitted,

JOHNSON & BELL, LTD.

Dated: July 7, 2026

/s/ *Samuel D. Branum*
One of the attorneys for Defendants
Johnson & Bell, Ltd.

33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770
branums@jbltd.com

/s/ *Jordan F. Yurchich*
One of the attorneys for Defendants
Assistant State's Attorney
Civil Rights/Torts Litigation
Civil Actions Bureau
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-1902
jordan.yurchich@cookcountysao.org

/s/ *Maceo Dillard III*
One of the attorneys for Defendants
Assistant State's Attorney
Civil Rights/Torts Litigation
Civil Actions Bureau
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-1931
maceo.dillard@cookcountysao.org

6