**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CUAUHTEMOC HERNANDEZ and WILLIAM MATHIS, | ) ) ) | |
| *Plaintiffs,* | ) ) ) | Case No. 23-cv-16970 |
| -*vs*- | ) ) ) | Judge Sunil R. Harjani |
| THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, | ) ) ) ) | Magistrate Judge Keri L. Holleb Hotaling |
| *Defendants.* | ) | |

**DEFENDANTS' OPPOSED MOTIONS *IN LIMINE***

Defendants, THOMAS J. DART, in his official capacity as Sheriff of Cook County, and

COOK COUNTY, ILLINOIS, by and through their attorneys, move this Honorable Court for entry

of an order *in limine* as to the following issues:

**Table of Contents**

1. Motion to Bar Nonparty Detainee Testimony, Grievances, Declarations, and Related Evidence. .................................................................................................................... 4

2. Motion to Bar Subsequent Remedial Measures of Ramp Renovation, Renovation Plans, and Renovation Costs. ......................................................................................... 6

3. Motion to Bar Evidence and Testimony from Carl Darr, Ellen Stoner, and Gary Keclik, and Related Expert Reports, Because They Were Not Disclosed as Experts and Because the Structural Standards Are Not at Issue at Trial. .................................................. 7

4. Motion to Bar Testimony, Evidence, or Argument Regarding Employee Misconduct or a Violation of Any of Defendants' Policies, Practices, Procedures, or Rules. ................... 9

5. Motion to Bar Testimony, Evidence, or Argument Critical of Any Aspect of the Grievance Process in this Case. .................................................................................... 10

6. Motion to Bar Testimony, Evidence, or Argument that the Sheriff's Office Is Vicariously Liable for the Actions of Its Employees Under a Respondeat Superior Theory. .......................................................................................................................11

7. Motion to Bar Speaking to Media, Posting on Internet, or Communicating Through Social Media About This Case Prior to and During Pendency of Trial. ............................. 13

1

8.   Motion to Bar Testimony, Evidence, or Argument Regarding Improper Training or Failure to Train. .................................................................................................. 14

9.   Motion to Bar Testimony, Evidence, or Argument, Including but Not Limited to Civilian Complaints, Lawsuits, Employee or Other Disciplinary Proceedings, and OPR Investigations Against Any Testifying Employee of Defendants. ............................... 14

10.  Motion to Bar Undisclosed, Unsupported, or Layperson Medical-Causation Opinions. 15

11.  Motion to Bar Plaintiffs from Treating Every Cook County or Cook County Sheriff's Office Employee as an Adverse Witness. ............................................................... 16

12.  Motion to Bar Testimony, Evidence, or Argument Regarding Other Litigation Related to the Cook County Jail, ADA Claims, and Ramps. ................................................. 17

13.  Motion to Bar Inflammatory and/or Provocative Language. ..................................... 18

14.  Motion to Bar Damages Evidence Not Disclosed Under Rule 26(A)(1)(A)(iii), Including Damages for Undisclosed Emotional or Mental Injuries. .................................. 19

15.  Motion to Bar Testimony, Evidence, or Argument Regarding the Fact that the Sheriff's Office Retained Outside Counsel or Referring to Defense Counsel as "State's Attorneys." ....................................................................................................... 21

16.  Motion to Bar Testimony, Evidence, or Argument Regarding Conditions at the Jail that Are Unrelated to the Ramps. ............................................................................... 22

## Table of Cases

Supreme Court

*Barnes v. Gorman*, 536 U.S. 181 (2002) ............................................................................ 12

*Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1998) ........................... 12


Seventh Circuit

*Adams Labs., Inc. v. Jacobs Eng'g Co.*, 761 F.2d 1218 (7th Cir. 1985) .................... 21–22

*Ellis v. Chicago*, 667 F.2d 606 (7th Cir. 1981) ................................................................. 16

*Flaminio v. Honda Motor Co.*, 733 F.2d 463 (7th Cir. 1984) ............................................ 7

*Lovelace v. McKenna*, 894 F.3d 845 (7th Cir. 2018) ......................................................... 18

*Morris v. BNSF Ry. Co.*, 969 F.3d 753 (7th Cir. 2020) ...................................................... 8

*Musser v. Gentiva Health Servs.*, 356 F.3d 751 (7th Cir. 2004) ........................................ 8

*Pugh v. Tribune Co.*, 521 F.3d 686 (7th Cir. 2008) ........................................................... 7

*Riverside Ins. Co. v. Smith*, 628 F.2d 1002 (7th Cir. 1980)....................................................16

*Smith v. Metropolitan School District Perry Township*, 128 F.3d 1014 (7th Cir. 1997)..........11–12

*United States v. Gomez*, 763 F.3d 845 (7th Cir. 2014)....................................................14

*United States v. Miles*, 207 F.3d 988 (7th Cir. 2000) ....................................................17


District Court

*Bennett v. Chi. Police Officer Thomas*, No. 12-CV-6060, 2014 U.S. Dist. LEXIS 207452

    (N.D. Ill. Jan. 16, 2014) ....................................................15

*Brennan v. Paul Revere Life Ins. Co.*, Case No. 00 C 0725, 2002 U.S. Dist. LEXIS 10505

    (N.D. Ill. June 10, 2002) ....................................................17

*Burke v. Burlington N. & Santa Fe Ry. Co.*, No. 12-1161, 2015 U.S. Dist. LEXIS 196304

    (C.D. Ill. May 26, 2015) ....................................................22

*Dinsay v. Rn Staff Inc.*, No. 1:19-cv-00907-TWP-DML, 2021 U.S. Dist. LEXIS 119939

    (S.D. Ind. June 28, 2021) ....................................................22

*Phillips v. Hulett*, No. 12-3087, 2022 U.S. Dist. LEXIS 194071

    (C.D. Ill. Oct. 25, 2022) ....................................................20

*Ratliff v. City of Chicago*, No. 10 CV 739, 2012 U.S. Dist. LEXIS 164500

    (N.D. Ill. Nov. 19, 2012) ....................................................9

*Ravenna v. Village of Skokie*, 388 F. Supp. 3d 999, 1008 (N.D. Ill. 2019) ....................................................11–13

*Schmidt v. Klinman*, No. 05 C 2134, 2005 U.S. Dist. LEXIS 31206

    (N.D. Ill. Dec. 2, 2005) ....................................................17–18

*Schutter v. Wyeth, Inc.*, No. 05 C 988, 2012 U.S. Dist. LEXIS 127082

    (N.D. Ill. Feb. 24, 2012)....................................................18–19

*Stephen v. Home Depot U.S.A.*, No. 18 C 130, 2021 U.S. Dist. LEXIS 208767

    (N.D. Ill. Oct. 6, 2021)....................................................21

*United States v. Tomkins*, No. 07 CR 227, 2012 U.S. Dist. LEXIS 54771

    (N.D. Ill. Apr. 19, 2012)....................................................18

*Wielgus v. Ryobi Techs., Inc.*, No. 08 CV 1597, 2012 U.S. Dist. LEXIS 70079

    (N.D. Ill. May 21, 2012) ....................................................22

*Williams v. Chi. Transit Auth.*, No. 16 C 9072, 2018 U.S. Dist. LEXIS 103808

    (N.D. Ill. June 21, 2018) ....................................................9

On July 6, 2026, the parties met and conferred on Defendants' motions *in limine*. Plaintiffs state that they oppose the following motions:

**1.      Motion to Bar Nonparty Detainee Testimony, Grievances, Declarations, and Related Evidence.**

Defendants respectfully move *in limine* to bar Plaintiffs from introducing testimony, grievances, declarations, or other evidence concerning nonparty detainees, including but not limited to Kavarian Rogers, Tommy Love, Klent/Kent Elwoods, Sylvester Brinson, Antoine Pierce, Anthony Muniz, Carlos Martinez, Raasikh Phillips, Quovotis Harris, Kevin Gentry, Lonell Long, Joseph Smith, Thomas Lenoir, Joseph Wilson, and any other detainee who is not a party to this trial.

This trial is limited to the individual claims of Plaintiffs Hernandez and Mathis. The Court has already resolved the structural-compliance issues concerning the Cermak ramp and RTU east tunnel ramp. The remaining issues for the jury concern whether Hernandez and Mathis personally were denied meaningful access, whether Defendants acted with deliberate indifference toward them, whether any alleged violation caused them compensable injury, and the amount of damages, if any. Other detainees' experiences do not answer those questions.

Plaintiffs should not be permitted to convert this two-plaintiff trial into a series of mini-trials about dozens of other detainees. A nonparty detainee's testimony that he used a cane, walker, or crutch, experienced pain on a ramp, filed a grievance, or believed the ramp was difficult does not establish that Hernandez or Mathis was denied access, requested and was refused an accommodation, missed medical care, suffered an injury, or sustained compensable damages. At most, such evidence would show that other detainees had their own complaints or experiences. That is not the issue for trial. Many of the nonparty detainees have no personal knowledge of Hernandez, Mathis, their medical conditions, their movements through the Jail, their alleged

4

requests for assistance, their grievances, or their claimed injuries. Several nonparty detainees testified that they did not know Hernandez or Mathis. Hernandez likewise testified that he did not know most of the nonparty detainees by name.

Rule 403 permits the Court to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. The prejudice and confusion of nonparty detainee testimony and evidence are substantial. If admitted, this evidence would invite the jury to decide the case based on generalized dissatisfaction with jail conditions or sympathy for absent detainees rather than the evidence concerning the two Plaintiffs before the jury. It would require the parties to litigate collateral issues about each witness, including: the detainee's medical condition; whether the detainee had a cane, crutch, walker, wheelchair, or other mobility aid; what medical alert or permit applied to that detainee; whether the detainee traversed the Cermak ramp, RTU ramp, or some other route; when the alleged incident occurred; which officers or staff were involved; whether the detainee requested assistance whether assistance was provided or denied; and whether any grievance was submitted. Those mini-trials would distract from the claims actually being tried in this case. The jury could easily conclude that if multiple other detainees complained about ramps, Defendants must be liable to Hernandez and Mathis. That is improper propensity-style reasoning and would unfairly prejudice Defendants.

Plaintiffs should also be barred from offering nonparty grievances and declarations as substantive evidence. Those documents are out-of-court statements. If offered to prove that the alleged events occurred, that the ramps caused pain, that assistance was denied, or that other detainees were harmed, they are hearsay. Fed. Rs. Evid. 801, 802.

Nor should Plaintiffs be permitted to avoid the hearsay rule by labeling the evidence as "notice." If Plaintiffs seek to use a specific grievance for notice, the relevant question would be whether the appropriate Defendant received the grievance before the alleged events involving Hernandez or Mathis and whether the grievance gave notice of a substantially similar issue. Post-event grievances, grievances about different detainees, grievances about different routes, grievances about different medical conditions, and grievances not shown to have reached a relevant decisionmaker have little or no probative value even for notice.

Declarations are even more problematic. Many were prepared for litigation. They are not business records, are not public records, and are not admissible simply because they were produced in discovery. Unless a declarant testifies at trial and the declaration is used for a proper impeachment or rehabilitation purpose, the declaration should not be shown to the jury.

**2.      Motion to Bar Subsequent Remedial Measures of Ramp Renovation, Renovation Plans, and Renovation Costs.**

Defendants respectfully move this Court for an order *in limine* excluding any evidence, testimony, argument, or reference to efforts to renovate, repair, or modify the Cermak ramp and the RTU east tunnel ramp. Plaintiffs seek to introduce evidence that Defendants have undertaken or plan to undertake remedial measures regarding these ramps. Such evidence is inadmissible under Federal Rule of Evidence 407, which bars the use of subsequent remedial measures to prove negligence, culpable conduct, a defect, or need for a warning or instruction. The evidence should also be excluded under Rules 401 and 403 because it is not relevant to any issue at trial.

During the parties' meet and confer, Plaintiffs would not agree to exclude evidence of renovation efforts and modifications to the ramps. Defendants have engaged architectural and engineering firms to assess the ramps and to propose modifications, and Defendants have already

6

taken steps to address identified issues. This evidence constitutes subsequent remedial measures that should be excluded.

Rule 407 "provides that subsequent remedial measures may not be used as evidence of liability." *Pugh v. Tribune Co.*, 521 F.3d 686, 695 (7th Cir. 2008). The core policy behind Rule 407 is to encourage defendants to take remedial measures without fear that those measures will be used against them at trial. *See Flaminio v. Honda Motor Co.*, 733 F.2d 463, 469 (7th Cir. 1984). Admitting evidence of Defendants' renovation efforts would directly undermine this policy. Cook County undertook assessments, retained outside consultants, considered proposed modifications, and budgeted funds to improve the accessibility of the ramps. If this Court allows Plaintiffs to use that evidence to prove liability, it would send a clear message to public entities: do not take remedial measures during litigation, because those measures will be used against you.

This result would harm not only Defendants but also the public. Inmates and detainees would suffer if public entities delayed safety improvements to avoid creating evidence for plaintiffs. The Seventh Circuit has recognized that Rule 407 "promote[s] safety by removing the disincentive to make repairs." *Flaminio*, 733 F.2d at 469. Admitting the evidence here would create precisely the disincentive Rule 407 seeks to eliminate.

Defendants respectfully request that this Court grant this motion and exclude all evidence of subsequent remedial measures regarding the Cermak and RTU east tunnel ramps.

3. **Motion to Bar Evidence and Testimony from Carl Darr, Ellen Stoner, and Gary Keclik, and Related Expert Reports, Because They Were Not Disclosed as Experts and Because the Structural Standards Are Not at Issue at Trial.**

Plaintiffs may seek to call Carl Darr, Ellen Stoner, and Gary Keclik to provide expert and other testimony in support of their ADA claim. These witnesses, whose testimony would be on the ADA structural standards, should be barred because the structural standards are not at issue at trial

7

and because they were not disclosed as experts under Rule 26(a)(2). Ms. Stoner was also not disclosed under Rule 26(a)(1).

Mr. Darr was disclosed only as a fact witness under Rule 26(a)(1). He was not disclosed as an expert witness under Rule 26(a)(2). Mr. Darr does not have knowledge of the facts of this case. He served as an expert in another case. A party makes an error by "confusing Rules 26(a)(1) and 26(a)(2)" because "disclosing a person as a witness and disclosing a person as an expert witness are two distinct acts." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 (7th Cir. 2004). Mr. Darr possesses specialized knowledge of the ADA structural standards that are beyond the knowledge of a lay person. As such, Mr. Darr's testimony falls under Rule 702, which required Plaintiffs to disclose him under Rule 26(a)(2). Plaintiffs failed to do so, and therefore, Mr. Darr should be barred from testifying at trial. In the alternative, to the extent the Court allows his testimony as a fact witness disclosed under Rule 26(a)(1), Mr. Darr should be barred from offering any opinions outside what a lay witness is limited to under Federal Rule of Evidence 701.

Ms. Stoner and Mr. Keclik should be barred from testifying at trial because they were not disclosed under Rule 26(a)(1) or (a)(2). Plaintiffs may argue that Ms. Stoner's name appears in their complaint, but that does not excuse them from disclosing a witness simply because her name appears in an allegation in the complaint. "[I]t's one thing to know that a person's name is out there [but] it's another thing to know that the other side is intending to call him as a witness. That's why we have Rule 26(a) disclosures." *Morris v. BNSF Ry. Co.*, 969 F.3d 753, 765 (7th Cir. 2020). Plaintiffs did not disclose Ms. Stoner or Mr. Keclik as having discoverable information and did not provide "the subjects of that information," *see* Fed. R. Civ. P. 26(a)(1)(A), so Defendants were not on notice that they may be called at trial. Ms. Stoner and Mr. Keclik should be barred from trial based on this nondisclosure.

In addition, Mr. Darr, Ms. Stoner, and Ms. Keclik are witnesses who would be testifying only about the ADA structural standards. Because the ADA structural standards are not at issue at trial, their testimony is not relevant and should be excluded. *See* Fed. R. Evid. 401, 402 and 403.

**4. Motion to Bar Testimony, Evidence, or Argument Regarding Employee Misconduct or a Violation of Any of Defendants' Policies, Practices, Procedures, or Rules.**

Defendants respectfully move the Court *in limine* to bar Plaintiffs from offering evidence or testimony of employee misconduct or that any of Defendants' policies, practices, procedures, rules, or other standards were violated. Evidence relating to a violation of internal policies or practices is improper because "a government entity's failure to follow its own internal practices does not create an enforceable legal duty under the ADA." *Williams v. Chi. Transit Auth.*, No. 16 C 9072, 2018 U.S. Dist. LEXIS 103808, at *6 (N.D. Ill. June 21, 2018) (citing *McNelis v. Pa. Power & Light Co.*, 867 F.3d 411, 418 (3d Cir. 2017) ("Absent proof of discrimination as defined by the ADA, an employer's failure to follow its own internal policies does not in itself constitute a violation of the ADA." (internal quotation marks omitted)). In addition, evidence of employee misconduct is irrelevant because there are no claims against individual employees. *See Ratliff v. City of Chicago*, No. 10 CV 739, 2012 U.S. Dist. LEXIS 164500, at *10 (N.D. Ill. Nov. 19, 2012) (stating that a plaintiff "may not insinuate that any non [d]efendant officers committed misconduct, since there are no claims against any such officers").

It is anticipated that Plaintiffs will attempt to introduce evidence that in certain instances Sheriff Dart, Cook County, or one of its employees were in violation of their own policies or practices. Permitting Plaintiffs to present evidence or suggest to the jury that Defendants' employees may have breached some obligation they had to their employer through an alleged rules violation would be overwhelmingly prejudicial to Defendants in the defense of this matter. A jury would be unable to separate the purported rules violation, for which Plaintiffs have no claim, from

the alleged ADA claim on which the jury is deciding liability and damages. There is a clear risk that a juror presented with evidence of a rules violation would assume, in spite of any instructions to the contrary, that an ADA violation had occurred. The jury's inevitable confusion would only serve to obscure the central issues in this case. Fed. R. Evid. 403. Thus, Plaintiffs should not be permitted to interject the possibility of rules violations into these proceedings. Accordingly, Plaintiffs' counsel and any of Plaintiffs' witnesses should be barred from referencing any purported violation of any of Defendants' policies, practices, procedures, rules, or other standards. *See* Fed. R. Evid. 401, 402 and 403.

**5.     Motion to Bar Testimony, Evidence, or Argument Critical of Any Aspect of the Grievance Process in this Case.**

Defendants respectfully move this Court for entry of an order *in limine* prohibiting Plaintiffs (including their attorneys) and all witnesses, from presenting any testimony or argument critical of any aspect of the Cook County Jail's grievance process. In this matter, Plaintiffs filed grievances that were investigated and responses were issued by the Sheriff's Office. Defendants anticipate that Plaintiffs' counsel will attempt to attack these responses with the hope that the jury will focus their attention on the adequacy of the investigation rather than the issues relating to the ADA and Rehabilitation Act. The issue in this case is whether Defendants violated Plaintiffs' rights under the ADA and the Rehabilitation Act, not whether a statute, rule, general order, policy, or procedure of Defendants might have been violated. *See* Seventh Circuit Pattern Civil Jury Instruction 4.07 (2017).

Any argument, evidence, or testimony relating to the adequacy of the Sheriff's investigation of Plaintiffs' grievances must be barred for two separate and independent reasons. First, a defendant's actions must be the proximate cause of the injury, but any alleged inadequate investigation into grievances could never be the proximate cause of the injury. This is because the

10

alleged injuries in the grievances occurred *before* the investigation could have occurred. Second, under Federal Rule of Evidence 403, a court may exclude relevant evidence if its probative value is substantially outweighed by, among other things, by the danger of unfair prejudice. Fed. R. Evid. 403. Here, there is a substantial risk of confusion if the jury reviews information from the Sheriff regarding the events in this case after they occurred, and there is simply no probative value to the adequacy of the Sheriff's investigation. For the reasons outlined above, allowing evidence critical of the Sheriff's Office's investigation or response to Plaintiffs' grievances would be irrelevant and unfairly prejudicial to Defendants and should be excluded.

**6.     Motion to Bar Testimony, Evidence, or Argument that the Sheriff's Office Is Vicariously Liable for the Actions of Its Employees Under a Respondeat Superior Theory.**

Defendants respectfully move the Court *in limine* to bar Plaintiffs from offering evidence or testimony that Defendants are vicariously liable based on the misconduct of any of its employees. Vicarious liability is not a basis for liability under Title II of the ADA or § 504 of the Rehabilitation Act. *See Ravenna v. Village of Skokie*, 388 F. Supp. 3d 999, 1008 (N.D. Ill. 2019). Rather, for Plaintiffs to succeed on their claims, they must prove that an "official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on [the defendant's] behalf ha[d] actual knowledge of discrimination in [the defendant's] programs and fail[ed] to adequately respond." *Id.* (quoting *Gebser v. Lago Vista Independent School District*, 524 U.S. 274, 290 (1998)).

In *Smith v. Metropolitan School District Perry Township*, 128 F.3d 1014 (7th Cir. 1997), the Seventh Circuit held that "when a statute fails to provide individual or personal liability, vicarious liability 'based on agency principles' is not available." *Ravenna*, 388 F. Supp. 3d at 1005 (quoting *Smith*, 128 F.3d at 1022-28). In *Smith*, the Seventh Circuit explained that "Title VII permits *respondeat superior* liability because it defines 'employer' to include 'agents of the

11

employer,' whereas Title IX (the statute at issue in *Smith*), which lacks analogous statutory language, does not permit such liability." *Id.* at 1005-06. Title II does not create individual or personal liability, and therefore, the reasoning in *Smith* implies "that an agency cannot be liable for a Title II violation under a theory of respondeat superior liability." *Id.* at 1006.

The remedies for violations of Title II of the ADA and § 504 of the Rehabilitation Act are "coextensive" with the remedies available in cases brought under Title VI of the Civil Rights Act of 1964. *Barnes v. Gorman*, 536 U.S. 181, 185 (2002); *see also Jones v. City of Detroit*, 20 F.4th 1117, 1119 (6th Cir. 2021). In *Gebser v. Lago Vista Independent School District*, 524 U.S. 274, 285–90 (1998), the Supreme Court held that there is no vicarious liability under Title IX of the Education Amendments of 1972. Title VI and Title IX are analogous because Congress modeled Title IX after Title VI, *see id.* at 286, and Title VI shares all of the relevant features with Title IX, *see Jones v. City of Detroit*, 20 F.4th 1117, 1121 (6th Cir. 2021). Thus, by extension (because Title VI is analogous to Title IX), there is no vicarious liability under Title VI and no vicarious liability under the ADA or § 504 of the Rehabilitation Act. *See Ravenna*, 388 F. Supp. 3d at 1006 (pointing out that *Gebser*'s reasoning that there is no vicarious liability under Title IX is "equally applicable to Section 504, and by extension Title II of the ADA").

In the present case, Defendants expect Plaintiffs to present evidence and argue that Defendants are vicariously liable based on the misconduct of some of its employees. Although Plaintiffs have not identified any specific employee whom they blame for not providing accommodations to move up and down the ramp, Plaintiffs may try to blame someone during their testimony at trial. During the parties' meet and confer, Plaintiffs left open the door that they would blame an employee for ADA violations.

12

Permitting Plaintiffs to present evidence or suggest to the jury that Defendants can be held liable based on the misconduct of their employees would be overwhelmingly prejudicial to Defendants in the defense of this matter. A jury would be unable to separate the misconduct of the employees, for which Plaintiffs have no claim, from the alleged ADA claim on which the jury is deciding liability and damages. There is a clear risk that a juror presented with evidence of misconduct would assume, in spite of any instructions to the contrary, that an ADA violation had occurred. The jury's inevitable confusion would only serve to obscure the central issues in this case. Fed. R. Evid. 403. Thus, Plaintiffs should not be permitted to interject evidence of misconduct into these proceedings.

Vicarious liability is not a basis for liability under Title II of the ADA or § 504 of the Rehabilitation Act. *See Ravenna*, 388 F. Supp. 3d at 1008. Accordingly, Plaintiffs' counsel and any of Plaintiffs' witnesses should be barred from referencing misconduct of any employee, and barred from arguing that Defendants can be held vicariously liable for the employees' misconduct.

7. **Motion to Bar Speaking to Media, Posting on Internet, or Communicating Through Social Media About This Case Prior to and During Pendency of Trial.**

Defendants respectfully move this Court for entry of an order *in limine* prohibiting the parties (including their attorneys) from speaking to the media, posting on the Internet, communicating through social media as it relates to this case, or disseminating any information which would bias the jury panel prior to and during the pendency of the trial. Comments and implied references of this kind have no probative value, are irrelevant to the issues presented, and are highly prejudicial. Therefore, any such evidence should be excluded. Fed. R. Evid. 401, 402, and 403.

13

**8.      Motion to Bar Testimony, Evidence, or Argument Regarding Improper Training or Failure to Train.**

Defendants move to bar Plaintiffs from arguing or eliciting testimony as to how Cook County or the Cook County Sheriff's Office trains, supervises, disciplines, monitors, or controls its employees. This evidence should be barred because there are no *Monell* failure-to-train claims in this case.

Evidence on how Cook County or the Cook County Sheriff's Office trains, supervises, disciplines, monitors, or controls its employees will create juror confusion and will serve only to distract the jury from its task. For these reasons, this type of evidence should be barred because it is irrelevant to the issues in this case, *see* Federal Rules of Evidence 401 and 402, and because it is highly prejudicial and likely to confuse the jury, *see* Federal Rule of Evidence 403.

**9.      Motion to Bar Testimony, Evidence, or Argument, Including but Not Limited to Civilian Complaints, Lawsuits, Employee or Other Disciplinary Proceedings, and OPR Investigations Against Any Testifying Employee of Defendants.**

Defendants respectfully seek to bar Plaintiffs under Federal Rule of Evidence 404(b) from introducing testimony related to prior instances of alleged misconduct by any employee of Cook County or the Cook County Sheriff's Department. Such evidence or testimony is irrelevant, immaterial, hearsay, and any probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Fed. R. Evid. 403.

Allowing Plaintiffs to question witnesses as to any prior instances of alleged misconduct would not only distract and mislead the jurors from focusing on the material issues in the case, but it is also improper character propensity evidence. Such evidence is admissible "only when its admission is supported by some propensity-free chain of reasoning. *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014) (en banc). Since Plaintiffs will be unable to meet the high standard for admission of such extrinsic evidence, and because any allegations and subsequent

14

investigations are highly inflammatory and prejudicial to Defendants, this evidence should be barred in its entirety.

**10.     Motion to Bar Undisclosed, Unsupported, or Layperson Medical-Causation Opinions.**

Defendants anticipate that Plaintiffs may testify that traveling up and down the ramps caused or aggravated their medical conditions, including back, knee, and shoulder pain, gout, acromegaly, and breathing conditions. While testimony about Plaintiffs' perceptions of their own physical conditions is permitted, their testimony should not cross the bounds of lay witness testimony and enter into expert opinion testimony regarding the causes of their medical and physical conditions.

Any lay witness opinion regarding the cause of Plaintiffs' alleged physical injuries is outside the realm of lay witness testimony because it requires expert knowledge. Under Rule 701 of the Federal Rules of Evidence, a lay witness is limited to offering opinion testimony that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Where an injury "would not be obvious to a layman" and may have been "caused by a myriad of factors," expert testimony is required to establish causation. *Bennett v. Chi. Police Officer Thomas*, No. 12-CV-6060, 2014 U.S. Dist. LEXIS 207452, at *24 (N.D. Ill. Jan. 16, 2014) (quoting *Myers v. Ill. Cent. R.R. Co.*, 629 F.3d 639, 643 (7th Cir. 2010)).

Courts have thus generally held that laypersons may not testify as to any diagnosis or condition, and only about their own perceptions, which may include "physical and emotional effects" of the alleged conduct. *Id.* As such, Plaintiffs' testimony should be limited to their perception of their injuries, such as any pain, and not cross the line into expert causation testimony.

15

*Id.* Defendants respectfully request the Court to exclude any lay witness testimony regarding Plaintiffs' alleged physical injuries.

**11.     Motion to Bar Plaintiffs from Treating Every Cook County or Cook County Sheriff's Office Employee as an Adverse Witness.**

This Court should bar Plaintiffs' counsel from treating every employee of the Cook County Sheriff's Office or Cook County as hostile witnesses pursuant to Federal Rule of Evidence 611(c). Plaintiffs should not be allowed to lead any County and Sheriff witness without first making a showing that they clearly qualify as "witness(es) identified with an adverse party" for purposes of Rule 611(c).

Federal Rule of Evidence 611(c) states that leading questions should not normally be used on direct examination, except "[w]hen a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." *Ellis v. Chicago*, 667 F.2d 606, 612 (7th Cir. 1981) (explaining leading questions "are generally undesirable on direct examination" and "usually permissible on cross-examination"). Plaintiffs should not be allowed to treat County and Sheriff witnesses as adverse witnesses unless they can first establish that the witnesses were: (1) employees of Cook County and/or Cook County Sheriff's Office at all times during the litigation, and (2) present during the portions of the incident which give rise to this lawsuit. *Id.* "[T]he determination to proceed under Rule 611(c) is wholly within the district court's discretion." *Riverside Ins. Co. v. Smith*, 628 F.2d 1002, 1009 (7th Cir. 1980).

Defendants anticipate that Plaintiffs will seek to treat every Cook County or Cook County Sheriff's Office witness as adverse simply because he or she is an employee of Cook County and/or the Sheriff's Office. Defendants request that this Court exercise its sound discretion in prohibiting Plaintiffs from doing so until they make a factual showing to the Court that the witness is indeed hostile under Fed. R. Evid. 611 and pursuant to *Ellis*.

16

**12. Motion to Bar Testimony, Evidence, or Argument Regarding Other Litigation Related to the Cook County Jail, ADA Claims, and Ramps.**

Defendants move this Court for an order *in limine* barring Plaintiffs from offering any testimony, evidence, or argument regarding any other former or pending claims or lawsuits in the Northern District of Illinois, including other ADA cases involving ramps at the Jail that have been filed by Plaintiffs' counsel. Defendants further move to bar any testimony, evidence, or argument of class members or class claims because the trial is solely on Plaintiffs' individual claims.

Defendants' motion should be granted because any reference to such testimony, evidence, or argument would serve only to unfairly interject collateral matters and inflame the passions of the jury against Defendants. Testimony, evidence, or argument brought from other cases or regarding the class claims are wholly inconsequential and in no way relevant to Plaintiffs' claim. *See* Fed. R. Evid. 401.

Likewise, testimony, evidence, or argument of other lawsuits and the class claims are not probative of any of the issues in this case, and any arguable probative value would be substantially outweighed by its prejudicial effect. *See Brennan v. Paul Revere Life Ins. Co.*, Case No. 00 C 0725, 2002 U.S. Dist. LEXIS 10505, at *13 (N.D. Ill. June 10, 2002) (stating that the "marginal probative value is far outweighed by the unfair prejudice that would result to the defendants from the bare admission of the results of other lawsuits, or the extraordinary confusion of the issues and waste of time that would result if the particulars of those cases had to be aired before the jury").

Evidence is unfairly prejudicial if it will "induce the jury to decide the case on an improper basis . . . rather than on the evidence presented." *United States v. Miles*, 207 F.3d 988, 992 (7th Cir. 2000) (citation omitted). Testimony, evidence, or argument about other lawsuits would be inflammatory and undoubtedly prejudice the jury against Defendants. *See Schmidt v. Klinman*, No. 05 C 2134, 2005 U.S. Dist. LEXIS 31206, at *26 (N.D. Ill. Dec. 2, 2005) (granting motions *in*

17

*limine* to bar evidence of prior or pending lawsuits). In addition, interjecting claims from other cases or the class claims would lead to undue delay as the parties would be forced to relitigate those collateral issues from previous or ongoing litigation. Therefore, Defendants request that this Court bar Plaintiffs from offering any testimony, evidence, or argument regarding the class claims and any other former or pending claims, allegations, and/or lawsuits.

**13.      Motion to Bar Inflammatory and/or Provocative Language.**

Defendants move *in limine* for an order barring Plaintiffs from using provocative and inflammatory language to describe the Cermak ramp and RTU east tunnel ramp, including but not limited to "illegal ramp," "dangerous ramp," "unsafe ramp," "hazardous ramp," "known dangerous condition," "trap," or similar inflammatory labels.[1] The inflammatory and provocative nature of this language has minimal, if any, probative value to the substantive issues in this case. The introduction of such language at trial, whether through Plaintiffs' testimony, counsel's argument, or otherwise would serve only to appeal to the emotions and prejudices of the jury rather than to assist the jury in determining the facts of this case.

Under Federal Rule of Evidence 403, this Court "may exclude even relevant evidence if its probative value is substantially outweighed by dangers like unfair prejudice or confusion." *Lovelace v. McKenna*, 894 F.3d 845, 850 (7th Cir. 2018). In *Lovelace*, the Seventh Circuit agreed that a plaintiff's testimony that "IDOC officials have a tendency 'to stick together and cover things up'" was properly excluded given the risk of unfair prejudice. *Id.*; *see also United States v. Tomkins*, No. 07 CR 227, 2012 U.S. Dist. LEXIS 54771, at *4 (N.D. Ill. Apr. 19, 2012) (barring use of inflammatory words such as "terrorist" and "terrorism"); *Schutter v. Wyeth, Inc.*, No. 05 C

---

[1] Defendants do not seek to prevent Plaintiffs from referring to the ramps as the "Cermak ramp," the "RTU east tunnel ramp," the "noncompliant ramp," or "ramps the Court found did not comply with federal accessibility standards." Defendants seek only to prevent Plaintiffs from using loaded terminology that is argumentative, unfairly prejudicial, and likely to confuse the issues.

988, 2012 U.S. Dist. LEXIS 127082, at *17 (N.D. Ill. Feb. 24, 2012) (cautioning parties that "unnecessarily inflammatory arguments will not be permitted").

In this case, the Court has already determined that the ramps do not comply with the ADA. Consequently, there is no legitimate need for Plaintiffs to describe the ramps with inflammatory or legally loaded labels such as "illegal," "dangerous," "unsafe," "hazardous," "trap," or any other loaded terms. Such inflammatory language presents a substantial risk of unfair prejudice to Defendants by potentially inflaming the jury's passions and causing the jury to decide the case based on emotion rather than on the facts and applicable law. The substantive facts can be presented to the jury without inflammatory and provocative characterizations, which would eliminate unfair prejudice while preserving any legitimate probative value. The exclusion of such language will not deprive Plaintiffs of the ability to present their case, as the underlying facts can be conveyed without the prejudicial characterizations. Indeed, Plaintiffs may fairly say the ramps were "noncompliant," but they should not be allowed to use rhetoric that improperly inflames the passions of the jury.

14. **Motion to Bar Damages Evidence Not Disclosed Under Rule 26(A)(1)(A)(iii), Including Damages for Undisclosed Emotional or Mental Injuries.**

Defendants move this Court for an order *in limine* barring Plaintiffs from offering any testimony, evidence, argument, or otherwise informing the jury about damages not listed in their Rule 26(a) disclosures. Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires the disclosing party to provide a computation of each category of damages. Additionally, Rule 37(c) bars the use at trial of information not disclosed pursuant to Rule 26(a) and (e).

In their Rule 26(a) disclosures, Plaintiffs sought (1) compensatory damages for pain and suffering related to traversing the Cermak ramp, (2) nominal damages if they are not entitled to

19

compensatory damages, and (3) attorney's fees and costs. Plaintiffs did not disclose any additional damages, such as emotional or mental harm, future damages, or permanent injuries.

Further, the alleged physical injuries are so *de minimis* that they do not constitute physical injuries for purposes of the PLRA. Pursuant to the PLRA, Plaintiffs must establish and prove that they suffered actual physical injuries, apart from a mental or emotional injury. *See* 42 U.S.C. § 1997e(e). The term "physical injury" is not defined in the PLRA and has not been defined by the Seventh Circuit. *See Phillips v. Hulett*, No. 12-3087, 2022 U.S. Dist. LEXIS 194071, at *17 (C.D. Ill. Oct. 25, 2022). Several courts have held that the "physical injury" referenced by the PLRA must be more than *de minimis*. *See, e.g.*, *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002); *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). The PLRA's physical injury requirement applies to all prisoner claims, even the ADA and Rehabilitation Act claims. *Hacker v. Dart*, No. 17-cv-4282, 2021 U.S. Dist. LEXIS 183223, at *31 (N.D. Ill. Sep. 24, 2021) (Seeger, J.) (citing *Cassidy v. Ind. Dep't of Corrs.*, 199 F.3d 374, 376-77 (7th Cir. 2000); *Phipps v. Sheriff of Cook Cty.*, 681 F. Supp. 2d 899, 909 (N.D. Ill. 2009)).

In the Complaint, Plaintiff Hernandez alleges physical injuries, including pain because of the Cermak ramp. (Am. Compl. ¶ 12, ECF No. 43.) Plaintiff Mathis mentions he experienced pain and discomfort going up the Cermak and RTU east tunnel ramps, mentioning no specific injury. (*Id.* ¶¶ 22, 28.) This is the extent of the injuries claimed by Plaintiffs, which are so *de minimis* that they do not constitute physical injuries for purposes of the PLRA.

Plaintiffs should be limited to their disclosed damages pursuant to Rule 26(a). Further, because any alleged injury is *de minimis*, Plaintiffs should be barred from offering any testimony,

20

evidence, argument, or otherwise informing the jury about any alleged physical, mental, or emotional injuries.

**15.      Motion to Bar Testimony, Evidence, or Argument Regarding the Fact that the Sheriff's Office Retained Outside Counsel or Referring to Defense Counsel as "State's Attorneys."**

Defendants are represented by outside counsel and the State's Attorney's Office. Plaintiffs may attempt to use this fact in arguing their case against Defendants. It could be used to argue that Plaintiffs are "not playing on a level playing field" and that Defendants have an unfair advantage that the jury should take into account. Plaintiffs may also argue that Defendants need outside counsel because their case is weak. These arguments are not relevant. Plaintiffs should not be permitted to refer to the fact that Defendants retained outside counsel and the State's Attorney's Office to represent them in this case. As such, Defendants move to bar any argument or comment that Defendants are represented by outside counsel or the State's Attorney's Office.

Defendants further move to bar any references to Defendants' attorneys as "Assistant State's Attorneys"; "Special Assistant State's Attorneys"; "County Lawyers"; "County"; "State"; or "Government." All such references must be barred. The clear purpose of such references will be to place in the jury's mind the inference that Defendants have "deep pockets" and are able to retain a team of dedicated lawyers to defend against lawsuits. Such an inference would be highly prejudicial in that the jury may award money to Plaintiffs regardless of the facts.

Defendants also seek to bar any references to Defendants' financial status or the relative wealth of Defendants in contrast to the relative poverty of Plaintiffs for the purpose of invoking the jury's sympathy by conjuring a David versus Goliath scenario. *See Stephen v. Home Depot U.S.A.*, No. 18 C 130, 2021 U.S. Dist. LEXIS 208767, at *19–20 (N.D. Ill. Oct. 6, 2021) (granting motion to bar references to defendants' financial condition because it would be prejudicial); *see also Adams Labs., Inc. v. Jacobs Eng'g Co.*, 761 F.2d 1218, 1226 (7th Cir. 1985) ("Courts have

held that appealing to the sympathy of jurors through references to the relative wealth of the defendants in contrast to the relative poverty of the plaintiffs is improper and may be cause for reversal.") (citation omitted); *Wielgus v. Ryobi Techs., Inc.*, No. 08 CV 1597, 2012 U.S. Dist. LEXIS 70079, 2012 WL 1853090, at *6 (N.D. Ill. May 21, 2012) ("[A]bsent a request for punitive damages, evidence of financial status is generally not relevant at the liability stage. Moreover, the danger of its probative value being outweighed by its unfairly prejudicial impact is particularly high where a plaintiff references a defendant's financial status for the purpose of invoking the jury's sympathy by conjuring a David versus Goliath scenario." (citations omitted)).

Defendants also seek to bar any reference to the number of attorneys who represent Defendants in this case. Such evidence is irrelevant to the issues in this case pursuant to Fed. R. Evid. 401. *See Burke v. Burlington N. & Santa Fe Ry. Co.*, No. 12-1161, 2015 U.S. Dist. LEXIS 196304, at *3 (C.D. Ill. May 26, 2015); *see also Dinsay v. Rn Staff Inc.*, No. 1:19-cv-00907-TWP-DML, 2021 U.S. Dist. LEXIS 119939, at *13–14 (S.D. Ind. June 28, 2021) (barring references to the number of attorneys because such references are clearly irrelevant and unfairly prejudicial).

16. **Motion to Bar Testimony, Evidence, or Argument Regarding Conditions at the Jail that Are Unrelated to the Ramps.**

Testimony, evidence, or argument regarding conditions at the Jail unrelated to the ramps is irrelevant and not probative of any fact at issue in this case and should be barred. Fed. R. Evid. 401. Any evidence of alleged poor conditions at the Jail has no probative value and is highly inflammatory and prejudicial. Fed. R. Evid. 403. Moreover, evidence of poor conditions at the jail would serve to confuse the jury and would result in a mini trial within the trial at bar. The cumulative collateral effect would result in undue prejudice and serve to lengthen the trial. *Id.* Defendants ask that this Court eliminate any opportunity to improperly inflame the passions of the jury by precluding Plaintiffs from introducing such testimony, evidence, or argument.

22

**CONCLUSION**

WHEREFORE, Defendants THOMAS J. DART, in his official capacity as Sheriff of Cook County, and COOK COUNTY, ILLINOIS, respectfully request that this Court enter an order *in limine* as to the foregoing issues and grant such other relief as the Court deems appropriate and just.

Respectfully submitted,

JOHNSON & BELL, LTD.

Dated: July 7, 2026

/s/ *Samuel D. Branum*
One of the attorneys for Defendants
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770
branums@jbltd.com

/s/ *Jordan F. Yurchich*
One of the attorneys for Defendants
Assistant State's Attorney
Civil Rights/Torts Litigation
Civil Actions Bureau
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-1902
jordan.yurchich@cookcountysao.org

/s/ *Maceo Dillard III*
One of the attorneys for Defendants
Assistant State's Attorney
Civil Rights/Torts Litigation
Civil Actions Bureau
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-1931
maceo.dillard@cookcountysao.org