IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

William Mathis,                        )
                                       )
              *Plaintiff,*              )
                                       )        24-cv-1127
       -vs-                            )
                                       )        Judge Tharp Jr.
Thomas Dart, Sheriff of Cook           )
County, and Cook County, Illinois,     )        Magistrate Judge Gilbert
                                       )
                                       )
              *Defendants.*            )

## PLAINTIFF'S RESPONSE TO DEFENDANT COOK COUNTY'S FIRST SET OF INTERROGATORIES

Plaintiff William Mathis, by counsel, responds to defendant Cook County's first set of interrogatories as follows:

1.      State (a) your name(s); (b) your date of birth; (c) your social security number; (c) all address(es) at which you have lived in the past ten (10) years, and (d) your spouse's name.

**ANSWER:** William Jamahal Mathis.          is my date of birth.          is my social. I am current at CCDOC. I have lived at 18910 Baker Ave, Country Club Hills. I do not recall all my addresses over the last 10 years.

2.      Identify any person, including any Party to this case, who has, or claims to have, knowledge of the facts concerning the occurrences described in the Complaint, or who were, or claim to have been, witnesses to the occurrences described in the Complaint. For each such person, state his or her name, and if known, his or her address and telephone number. If any such person is an employee of the Cook County Sheriff, identify the facility to which he or she is assigned, and if known, his or her badge number. If any such person is incarcerated, please provide the name of the institution where he or she is housed.

**ANSWER:** Counsel for plaintiff directs defendants to the names and information produced to defendants pursuant to the Rule 26(a) disclosures. Subject to and notwithstanding this objection, plaintiff states as follows: I do not know every person who may have knowledge of the RTU and Cermak ramp. I know I filed grievances. The grievances mention Hubbs, Sabrina, and J. Mueller. I have also gone up and down the Cermak and RTU ramps with other people with canes and walkers. I do not know their names. I am escorted by transportation officers and they should have knowledge about the ramps. Presently, I do not recall any names. I believe on May 23rd I moved across the Cermak ramp. If the video of the ramp was preserved from about 1:00 pm to 3:30 pm on

Exhibit 5 Page 1

this day, May 23, 2024, it should identify the officer.

3.      State whether you or anyone acting on your behalf have taken statements, signed or unsigned, oral or written, or know of the existence of any such statements, from or by any person who has, or claims to have, knowledge of the facts concerning the occurrences complained of, or who were, or claim to have been, witnesses to the occurrences complained of. If so, state the name, and if known, the address and telephone number of each such person, whether the statement given by him or her was written or oral, and if written, who presently has custody thereof. If any such person is an employee of the Cook County Sheriff, identify the facility to which he or she is assigned, and if known, his or her badge number. If any such person is incarcerated, please provide the name of the institution where he or she is housed.

ANSWER: Counsel for plaintiff directs defendants to the names and information produced to defendants pursuant to the Rule 26(a) disclosures. Additionally, counsel for plaintiff directs defendants to the depositions and testimony of witnesses in the Westmoreland v. Dart, 23-cv-1851, litigation that includes matters regarding the ramps at issue in this case.   Subject to and notwithstanding this objection, plaintiff states as follows: I am not aware of every statement about the ramps. I know there are reports from a company called Globetrotters that states the RTU east tunnel ramp and the Cermak ramp are not compliant with the ADA. I have also provided statements, including grievances.

4.      State the name of each person, specifically any employee or agent of the Cook County Sheriff (including sworn officers and civilian employees) whom you allege violated your constitutional rights as described in the Complaint. If you do not know the name of any such person, state the date, time, and location of your interaction with him or her, as well as a description of him or her using physical identifiers, including but not limited to, height, weight, complexion, race, and/or age.

ANSWER: Counsel for plaintiff directs defendants to the names and information produced to defendants pursuant to the Rule 26(a) disclosures. Additionally, counsel for plaintiff directs defendants to the depositions and testimony of witnesses in the Westmoreland v. Dart, 23-cv-1851, litigation that includes matters regarding the ramps at issue in this case.   Subject to and notwithstanding this objection, plaintiff states as follows: I believe the Sheriff's Office and Cook County are responsible for the non-complaint ramps in the RTU and Cermak.

5.      Have you (or has anyone acting on your behalf) had any conversation(s) with any person with regard to the manner in which the occurrences complained of occurred, specifically, the alleged occasions on which you experienced difficulties and/or injuries as a result of attempts to navigate the ramps "in the lower level of the RTU known as the 'east tunnel,'" and "in the lower level of Cermak?" If so, identify the date(s), time(s), and location(s) of said conversation(s), and all persons present for said conversation(s).

ANSWER: It has always been painful to move up and down this ramp since entering the Jail.  During my incarceration, my ability to move from place to place has deteriorated. I would see the yellow cart and ask staff to be moved in a cart. I was told that if you can walk an inmate is not allowed to move in the cart. I have been moved in the yellow cart

Exhibit 5 Page 2

one time because my gout/arthritis was so bad and I was unable to walk. I do not recall the names of the transportation officers. I have also filed grievances regarding moving up and down the ramps. One was marked 2023x18633 and the other one was marked NC2023x04289.

6.      Provide the factual basis for your assertions in ¶ 16 of your Complaint that there are "physical barriers" preventing Plaintiff from using the ramps "in the lower level of the RTU known as the 'east tunnel,'" and "in the lower level of Cermak," on the same basis as others.

ANSWER: Counsel for plaintiff directs defendants to the names and information produced to defendants pursuant to the Rule 26(a) disclosures. Additionally, counsel for plaintiff directs defendants to the depositions and testimony of witnesses in the Westmoreland v. Dart, 23-cv-1851, litigation that includes matters regarding the ramps at issue in this case.   Subject to and notwithstanding this objection, plaintiff states as follows: I have experienced hardship moving up and down both ramps. I am aware of reports from Globetrotters stating the ramps are not compliant with the ADA. I have also filed grievances regarding moving up and down the ramps. One was marked 2023x18633 and the other one was marked NC2023x04289.

7.      Provide the factual basis for your assertion in ¶ 13 of your Complaint that "Defendants ... know this ramp is not compliant with ADA structural standards."

ANSWER: Counsel for plaintiff directs defendants to the names and information produced to defendants pursuant to the Rule 26(a) disclosures. Additionally, counsel for plaintiff directs defendants to the depositions and testimony of witnesses in the Westmoreland v. Dart, 23-cv-1851, litigation that includes matters regarding the ramps at issue in this case.   Subject to and notwithstanding this objection, plaintiff states as follows: I believe the Globetrotters reports were provided to defendants.

8.      Provide the factual basis for your assertion in ¶ 16 of your Complaint that the ramp "in the lower level of the RTU known as the 'east tunnel,'" was "non-compliant."

ANSWER: Counsel for plaintiff directs defendants to the names and information produced to defendants pursuant to the Rule 26(a) disclosures. Additionally, counsel for plaintiff directs defendants to the depositions and testimony of witnesses in the Westmoreland v. Dart, 23-cv-1851, litigation that includes matters regarding the ramps at issue in this case.   Subject to and notwithstanding this objection, plaintiff states as follows: I have experienced hardship moving up and down both ramps. I am aware of reports from Globetrotters stating the ramps are not compliant with the ADA.

9.      Identify with specificity the evidence upon which Plaintiff relies to support his contention that Defendants (1) knew or should have known that the ramps "in the lower level of the RTU known as the 'east tunnel,'" and "in the lower level of Cermak," presented obvious structural barriers which Defendants knew violated the ADA; and (2) turned a blind eye to it.

ANSWER:  Counsel for plaintiff directs defendants to the names and information

Exhibit 5 Page 3

produced to defendants pursuant to the Rule 26(a) disclosures. Additionally, counsel for plaintiff directs defendants to the depositions and testimony of witnesses in the Westmoreland v. Dart, 23-cv-1851, litigation that includes matters regarding the ramps at issue in this case. Subject to and notwithstanding this objection, plaintiff states as follows: I filed grievances regarding moving up and down the ramps. One was marked 2023x18633 and the other one was marked NC2023x04289. I am aware of reports from Globetrotters stating the ramps are not compliant with the ADA. I also have been only permitted to move up and down the ramps once in a cart (when I could not even walk) and have been told numerous times by staff that I must walk up and down the ramps without any accommodation. I recently traversed the Cermak ramp on May 23, 2024, without any assistance.

10. Has Plaintiff ever filed any other lawsuits for his own personal injuries or violations of his constitutional rights? If so, state the court and the caption in which each such lawsuit was filed, the year each such lawsuit was filed, the nature of the injuries claimed in each such lawsuit, and the outcome of each such lawsuit.

**ANSWER:** I do not believe I have ever filed any other lawsuits. I recall being involved in a class action where I received compensation for being strip searched at Cook County Jail.

11. Has Plaintiff ever been convicted of a felony? If so, for each felony, state the crime charged, the date of conviction, the court and the caption in which the conviction occurred, and a description of any sentence imposed. For purposes of this interrogatory, a plea of guilty shall be considered as a conviction.

**ANSWER:** I do not recall my entire criminal history and the specific facts requested. I believe in Livingston County I was convicted of obstruction of justice around 2015 and sentenced to one year in the IDOC. I also believe I had some minor felony convictions as a juvenile. I have had several convictions (I believe 13 or 14) for driving on a revoked/suspended license.

12. State the name and address of each Plaintiff's employer(s) from the last ten (10) years, providing the inclusive dates of his employment and the salary or hourly rate Plaintiff received. If Plaintiff is or was self-employed, describe the nature of his or her employment, as well as his or her total monthly income.

**ANSWER:** Counsel for plaintiff objects to the extent this information is not proportional to the needs of the case. Subject to and notwithstanding this objection, plaintiff states as follows: About 4 to 5 years ago, I worked for a staffing agency (called Run Staffing). I worked at this place for about 2 months and was compensated about 9 or 10 dollars per hours. I believe I was placed at Clorox for this job. Prior to this, I worked for Flexible Staffing for about 2 months. The pay was about the same as Run.

13. State with specificity the identity and nature of the defect(s) alleged to exist in the RTU which allegedly violate the ADA.

**ANSWER:** Counsel for plaintiff directs defendants to the names and information

Exhibit 5 Page 4

produced to defendants pursuant to the Rule 26(a) disclosures. Additionally, counsel for plaintiff directs defendants to the depositions and testimony of witnesses in the Westmoreland v. Dart, 23-cv-1851, litigation that includes matters regarding the ramps at issue in this case. Subject to and notwithstanding this objection, plaintiff states as follows: The ramp is long, steep, does not have enough space to rest, and I believe the handrails are not proper ADA handrails. Please see the Globetrotters report for additional information.

14. State with specificity the identity and nature of the defect(s) alleged to exist in Cermak which allegedly violate the ADA.

**ANSWER:** Counsel for plaintiff directs defendants to the names and information produced to defendants pursuant to the Rule 26(a) disclosures. Additionally, counsel for plaintiff directs defendants to the depositions and testimony of witnesses in the Westmoreland v. Dart, 23-cv-1851, litigation that includes matters regarding the ramps at issue in this case. Subject to and notwithstanding this objection, plaintiff states as follows: The ramp is long, steep, does not have enough space to rest, and I believe the handrails are not proper ADA handrails. Please see the Globetrotters report for additional information.

15. State the first date on which Plaintiff was informed or came to believe that that any structural features of the RTU or Cermak failed to comply with structural standards imposed by the ADA or were defective and/or malfunctioning.

**ANSWER:** It was always difficult for me to go up and down the ramps since my admission. I filed a grievance and subsequently came into possession of the Globetrotters reports.

16. Describe in detail any and all injuries and damages you suffered as a result of the alleged wrongdoing described in the Complaint, including but not limited to physical, psychological, and monetary injuries and damages.

**ANSWER:** I am unable to move up and down these ramps on the same basis as non-disabled people because the ramps are steep, do not have a safe area for me to rest, and I notice the hand rails, at points, are low and do not fully extend at the bottom and top of the ramp. I suffer physical pain moving up and down the ramps, particularly in my left knee. I also feel like I am being treated differently because of my disability and staff do not help me despite verbal requests and my grievances. I also request any remedy available under the law, including the Illinois Restoration Act which provides that "in no case less than $4,000."

17. With respect to your alleged damages, please itemize each element of damage and the dollar amount assigned to each element of damage, state the manner in which you determined

Exhibit 5 Page 5

or computed damages, and if you have not yet determined specific dollar amounts of your damages, state the method, formula or theory by which you will compute your alleged damages.

**ANSWER:** Please see my answer to interrogatory 16. I will let a jury determine the appropriate amount of damages.

18. Describe the putative class Plaintiff is seeking to represent in this lawsuit, including whether such class includes:

(a) Individuals currently aware of their alleged rights against

Defendants;

(b) Individuals who received a communication from Plaintiff's counsel
**ANSWER:** Counsel for plaintiff objects to the extent that communication between counsel and putative class members is subject to the attorney-client privilege. Counsel for plaintiff directs defendants to plaintiff's Rule 26(a) disclosures identifying some putative class members. Plaintiff's counsel has requested and is waiting for defendants to produce a list of putative class members, video of putative class members traversing the ramps, and inmate grievances. Subject to and notwithstanding these objections, plaintiff responds as follows: I am seeking to represent a group of people who have and currently are prescribed a cane, crutch, or walker move up and down the Cermak and RTU east tunnel ramp.

19. Identify Plaintiff's medical condition necessitating cane use, and with respect to that condition, state the name and address of each medical professional and/or facility which has rendered treatment to you for said medical condition within the last five (5) years.

**ANSWER:** For the past five years I have been treated at Cook County Health. I have arthritis in my knee and gout and require a cane to move from place to place. I do not recall the names of all the doctors that I have been evaluated by, but the information should be in my Cermak medical records.

20. State the manner in which the prerequisites of numerosity, commonality, typicality, and adequacy of representation exist between Plaintiff and the purported class members in this lawsuit.

**ANSWER:** Counsel for plaintiff objects to the extent this interrogatory seeks information that is beyond the scope of plaintiff's personal knowledge and may call for legal analysis. Additionally, counsel for plaintiff directs defendants to the depositions, briefing on class certification, and testimony of witnesses in the Westmoreland v. Dart, 23-cv-1851, litigation that includes matters regarding the ramps at issue in this case. Additionally, counsel for plaintiff direct defendants to the briefing on class certification

Exhibit 5 Page 6

in Hernandez v. Dart, 22-cv-16970. Subject to and notwithstanding these objections, plaintiff responds as follows: I have seen many people at the Cook County Jail use a cane, crutch, or walker.  There must be more than 60 people who use these devices at Cook County Jail.  My present living Unit, Division 2, M House has several people with canes, crutches, and walkers.  I know a lot of people go to Cermak on a daily basis for medical appointments or returning from Stroger Hospital. I also know many people in the RTU also use canes, crutches, and walkers.  The ramps in the RTU and Cermak are both steep  and long.  I know that Globetrotters has issued reports that each ramp violates the ADA standards. I also know, that despite these reports, I continue to traverse the ramps without any assistance.

_An attorney for the plaintiff_
Thomas G. Morrissey, Ltd.
ARDC 6309730
10257 S. Western Ave.
Chicago IL 60643
(773)233-7901

Exhibit 5 Page 7

## Verification

I, William Mathis, state under penalty of perjury, the foregoing answers to Defendant Cook County's First Set of Interrogatories are, to the best of my knowledge true and correct.

Dated: 5-28-24

_William Mathis_
William Mathis

Exhibit 5 Page 8

## CERTIFICATE OF SERVICE

I, Patrick W. Morrissey, state that I served the foregoing on the undersigned attorney for defendants by Email on June 7, 2024.

Jason E. DeVore
Troy S. Radunsky
Zachary G. Stillman
DeVore Radunsky, LLC
230 W. Monroe Suite 230
Chicago, IL 60606
*Attorney for all defendants*

_____

Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773)-233-7901

Exhibit 5 Page 9