**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CUAUHTEMOC HERNANDEZ and WILLIAM MATHIS, | ) ) ) | |
| *Plaintiffs,* | ) ) | |
| | ) | Case No. 23-cv-16970 |
| -*vs*- | ) ) | |
| | ) | Judge Sunil R. Harjani |
| THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, | ) ) ) | Magistrate Judge Keri L. Holleb Hotaling |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTIONS *IN LIMINE***

Defendants, THOMAS J. DART, in his official capacity as Sheriff of Cook County, and

COOK COUNTY, ILLINOIS, by their attorney EILEEN O'NEILL BURKE, State's Attorney of

Cook County, through her Special Assistant State's Attorneys, JOHNSON & BELL, LTD., respond

to Plaintiffs' motions *in limine* as follows:

1. **Plaintiffs' Motion Regarding the Court's Summary Judgment Order Should Be Denied Because It Misconstrues the Scope of the Court's Ruling and Because It Seeks to Bar Otherwise Permissible Evidence and Arguments.**

Plaintiffs argue that Defendants should be barred from arguing: (1) the Cermak ramp

complied with the ADA when constructed; (2) any deviations were *de minimis* or that the ramps

substantially complied with the ADA; (3) the absence of an intermediate landing was

inconsequential; and (4) Defendants' policy of providing staff assistance cured any structural

noncompliance. (Pl.'s Mot. at 1–2, ECF No. 198.) The Court's summary judgment order, however,

resolved only the certified issues for the Rule 23(c)(4) classes—namely, whether the ramps

complied with ADA structural standards during the class periods. (Order at 6–10, ECF No. 175.)

The Court did not resolve all factual disputes or foreclose all legal arguments relevant to Plaintiffs'

individual claims for damages.

1

The summary judgment order found that genuine disputes of material fact exist on Plaintiffs' individual claims, including denial of access and deliberate indifference. (*Id.* at 10–14.) Those issues will be tried to a jury. To prevail on those claims, Defendants may present evidence and argument that: (1) Plaintiffs did not suffer compensable injuries caused by the ramp conditions; (2) any difficulties Plaintiffs experienced were caused by their underlying medical conditions, not the ramp design; (3) Defendants provided reasonable accommodations that gave Plaintiffs equivalent access; and (4) Defendants did not act with deliberate indifference. Such evidence and arguments are not "contrary to" the summary judgment order. They address distinct factual and legal issues that remain for trial.

To the extent Plaintiffs seek to exclude evidence (rather than legal arguments), the motion is improper. Evidence cannot be excluded merely because it relates to an issue resolved at summary judgment. Defendants are entitled to present evidence on causation, the nature and extent of Plaintiffs' injuries, and Defendants' mental state—all of which are relevant to the remaining elements of Plaintiffs' individual claims, including damages. Those issues remain for trial, and Defendants are entitled to present evidence and argument on them.

Plaintiffs invoke the "law of the case" doctrine to suggest that Defendants are bound by every statement in the summary judgment order. But the law of the case doctrine is not absolute, and it does not prevent parties from presenting evidence at trial or making arguments to the jury on issues not definitively resolved by the prior ruling. The doctrine is simply a "presumption that a ruling made at one stage of a lawsuit will be adhered to throughout the suit." *Cannon v. Armstrong Containers Inc.*, 92 F.4th 688, 701 (7th Cir. 2024) (citation omitted). "The doctrine is discretionary, 'not an inflexible dictate.'" *Id.* (citation omitted). Defendants retain the right to present evidence and make arguments on issues not definitively resolved in the Court's summary judgment order.

2

Plaintiffs' motion seeks to exclude evidence and argument on issues that go beyond the Rule 23(c)(4) issue the Court decided on summary judgment, and therefore, the motion should be denied.

**2.      Plaintiffs' Motion Regarding the Ramp Survey Should Be Denied Because the Survey Is Not Hearsay When Offered to Show Defendants' State of Mind.**

Plaintiffs argue that the ramp survey should be excluded as hearsay, but the survey shows Defendants' knowledge and is not being offered for the truth of the matter asserted. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. *Lovelace v. McKenna*, 894 F.3d 845, 849 (7th Cir. 2018). Defendants do not intend to offer the survey to prove that the ramp measurements were accurate. Rather, Defendants intend to offer the survey to show Defendants' knowledge and belief regarding the ramp's compliance, which is relevant to the issue of deliberate indifference.

To establish deliberate indifference, Plaintiffs must prove Defendants "knew that harm to a federally protected right was substantially likely and . . . failed to act on that likelihood." *Hildreth v. Butler*, 960 F.3d 420, 431 (7th Cir. 2020) (emphasis removed). Evidence of what Defendants knew or believed is directly relevant to this mental state requirement. The survey is probative of Defendants' knowledge because it shows that Defendants commissioned a survey in 2022 that indicated the ramp was compliant with ADA standards. When offered to show the effect on the listener—here, Defendants' state of mind—an out-of-court statement is not hearsay. *Torry v. City of Chicago*, 932 F.3d 579, 585 (7th Cir. 2019). Defendants are entitled to present evidence of their reasonable, good-faith belief that the ramp complied with ADA standards, which negates deliberate indifference.

Plaintiffs argue the survey is unreliable because it is unsigned and unverified. But whether Defendants were entitled to rely on the survey is an issue for cross-examination rather than a basis

for exclusion. Plaintiffs cite statements made by defense counsel in a different case, *Walker v. Dart*, 20-cv-261, to suggest the survey is indefensible. But statements by counsel in a prior litigation do not establish the inadmissibility of evidence in this case. The reliability of the survey from an evidentiary standpoint is not at issue because Defendants are not relying on the survey for its accuracy or to prove the truth of the matter asserted, namely, that the ramp complied with the ADA. The ramp survey shows Defendants' knowledge of the ramp's measurements in 2022 regardless of whether those measurements later turned out to be accurate.

The survey is relevant to show that Defendants took affirmative steps to assess ADA compliance and reasonably believed the ramp was compliant at the time of the survey. This evidence is probative on the issue of deliberate indifference and is not unfairly prejudicial under Rule 403. For these reasons, Plaintiffs' motion should be denied.

### 3. Plaintiffs' Motion Regarding Felony Convictions Should Be Denied Because It Seeks to Exclude Proper Impeachment Evidence.

Plaintiffs ask this Court to exclude "specific evidence of each plaintiff's criminal record" and allow Defendants to introduce a generic statement that "each plaintiff is a convicted felon." (Pl.'s MIL No. 3.) Plaintiff's motion should be denied.[1]

Federal Rule of Evidence 609(a)(1) allows the use of a witness' prior criminal conviction to attack his or her character for truthfulness if the conviction was for "a crime that . . . was punishable by death or by imprisonment for more than one year," however, the Court may exclude such evidence if its probative value is substantially outweighed by its prejudicial effect. Fed. R. Evid. 609(a)(1), 403; *see also Blackwell v. Kalinowski*, No. 08 C 7257, 2011 U.S. Dist. LEXIS

---

[1] Defendants do not intend to use Plaintiffs' prior arrests or charges that did not result in convictions, juvenile adjudications, misdemeanor traffic offenses, or the identity of any victim. Defendants also do not intend to use Mathis's 2013 controlled-substance conviction, which appears to fall outside Rule 609(b)'s 10-year period.

44322, 2011 WL 1557542, at *2 (N.D. Ill. Apr. 25, 2011) (applying Rules 609 and 403 in a Section 1983 case). Rule 609, however, provides that if more than 10 years have passed since a witness's conviction or release from confinement, whichever is later, evidence of the conviction is admissible only if: "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b).

In this case, Defendants seek to introduce the following convictions:

a.     In *People v. Mathis*, No. 23 CR 0510701 (Cir. Ct. Cook Cnty.), Mathis was convicted of aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2022)), a felony. On August 26, 2024, he was convicted and sentenced to 515 days' imprisonment (time served). (Ex. A, Mathis Criminal History Report.)[2]

b.     In *People v. Hernandez*, No. 98 CR 2437301 (Cir. Ct. Cook Cnty.), Hernandez was convicted of murder (720 ILCS 5/9-1(a)(1) (West 1998)) and attempt murder (720 ILCS 5/8-4 (West 1998)), Class X felonies. On February 7, 2001, he was sentenced to 44 years' imprisonment, and was released on mandatory supervised release (MSR) after serving 21 years. Hernandez violated MSR and returned to IDOC on April 12, 2022. (Ex. B, Hernandez Certified Stmt. of Conviction; see also Pl.'s MIL No. 3 (citing Hernandez Dep. 14:3-13)).

c.     In *People v. Hernandez*, No. 22 C 44010301 (Cir. Ct. Cook Cnty.), Hernandez was convicted of unlawful possession of a firearm by a felon (720 ILCS 5/24-1.6(a) (West 2022)), a felony. On May 8, 2023, Hernandez pleaded guilty and was sentenced to 3 years' imprisonment. (Ex. C, Hernandez Certified Stmt. of Conviction.)

Defendants should be permitted to introduce the above-referenced convictions since they were punishable by more than 1 year imprisonment and not more than 10 years have passed since their release from confinement.

Plaintiffs propose that the jury should merely be told that each Plaintiff is a convicted felon. That proposal, however, removes the information necessary for the jury to evaluate the

---

[2] Defendants have ordered the certified statement of conviction for this conviction.

impeachment evidence. The Seventh Circuit has held that the permissible scope of Rule 609 impeachment ordinarily includes the title of the offense, the date of conviction, and the disposition. *United States v. Fawley*, 137 F.3d 458, 473–74 (7th Cir. 1998); *United States v. Dow*, 457 F.2d 246, 250 (7th Cir. 1972). "The law in the Seventh Circuit is very clear that, in impeaching a witness with a prior conviction, a party 'may identify the particular felony charged, the date and the disposition.'" *United States v. Goselin*, No. 06-CR-20015, 2007 U.S. Dist. LEXIS 25462, at *2 (C.D. Ill. Apr. 4, 2007) (quoting *United States v. Smith*, 454 F.3d 707, 716 (7th Cir. 2006); *United States v. White*, 222 F.3d 363, 370 (7th Cir. 2000); *Campbell v. Greer*, 831 F.2d 700 (7th Cir. 1987)).

Indeed, a recent conviction carries a different impeachment value than a remote conviction. A generic statement that a witness is a "convicted felon" obscures the recency and number of qualifying convictions and may cause the jury to speculate about whether the felony was more or less serious than the actual offense.

Finally, Defendants note that the Court can give a limiting instruction to avoid improper use by the jury. The Seventh Circuit's pattern instruction provides an appropriate safeguard:

> You have heard evidence that a witness has been convicted of a crime. You may consider this evidence only in deciding whether the witness's testimony is truthful in whole, in part, or not at all. You may not consider it for any other purpose.

A limiting instruction, combined with restriction of the evidence to the title, date, and disposition, adequately addresses the concerns identified by Plaintiffs.

Accordingly, Plaintiffs' motion should be denied to the extent it seeks to limit Defendants to the generic statement that each Plaintiff is a convicted felon. Defendants should be permitted to introduce the title, date, and disposition of the qualifying convictions identified above, subject to an appropriate limiting instruction.

4.     **Plaintiffs' Motion Regarding Criminal Charges Should Be Denied Because It Seeks to Exclude Relevant Evidence.**

Plaintiffs seek a categorical order barring any reference to the criminal charges for which they were detained at the Cook County Jail. This motion is overbroad and should be denied.

To begin with, the charges identified in Plaintiffs' motion did not remain mere accusations. Hernandez pleaded guilty in May 2023 to unlawful possession of a firearm by a felon and Mathis was found guilty in August 2024 of aggravated discharge of a firearm. Once those cases resulted in convictions, the convictions became independently admissible for impeachment under Rule 609, subject to Rule 403. Plaintiffs cannot prevent proper Rule 609 impeachment by characterizing the same offenses solely as "charges" because they were pending during the relevant detention.

Moreover, the jury must understand that Plaintiffs were detained at the Cook County Jail during the relevant periods, when their periods of detention began and ended, and when they were transferred to the Illinois Department of Corrections or released. That neutral custody information provides necessary context for the periods each Plaintiff allegedly traversed the ramps; the dates of medical alerts and accommodations; the frequency of movements to Cermak or Stroger; whether alleged missed appointments occurred while Plaintiffs were in custody; and the reason certain records, witnesses, or treatment periods begin or end. Plaintiffs' proposed categorical motion could be read to bar even neutral testimony explaining custody dates, transitions between CCDOC and IDOC, and the fact that the pending proceedings later resulted in convictions.

Finally, the conduct underlying Plaintiffs' arrests may be relevant to their claimed physical limitations, injuries, and damages. Both Plaintiffs allege substantial limitations involving their legs and mobility, as well as continuing pain allegedly aggravated by the ramps. The record reflects that both Plaintiffs were arrested and charged for unlawful possession of a firearm (Hernandez) and unlawful discharge of a firearm (Mathis). Although the charges alone are not direct evidence

7

of their physical abilities, Defendants should be permitted to offer the charges as circumstantial evidence of activity in the commission of a crime that may be elicited on cross-examination—such as walking or standing without assistance, entering or operating a vehicle, maintaining balance, handling and discharging a firearm, or running from the police—that bears on the severity and duration of their claimed limitations. The evidence would be offered for the non-propensity purpose of testing their claimed functional incapacity and damages.

For all these reasons, Defendants respectfully request that this Court deny Plaintiffs' motion *in limine* to the extent it seeks to bar evidence regarding the criminal charges underlying their detention.

**5.      Plaintiffs' Motion Regarding Statutory Damages Should Be Denied Because the Damages Relate to the Nature and Extent of the Relief Plaintiffs Seek.**

Plaintiffs seek to exclude any reference to its claims for statutory damages under the Illinois Civil Rights Remedies Restoration Act ("ICRRRA"), 775 ILCS 60/1 et seq., arguing that such evidence is irrelevant to whether Defendants violated the ADA and irrelevant to the jury's determination of compensatory damages. Defendants do not dispute that the availability of statutory damages does not bear directly on whether an ADA violation occurred or on the amount of compensatory damages, standing alone.

However, evidence concerning Plaintiffs' claim of statutory damages is relevant under Federal Rule of Evidence 401 because it relates to the nature and extent of the relief Plaintiffs seek in this action. Plaintiffs are asking the jury to award damages arising from the same alleged violation of the ADA, and the jury is entitled to understand the full scope of the damages and other relief Plaintiffs claim they are entitled to recover. Further, in ICRRA Section 20, it states that remedies for a violation of the Act may be determined "by a jury, or a court sitting without a jury."

8

This part of Section 20 was excluded from Plaintiffs' motion *in limine* because it directly illustrates the relevance of the jury knowing about the claim for statutory damages under the ICRRRA.

Moreover, exclusion is not warranted under Federal Rule of Evidence 403. Plaintiffs have not demonstrated that informing the jury of their claim for statutory damages would create a danger of unfair prejudice, confuse the issues, mislead the jury, or otherwise substantially outweigh the evidence's probative value. *See* Fed. R. Evid. 403. To the contrary, juries are routinely instructed on the distinct legal standards governing different categories of damages and are presumed to follow the Court's instructions. The fact that one category of damages is statutory, rather than compensatory, does not render it categorically irrelevant. Any potential for confusion can be adequately addressed through an appropriate limiting instruction on compensatory damages and statutory damages.

Notably, Plaintiffs do not contend that reference to their statutory damages claim would unfairly prejudice Plaintiffs. Instead, Plaintiffs argue only that such evidence is irrelevant to the relief sought and because Plaintiffs have failed to establish that the evidence should be excluded under Rule 403, Plaintiffs' motion *in limine* should be denied.

**6.      Plaintiffs' Motion Regarding Production of New Documents Should Be Denied.**

In their motion, Plaintiffs express concerns about alleged undisclosed production of video evidence and additional records maintained by the Cook County Sheriff's Office. As an example, Plaintiffs contend that defense is now in possession of certified copies of both Plaintiffs' criminal convictions. Certified copies of criminal convictions are records maintained by the Illinois State Police, not the Cook County Sheriff's Office.

Further, Federal Rule of Evidence 609(a)(1)(A) states that impeachment by evidence of a criminal conviction, "Must be admitted, subject to Rule 403, in a civil case." Fed. R. Evid. 609(a)(1)(A). Rule 609 does not require prior disclosure for the use of criminal convictions, so

9

Plaintiffs' concerns about when the certified copies of both of the Plaintiffs' criminal convictions were disclosed to them are unfounded.

Moreover, the certified conviction records are not prejudicial to Plaintiffs and do not constitute improper or surprising evidence. These records merely document convictions of which Plaintiffs' counsel has been fully aware of throughout the years litigating this matter. The production of such records is a natural extension of the extensive discovery already exchanged by Defendants regarding each Plaintiff's incarceration and time within the Cook County Department of Corrections. Given the volume and nature of the documents previously produced, the certified conviction records do not present any unfair surprise or prejudice warranting exclusion and are harmless to Plaintiffs' ADA violation claims.

As Plaintiffs noted, Defendants are not currently aware of any other documents that it would like to produce. Further, any additional documents or videos produced by Defendants would be to engage in open disclosure of all available evidence to Plaintiffs and not in causing prejudice. As Plaintiffs discuss in the concluding paragraph of their motion *in limine*, if Defendants produce any evidence or documents that they regard as prejudicial, the Court can examine whether there is a showing of substantial justification or whether the failure to disclose is harmless. Plaintiffs' concerns about production of documents on the eve of trial are not justified by the facts and information presented, and therefore their motion should be denied.

### CONCLUSION

WHEREFORE, Defendants THOMAS J. DART, in his official capacity as Sheriff of Cook County, and COOK COUNTY, ILLINOIS, respectfully request that this Court enter an order denying Plaintiffs' motions *in limine* and grant such other relief as the Court deems appropriate and just.

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

Dated: July 21, 2026

/s/ *Samuel D. Branum*
One of the attorneys for Defendants
Special Assistant State's Attorney
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770
branums@jbltd.com

/s/ *Jordan F. Yurchich*
One of the attorneys for Defendants
Assistant State's Attorney
Civil Rights/Torts Litigation
Civil Actions Bureau
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-1902
jordan.yurchich@cookcountysao.org

/s/ *Maceo Dillard III*
One of the attorneys for Defendants
Assistant State's Attorney
Civil Rights/Torts Litigation
Civil Actions Bureau
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-1931
maceo.dillard@cookcountysao.org

11