IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cuauhtemoc Hernandez, et al., | ) | |
| | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| *-vs-* | ) | No. 23-cv-16970 |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | Honorable Sunil R. Harjani |
| and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE**

Plaintiffs, by counsel, respond to defendants' opposed motions in limine, Dkt. 196, as follows:

**1. Bar nonparty detainee testimony, grievances, declarations, and related evidence**

Defendants argue that evidence regarding defendants' notice that the Cermak and RTU east tunnel ramps were barriers for other mobility impaired detainees is not relevant to any issue to be decided by the jury. Dkt. 196, Motion at 4. This argument should be rejected. Grievances may be relevant to show that the defendants had notice that other mobility impaired detainees complained that the ramps presented a structural barrier. These are even more important because some of these grievances were filed years before plaintiffs entered the CCDOC. Plaintiffs offered this evidence in opposition to defendants' motion for summary judgment over their individual claims. *See* Dkt. 143, PSOAF ¶¶ 29-33. The Court recognized that this evidence may be used to show "that Defendants were on notice that the RTU east tunnel ramp was not compliant before the 2024 report." Dkt. 175, Memorandum Opinion and Order at 13-14. Defendants do not even cite or distinguish the

Court's summary judgment memorandum opinion. Defendants also cite no case law or rule for the proposition that plaintiffs should not "be permitted to avoid the hearsay rule by labeling the evidence as 'notice.'" Dkt. 196, Motion at 6. "Evidence that is used only to show notice is not hearsay." *Harden v. Marion Cty Sheriff's Dep*. 799 F.3d 857, 861 (7th Cir. 2015).

Defendants next argue the grievance should be barred under Rule 403 because of substantial prejudice and confusion of the issues. Dkt. 196, Motion at 5. "Rule 403 does not mandate (or even allow) the exclusion of evidence merely because it is prejudicial; it is only a showing of *unfair* prejudice *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403." *Jones v. Sheahan*, 2003 WL 21654279, *5 (N.D. Ill. 2003)(citing *Young v. Rabideau*, 821 F.2d 373, 377 (7th Cir. 1987)). The Court should summarily reject this argument. The grievances are important evidence to show notice.

## 2. Bar evidence of subsequent remedial measures of ramp renovation, renovation plans, and renovation costs

Defendants argue that plaintiffs should not be permitted to introduce evidence that "Defendants have engaged architectural and engineering firms to assess the ramps and to propose modifications." Dkt. 196, Motion at 6-7. Defendants request to bar any evidence by Ellen Stoner, the architect who prepared the 2018 assessment, and the reports by Globetrotters Engineering Corporation (GEC) in 2023 and 2024 finding that both ramps were not constructed in accordance with the ADA structural standards. The Court should reject defendants' arguments for the following reasons.

First, these assessments and reports serve as notice to defendants that the ramps were noncompliant with the ADA structural standards. Rule 407 allows this type of evidence for purposes other than proof of negligence or culpable conduct and expressly provides the evidence may be used "for another purpose" including "impeachment or -if disputed – proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. 407. Here, a reasonable jury may conclude, based on these reports, that defendants were deliberately indifferent. Dkt. 175, Memorandum Opinion and Order at 3, 12-13.

Along a similar theory, defendant Cook County was ordered to install ADA compliant handrails on the Cermak ramp by December 31, 2022 in *Walker v. Dart*, 20-cv-261. Exhibit 1, *Walker v. Dart*, 20-cv-261, Dkt, 120, Order. Defendant did not comply with this order, as determined by GEC in their report issued on December 6, 2023. Exhibit 2, GEC Report at 3 (finding the handrails added since original construction are not compliant with the ADA because they do not extend 12 inches beyond the ramp). This too is evidence of deliberate indifference.

Second, the intent of Rule 407, as discussed in the notes of advisory committee on proposed rules, states the "rule incorporates conventional doctrine which excludes evidence of subsequent remedial measures as proof of an admission of fault." That issue is no appliable here because defendants were under a legal duty, when the ramps were constructed, to ensure they were structurally compliant with the applicable ADA structural standards. The ramps did not meet these mandatory minimum standards and the Court has granted plaintiffs partial summary judgment on this issue. *See* Dkt. 175, Memorandum Opinion and Order. There is no concern, as cited by defendants, that there would be a disincentive for defendants to remedy structurally noncompliant barriers at the CCDOC.

-3-

Defendants have been under a legal obligation to have compliant ramps for more than 20 years.

Defendants do not address these issues in their motion and the Court, therefore, should deny this motion.

**3. To bar Carl Darr, Ellen Stoner, and Gary Keclik and related expert reports because they were not disclosed as experts and because structural standards are not an issue at trial**

Carl Darr and Ellen Stoner are architects hired by defendants. Each prepared reports notifying defendants that the ramps violated the applicable ADA standards. At summary judgment, each party introduced this evidence:

   a. Defendants agreed that Ellen Stoner was hired to evaluate accessibility of Cook County properties and that in March 2018 she evaluated the Cermak ramp. Dkt. 139, Defendants' LR Response ¶¶ 11-13, 15. Ms. Stoner also created a drawing of the Cermak ramp that identified reasons she believed it did not comply with the ADA. *Id.* at ¶¶ 16-18; *see also* Exhibit 3 at 2, Stoner Drawing and Recommendations for the Cermak ramp.

   b. Defendants admitted at summary judgment that Carl Darr of GEC is their Rule 26(a)(2) expert in this case. Dkt. 139, Defendants' LR Response ¶ 35. In 2023, the GEC team conducted site visits to verify existing conditions of the Cermak ramp and used a LIDAR system to document the physical conditions and issued a report on December 6, 2023. Dkt. 140, Defendants' SOAF ¶¶ 6-12. In January 2024, the GEC team visited the RTU east tunnel

ramp twice to verify existing conditions with LIDAR technology and authored a report dated on April 1, 2024. *Id.* at ¶¶ 18- 23.

These reports were referenced in the Court's summary judgment memorandum opinion and order as "evidence of Defendants' knowledge." Dkt. 175, Memorandum Opinion and Order at 3-4, 12-13. They are relevant to notice and the issue of deliberate indifference, an element each plaintiff must prove to establish damages.

Defendants' motion is inaccurate that Mr. Darr was "disclosed only as a fact witness under Rule 26(a)(1)." Dkt. 196, Motion at 8. In addition to being a fact witness, defense counsel disclosed Mr. Darr pursuant to Rule 26(a)(2)(B) on March 28, 2025. Exhibit 4, Defendants' Rule 26(a)(2)(B) Disclosure. Defendants even acknowledged he was disclosed as their Rule 26(a)(2)(B) expert at summary judgment.

The scope of Ms. Stoner's involvement in this case has also adequately been disclosed to defendants prior to summary judgment. Plaintiffs' counsel served Rule 26(a)(1) disclosures on June 25, 2024 identifying Ms. Stoner's testimony from *Walker* and her 2018 drawing of the Cermak ramp recommending changes to comply with the ADA standards. *See* Exhibit 5, Plaintiffs' Rule 26(a)(1)(A) Disclosures in *Hernandez* at 4 (listing documents filed in support of summary judgment in *Walker* including Ms. Stoner's "Drawing" and her deposition testimony). Plaintiff Hernandez also answered interrogatories on September 6, 2024 and identified Ms. Stoner's 2018 drawing as evidence the Cermak ramp has structural barriers that prevented disabled people from traversing the ramp on the same basis as nondisabled people. Exhibit 6, Hernandez Interrogatory Answers ¶ 6. Thus, there is no unfair surprise or harm caused to defendants by calling Ms. Stoner, an architect they hired. *See Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 733 (7th

Cir. 2004) ("[a]lthough [a party] did have an obligation to seasonably supplement their Rule 26(a) disclosures and interrogatory responses, such amendments are required only in certain circumstances, such as when the additional information has not otherwise been made known to the other parties during the discovery process").

Finally, Mr. Gary Keclik is an architect who has been retained by plaintiffs' counsel to inspect the RTU east tunnel ramp and Cermak ramp. Plaintiffs do not anticipate calling Mr. Keclik at trial and therefore this component of the motion is moot.

4. **Bar testimony, evidence, or arguments regarding employee misconduct or a violation of any of defendants' policies, practices, procedures, or rules**

Plaintiffs have already moved in limine to preclude defendants from relitigating issues resolved at summary judgment. *See* Dkt. 198, Motion *in limine* 1. Specifically, plaintiffs seek to bar defendants from arguing that routine staff assistance, such as providing wheelchairs or carts, cured the structural noncompliance of the ramps. *Id.* at 2. The Court rejected that argument, holding that the Sheriff's "disputed policy does not provide equivalent access." Dkt. 175, Memorandum Opinion and Order at 9.

If, however, defendants are permitted to present testimony or argument regarding this alleged policy of routinely providing assistance, plaintiffs must likewise be permitted to rebut that contention by demonstrating that no such policy was communicated, implemented, or enforced.

The Sheriff's own Rule 30(b)(6) designee, Lonnie Holiis, testified that the only written training provided to correctional staff regarding movement on ramps is Policy 148, which addresses assistance to individuals who are already using wheelchairs. Dkt. 122-17, Hollis (Sheriff 30(b)(6) Designee) Dep 5:19-6:10, 39:2-41:6, 120:13-121:8. Mr. Hollis

identified no written policy requiring staff to affirmatively offer wheelchairs, carts, or other assistance to detainees using canes, crutches, or walkers before they encountered the noncompliant ramps. Indeed, when asked how detainees using canes, crutches, or walkers were accommodated on the ramps, Mr. Hollis testified "[t]hat, I am not sure I can answer that without being speculative." *Id.* at 86:5-87:6.

Accordingly, there is no evidence of any written policy or training requiring correctional staff to offer assistance to detainees with canes, crutches, or walkers traversing the noncompliant ramps.

Defendants nevertheless seek an order barring plaintiffs from presenting evidence that individual correctional officers failed to provide assistance because, according to defendants, any such failure would merely constitute employee misconduct or a violation of departmental policy. Dkt. 196, Motion at 9. But defendants cannot identify a written policy requiring such assistance in the first place. Nor can they insulate their factual assertion from challenge by characterizing any contrary evidence of "employee misconduct."

If defendants argue that detainees, including plaintiffs, were routinely offered wheelchairs or carts, plaintiffs are entitled to present evidence demonstrating that correctional staff were never trained or instructed to provide such assistance and that, in practice, such assistance was not routinely offered. That evidence directly rebuts defendants' factual assertions and directly bears on the credibility and existence of the alleged policy itself.

For these reasons, defendants' motion should be denied.

5. **Bar testimony, evidence, or argument critical of any aspect of the grievance process in this case**

Defendants request a ruling that plaintiffs may not say anything "critical of any aspect of the Cook County Jail's grievance process." Dkt. 196, Motion at 10.  Defendants argue that this evidence must be excluded because "any alleged inadequate investigation into a grievance could never be the proximate cause of the injury" because the "alleged injuries in the grievance occurred *before* the investigation could have occurred" and second Rule 403 should exclude this evidence. Dkt. 196, Motion at 10-11.

Grievances may be evidence to show defendants have been deliberately indifferent to plaintiffs. For example, after Mr. Mathis grieved about an issue traversing the ramps in December 2023, the Sheriff's Office responded that his complaint was "without merit" and denied his appeal where he complained about continuing to "have issue every time" he leaves the RTU. Exhibit 7. Mr. Mathis remained at the CCDOC until late August 2024 and continued to go up and down the noncompliant ramp. Mr. Mathis's grievance may be used to show that defendants continued to be deliberately indifferent to his rights.

6. **Bar testimony, evidence, or argument that the Sheriff's Office is vicariously liable for the actions of its employees under a respondeat superior theory**

Defendants argue that plaintiffs are expected to present "evidence and argue that Defendants are vicariously liable based on the misconduct of some of its employees" by "not providing accommodations to move up and down the ramp." Dkt. 196, Motion at 12. This argument is not accurate. The Court has already determined that any policy or procedure to assist plaintiffs traverse the noncompliant ramps "does not provide equivalent access" does not satisfy their obligations under the ADA.  Dkt. 175, Memorandum Opinion

and Order at 8-9. Plaintiffs have moved the Court for a ruling *in limine* to prohibit this type of argument. *See* Dkt. 198, Plaintiffs' motion *in limine* No. 1. Accordingly, the defendants' motion should be denied as moot to the extent it seeks to relitigate the application of a policy or practice that, even if followed, does not satisfy their obligations under the ADA.

**7. Bar speaking to the media, posting on the internet, or communicating through social media**

Plaintiffs agree that there will be no posting on the internet or social media. Plaintiffs, however, oppose this motion to the extent it seeks to bar speaking to the media. The parties recently had a jury trial before Judge Perry in *Kellum v. Dart*, and the court denied this unopposed motion stating "I am not going to order you gagged from speaking publicly about this case." *See Kellum v. Dart*, 20-cv-3795, Dkt. 117, Pretrial Conference Transcript Held 6/10/2026 at 11:8-13.[1] Plaintiffs, therefore, request that the parties follow the same ruling as was recently applied in *Kellum* regarding speaking publicly about this case.

**8. Bar argument regarding improper training or failure to train**

Defendants argue that all evidence regarding "how Cook County or the Cook County Sheriff's Office trains, supervises, disciplines, monitors, or controls its employees" should be barred because "there are no *Monell* failure-to-train claims in this case." Dkt. 196, Motion at 14. This motion is undeveloped and contains limited application of the facts in this case.

---

[1] Plaintiffs' counsel may not file this transcript as an exhibit because the release of transcript deadline is 9/14/2026.

Notably, Federal Rule of Evidence 406 provides that evidence of "an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with that habit or routine practice" and "the court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness."

Plaintiffs are unable to properly evaluate this motion given its "broad framing." *See Pogorzelska v. Vandercook College of Music*, 2024 WL 3177568, at *7 (N.D. Ill. June 26, 2024) (Aspen, J.). This issue, therefore, should be "presented in an evidence-specific context" and this motion should be denied "without prejudice to renewal at trial in the context of specific evidence." *Id.*

9. **Bar testimony, evidence, or argument including but not limited to civilian complaints, lawsuits, employee or other disciplinary proceedings, and OPR investigations against any testifying employee of defendants**

Defendants do not develop this motion in the context of any issues that may arise at trial. While plaintiffs do not anticipate this issue to arise, the Court should deny this motion without prejudice to renewal at trial in the context of specific evidence.

10. **Bar undisclosed, unsupported, or layperson medical-causation opinions**

Defendants acknowledge that each plaintiff may testify about "perceptions of their own physical conditions" but request the Court to bar any testimony that "crosses the bounds of law witness testimony." Dkt. 196, Motion at 15. Defendants offer no examples of testimony from either plaintiff to provide context to this motion. Since defendants fail to meaningfully develop this motion, it should be denied.

A lay witness may offer testimony that is "rationally related based on the witness's perception" and "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. Therefore, when an injury and its cause are clearly connected in some obvious way such that common experiences and observations explain the relationship, expert testimony is not required. *See Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009) ("No expert testimony is required to assist jurors in determining the cause of injuries that are within their common experiences or observations" and holding that a prisoner could testify that a guard "beat him up and it hurt really bad").

**11. To bar plaintiff from treating every Cook County or Cook County Sheriff's employee as an adverse witness**

Plaintiffs oppose this motion. Under Rule 611(c), "[t]he normal sense of a person 'identified with an adverse party' has come to mean, in general, an employee, agent, friend, or relative of an adverse party." *Ratliff v. City of Chicago*, 2013 WL 3388745, at *6 (N.D. Ill. 2013) (Dow, J.) (quotation marks omitted). In *Pryor v. Corrigan*, 2023 WL 1100436, *21 (N.D. Ill. Jan. 30, 2023) (Seeger, J.), the district court followed this general rule:

> Plaintiff can call adverse any police officers from the City of Aurora who worked on Plaintiff's case in any capacity. For any other officers or employees of the City of Aurora, the Court will apply a presumption that they may be called adversely because they are associated with a party. That said, if there is a particular reason to think that the presumption does not make sense for a particular witness (*e.g.*, a document custodian), then Defendants can raise the issue.

*Pryor* was recently cited with approval in *Smith v. City of Chicago*, 2025 WL 1744919, at * 25 (Cummings, J.) (June 24, 2025), where the district court allowed witnesses associated with the City of Chicago to be called as adverse witnesses. Plaintiffs,

therefore, respectfully request that the Court deny this motion in limine and follow the rule articulated in *Pryor* and *Smith*.

**12. To bar testimony, evidence, or argument regarding other litigation related to the Cook County Jail, ADA claims, and ramps**

Defendants broadly request to exclude all evidence regarding prior cases concerning the ADA at the Cook County Jail, including the ramps. Dkt. 196, Motion at 17. Defendants also request to exclude evidence concerning other class members "because the trial is solely limited to Plaintiffs' individual claims." *Id.* at 17. The Court should deny this overly broad motion.

First, there is evidence that Eric Davis, the Deputy Director of Capital Planning and Policy for Cook County, has known about an allegation the Cermak ramp was noncompliant because of a lawsuit by Deonte Spence filed in 2018. See *Spence v. Dart*, Case No. 18-cv-4258, 2020 WL 4677053 (N.D. Ill. 2020) (Kennelly, J.) (denying cross motions for summary judgment). In that case, Mr. Davis was deposed on December 19, 2019, and elaborated there was a delay to hire an architect to address the allegedly noncompliant Cermak ramp. Dkt. 200-2, Davis (12/19/2019) Dep 77:21-79:8.

Mr. Davis also has knowledge of the *Walker v. Dart*, Case No. 20-cv-261, litigation filed in 2020. Because of this case, and his participation in discovery where he sat for several depositions, he was further informed that the Cermak ramp is noncompliant with the ADA.

Furthermore, Mr. Davis recently testified that a campuswide ADA assessment was initiated in 2018 to address various alleged architectural barriers at the CCDOC, including the RTU east tunnel ramp. *See* Dkt. 190-1, Davis (3/5/2026) Dep 25:3-24, 51:15-52:2.

Since this time, Mr. Davis has said that he has requested funds from the County Board to hire an architect and construction company to assess and repair noncompliant facilities which could cost hundreds of millions of dollars. Dkt. 190-1, Davis (3/5/2026) Dep 48:2-19. In opposition to the pending motion for injunctive relief, Mr. Davis references this entire ADA assessment of the CCDOC as a reason why defendants are not moving forward with all deliberate speed now to fix the noncompliant RTU east tunnel ramp. *See* Dkt. 194, Davis Decl. ¶¶ 5-10. This is further evidence that defendants have known about obvious barriers since at least 2018 and have made a deliberate decision not to address the known ADA violations, such as the RTU east tunnel ramp.

Accordingly, the Court should deny, without prejudice, defendants' overly broad motion.

### 13. Bar inflammatory and/or provocative language

Defendants argue that the court should bar terms such as "dangerous ramp," "unsafe ramp," "hazardous ramp," and other "inflammatory labels" pursuant to Rule 403. Dkt. 169, Motion at 18-19. Defendants' motion does not meet the high burden of Rule 403. Defendants fail to explain why plaintiffs cannot testify about how the ramp was unsafe or dangerous to traverse.

### 14. Bar damages evidence not disclosed under Rule 26(A)(1)(A)(iii), including undisclosed emotional or mental injuries

Defendants, without attaching the Rule 26 disclosures, argue that each plaintiff failed to disclose damages. Plaintiff Hernandez, for example, identified the following damages:

> Plaintiff seeks compensatory damages for the physical pain and suffering caused by all defendants and for violating his rights under the ADA and Rehabilitation Act. Plaintiff also seeks damages for the harm caused by being unable to traverse the Cermak ramp on the same basis as non-disabled due to the structural barriers.

Exhibit 5 at 5, Hernandez Rule 26(a)(1) Disclosures Served 6/25/2024. In addition, plaintiff Hernandez answered interrogatories where he elaborated on his harms, including unequal treatment and concern that he was going to fall or get into a dispute with correctional staff because of his slow pace traversing the ramps. Exhibit 6, Hernandez Interrogatory Answer ¶ 13.

Defendants are squarely wrong that the PLRA has any applicability to Mr. Hernandez's claims. He was not in custody when this case was filed and therefore any limitations by the PLRA do not apply.

Plaintiff Mathis served Rule 26(a)(1) disclosures on May 10, 2024, and identified the following types of damages:

> Plaintiff seeks compensatory damages for the physical and emotional pain and suffering caused by all defendants and for violating his rights under the ADA and Rehabilitation Act. Plaintiff also seeks all remedies available under the Illinois Restoration Act, 775 ILCS 60/1.

Exhibit 8, Mathis Rule 26(a)(1) Disclosure at 3.

Notably, plaintiff Mathis may recover damages under the Illinois Restoration Act, which expressly permits damages for emotional and physical pain and suffering along with statutory damages in the amount of $4,000.

**15. Bar testimony or argument regarding retained counsel or referring to defense counsel as state's attorneys**

During the conferral process, plaintiffs agreed to most of this motion, with the only exception to the reference to "the number of attorneys who represent Defendants in this case." Dkt. 196, Motion at 22. During the trial, it will be obvious that three attorneys represent the defendants and there is no basis to exclude this reference.

**16. Bar testimony, evidence, or argument regarding conditions at the Jail that are unrelated to the ramps.**

Defendants broadly argue that any testimony or evidence regarding conditions at the CCDOC should be excluded under Rules 401 or 403. Dkt. 196, Motion at 22. Plaintiffs are unable to properly evaluate this motion given its "broad framing." *See Pogorzelska*, 2024 WL 3177568, at *7. This issue, therefore, should be "presented in an evidence-specific context" and this motion should be denied "without prejudice to renewal at trial in the context of specific evidence." *Id.*

**17. Conclusion**

It is therefore respectfully requested that the Court deny defendants' motions for the reasons stated above.

Respectfully submitted,

/s/  Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave
Chicago, IL 60643
(773)233-7901
pwm@morrisseylawchicago.com

*attorneys for the plaintiffs*

-15-