IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cuauhtemoc Hernandez, | ) | |
| | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 23-cv-169101127 |
| -*vs*- | ) | |
| | ) | Judge Harjani |
| Thomas Dart, Sheriff of Cook | ) | |
| County, and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| | ) | |

# PLAINTIFF'S RULE 26(a)(1)(A) DISCLOSURES

Plaintiff Hermandez, by counsel, makes the following disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure.

    i.      Names of individuals with discoverable information.

**Response:**

    a.  Plaintiff Hernandez. He is substantially limited in the ability to move from place to place and was detained at the Cook County Jail. He has knowledge about moving up and down the Cermak ramp and the inability to move up and down this ramp on an equal basis as non-disabled people because of structural barriers. He also has personal knowledge of the harm he experiences, including physical pain. He may be contacted c/o the undersigned attorney.

    b.  William Mathis. He is detained at the Jail under booking number 2023-0407079. He has knowledge about his physical mobility disability and moving up and down ramps at the Jail, including the Cermak ramp. He may be contacted c/o the undersigned attorney.

    c.  Kavarian Rogers. He is detained at the Cook County Jail under booking number 2020-0402015. The CCDOC provides him a walker to

-1-

Exhibit 5 Page 1

travel out of his housing division and has knowledge about traversing ramps at the Cook County Jail, including the Cermak ramp.  He may be contacted c/o the undersigned attorney.

d.   Tommy Love. He is detained at the CCDOC under booking number 2024-0416135.  On information and belief, he uses a cane to traverse the Cermak ramp and has knowledge about moving up and down this non-compliant ramp.  He may be contacted c/o the undersigned attorney.

e.   Kent Elwoods. He is detained at CCDOC under booking number 2023-0717046.  On information and belief, he uses a cane to traverse the Cermak ramp and has knowledge about moving up and down this non-compliant ramp.  He may be contacted c/o the undersigned attorney.

f.   Sylvester Brinson. He is detained at CCDOC under booking number 2024-0314016. On information and belief, he uses a cane to traverse the Cermak ramp and has knowledge about moving up and down this non-compliant ramp.  He may be contacted c/o the undersigned attorney.

g.   Carl Darr, Vice President of Architecture for GEC. On information and belief he has knowledge of the non-compliant Cermak ramp because he prepared reports the ramps violate the ADA.

h.   Sabrina Rivero Canchola. She is the Sheriff's ADA compliance officer.  She may have knowledge about physical barriers for mobility impaired detainees moving up and down the Cermak ramp. She may have personal knowledge of plaintiff's disability. She also may have knowledge of the number of detainees using a cane, crutch, or walker who have traversed the ramps at issue in this case.

i.   Eric Davis. He is employed by Cook County and may have knowledge of structural barriers regarding ramps at Cook County Jail. He may also have knowledge about efforts to hire an architect to remedy barriers at Cook County Jail.

j.   TJ Tyrrell, General Manager of Facilities Management for Cook County. He may have knowledge of non-complaint ramps at Cook County Jail, including the ramps leading out of Cermak.

k.   Antoine Pierce. He was detained at the Jail under booking number 2020-0715063. On information and belief, he uses a cane to ambulate and has knowledge about difficulty moving up and down ramps, including the Cermak ramp. He filed a grievance about pain caused traversing the Cermak ramp on March 6, 2024.  He is currently incarcerated at the Big Muddy River Classification Center under booking number M12662. He may be contacted c/o the undersigned attorney.

-2-

Exhibit 5 Page 2

l. Anthony Muniz. He is presently detained at Cook County Jail under booking number 2023-0415017 and housed in the RTU. On information and belief, Mr. Muniz has a substantial limitation moving from place to place and uses a cane. He also may have personal knowledge about moving up and down the Cermak ramp and information contained in his grievance. He may be contacted c/o the undersigned attorney.

m. Carlos Martinez. He was detained at Cook County Jail, Division 2, Dorm 2, and uses crutches to move from place to place. His booking number is 2022-0103033. He has knowledge about moving up and down the Cermak ramp and the difficulty because it is steep and long. He also has knowledge about requesting assistance and being denied a wheelchair on May 30, 2024. He is presently incarcerated in the IDOC under booking number Y29473. He may be contacted c/o the undersigned attorney.

n. Bradley DaRoo . On information he is a project manager for Cook County Capital Planning and Policy. He may have information about plans to repair the Cermak and RTU east tunnel ramp, based on recent testimony by Eric Davis in Westmoreland v. Dart. On information and belief, he is employed by Cook County and may be contacted c/o counsel for Cook County.

o. Kate Susmilch. On information and belief, she is an architect and consultant for Cook County Capital Planning and Policy regarding plans to renovate the Cermak and RTU east tunnel ramp. She also may specialize in accessibility. On information and belief, she works for LCM Architects, 819 S. Wabash Ave, 5th Floor, Chicago, IL 60605.

p. Grace Kuklinski Rappe, HDR Architecture, Inc. 225 W. Wacker Drive, Suite 2750, Chicago, IL 60606. On information and belief, this person may have knowledge about a contract with Cook County to provide architectural services. This person may have knowledge about the Cermak ramp project. This person may also have knowledge about work to provide other ADA architectural services at the Cook County Jail.

q. Jeneal Duff, PA-C. This individual treated plaintiff Hernandez at the Lawndale Christian Health Center since 3/18/2020 and may have information about plaintiff's mobility limitations and need for an ambulatory device. She is expected to testify consistent with he letter dated May 3, 2023 that was filed as Dkt. 10-4. On information and belief, her address is 3860 W. Ogden Ave, Chicago, IL 60623 (872) 588-3000.

-3-

Exhibit 5 Page 3

ii.   Copy of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to supports its claims or defenses, unless the use would be solely for impeachment.

**Response:**

a. Documents in possession of plaintiff, including some medical records and grievances from the IDOC and Cook County Jail. These documents will be produced.
b. The documents that were filed on the docket in support of plaintiff's motion for class certification.
c. Documents relating to William Mathis, including grievances. Many of these documents were obtained by a FOIA request.
d. Video of the Cermak ramp and RTU Ramp obtained by FOIA
e. William Mathis grievance marked control number 2023x18633.
f. Video marked Recoding #164-167.
g. The Globetrotters Engineering Reports Regarding the RTU East Tunnel Corridor and the Cermak Ramp.
h. The documents filed in support of plaintiff's motion for permanent injunctive relief in *Westmoreland v. Dart*, 23-cv-1851, Dkt. 72. This includes the following exhibits: GEC Report dated 4/1/2024 regarding the RTU east tunnel corridor, Efferson Williams declaration, Darreon Thompson declaration, Eugene Westmoreland deposition, Officer George Marin deposition, Eric Davis deposition on 9/21/2023. These documents will be produced with this disclosure.
i. Documents filed in support of plaintiff's motion for summary judgment in Walker v. Dart, 20-cv-261, on April 29, 2024, Dkt. 226. This material includes: Exhibit 1, Request for Qualifications, Exhibit 2, Eric Davis January 24, 2022 Deposition, Exhibit 3, Rivero-Canchola Deposition dated 2/2/2022, Exhibit 4, Ellen Stoner Drawing, Exhibit 5, Eric Davis 1/19/2022 Deposition, Exhibit 6, Ellen Stoner first deposition, Exhibit 7, Eric Davis 11/30/2021 deposition, Exhibit 8, ADA Standards, Exhibit 9, Answers to Interrogatories, Exhibit 10, Answers to Interrogatories, Exhibit 11, Cermak Ramp Assessment, Exhibit 12, Joe Merkel Deposition, Exhibit 13, Answer to Interrogatories, Exhibit 14, Eric Davis March 2024 Deposition, Exhibit 16, Gary Keclik Declaration, Exhibit 17, Response to Request to Admit, Exhibit 18, UFAS, Exhibit 19, TJ Tyrrell Deposition, Exhibit 20, Response to Request to Produce, Exhibit 21, Lt. Greer Deposition, Exhibit 22, McClain Declaration, Exhibit 23, Efferson Williams Declaration, Exhibit 24, D Thompson Declaration, Exhibit 25, Roll Call Memo. These documents will be produced with this disclosure.

Exhibit 5 Page 4

j. Documents filed in support of plaintiff's motion for a permanent injunction in *Walker v. Dart*, 20-cv-261, as Dkt. 209, Dkt. 222 and Dkt. 223. This material will be produced to defendants in a folder with this disclosure.

k. Declarations dated June 1, 2024, by Kavarian Rogers, William Mathis, Tommy Love, and Carlos Martinez.

l. Grievances filed by Antoine Pierce.

m. Grievance by Anthony Muniz.

n. Documents filed in reply to plaintiff's motion for summary judgment in *Walker v. Dart*, 20-cv-261, including Eric Davis June 5, 2024, deposition, and Carl Darr Deposition.

o. The 228x videos that defendants produced in *Mathis v. Dart*, 24-cv-1127, on June 21, 2024. These video will be reproduced to defendants in this case.

iii. Computation of each category of damages

**Response:** Plaintiff seeks compensatory damages for the physical pain and suffering caused by all defendants and for violating his rights under the ADA and Rehabilitation Act. Plaintiff also seeks damages for the harm caused by being unable to traverse the Cermak ramp on the same basis as non-disabled due to the structural barriers. Plaintiff also requests that the Court certify this case under Rule 23 of the Federal Rules of Civil Procedure and grant appropriate relief as determined by the Court. In the event the Court determines plaintiff is not entitled to compensatory damages, plaintiff seeks an award of nominal damages. Plaintiff also requests that the Court award plaintiff's attorney's fees and costs.

iv. Insurance agreements for inspection.

**Response:** Not applicable.

_____
*An attorney for the plaintiff*

Thomas G. Morrissey, Ltd.
ARDC 6309730
10257 S. Western Ave.
Chicago IL 60643
(773)233-7901

Exhibit 5 Page 5

-6-

## CERTIFICATE OF SERVICE

I, Patrick W. Morrissey, state that I served the foregoing on the undersigned attorney for defendants by Email on June 25, 2024.

Zachary G. Stillman
Jason Edward DeVore
Troy Radunsky
DeVore Radunsky
230 W. Monroe St.
Suite 230
Chicago, IL 60606
*Attorney for all defendants*

Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave
Chicago, IL 60643
(773)-233-7901

-6-

Exhibit 5 Page 6