IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cuauhtemoc Hernandez | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | 23-cv- 16970 |
| *-vs-* | ) | |
| | ) | Judge Sunil R. Harjani |
| Thomas Dart, Sheriff of Cook | ) | |
| County, and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

## PLAINTIFF'S RESPONSE TO INTERROGATORIESBY COOK COUNTY

Plaintiff Hernandez, by counsel, responds to defendant Cook County's first set of

interrogatories as follows:

1.      State (a) your name(s); (b) your date of birth; (c) your social security number; (c) all address(es) at which you have lived in the past ten (10) years, and (d) your spouse's name.

**ANSWER:** Cuauhtemoc Hernandez.            34            n the last 10 years, I have been in the IDOC, Cook County Jail, 2854 S. Harding Ave. Chicago, IL 60623, no I am not married.

2.      Identify any person, including any Party to this case, who has, or claims to have, knowledge of the facts concerning the occurrences described in the Complaint, or who were, or claim to have been, witnesses to the occurrences described in the Complaint. For each such person, state his or her name, and if known, his or her address and telephone number. If any such person is an employee of the Cook County Sheriff, identify the facility to which he or she is assigned, and if known, his or her badge number. If any such person is incarcerated, please provide the name of the institution where he or she is housed.

**ANSWER:** Counsel for plaintiff directs defendants to the names and information produced to defendants pursuant to the Rule 26(a) disclosures. Subject to and notwithstanding this objection, plaintiff states as follows: I do not know every person who may have knowledge of the Cermak ramp. I believe anybody that walks through the ramp may have knowledge about the steepness.

3.      State whether you or anyone acting on your behalf have taken statements, signed or unsigned, oral or written, or know of the existence of any such statements, from or by any person who has, or claims to have, knowledge of the facts concerning the occurrences complained of, or who were, or claim to have been, witnesses to the occurrences complained of. If so, state the name,

Exhibit 6 Page 1

and if known, the address and telephone number of each such person, whether the statement given by him or her was written or oral, and if written, who presently has custody thereof. If any such person is an employee of the Cook County Sheriff, identify the facility to which he or she is assigned, and if known, his or her badge number. If any such person is incarcerated, please provide the name of the institution where he or she is housed.

> **ANSWER:** Counsel for plaintiff directs defendants to the names and information produced to defendants pursuant to the Rule 26(a) disclosures. Additionally, counsel for plaintiff directs defendants to the depositions and testimony of witnesses in the Westmoreland v. Dart, 23-cv-1851, litigation that includes matters regarding the ramps at issue in this case. Subject to and notwithstanding this objection, plaintiff states as follows: I am not aware of every statement about the ramps. I know there are reports from a company called Globetrotters that states the Cermak ramp is not compliant with the ADA.

4. State the name of each person, specifically any employee or agent of the Cook County Sheriff (including sworn officers and civilian employees) whom you allege violated your constitutional rights as described in the Complaint. If you do not know the name of any such person, state the date, time, and location of your interaction with him or her, as well as a description of him or her using physical identifiers, including but not limited to, height, weight, complexion, race, and/or age.

> **ANSWER:** Counsel for plaintiff directs defendants to the names and information produced to defendants pursuant to the Rule 26(a) disclosures. Additionally, counsel for plaintiff directs defendants to the depositions and testimony of witnesses in the Westmoreland v. Dart, 23-cv-1851, litigation that includes matters regarding the ramp at issue in this case. Subject to and notwithstanding this objection, plaintiff states as follows: I believe the Sheriff's Office and Cook County are responsible for the non-compliant Cermak ramp.

5. Have you (or has anyone acting on your behalf) had any conversation(s) with any person with regard to the manner in which the occurrences complained of occurred, specifically, the alleged occasions on which you experienced difficulties and/or injuries as a result of attempts to navigate the ramp "in the lower level of Cermak?" If so, identify the date(s), time(s), and location(s) of said conversation(s), and all persons present for said conversation(s).

> **ANSWER:** Counsel for plaintiff directs defendants to the names and information produced to defendants pursuant to the Rule 26(a) disclosures. Additionally, counsel for plaintiff directs defendants to the depositions and testimony of witnesses in the Westmoreland v. Dart, 23-cv-1851, litigation that includes matters regarding the ramps at issue in this case. There have been several witnesses deposed on this topic. Subject to and notwithstanding this objection, plaintiff states as follows: I have talked to correctional officers about hardship moving up and down the ramp. I do not recall any names. I recall having to have to stop while moving up or down. I also told medical staff about pain ambulating in the lower level. I asked to be placed closer so I do not have to walk so far. The medical staff told me that they do not deal with placement and I must ask correctional staff. I told correctional staff and they told me they couldn't do anything unless the medical staff takes action.

Exhibit 6 Page 2

6.      Provide the factual basis for your assertions in ¶ 12 of your Complaint that there are "structural barriers" preventing Plaintiff from using the ramp "in the lower level of Cermak" on the same basis as others.

> **ANSWER:** Counsel for plaintiff directs defendants to the GEC report that found the ramp violates the ADA structural standards. Counsel for plaintiff also directs defendants to the walkthrough document by Ms. Stoner in 2018 that found the ramp violates the ADA. Additionally, plaintiff's counsel directs defendants to the depositions of Eric Davis from Westmoreland v. Dart, 23-cv-1851, and Carl Darr in Westmoreland v. Dart, 23-cv-1851. Subject to and notwithstanding this objection, plaintiff states as follows: it was very long and steep and there wasn't a place for me to rest.

7.      Identify with specificity the evidence upon which Plaintiff relies to support his contention that the ramp "in the lower level of Cermak" is an "obvious physical barrier."

> **ANSWER:** Counsel for plaintiff directs defendants to the GEC report that found the ramp violates the ADA structural standards. Counsel for plaintiff also directs defendants to the walkthrough document by Ms. Stoner in 2018 that found the ramp violates the ADA. Subject to and notwithstanding this objection, plaintiff states as follows: it was very long and steep and there wasn't a place for me to rest.  I do not believe it is made to ADA standards. I also googled it for ADA compliance and the Cermak ramp does not look compliant.

8.      Has Plaintiff ever filed any other lawsuits for his own personal injuries or violations of his constitutional rights? If so, state the court and the caption in which each such lawsuit was filed, the year each such lawsuit was filed, the nature of the injuries claimed in each such lawsuit, and the outcome of each such lawsuit.

> **ANSWER:** I have a pending case, Hernandez v. Hughes, 23-cv-5931, regarding inaccessible showers at IDOC in NRC and Pinckneyville. I also filed another case in the court of claims about my right thumb that was injured. I do not  know the case number and I believe the claim was dismissed.  I also had a civil action regarding car accidents that I had.

9.      Has Plaintiff ever been convicted of a felony? If so, for each felony, state the crime charged, the date of conviction, the court and the caption in which the conviction occurred, and a description of any sentence imposed. For purposes of this interrogatory, a plea of guilty shall be considered as a conviction.

> **ANSWER:**  I believe I have 3 felonies. I have a controlled substance conviction in about the 90's. I believe case number was 94 CR 0002866011 with a disposition date of 12/28/1994. I believe the sentence was intensive probation.  My next conviction was murder and attempted murder. I was charged in 1998 and convicted on February 9, 2021 with case number 98 CR 2437301. I was sentenced to 50 years at 50%. I was also convicted in on May 9, 2023 or so of possession of a firearm in case number 2200565 and served 3 years at 50%.

Exhibit 6 Page 3

10. State the name and address of each Plaintiff's employer(s) from the last ten (10) years, providing the inclusive dates of his employment and the salary or hourly rate Plaintiff received. If Plaintiff is or was self-employed, describe the nature of his or her employment, as well as his or her total monthly income.

**ANSWER:** I have not worked in the last 10 years.

11. State with specificity the identity and nature of the defect(s) alleged to exist in Cermak which allegedly violate the ADA.

**ANSWER:** Counsel for plaintiff directs defendants to the names and information produced to defendants pursuant to the Rule 26(a) disclosures. Additionally, counsel for plaintiff directs defendants to the depositions and testimony of witnesses in the Westmoreland v. Dart, 23-cv-1851, litigation that includes matters regarding the ramp at issue in this case. Subject to and notwithstanding this objection, plaintiff states as follows: The ramp is long, steep, does not have enough space to rest, and I believe the handrails are not proper ADA handrails. Please see the Globetrotters report for additional information.

12. State the first date on which Plaintiff was informed or came to believe that that any structural features of Cermak failed to comply with structural standards imposed by the ADA or were defective and/or malfunctioning.

**ANSWER:** I first learned that the ramp presented a structural barrier when I returned to the Cook County Jail in February of 2022.

13. Describe in detail any and all injuries and damages Plaintiff suffered as a result of the alleged wrongdoing described in the Complaint, including but not limited to physical, psychological, and monetary injuries and damages.

**ANSWER:** I am unable to move up and down the Cermak ramp on the same basis as non-disabled people because the ramp is steep, did not have a safe area for me to rest, and I notice the hand rails, at points, are low and do not fully extend at the bottom and top of the ramp. I suffer physical pain moving up and down the ramp I also feel like I am being treated differently because of my disability. I also request any remedy available under the law. Moving up and down the ramp caused me to suffer anxiety and it fell like I was going to fall or get in an altercation with a c/o for not keeping up with the line. I repeatedly told them to give me a wheelchair or place me close to health care and court etc. I had a torn meniscus on my right knee which caused additional pain induced by traveling up and down this steep ramp. It's when I feel the most pain and pressure.

14. With respect to Plaintiff's alleged damages, please itemize each element of damage and the dollar amount assigned to each element of damage, state the manner in which Plaintiff

Exhibit 6 Page 4

determined or computed damages, and if Plaintiff has not yet determined specific dollar amounts of Plaintiff's damages, state the method, formula or theory by which Plaintiff will compute the alleged damages.

> **ANSWER:** Please see my answer to interrogatory 15. I will let a jury determine the appropriate amount of damages. I recall being in severe pain and felt like I had a knife in my mid spine every time I walked through the ramp and long distances. I had a torn meniscus on my right knee which caused additional pain induced by traveling up and down this steep ramp. It's when I feel the most pain and pressure.

15.    Describe the putative class Plaintiff is seeking to represent in this lawsuit, including whether such class includes:

(a)    Individuals currently aware of their alleged rights against Defendants;

(b)    Individuals who received a communication from Plaintiff's counsel

> **ANSWER:** Counsel for plaintiff objects to the extent that communication between counsel and putative class members is subject to the attorney-client privilege. Counsel for plaintiff directs defendants to plaintiff's Rule 26(a) disclosures identifying some putative class members. Plaintiff's counsel has requested and defendant refused to produce the list identifying putative class members traversing the ramp during the proposed class period.  Moreover, plaintiff's counsel directs defendants to the pending motion for class certification. Subject to and notwithstanding these objections, plaintiff responds as follows: I am seeking to represent a group of people who have and currently are prescribed a cane, crutch, or walker move up and down the Cermak ramp.

16.    Identify Plaintiff's medical condition necessitating cane use, and with respect to that condition, state the name and address of each medical professional and/or facility which has rendered treatment to Plaintiff for said medical condition within the last five (5) years.

> **ANSWER:** Counsel for plaintiff directs defendant, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, to plaintiff's medical records for responsive information. Subject to and without waiving this objection, plaintiff responds as follows: I had a compressed L4 and L5 and my feet would cramp up.  I had a very difficult time walking from place to place.   I then got into car accidents: (1) 2021 that caused neck injury down to my spine.  I was treated at the Pain Center of Illinois, (2)  I had a car accident on the day of my arrest on February 2, 2022. I do not believe I was ever provided any treatment for this accident.
>
> I have a bad right shoulder that makes grabbing things very difficult.  I had a torn meniscus on my right knee which caused additional pain induced by traveling up and

Exhibit 6 Page 5

down this steep ramp. It's when I feel the most pain and pressure.

17. State the manner in which the prerequisites of numerosity, commonality, typicality, and adequacy of representation exist between Plaintiff and the purported class members in this lawsuit.

ANSWER: Counsel for plaintiff objects to the extent this interrogatory seeks information that is beyond the scope of plaintiff's personal knowledge and may call for legal analysis. Additionally, counsel for plaintiff directs defendants to the pending motion for class certification filed in this case. Subject to and notwithstanding these objections, plaintiff responds as follows: I have seen many people at the Cook County Jail use a cane, crutch, or walker. I know I was unable to walk up or down the ramp on the same basis as non-disabled people. It was painful and extremely difficult for me to ambulate.

An attorney for the plaintiff
Thomas G. Morrissey, Ltd.
ARDC 6309730
10257 S. Western Ave.
Chicago IL 60643
(773)233-7901

Exhibit 6 Page 6

<u>Verification</u>

I, Cuauhtemoc Hernandez, state under penalty of perjury, the foregoing answers to Defendant Cook County's First Set of Interrogatories are, to the best of my knowledge true and correct.


Dated: 9/3/2024

Cuauhtemoc Hernandez

Exhibit 6 Page 7

## CERTIFICATE OF SERVICE

I, Patrick W. Morrissey, state that I served the foregoing on the undersigned attorney for defendants by Email on September 6, 2024.

Jason E. DeVore
Troy S. Radunsky
Zachary G. Stillman
DeVore Radunsky, LLC
230 W. Monroe Suite 230
Chicago, IL 60606
*Attorney for all defendants*

Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773)-233-7901

Exhibit 6 Page 8