IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| William Mathis, | ) |
| | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) No. 24-cv-1127 |
| *-vs-* | ) |
| | ) Judge Tharp Jr. |
| Thomas Dart, Sheriff of Cook | ) |
| County, and Cook County, Illinois, | ) Magistrate Judge Gilbert |
| | ) |
| | ) |
| *Defendants.* | ) |
| | ) |
| | ) |

# PLAINTIFF'S RULE 26(a)(1)(A) DISCLOSURES

Plaintiff Eugene Westmoreland, by counsel, makes the following disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure.

i.      Names of individuals with discoverable information.

**Response:**

a. Plaintiff William Mathis.  He is detained at the Jail under booking number 2023-0407079.  He has knowledge about his physical mobility disability and moving up and down the RTU ramp and the Cermak ramp. He may be contacted c/o the undersigned attorney.

b. Kavarian Rogers. He is detained at the Cook County Jail under booking number 2020-0402015.  The CCDOC provides him a walker to travel out of his housing division and has knowledge about traversing ramps at the Cook County Jail, including the Cermak ramp and RTU ramp.  He may be contacted c/o the undersigned attorney.

c. Tommy Love. He is detained at the CCDOC under booking number 2024-0416135.  On information and belief, he uses a cane to traverse the Cermak ramp and has knowledge about moving up and down this non-compliant ramp.  He may be contacted c/o the undersigned attorney.

-1-

Exhibit 8 Page 1

d. Kent Elwoods. He is detained at CCDOC under booking number 2023-0717046. On information and belief, he uses a cane to traverse the Cermak ramp and RTU ramp and has knowledge about moving up and down these non-compliant ramp. He may be contacted c/o the undersigned attorney.

e. Sylvester Brinson. He is detained at CCDOC under booking number 2024-0314016. On information and belief, he uses a cane to traverse the Cermak ramp and RTU ramp and has knowledge about moving up and down these non-compliant ramp. He may be contacted c/o the undersigned attorney.

f. Carl Darr, Vice President of Archiecture for GEC. On information and belief he has knowledge of the non-compliant Cermak and RTU east tunnel corridor because he prepared reports the ramps violate the ADA.

g. Sabrina Rivero Canchola. She is the Sheriff's ADA compliance officer. She may have knowledge about physical barriers for mobility impaired detainees moving up and down ramps in RTU and Cermak. She may have personal knowledge of plaintiff's disability and complaints by plaintiff of moving up and down ramps. She also may have knowledge of the number of detainees using a cane, crutch, or walker who have traversed the ramps at issue in this case.

h. Eric Davis. He is employed by Cook County and may have knowledge of structural barriers regarding ramps at Cook County Jail. He may also have knowledge about efforts to hire an architect to remedy barriers at Cook County Jail.

i. TJ Tyrrell, General Manager of Facilities Management for Cook County. He may have knowledge of non-complaint ramps at Cook County Jail, including the ramps leading out of the RTU and Cermak. .

ii. Copy of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to supports its claims or defenses, unless the use would be solely for impeachment.

**Response:**

a. Documents produced by the Sheriff's Office pursuant to FOIA regarding plaintiff including his bed assignments, grievances, and movement history.
b. Video of the Cermak ramp and RTU Ramp obtained by FOIA
c. Plaintiff's grievance marked control number 2023x18633.
d. Video marked Recoding #164-167.

-2-

Exhibit 8 Page 2

e. The Globetrotters Engineering Reports Regarding the RTU East Tunnel Corridor and the Cermak Ramp.

f. The documents filed in support of plaintiff's motion for permanent injunctive relief in *Westmoreland v. Dart*, 23-cv-1851, Dkt. 72. This includes the following exhibits: GEC Report dated 4/1/2024 regarding the RTU east tunnel corridor, Efferson Williams declaration, Darreon Thompson declaration, Eugene Westmoreland deposition, Officer George Marin deposition, Eric Davis deposition on 9/21/2023. These documents will be produced with this disclosure.

g. Documents filed in support of plaintiff's motion for summary judgment in Walker v. Dart, 20-cv-261, on April 29, 2024, Dkt. 226. This material includes: Exhibit 1, Request for Qualifications, Exhibit 2, Eric Davis January 24, 2022 Deposition, Exhibit 3, Rivero-Canchola Deposition dated 2/2/2022, Exhibit 4, Ellen Stoner Drawing, Exhibit 5, Eric Davis 1/19/2022 Deposition, Exhibit 6, Ellen Stoner first deposition, Exhibit 7, Eric Davis 11/30/2021 deposition, Exhibit 8, ADA Standards, Exhibit 9, Answers to Interrogatoreis, Exhibit 10, Answers to Interrogatoreis, Exhibit 11, Cermak Ramp Assessment, Exhibit 12, Joe Merkel Deposition, Exhibit 13, Answer to Interrogatoreis, Exhibit 14, Eric Davis March 2024 Deposition, Exhibit 16, Gary Keclik Declaration, Exhibit 17, Response to Request to Admit, Exhibit 18, UFAS, Exhibit 19, TJ Tyrrell Deposition, Exhibit 20, Response to Request to Produce, Exhibit 21, Lt. Greer Deposition, Exhibit 22, McClain Declaration, Exhibit 23, Efferson Williams Declaration, Exhibit 24, D Thompson Declaration, Exhibit 25, Roll Call Memo. These documents will be produced with this disclosure.

h. Documents filed in support of plaintiff's motion for a permanent injunction in *Walker v. Dart*, 20-cv-261, as Dkt. 209, Dkt. 222 and Dkt. 223. This material will be produced to defendants in a folder with this disclosure.

iii. Computation of each category of damages

**Response:** Plaintiff seeks compensatory damages for the physical and emotional pain and suffering caused by all defendants and for violating his rights under the ADA and Rehabilitation Act. Plaintiff also seeks all remedies available under the Illinois Restoration Act, 775 ILCS 60/1. Plaintiff also requests that the Court certify this case under Rule 23 of the Federal Rules of Civil Procedure and grant appropriate relief as determined by the Court. In the event the Court determines plaintiff is not entitled to compensatory damages, plaintiff seeks an award of nominal damages. Plaintiff also requests that the Court award plaintiff's attorney's fees and costs.

Exhibit 8 Page 3

iv.    Insurance agreements for inspection.

**Response:**    Not applicable.

*An attorney for the plaintiff*

Thomas G. Morrissey, Ltd.
ARDC 6309730
10257 S. Western Ave.
Chicago IL 60643
(773)233-7901

## CERTIFICATE OF SERVICE

I, Patrick W. Morrissey, state that I served the foregoing on the undersigned attorney for defendants by Email on May 10, 2024.

Zachary G. Stillman
Jason Edward DeVore
Troy Radunsky
DeVore Radunsky
230 W. Monroe St.
Suite 230
Chicago, IL 60606
*Attorney for all defendants*

Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave
Chicago, IL 60643
(773)-233-7901

-4-

Exhibit 8 Page 4