IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cuauhtemoc Hernandez and Williams Mathis, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | |
| *-vs-* | ) ) | No. 23-cv-16970 |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) ) ) ) | Judge Sunil R. Harjani |
| *Defendants.* | ) | |

**FINAL PRETRIAL ORDER**

This Order contains the following sections: (1) Jurisdiction, (2) Trial Attorneys,

(3) Case Statement, (4) Relief Sought, (5) Contested Issues, (6) Witnesses, (7)

Exhibits, (8) Type and Length of Trial, (9) Proposed *Voir Dire* Questions, (10)

Proposed Jury Instructions/ Verdict Form, (11) Stipulations, (12) Settlement Status,

and (13) Trial Briefs.

| | |
|---|---|
| _____<br>Sunil R. Harjani<br>United States District Judge | |
| /s/ Patrick Morrissey\_<br>Attorney for the Plaintiffs | /s/ Samuel Branum<br>/s/ Jordan Yuurchich<br>/s/ Maceo Dillard III<br><br>_____<br>Attorney for Defendants |

-1-

1. **<u>Jurisdiction.</u>**

Plaintiffs Hernandez and Mathis allege that they were required to traverse ramps that failed to comply with the structural accessibility standards of the Americans with Disabilities Act. Plaintiff Mathis also seek relief under the Illinois Civil Rights Remedies Restoration Act, 775 ILCS 6/1 *et seq*. Defendants deny these allegations. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff Mathis's state law claims pursuant to 28 U.S.C. § 1367.

-3-

2. **Trial Attorneys.** List all the attorneys trying the case, as well as contact information (business address, telephone number, and e-mail address).

For Plaintiffs

Thomas Morrissey
10257 S. Western Ave.
Chicago, IL 60643
(773)233-7900
tgm@morrisseylawchicago.com

Patrick Morrissey
10257 S. Western Ave.
Chicago, IL 60643
(773)233-7901
pwm@morrisseylawchicago.com

For Defendants Sheriff and Cook County

Samuel D. Branum
33 W. Monroe St., Suite 2700
Chicago, IL 60603
(312) 984-0272
branums@jbltd.com

Jordan F. Yurchich
500 Richard J. Daley Center
Chicago, IL 60602
Jordan.yurchich@cookcountysao.org

Maceo Dillard
500 Richard J. Daley Center
Chicago, IL 60602
maceo.dillard@cookcountysao.org

3. **<u>Case Statement.</u>**

<u>Plaintiffs' Version:</u>

Plaintiffs allege they each have a mobility impairment and while detained at Cook County Jail moved up and down ramps that violated the mandatory structural standards required by the Americans with Disabilities Act, a federal law. The Court has determined that the ramps did not comply with the federal accessibility standards. The Court has also determined that defendants' purported ramp assistance policy did not satisfy defendants' obligations under the law. Accordingly, the issues at trial do not include whether the ramps complied with the ADA.

To recover compensatory damages, each Plaintiff must prove he was a qualified individual with a disability, that he was denied the benefits of a services, programs or activities or otherwise subjected to discrimination by defendants, and that defendants had actual knowledge the ramps were not compliant with the ADA and failed to take appropriate action.

Defendants deny that plaintiffs are entitled to compensatory damages and dispute that plaintiffs can satisfy the legal requirements necessary to recover such damages.

<u>Defendants' Version</u>

Plaintiffs allege they each have a mobility impairment and while detained at Cook County Jail moved up and down ramps that violated the mandatory structural standards required by the Americans with Disabilities Act, a federal law. The Court has determined that the ramps at issue here did not comply with the mandatory minimum standards required by the ADA. Accordingly, the issues at trial do not include whether the ramps complied with the ADA.

To recover compensatory damages, each Plaintiff must prove he was a qualified individual with a disability, was harmed by traversing the noncompliant ramps, and that defendants had actual knowledge the ramps were not compliant with the ADA and failed to take appropriate action.

Defendants deny that plaintiffs are entitled to compensatory damages and dispute that plaintiffs can satisfy the legal requirements necessary to recover such damages.

**4. <u>Relief Sought.</u>**

Each plaintiff seeks compensatory damages for the injuries allegedly sustained as a result of being required to use the noncompliant ramps. Compensatory damages include physical pain and suffering and the loss of the opportunity to use the ramps on the same basis as individuals without disabilities because of the ramps' structural noncompliance. In the event a plaintiff is unable to prove compensatory damages, he seeks an award of nominal damages.

Plaintiff Mathis also seeks damages available under the Illinois Civil Rights Remedies Restoration Act, 775 ILCS 60/1 *et seq*. This includes emotional pain, suffering, inconvenience, mental anguish, and inconvenience. 775 ILCS 60/20 *et seq*. In the event Mr. Mathis is unable to prove these damages, he seeks statutory damages in the amount of $4,000 as provided by Illinois law. In addition, Plaintiffs seek an award of reasonable litigation costs and attorney's fees as provided by law.

Defendants seek a jury verdict in their favor on all claims. Plaintiffs will not be able to prove the damages they are seeking.

5. **Contested Issues.**

1. Whether Plaintiff Hernandez is disabled under the ADA.
2. Whether Plaintiff Mathis is disabled under the ADA.
3. Whether Plaintiff Hernandez was denied the benefits of any services, programs, or activities or was otherwise subjected to discrimination because the ramps did not comply with the federal accessibility standards.
4. Whether Plaintiff Mathis was denied the benefits of any services, programs, or activities or was otherwise subjected to discrimination because the ramps did not comply with the federal accessibility standards.
5. Whether defendants had actual knowledge that harm to plaintiffs' federally protected rights was substantially likely because of the Cermak ramp's structural noncompliance and failed to act upon that likelihood.
6. Whether defendants had actual knowledge that harm to plaintiffs' federally protected rights was substantially likely because of the RTU east tunnel ramp's structural noncompliance and failed to act upon that likelihood.
7. Whether Plaintiff Hernandez can prove compensatory damages.
8. Whether Plaintiff Mathis can prove compensatory damages.

6. **Witness.**

A list of names and addresses of all witnesses, including experts: (a) who will be called, (b) who may be called, and (c) whose testimony will be presented by deposition or other prior testimony. A very brief description of the witness's role in the case shall also be included.

Plaintiffs' Witness List

a) **Will call**
 1. Plaintiff Hernandez. He is a plaintiff and traversed the ramps.
 2. Plaintiff Mathis. He is the plaintiff and traversed the ramps.
 3. Physician Assistant Glen Trammel. He is a County Health employee who may have knowledge of the ramps. He also provided treatment to plaintiffs. He is expected to testify consistent with his deposition in this case. 3248 186th Street, Homewood, IL 60430-2798. Plaintiffs will call Mr. Trammel the first day of trial.
    i. Defendants object to Plaintiffs calling Glen Trammel to testify about the ramps as he has not been disclosed by Plaintiffs to offer opinions about the ramp.
 4. Ellen Stoner. 211 N. Clinton St. Suite 3S, Chicago, IL 60661. She is a private architect and inspected the Cermak ramp in 2018 (at the request of Cook County) and prepared a report for Cook County recommending it be renovated because it does not comply with the ADA.
    i. Defendants object to Plaintiffs calling Ellen Stoner as a witness. *See* Defs' MIL No. 3, ECF No. 196.
 5. Carl M. Darr. 836 W. Windsor, Chicago, IL 60640. He is a an architect and was hired by Cook County. He inspected the Cermak ramp and RTU east tunnel ramp between 2023 and 2024 and issued reports that the ramps were not compliant with the ADA.
    i. Defendants object to Plaintiffs calling Carl Darr as a witness. *See* Defs' MIL No. 3, ECF No. 196.

b) **May call**
 1. Eric Davis. He is an architect and the Deputy Director of Capital Planning and Policy for Cook County and had notice the Cermak and RTU east tunnel ramp were noncompliant with the ADA. Defendants have agreed that this witness may be contacted via defense counsel (in lieu of providing an address).
 2. Lonnie Hollis. He was the Sheriff's Rule 30(b)(6) Designee and has knowledge regarding a procedure to provide people a wheelchair or cart to go up or down the noncompliant ramps. Defendants have agreed that this witness may be contacted via defense counsel (in lieu of providing an address).
 3. PA-C Jeneal Duff. She treated plaintiff Hernadez at Lawndale Christian Health Center and is expected to testify consistent with her medical records filed as Dkt. 10-4. 3860 W. Ogden Ave. Chicago, IL 60623 (872)588-3000.

4. CRW Beyunka Davis- Hubbs. This person has notice about plaintiff Mathis's complaint about the RTU ramp and that it is dangerous to use. This person may have knowledge of other complaints from people moving up and down the ramps. Defendants have agreed that this witness may be contacted via defense counsel (in lieu of providing an address).

   i. Defendants object to Plaintiffs calling CRW Davis-Hobbs as a witness. Her role is to collect grievances. She does not have any firsthand knowledge of detainees moving up and down the ramps.

5. TJ Tyrrell. This person works for Cook County and may have knowledge about the ramps being noncompliant. Defendants have agreed that this witness may be contacted via defense counsel (in lieu of providing an address).

   i. Defendants object to Plaintiffs calling CRW Davis-Hobbs as a witness. He is not an expert on the ADA and has not been disclosed by Plaintiffs to offer an opinion on whether the ramps were "noncompliant." His testimony is also irrelevant under FRE 401, 403.

6. Keeper of the records for the Sheriff's Office. Foundation and authenticity of records produced by defendant Sheriff in this case.

7. Keeper of the records for Cook County Health and Hospital System. This person will provide foundation and authenticity of medical records.

8. Keeper of the records for Lawndale Christian Health Center for the foundation and authenticity of the May 3, 2023 letter regarding Mr. Hernandez. 3750 W. Ogden Ave., Chicago, IL 60623 (872)588-3000.

9. Plaintiff also reserves the right to call the witnesses on defendants' witness list in his case in chief.

10. George Martin. He is an employee of the Sheriff's Office and was produced by defendants in *Westmoreland v. Dart*, 23-cv-1851, on January 11, 2024, for a deposition. He has knowledge that he was not trained to assist people move up and down ramps in the CCDOC. Given defendants' argument during the pretrial preparation that they plan to assert staff was trained to assist people up and down the ramps, plaintiffs may call Officer Martin in rebuttal to dispute this anticipated testimony.

    i. Defendants object to George Martin being called as a rebuttal witness. He was not disclosed as a witness in this case and any testimony about training *he* received (or did not receive) is irrelevant, confusing, and prejudicial under FRE 401, 403.

**c) Testimony presented by deposition or other prior testimony**

Defendants' Witness List

**a) Will call**

1. Eric Davis. He is the Deputy Director of Capital Planning and Policy for Cook County and has knowledge of the Cermak and RTU east tunnel ramps.
2. Sabrina Trevizo. She is the former ADA Compliance Officer for the Sheriff's Office. She has knowledge of accommodations provided to individuals with disabilities.
3. Assistant Executive Director Lonnie Hollis. He is an employee of the Sheriff's Office. He has knowledge of accommodations provided to individuals with disabilities.

**b) May call**

1. Barbara Davis, PA-C. She was one of Plaintiffs' medical providers and has knowledge of the physical and medical condition of Plaintiffs, her interactions with Plaintiffs, and the medical care and treatment, if any, provided to Plaintiffs.
   i. Plaintiffs object to this witness. Discovery closed on March 3, 2025. Dkt. 89, Minute entry. During discovery, defendants did not disclose any medical employees, including this individual. Defendants waited until after the Court granted plaintiffs' motion for partial summary judgment, or March 7, 2026, to disclose this person. Plaintiffs did not have any opportunity to depose this witness given the disclosure was served about one year after the close of fact discovery and this witness should be barred.
2. Salvador Martinez, PA-C. He was one of Plaintiffs' medical providers and has knowledge of the physical and medical condition of Plaintiffs, his interactions with Plaintiffs, and the medical care and treatment, if any, provided to Plaintiffs.
   i. Plaintiffs object to this witness. Discovery closed on March 3, 2025. Dkt. 89, Minute entry. During discovery, defendants did not disclose any medical employees, including this individual. Defendants waited until after the Court granted plaintiffs' motion for partial summary judgment, or March 7, 2026, to disclose this person. Plaintiffs did not have any opportunity to depose this witness given the disclosure was served about one year after the close of fact discovery and this witness should be barred.
3. Glen Trammell, PA-C. He was one of Plaintiffs' medical providers and has knowledge of the physical and medical condition of Plaintiffs, his interactions with Plaintiffs, and the medical care and treatment, if any, provided to Plaintiffs.
4. Brittany Wilkins, PA-C. She was one of Plaintiffs' medical providers and has knowledge of the physical and medical condition of Plaintiffs, her interactions with Plaintiffs, and the medical care and treatment, if any, provided to Plaintiffs.
   i. Plaintiffs object to this witness. Discovery closed on March

3, 2025. Dkt. 89, Minute entry. During discovery, defendants did not disclose any medical employees, including this individual. Defendants waited until after the Court granted plaintiffs' motion for partial summary judgment, or March 7, 2026, to disclose this person. Plaintiffs did not have any opportunity to depose this witness given the disclosure was served about one year after the close of fact discovery and this witness should be barred.

5. Rosetta Hunter, RN. She was one of Plaintiffs' medical providers and has knowledge of the physical and medical condition of Plaintiffs, her interactions with Plaintiffs, and the medical care and treatment, if any, provided to Plaintiffs.

 i. Plaintiffs object to this witness. Discovery closed on March 3, 2025. Dkt. 89, Minute entry. During discovery, defendants did not disclose any medical employees, including this individual. Defendants identified this witness for the first time as a trial witness on July 28, 2026, the deadline to file the pretrial order. Plaintiffs do not have any opportunity to depose this witness and the identification of this witness on the eve of trial was not substantially justified or harmless. Additionally, the identification of this witness today violates the notice requirement under Rule 26(a)(3)(B).

6. Diane Hsu, MD. She was one of Plaintiffs' medical providers and has knowledge of the physical and medical condition of Plaintiffs, her interactions with Plaintiffs, and the medical care and treatment, if any, provided to Plaintiffs

 i. Plaintiffs object to this witness. Discovery closed on March 3, 2025. Dkt. 89, Minute entry. During discovery, defendants did not disclose any medical employees, including this individual. Defendants identified this witness for the first time as a trial witness on July 28, 2026, the deadline to file the pretrial order. Plaintiffs do not have any opportunity to depose this witness and the identification of this witness on the eve of trial was not substantially justified or harmless. Additionally, the identification of this witness today violates the notice requirement under Rule 26(a)(3)(B).

7. Daniel Kacrzowski, PA-C. He was one of Plaintiffs' medical providers and has knowledge of the physical and medical condition of Plaintiffs, his interactions with Plaintiffs, and the medical care and treatment, if any, provided to Plaintiffs.

 i. Plaintiffs object to this witness. Discovery closed on March 3, 2025. Dkt. 89, Minute entry. During discovery, defendants did not disclose any medical employees, including this individual. Defendants identified this witness for the first time as a trial witness on July 28, 2026, the deadline to file the pretrial order. Plaintiffs do not have any opportunity to

depose this witness and the identification of this witness on the eve of trial was not substantially justified or harmless. Additionally, the identification of this witness today violates the notice requirement under Rule 26(a)(3)(B).

8. Patrick Ennis, MC. He was one of Plaintiffs' medical providers and has knowledge of the physical and medical condition of Plaintiffs, his interactions with Plaintiffs, and the medical care and treatment, if any, provided to Plaintiffs.

    i. Plaintiffs object to this witness. Discovery closed on March 3, 2025. Dkt. 89, Minute entry. During discovery, defendants did not disclose any medical employees, including this individual. Defendants identified this witness for the first time as a trial witness on July 28, 2026, the deadline to file the pretrial order. Plaintiffs do not have any opportunity to depose this witness and the identification of this witness on the eve of trial was not substantially justified or harmless. Additionally, the identification of this witness today violates the notice requirement under Rule 26(a)(3)(B).

9. Keeper of the records for the Sheriff's Office. Foundation and authenticity of records and video produced by Defendant Sheriff in this case.

10. Keeper of the records for Cermak and Stroger Hospital. Foundation and authenticity of medical records.

-12-

7.  **Exhibits.** A list of exhibits a party may introduce at trial, as well as any demonstrative exhibits or evidence, identified by trial exhibit number, and a section that provides a brief description of each exhibits.

> To be filed as a PDF Exhibit to this Final Pretrial Order and incorporated to this document after completed.

8. **Type and Length of Trial.**

The parties request a jury trial and expect it will be four days.

-14-

9. **Proposed Findings and Conclusion.**

Not applicable here because Court's standing order provides this is for bench trials.

**10. Proposed *Voir Dire* Questions.**

Parties to prepare any unique questions.

Plaintiffs' Proposed *Voir Dire Questions*

1. This case involves two Plaintiffs who have felony convictions. Does the fact that someone has a felony conviction affect how much credibility you would give their testimony, before you've heard any of it?
2. Some people believe that if someone committed a crime, they shouldn't be able to sue over how they were treated in jail. Do you agree or disagree with that view?
3. Would you hold it against the Plaintiffs that they are seeking money damages in connection with time they spent in custody?
4. Do you believe that jails and correctional facilities should be required to make the same accommodations for people with disabilities as other public buildings?
5. Would the fact that this case involves ramps, rather than something like a wheelchair ban or physical assault, make you think this is a "minor" or unimportant issue?
6. Some people feel that lawsuits against government agencies are just a drain on taxpayer money and shouldn't be allowed to succeed. Do you share that view?

Defendants' Proposed *Voir Dire Questions*

1. Anyone think they will be unable to be fair to Defendants because we represent the Cook County Sheriff's Office and Cook County?
2. Do you know any Sheriff, police or other law enforcement officials? If yes, how often do you see this officer or official? Do you have any discussion with this officer or official regarding his or her job? If yes, please elaborate.
3. Do you have a predisposition against any person because he/she is a law enforcement official?
4. Do you have any emotional disabilities that would make it difficult or impossible to serve on the jury? If yes, please explain.
5. Do you or any relatives or close friends have any disabilities?
6. Have you or any relatives or close friends ever had your mobility limited in any way (wheelchair, walkers, crutch, cane)? Details.
7. Do you or any relatives or close friends have any medical training? Details.
8. Have you ever had any prior dealings with members of the Cook County Sheriff's Office? If yes, describe the nature of those experiences and explain whether you believe that they were positive or negative experiences.
9. Have you or any relatives or close friends ever been a party to a criminal case, either as a person accused of a crime, a victim of a crime, or a witness to a crime? If yes, please elaborate.
10. What are the newspapers, magazines, or websites that you get news or information about current events?
11. What are the television, radio, or podcasts that you watch or listen to

12. regularly?
13. Will you judge all witnesses by their manner on the stand, their interest or bias in this case, their ability and opportunity to observe, their testimony, their prejudice and the reasonableness of their testimony?
14. Some people think that if a lawsuit makes it to trial, the Defendant most likely did something wrong. Is there anyone who agrees with that?
15. Anything about this case which now, upon reflection, starts you off favoring or disfavoring one side over the other?

Proposed questions to include in a juror questionnaire that is filled out in private.

1. Have you ever been convicted of a crime? If yes, please explain the charges that you were convicted of and the year of the conviction.
2. Have you or anyone you know ever been incarcerated at the Cook County Jail?

**11. <u>Proposed Jury Instructions/Verdict Form</u>**

<mark>To be filed as a PDF Exhibit to this Final Pretrial Order and incorporated to this document after completed.</mark>

**12. Stipulations.**

Plaintiffs' Proposed Stipulations

1. In 2018 Ellen Stoner, a licensed architect, was hired by Cook County to assess the Cermak ramp. Ms. Stoner conducted a walkthrough of the Cermak ramp in March 2018 and made recommendations to bring the ramp into compliance with the ADA.

2. Ms. Stoner's recommendations to Cook County included the creation of a landing 30 feet from the top of the ramp and to provide handrails at both sides of the ramp.

3. On July 27, 2022, a federal judge entered an order in *Walker v. Dart*, 20-cv-261, requiring Cook County to install ADA compliant handrails by December 31, 2022.

4. Cook County did not comply with an order by a federal judge in *Walker* entered on July 27, 2022 to install ADA compliant handrails on the Cermak ramp by December 31, 2022.

5. Cook County hired Globetrotters Engineering Corporation (GEC) to assess the Cermak ramp. GEC conducted site visits on August 18, 2023 and again on September 1, 2023.

6. On December 6, 2023, GEC submitted a report to Cook County finding that the handrails on the Cermak ramp did not comply with the ADA code because they did not extend a minimum of 123 inches beyond the ramp.

7. On December 6, 2023, GEC submitted a report to Cook County finding that the rise of the Cermak ramp was approximately 32.4 inches.

8. GEC also conducted site visits and inspected the RTU east tunnel ramp on January 23, 2024 and January 25, 2024. GEC prepared a report dated April 1, 2024 and found the RTU east tunnel ramp did not meet the minimum structural standards required by the ADA.

**13. Settlement Status**

Plaintiffs' Position

There has been no discussion regarding settlement of the individual claims of the plaintiffs. Plaintiffs' counsel believes it would be productive to discuss settlement.

**14. <u>Trial Briefs.</u>**

Parties must file trial briefs limited to 10 pages that include the party's theory of liability or defense, the party's theory of damages or other relief in the event liability is established, and the party's theory for any anticipated motion for judgment as a matter of law.

<mark>To be filed as a PDF Exhibit to this Final Pretrial Order and incorporated to this document after completed.</mark>