**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Cuauhtemoc Hernandez and William Mathis, | |
| Plaintiffs, | No. 23 C 1970 |
| v. | Judge Sunil R. Harjani |
| Thomas Dart and  Cook County, Illinois, | |
| Defendants. | |

**PROPOSED JURY**
**INSTRUCTIONS AND VERDICT FORM**

## 1.01 FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence, and you are about to hear the arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.

Nothing I am saying now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.


Agreed  Proposed Instruction 1

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn


Source: Federal Civil Jury Instructions of the Seventh Circuit 1.01

## 1.02 NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Agreed Proposed Instruction 2 (if applicable)

\_\_\_\_Agreed
\_\_\_\_Given
\_\_\_\_Given as Modified
\_\_\_\_Refused
\_\_\_\_Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.02

## 1.03  ALL LITIGANTS EQUAL BEFORE THE LAW

In this case the defendants are public entities. All parties are equal before the law. A public

entity is entitled to the same fair consideration that you would give any individual person.

Agreed  Proposed Instruction 3

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn


Source: Federal Civil Jury Instructions of the Seventh Circuit 1.03. modified.

**1.04 Evidence**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

I have taken judicial notice of certain facts. You must accept those facts as proved.[1]

Agreed  Proposed Instruction 4

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.04

---

[1] If applicable.

**1.06 WHAT IS NOT EVIDENCE**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Agreed  Proposed Instruction 5

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.06, modified.

**1.07 NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.


Agreed Proposed Instruction 6

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn


Source: Federal Civil Jury Instructions of the Seventh Circuit 1.07

## 1.08 CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Agreed  Proposed Instruction 7

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.08

## 1.09   LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Agreed   Proposed Instruction 8 (if applicable)

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.09

## 1.11 WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Agreed Proposed Instruction 9

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.11

**1.12 DEFINITION OF "DIRECT"**
**AND "CIRCUMSTANTIAL" EVIDENCE**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Agreed Proposed Instruction 10

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.12

## 1.13 Testimony of Witnesses
## (Deciding What to Believe)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying;

- the witness's intelligence;

- the reasonableness of the witness's testimony in light of all the evidence in the case.

Agreed  Proposed Instruction 11
_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.13

## 1.14 PRIOR INCONSISTENT STATEMENTS [OR ACTS]

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Agreed Proposed Instruction 12

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.14, modified.

**1.15 Impeachment of Witness — Convictions**

You have heard evidence that e a c h  P laintiff has been convicted of a crime. You may consider this evidence only in deciding whether the Plaintiff's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

Agreed Proposed Instruction 13

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.15, modified.

## 1.16 LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

Agreed Proposed Instruction 14

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.16

## 1.17 NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Agreed  Proposed Instruction 15

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.17

**1.18 ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Agreed  Proposed Instruction 16

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.18

## 1.24 DEMONSTRATIVE EXHIBITS

Certain demonstrative exhibits have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Agreed  Proposed Instruction No. 17 (if applicable)

\_\_\_ Agreed
\_\_\_Given
\_\_\_Given as Modified
\_\_\_Refused
\_\_\_Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.24, modified and to be adjusted depending on the demonstrative used.

## 1.25 MULTIPLE CLAIMS; MULTIPLE PLAINTIFFS/DEFENDANTS

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, any of the others is also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.

Defendants' Proposed Instruction No. 1
___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.25 (2017), modified to include a list of the parties.

Plaintiffs' Objection:  This instruction, if given, should contain the pattern language regarding the plaintiffs. The pattern states "Although there are [two] plaintiffs, it does not follow that if one is

successful, the others are, too."

**1.27 BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Agreed Proposed Instruction 18

_____Agreed
_____Given
_____Given as Modified
_____Refused
_____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.27

**1.31 NO NEED TO CONSIDER DAMAGES INSTRUCTION**

If you decide for the defendants on the question of liability, then you should not consider

the question of damages.

Defendants' Proposed Instruction No. 2
___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.31

Plaintiffs' Objection:  This instruction is redundant with an instruction found in Plaintiffs'

Proposed Instruction 22. Therefore it is unnecessary.

## 1.32 SELECTION OF PRESIDING JUROR; GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached a unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Agreed Proposed Instruction 19

__Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: 2017 Federal Civil Jury Instructions of the Seventh Circuit 1.32, modified

## 1.33    COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.  The writing should be given to the marshal, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Agreed Proposed Instruction 20

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: 2017 Federal Civil Jury Instructions of the Seventh Circuit 1.33

## 1.34    DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror.  Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.

Agreed  Proposed Instruction 21


___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn


Source: 2017 Federal Civil Jury Instructions of the Seventh Circuit 1.34

## 7.04 LIMITING INSTRUCTION CONCERNING EVIDENCE OF STATUTES, ADMINISTRATIVE RULES, REGULATIONS, AND POLICIES

You have heard evidence about whether Defendants' conduct violated general orders, policies or procedures.

You may consider this evidence in your deliberations as to the claims. But remember that the issue is whether Defendants violated Plaintiff's rights under the ADA, not whether a statute, rule, general order, policy or procedure of the Defendants might have been violated.

Defendants' Proposed Instruction No. 3
___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 7.04, modified

Plaintiffs' Objection:   This instruction is not necessary because of the Court's finding that the ramps did not comply with the ADA structural standards and defendants' disputed ramp assistance policy did not provide equivalent access to traverse the ramp. Dkt. 175, Memorandum Opinion and Order at 8. Accordingly, the issue whether defendants violated any "general orders, policies or procedures" should not have any bearing on whether the plaintiffs are entitled to compensatory damages for having ramps that violate the minimum structural standards required by the ADA.  "Title II imposes an affirmative obligation on public entities to provide facilities …that comply with detailed architectural standards or provide equivalent access." *Clemons v. Dart*, 168 F.Supp.3d 1060, 1071 (N.D. Ill. 2016) (Tharp, J.) (citing 28 C.F.R. § 35.151).  As another district judge aptly explained in *Flora v. Dart*, "[t]he Sheriff's offer of non-equivalent accommodations does not suggest anything other than deliberate indifference." 2017 WL 2152392, at *7 (N.D. Ill. May 17, 2017) (Kennelly, J.) (vacated by agreement of the parties).

**LIMITATION ON RECOVERY OF NON-PHYSICAL DAMAGES**

At the time of the alleged incidents, Plaintiffs were pre-trial detainees in the custody of the

Cook County Jail. Due to their status as a prisoner, each Plaintiff cannot recover compensatory

damages for mental and emotional harm unless he proves, by a preponderance of evidence, that he

sustained a physical injury, that is greater than *de minimis*, that was caused by one or both of the

Defendants' conduct.

To guide your consideration of the extent of Plaintiff's physical injuries, if any, I will define

the term *de minimis* for you.

Defendants' Proposed Instruction No. 4
___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: Prison Litigation Reform Act, 42 U.S.C. Section 1997e(e); modified.

Plaintiffs' Objection:  This instruction does not apply to this case to Plaintiff Hernandez because he was not in custody when this case was filed and therefore the Prison Litigation Reform Act does not apply to his claims.

Additionally, plaintiffs allege that the ADA provides damages beyond physical injuries. Here, just like the district in *Mendoza v. Dart*, 20-cv-670, plaintiffs contend that compensatory damages may be in the form of being unable to access the jail's programs and services on the same basis as nondisabled inmates because of the structural barriers. In *Mendoza*, the district court provided that these types of damages are permissible:

> The loss of access to certain programs and activities of a public entity; specifically, the inability to access the courthouse(s) or restroom facilities within the courthouse on the same basis as non-disabled individuals, and the inability to access water for drinking and washing on the same basis as non-disabled detainees at the courthouse(s). The plaintiff is not entitled to damages for emotional and mental harm, embarrassment, or humiliation resulting from not being able to pursue the

same activities as non-disabled individuals.

*See Mendoza v. Dart*, 20-cv-670, Dkt. 232 at 24, Jury Instructions.

Finally, in this case there is the availability of damages provided by the Illinois Civil Rights Remedies Restoration Act, 775 ILCS 60/1 *et seq.* This law provides the following remedies:

> Sec. 20. Remedies. Whoever injures another by a violation of this Act is liable for each and every offense for all remedies available at law, including, but not limited to, damages for past, current, and future monetary losses, emotional pain, suffering, inconvenience, mental anguish, loss of employment of life, and other nonmonetary losses, and any amount that may be determined by a jury, or a court sitting without a jury, but in no case less than $4,000, and any attorney's fees, costs, and expenses, including but not limited to, expert witness fees, that may be determined by the court in addition thereto.

775 ILCS 60/20. While plaintiff Mathis was incarcerated when this case was filed, state law provides a host of remedies, including mental and emotional damages, as well as mandatory minimum statutory damages in the amount of $4,000.

**DEFINITION OF DE MINIMIS**

The term *de minimis* means "small, minor, insignificant, or negligible."

Defendants' Proposed Instruction No. 5
___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: Dictionary.com

Plaintiffs' Objection:  Defendants provided this proposed instruction on July 27, 2026, with the only citation to "Dictionary.com." This instruction is unsupported.  Additionally, plaintiffs' motion in limine 1 seeks to bar defendants from arguing the noncompliant ramps were *de minimis.* Dkt. 198, Motions in limine at 1-3. The Court's Memorandum Opinion and Order stated, "the Court is unaware of any binding or persuasive authority recognizing a *de minimis* defense under the ADA." Dkt. 175, Memorandum Opinion and Order at 7.

**The Parties and the Claims**

The Plaintiffs in this case are Cuauhtemoc Hernandez and William Mathis. The Defendants in this case are the Sheriff of Cook County and Cook County Illinois.

Plaintiffs claim that they were required to move up and down the Cermak ramp and RTU east tunnel ramp. Plaintiffs claim their rights under the Americans with Disabilities Act (ADA) were violated because each ramp was not compliant with the federal accessibility standards and they were not provided access to move on the same basis as non-disabled individuals.

It has already been determined that the Sheriff and County were required to provide ramps that complied with the ADA accessibility standards. The Cermak ramp and RTU ramp did not comply with the ADA accessibility standards. It has also been determined that any procedure to assist individuals up and down the ramps in wheelchairs or carts does not satisfy defendants' obligations under the ADA.

To succeed on their claims, each Plaintiff must prove each of the following things by a preponderance of the evidence:

1. He is an individual with a disability;

2. He was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity;

3. The discrimination was by reason of his disability; and

4. The discrimination was intentional.

If you find that the Plaintiff you are considering has proved these things by a preponderance of the evidence, then you should find in favor of that Plaintiff, and go on to consider the amount of damages, if any, the Plaintiff is entitled to recover.

If you find that either or both Plaintiffs have failed to provide any one of these things, then

you should find in favor of Defendants, and you will not consider the question of damages.

Plaintiff's Proposed Instruction 1

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Authority:    *Hernandez v. Dart*, 23-cv-16970, Dkt. 175, Memorandum Opinion and Order; *Lacy v. Cook Cnty., Illinois*, 897 F.3d 847, 853 (7th Cir. 2018); *Shaw v. Kemper*, 52 F.4th 331, 335 (7th Cir. 2022) Instruction in *Clemons v. Dart*, 13-cv-2356, Dkt. 148 at 4 (following grant of summary judgment to a plaintiff who was not provided accessible showers and toilets at the Jail); Instruction in *Bowers v. Dart*, 16-cv-2483, Dkt. 216 at 19; Instruction in *Mendoza v. Dart*, 20-cv-670, Dkt. 232 at 18.

Defendants' Objections: The first three paragraphs are not jury instructions and are better suited in the "claims" section of the final pretrial order. Therefore, it is a redundant and unnecessary instruction for the jury to consider.

The second paragraph erroneously states that "[i]t has already been determined that the Sheriff and County were required to provide Plaintiffs with ramps that complied with the ADA structural standards." One of the elements Plaintiffs must prove is whether they are individuals with disabilities. If Plaintiffs do not prove this element, then Defendants were not required to provide Plaintiffs with ADA-compliant ramps.

Plaintiffs also omit an element of their claim that a public entity denied them the benefits of its services, programs, or activities or otherwise subjected them to discrimination. *See Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). Defendants propose corresponding instructions below.

## DEFENDANTS' CORRESPONDING INSTRUCTION REGARDING ELEMENTS OF ADA CLAIM

Plaintiffs bring a claim that the Cermak ramp and RTU east tunnel ramp violated their rights under the ADA.

To succeed on their claim, Plaintiffs must prove each of the following things by a preponderance of the evidence:

1. Each Plaintiff is a qualified individual with a disability;

2. A public entity denied each Plaintiff the benefits of its services, programs, or activities or otherwise subjected each Plaintiff to discrimination,

3. The denial or discrimination occurred because of each Plaintiff's disability; and

4. The discrimination was intentional.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff has failed to prove any of these things, then you must find for Defendants.

Defendants' Proposed Instruction No. 6
___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: Seventh Circuit Pattern Jury Instruction (Civil) 3.01 (modified); *Thomas v. Dart*, No. 17 C 4233, 2018 WL 4016315, at *3 (N.D. Ill. Aug. 22, 2018) (citing *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015)).

Plaintiffs' Objection:  Defendants provide no context to the fact that the ramps were found to be noncompliant and that defendants, under Title II of the ADA, have an affirmative duty to provide ramps and passageways that comply with the ADA structural standards. *Hernandez v. Dart*, 23-cv-16970, Dkt. 175, Memorandum Opinion and Order

**DEFINITION OF DISABILITY**

Under the ADA, an individual is disabled if he has a physical or mental impairment that substantially limits one or more major life activities. Caring for oneself, standing, and walking are each considered a major life activity.

Under the ADA, "substantially limits" shall be construed broadly in favor of expansive coverage and is not meant to be a demanding standard. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting.

Plaintiff's Proposed Instruction 2

\_\_\_Agreed
\_\_\_Given
\_\_\_Given as Modified
\_\_\_Refused
\_\_\_Withdrawn

Authority:    *Rogers v. Dart*, 2025 WL 2239341, at *4 (N.D. Ill. Aug. 6, 2025) (Rowland, J.) (citing the ADA and corresponding regulations under the ADA for a qualified person with a disability); 42 U.S.C. § 12102(1); 42 U.S.C. § 12102(2)(A); 29 C.F.R. § 1630.2(j)(1)(i); 29 C.F.R. § 1630.2(j)(1)(ii); *Edwards v. Dart*, 2022 WL 3543474, at *3 (N.D. Ill. Aug. 17, 2022) (explaining the relaxed standard for substantially limiting).

Defendants' Objections: Plaintiffs' proposed instruction does not track the Seventh Circuit Pattern Jury Instructions. Defendants propose corresponding instructions below.

**DEFENDANTS' CORRESPONDING INSTRUCTION REGARDING DEFINITIONS OF "DISABILITY"**

Under the ADA, the term "disability" means a physical impairment that "substantially limits" a major life activity. I will now define some of these terms in more detail. Again, I remind you to consider the specific definitions I give you, and not to use your own opinion as to what these terms mean.

Under the ADA, an impairment "substantially limits" a person's ability to walk if it prevents or severely restricts him from walking, compared to the average person in the general population.

To decide if each Plaintiff's alleged impairment substantially limits each Plaintiff's ability walk, you should consider the nature and severity of the impairment, how long it is expected to last, and its expected long-term impact.

Only impairments with a permanent or long-term impact are disabilities under the ADA. Temporary injuries and short-term impairments are not disabilities. Even so, some disabilities are permanent, but only appear from time to time. For example, if a person has a mental or physical disease that usually is not a problem, but flares up from time to time, that can be a disability if it substantially limits a major life activity.

Defendants' Proposed Instruction No. 7
___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: Seventh Circuit Pattern Jury Instruction (Civil) 4.04 (modified).

Plaintiffs' Objection:  Defendants apply a pattern jury instruction, 4.04, that addresses Employment Discrimination under the ADA. Plaintiffs' proposed instruction cites cases that address Title II of the ADA, corresponding law, and regulations.  *Rogers v. Dart*, 2025 WL 2239341, at *4 (N.D. Ill. Aug. 6, 2025) (Rowland, J.) (citing the ADA and corresponding regulations under the ADA for a qualified person with a disability); 42 U.S.C. § 12102(1); 42 U.S.C. § 12102(2)(A); 29 C.F.R. § 1630.2(j)(1)(i); 29 C.F.R. § 1630.2(j)(1)(ii); *Edwards v. Dart*, 2022 WL 3543474, at *3 (N.D. Ill. Aug. 17, 2022) (explaining the relaxed standard for substantially limiting).

## DEFENDANTS' INSTRUCTION REGARDING
## REASONABLE ACCOMMODATION

Under the ADA, to "accommodate" a disability is to make some change that will let a person with a disability access programs and services provided by a public entity. An accommodation is "reasonable" if it is feasible and would be effective.

The term "reasonable accommodation" does not include efforts that would cause an undue hardship on Defendants.

The ADA does not require the best or preferred accommodation to be provided, only that a reasonable accommodation be provided.

Source: Seventh Circuit Pattern Jury Instruction (Civil) 4.06 (modified) and 4.06 Committee notes, citing *US Airways, Inc. v. Barnett*, 535 U.S. 391, 401–02 (2002); 42 U.S.C. § 12112(b)(5)(A); *Hildreth v. Butler*, 960 F.3d 420, 431 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1527 (2021) ("The question is not whether other modifications could have been made, such as those Hildreth seeks, but whether the accommodations made were reasonable.")

Defendants' Proposed Instruction No. 8
___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Plaintiffs' Objection:  The Supreme Court held in *Tennessee v. Lane*, that "[i]n the case of facilities built or altered after 1992, the regulations require compliance with specific architectural accessibility standards." 541 U.S. 509, 532 (2004) (citing 28 CFR § 35.151).  This was a decision by Congress that "required States to take reasonable measures to remove architectural and other barriers to accessibility." *Lane*, 541 U.S. at 531 (citing 42 U.S.C. § 12131(2)).  The "reasonable modifications" or "reasonable accommodations" framework in a case under Title II concerns buildings built prior to 1992 that are not required to comply with the ADA's architectural accessibility standards. *Lane*, 541 U.S. at 532; *Lacy v. Cook County*, 897 F.3d 847, 853 (7th Cir. 2018); *Rogers v. Dart*, 2026 WL 1584767, at *8 (N.D. Ill. 2026) (Rowland, J.).  Pursuant to the implementing regulation, means of providing reasonable accommodations include: "reassignment of services to accessible buildings," "delivery of services at alternative accessible sites," and "any other methods that result in making . . . services, programs, or activities readily accessible to and usable by individuals with disabilities." 28 C.F.R. § 35.150(b)(1).  Defendants provide no authority that this type of defense is appliable in a case involving ramps that must, based on the date of construction, must comply with the ADA structural standards.

Additionally, defendants cite pattern instruction 4.06 that addresses employment discrimination under Title I of the ADA.

## EXPLANATION REGARDING STRUCTURAL BARRIERS

Perhaps the most obvious example of discrimination under the ADA is when structural barriers prevent people with disabilities from accessing otherwise available public services. To remedy this form of discrimination, buildings built after 1992, such as the Cermak ramp and the RTU east tunnel ramp, must comply with structural accessibility standards.

Plaintiff's Proposed Instruction 3

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Authority:     *Lacy v. Cook County*, 897 F.3d 847, 853 (7th Cir. 2018).

Defendants' Objections: The instruction proposed above is a misstatement of the law, is not derived from Seventh Circuit Pattern Instructions, and should be stricken in its entirety. This instruction will confuse the jury because no barrier prevented Plaintiffs from accessing services. This instruction is not a legal standard but rather simply an observation that led to the DOJ adopting structural accessibility standards. *See Lacy*, 897 F.3d at 853.

Furthermore, this instruction is highly prejudicial to Defendants and will result in confusion over the intentional discrimination element of a claim under the ADA for money damages. Plaintiffs must show intentional discrimination to be awarded money damages, but this instruction conflates the discrimination element with "structural barriers." This instruction incorrectly suggests that if structural barriers prevent access to services, this negates Plaintiffs' burden to prove intentional discrimination. If this were the case, it would make the intentional discrimination element superfluous, which is contrary to law.

**EXPLANATION REGARDING PROGRAM OR SERVICE**

Access to an accessible ramp is a program or service of a public entity.

Plaintiff's Proposed Instruction 4

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source:      *Shaw v. Kemer*, 52 F.4th 331, 334 (7th Cir. 2022) (explaining "[w]e have no difficulty concluding that that a handicapped-accessible toilet for disabled persons amounts to a service, the denial of which could establish a claim" under either the ADA or Rehabilitation Act); Dkt. 175, Memorandum Opinion and Order at 11; *see also Mendoza v. Dart*, 638 F.Supp.3d 898, 901 (N.D. Ill. 2022) (Bucklo, J.)

Defendants' Objections: Plaintiffs added this instruction at 4:40pm on July 28, 2026, the day the jury instructions are due. Defendants object that an "accessible ramp" is not a "program" or "service" that is being provided. The ramp is merely the path of travel for an individual to access a program or service of a public entity.

**INTENTIONAL DISCRIMINATION**

Intentional discrimination occurs when a defendant knew that harm to a federally protected right was substantially likely and failed to act on that likelihood.

Authority:    *Lacy v. Cook County*, 897 F.3d 847, 862 (7th Cir. 2018).

Agreed Proposed Instruction 22

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

**THE SHERIFF'S RESPONSIBILITY UNDER ILLINOIS LAW**

Under the law, the Sheriff is the custodian of the Cook County Jail and has custody and care of the facility. The Sheriff shall maintain the County Jail in a good and sufficient repair.

Authority:     55 Ill. Comp. Stat. 5/3-6017; 730 Ill. Comp. Stat. 125-1; 730 Ill. Comp. Stat. 125/18.

Plaintiff's Proposed Instruction 5

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Defendants' Objections: This instruction is not based off a pattern jury instruction, is irrelevant, and will not be helpful to the jury. Whether the Sheriff is the "custodian" of the Jail is irrelevant to the elements of a cause of action under the ADA. Moreover, whether the Jail was maintained in "good and sufficient repair" is not at issue in this case.

**COMPENSATORY DAMAGES FOR ADA CLAIM FOR HERNANDEZ**

If you find in favor of Plaintiff Hernandez, then you must determine the amount of money that will fairly compensate the Plaintiff for any injury that you find he sustained as a direct result of Defendant(s) failure to accommodate his disability.

A Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money.

You should consider the following types of compensatory damages, and no others:

a.      The physical pain and suffering that Plaintiff has experienced. No evidence of the dollar value of physical pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

b.      The loss of access to certain programs and activities of the jail - specifically, the inability use the ramps on the same basis as non-disabled individuals.

If you return a verdict for Plaintiff Hernandez, but determine that he has failed to prove compensatory damages, then you must award nominal damages of $1.00.

Plaintiff Proposed Instruction 6


___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn


Authority:      *Mendoza v. Dart*, 20-cv-670, Dkt. 232 at 24, Jury Instruction; *Bowers v. Dart*, 16-cv-2483, Dkt. 216 at 24, Jury Instruction; Illinois Civil Rights Remedies Restoration Act, 775 ILCS 6/1 *et seq*.

In *Cassidy v. Ind. Dep't. of Corr.*, 1997 F.3d 374 (7th Cir. 2000), the Court, citing *Robinson*, held a blind prisoner seeking damages under the ADA was permitted to seek the

following damages since they were not barred by § 1997e(e) as "mental or emotional":

- The loss of the opportunity to enjoy an early discharge from prison or the chance of a pardon or clemency based on efforts to rehabilitate himself;

- The loss of participation in and advantages of activities to which the non-disabled had access while in prison, and the loss of the freedom of movement and social contact;

- A diminished quality of life; and

- The loss of access to programs, services and other activities guaranteed by federal law (presumably to the extent that the non-disabled enjoyed these rights).

*Cassidy*, 199 F.3d at 375-77.

In the Civil Rights Act of 1991, Congress provided for limited damages remedies under certain civil rights statutes, including Title I of the ADA. 42 U.S.C. § 1981a. However, Congress did not see it fit to limit the remedies available under Title II of the ADA (or under Title VI or sections 504 and 505(a)(2) of the Rehabilitation Act, the statutes Title II incorporates).

With no limitation by Congress, the traditional presumption that when "legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." *Bell v. Hood*, 327 U.S. 678, 685 (1946). Absent a clear direction to the contrary by Congress, a federal court presumably has the power to award full compensatory damages. *Birdsall v. Coolidge*, 93 U.S. 64 (1876) (compensatory damages "are given as a compensation, recompense, or satisfaction to the plaintiff, for an injury actually received by him from the defendant"); *Lacy v. Cook County*, 897 F.3d 847, 863 (7th Cir. 2018) (adopting "deliberate indifference" standard and noting the legislative history of the ADA is to assure equality of opportunity and full participation for individuals with disabilities and to combat exclusion); *see* 42 U.S.C. § 1981a(b)(3) (noting damages in the context of employment discrimination case may include compensatory damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses"); *Ammons v. Chicago Board of Education*, 16 C 4884, 2019 WL 1595870, at *5 *(N.D. Ill. 2019) (Kim, M.J.) (noting an employment discrimination claim arising under the ADA allows for compensatory damages in the form of "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses"); *Thompson v. National R.R. Passenger Corp.*, 621 F.2d 814, 824 (6th Cir. 1980) (noting "pain and suffering, permanent injury, and loss of enjoyment of life each represent separate losses which the victim incurs"); *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 499 (7th Cir. 2000) (acknowledging claim under Title I of the ADA provides for compensatory damages for "inconvenience" and "loss of enjoyment of life").

The harm that Congress intended to protect with the ADA is sweeping. In *Lacy*, the Court

provided context to this legislation:

> In 1990, Congress enacted the ADA to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). This sweeping legislation was animated by the finding that "individuals with disabilities continually encounter various forms of discrimination," ranging from "outright intentional exclusion" to "the discriminatory effects of architectural, transportation, and communication barriers." *Id.* § 12101(a)(5). The ADA was crafted "to advance equal-citizen stature for persons with disabilities," *Tennessee v. Lane*, 541 U.S. 509, 536, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004) (Ginsberg, J., concurring), and to remedy their status as "a discrete and insular minority who have been faced with restrictions and limitations, subjected to a history of purposeful unequal treatment, and regulated to a position of political powerlessness in our society," *id.* at 516, 124 S.Ct. 1978 (majority opinion) (quoting 42 U.S.C. § 12101(a)(7)).

*Lacy*, 897 F.3d at 852.

Defendants' Objections: This instruction misstates the law by equating a loss of access to programs and activities with any inability to use the ramps "on the same basis as" non-disabled individuals. Only plaintiffs "who allege a concrete injury" have standing to sue and recover damages. *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 3 (2023). This instruction allows a jury to award damages to Plaintiff for any *de minimis* variation between Plaintiff and non-disabled individuals without showing a concrete injury.

In *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1576 (2022), the Supreme Court held that "emotional [and mental] distress damages are not recoverable under the Spending Clause antidiscrimination statutes [Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972 Rehabilitation Act, and Affordable Care Act]." (affirming appellate court decision that the plaintiff could not recover for injuries of "humiliation, frustration, and emotional distress" under the Rehabilitation Act or the Affordable Care Act); *see also id.* at 1570–72 (stating that under the Spending Clause statutes, a defendant is "subject to the *usual* contract remedies in private suits" and that "[a]s a general rule, no damages will be awarded for the mental distress or emotional trauma that may be caused by a breach of contract" (quoting J. Perillo, Calamari & Perillo on Contracts §14.5, p. 495 (6th ed. 2009) (Calamari & Perillo))); *id.* at 1582 (Breyer, J., dissenting) (stating that the Court's decision creates an anomaly because compensatory damages for "emotional pain, suffering" and "mental anguish" under Title VII and compensatory damages for "personal humiliation, and mental anguish and suffering" under Section 1983 are permitted, but "the Court's decision today means that those same remedies will be denied to [those protected by the Spending Clause antidiscrimination

statutes]"). Although the Court's holding in *Cummings* did not specifically mention the ADA, the Court's holding applied to the Rehabilitation Act and Title VI, and in *Barnes v. Gorman*, 536 U.S. 181, 185 (2002), the Supreme Court held that "the remedies for violations of § 202 of the ADA and § 504 of the Rehabilitation Act are coextensive with the remedies available in a private cause of action brought under Title VI of the Civil Rights Act of 1964." 536 U.S. at 185; *see also* 42 U.S.C. § 12133 (stating that the "remedies, procedures, and rights set forth in section 505 of the Rehabilitation Act of 1973 (29 U.S.C. 794a) shall be the remedies, procedures, and rights this title provides to any person alleging discrimination on the basis of disability in violation of section 202 [42 USCS § 12132]"). As such, Plaintiff may not recover damages for mental or emotional injuries, including "loss of opportunity and full participation in access to a bed," "loss of enjoyment of life," "diminished quality of life," or "inconvenience." *See Cummings*, 142 S. Ct. at 1569–76; *Barnes*, 536 U.S. at 185; *see also Hacker v. Dart*, 62 F.4th 1073, 1086 (7th Cir. 2023) (stating that damages for "inconvenience" and "loss of enjoyment of life" fall under the category of compensation for harm to a plaintiff's mental or emotional health).

Also, Plaintiffs did not experience a physical injury moving up and down the ramps. As such, Plaintiffs are barred from recovering damages for mental or emotional injuries on their claims *See* 42 U.S.C. § 1997e(e) (under the Prison Litigation Reform Act (PLRA), a detainee must make a prior showing of physical injury before recovering compensatory damages for mental or emotional injury); *Hacker v. Dart*, 62 F.4th 1073, 1085–86 (7th Cir. 2023) (stating that for a detainee to recover mental or emotional damages under the PLRA, the detainee must "link[] his alleged physical injury to his claim" and finding in that case that the plaintiff sufficiently connected a physical injury to his "listening device claim" (for which he could recover emotional damages) but failed to connect that physical injury to his "teletype phone claim" and therefore could not recover emotional damages for the teletype phone claim).

**COMPENSATORY DAMAGES FOR ADA CLAIM FOR MATHIS**

If you find in favor of Plaintiff Mathis, then you must determine the amount of money that will fairly compensate the Plaintiff for any injury that you find he sustained as a direct result of Defendant(s) failure to accommodate his disability.

A Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money.

You should consider the following types of compensatory damages, and no others:

a. The physical and mental and emotional pain and suffering and inconvenience and loss of enjoyment of life that Plaintiff has experienced. No evidence of the dollar value of the physical and mental and emotional pain and suffering and inconvenience and loss of enjoyment of life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

b. The loss of access to certain programs and activities of the jail - specifically, the inability use the ramps on the same basis as non-disabled individuals.

If you return a verdict for Plaintiff, but determine he has failed to prove compensatory damages, then you must award nominal damages of $1.00.

Plaintiff Proposed Instruction 7

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Authority:    *Mendoza v. Dart*, 20-cv-670, Dkt. 232 at 24, Jury Instruction; *Bowers v. Dart*, 16-cv-2483, Dkt. 216 at 24, Jury Instruction; Illinois Civil Rights Remedies Restoration Act, 775 ILCS 6/1 *et seq*.

In *Cassidy v. Ind. Dep't. of Corr*., 1997 F.3d 374 (7th Cir. 2000), the Court, citing *Robinson*, held a blind prisoner seeking damages under the ADA was permitted to seek the

following damages since they were not barred by § 1997e(e) as "mental or emotional":

- The loss of the opportunity to enjoy an early discharge from prison or the chance of a pardon or clemency based on efforts to rehabilitate himself;

- The loss of participation in and advantages of activities to which the non-disabled had access while in prison, and the loss of the freedom of movement and social contact;

- A diminished quality of life; and

- The loss of access to programs, services and other activities guaranteed by federal law (presumably to the extent that the non-disabled enjoyed these rights).

*Cassidy*, 199 F.3d at 375-77.

In the Civil Rights Act of 1991, Congress provided for limited damages remedies under certain civil rights statutes, including Title I of the ADA. 42 U.S.C. § 1981a. However, Congress did not see it fit to limit the remedies available under Title II of the ADA (or under Title VI or sections 504 and 505(a)(2) of the Rehabilitation Act, the statutes Title II incorporates).

With no limitation by Congress, the traditional presumption that when "legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." *Bell v. Hood*, 327 U.S. 678, 685 (1946). Absent a clear direction to the contrary by Congress, a federal court presumably has the power to award full compensatory damages. *Birdsall v. Coolidge*, 93 U.S. 64 (1876) (compensatory damages "are given as a compensation, recompense, or satisfaction to the plaintiff, for an injury actually received by him from the defendant"); *Lacy v. Cook County*, 897 F.3d 847, 863 (7th Cir. 2018) (adopting "deliberate indifference" standard and noting the legislative history of the ADA is to assure equality of opportunity and full participation for individuals with disabilities and to combat exclusion); *see* 42 U.S.C. § 1981a(b)(3) (noting damages in the context of employment discrimination case may include compensatory damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses"); *Ammons v. Chicago Board of Education*, 16 C 4884, 2019 WL 1595870, at *5 *(N.D. Ill. 2019) (Kim, M.J.) (noting an employment discrimination claim arising under the ADA allows for compensatory damages in the form of "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses"); *Thompson v. National R.R. Passenger Corp.*, 621 F.2d 814, 824 (6th Cir. 1980) (noting "pain and suffering, permanent injury, and loss of enjoyment of life each represent separate losses which the victim incurs"); *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 499 (7th Cir. 2000) (acknowledging claim under Title I of the ADA provides for compensatory damages for "inconvenience" and "loss of enjoyment of life").

The harm that Congress intended to protect with the ADA is sweeping. In *Lacy*, the Court

provided context to this legislation:

> In 1990, Congress enacted the ADA to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). This sweeping legislation was animated by the finding that "individuals with disabilities continually encounter various forms of discrimination," ranging from "outright intentional exclusion" to "the discriminatory effects of architectural, transportation, and communication barriers." *Id.* § 12101(a)(5). The ADA was crafted "to advance equal-citizen stature for persons with disabilities," *Tennessee v. Lane*, 541 U.S. 509, 536, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004) (Ginsberg, J., concurring), and to remedy their status as "a discrete and insular minority who have been faced with restrictions and limitations, subjected to a history of purposeful unequal treatment, and regulated to a position of political powerlessness in our society," *id.* at 516, 124 S.Ct. 1978 (majority opinion) (quoting 42 U.S.C. § 12101(a)(7)).

*Lacy*, 897 F.3d at 852.

Defendants' Objections: Plaintiffs added this instruction at 4:40pm on July 28, 2026, the day the jury instructions are due.

This instruction misstates the law by equating a loss of access to programs and activities with any inability to use the ramps "on the same basis as" non-disabled individuals. Only plaintiffs "who allege a concrete injury" have standing to sue and recover damages. *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 3 (2023). This instruction allows a jury to award damages to Plaintiff for any *de minimis* variation between Plaintiff and non-disabled individuals without showing a concrete injury.

In *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1576 (2022), the Supreme Court held that "emotional [and mental] distress damages are not recoverable under the Spending Clause antidiscrimination statutes [Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972 Rehabilitation Act, and Affordable Care Act]." (affirming appellate court decision that the plaintiff could not recover for injuries of "humiliation, frustration, and emotional distress" under the Rehabilitation Act or the Affordable Care Act); *see also id.* at 1570–72 (stating that under the Spending Clause statutes, a defendant is "subject to the *usual* contract remedies in private suits" and that "[a]s a general rule, no damages will be awarded for the mental distress or emotional trauma that may be caused by a breach of contract" (quoting J. Perillo, Calamari & Perillo on Contracts §14.5, p. 495 (6th ed. 2009) (Calamari & Perillo))); *id.* at 1582 (Breyer, J., dissenting) (stating that the Court's decision creates an anomaly because compensatory damages for "emotional pain, suffering" and "mental anguish" under Title VII and compensatory damages for "personal humiliation, and mental anguish and suffering" under Section

1983 are permitted, but "the Court's decision today means that those same remedies will be denied to [those protected by the Spending Clause antidiscrimination statutes]"). Although the Court's holding in *Cummings* did not specifically mention the ADA, the Court's holding applied to the Rehabilitation Act and Title VI, and in *Barnes v. Gorman*, 536 U.S. 181, 185 (2002), the Supreme Court held that "the remedies for violations of § 202 of the ADA and § 504 of the Rehabilitation Act are coextensive with the remedies available in a private cause of action brought under Title VI of the Civil Rights Act of 1964." 536 U.S. at 185; *see also* 42 U.S.C. § 12133 (stating that the "remedies, procedures, and rights set forth in section 505 of the Rehabilitation Act of 1973 (29 U.S.C. 794a) shall be the remedies, procedures, and rights this title provides to any person alleging discrimination on the basis of disability in violation of section 202 [42 USCS § 12132]"). As such, Plaintiff may not recover damages for mental or emotional injuries, including "loss of opportunity and full participation in access to a bed," "loss of enjoyment of life," "diminished quality of life," or "inconvenience." *See Cummings*, 142 S. Ct. at 1569–76; *Barnes*, 536 U.S. at 185; *see also Hacker v. Dart*, 62 F.4th 1073, 1086 (7th Cir. 2023) (stating that damages for "inconvenience" and "loss of enjoyment of life" fall under the category of compensation for harm to a plaintiff's mental or emotional health).

Also, Plaintiffs did not experience a physical injury moving up and down the ramps. As such, Plaintiffs are barred from recovering damages for mental or emotional injuries on their claims *See* 42 U.S.C. § 1997e(e) (under the Prison Litigation Reform Act (PLRA), a detainee must make a prior showing of physical injury before recovering compensatory damages for mental or emotional injury); *Hacker v. Dart*, 62 F.4th 1073, 1085–86 (7th Cir. 2023) (stating that for a detainee to recover mental or emotional damages under the PLRA, the detainee must "link[] his alleged physical injury to his claim" and finding in that case that the plaintiff sufficiently connected a physical injury to his "listening device claim" (for which he could recover emotional damages) but failed to connect that physical injury to his "teletype phone claim" and therefore could not recover emotional damages for the teletype phone claim).

**MITIGATION OF DAMAGES**

If you have found that Plaintiff should be awarded compensatory damages for injuries he has proven by a preponderance of the evidence, then you must consider whether Plaintiff's damages should be reduced in whole or in part because he failed to mitigate those damages.

The law provides a party cannot recover damages he could have prevented by exercising ordinary care and diligence.

The burden is on Defendants to prove Plaintiff failed to minimize his damages and that the damages should be reduced by a particular amount as a result.

In this case, Defendants claim and has the burden of proving that, with reasonable efforts and ordinary care, Plaintiff could have avoided some losses in whole or in part, even if you have found that his losses originally resulted from Defendants' wrongful conduct.

If Defendants prove that Plaintiff could have avoided some losses in whole or in part with reasonable efforts and ordinary care, you may not require Defendants to pay the amount Plaintiff could reasonably have avoided and you must subtract any such amount from the amount of damages you have found.

Defendants' Proposed Instruction No. 9

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: Illinois Pattern Jury Instructions 700.17, modified; Federal Civil Jury Instructions of the Seventh Circuit 4.12 & 3.12 (2017); *Stragapede v. City of Evanston*, 865 F.3d 861, 868 (7th Cir. 2017) (allowing failure to mitigate defense for a claim under Title I of the ADA); *Fleming v. County of Kane*, 898 F.2d 553, 561 (7th Cir. 1990) (stating, in employment discrimination case, that it is "well-established that the principle of mitigation of damages requires an injured party, at the risk of having his damage award reduced, to take reasonable steps to minimize the harm done."

(citing *Hunter v. Allis-Chalmers Corp., Engine Div.*, 797 F.2d 1417, 1427 (7th Cir. 1986); Farnsworth, Contracts §§ 12.12 and .13)); *cf. Cummings*, 142 S. Ct. at 1570–72 (stating that under the Spending Clause statutes, a defendant is subject to the usual remedies under contract law).

Plaintiffs' Objection:  Illinois Pattern Jury Instruction 700.17 addresses a breach of contract claim and has limited applicability to a case under Title II of the ADA. Additionally, Seventh Circuit Pattern Instruction 4.12 concerns employment discrimination under the ADA and 3.12 concerns mitigation pertaining to employment discrimination.  Defendants do not explain why mitigation of damages apply to a case under Title II concerning a ramp that plaintiffs must traverse to move from place to place in a correctional setting where the plaintiffs - as inmates – have no discretion on the path of travel.

Reliance on Seventh Circuit Pattern Instruction 3.12 for Employment Discrimination Under Title VII is unpersuasive. It is clear under Titiel VII, a plaintiff has a "statutory duty to mitigate damages." *Booker v. Tylor Milk Co*., 64 F.3d 860, 864 (3rd Cir 1995). This statutory duty, found in Title VII, provides "[i]nterim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the backpay otherwise allowable." 42 U.S.C. § 2000e-5(g)(1).  While this type of defense is viable under an employment context, defendants offer no support under the law or implementing regulations regarding applicability in a case under Title II of the ADA.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Cuauhtemoc Hernandez and William Mathis,

    *Plaintiffs*,

v.

Thomas Dart, Sheriff of Cook County, and
Cook County, Illinois,

    *Defendants*.

No. 23 CV 169705

Judge Sunil R. Harjani

## VERDICT FORM

We, the jury, find as follows on the ADA claim of the Plaintiff, Cuauhtemoc Hernandez, against defendant, Sheriff of Cook County (check the box that applies):

For Plaintiff: ☐            For Defendant: ☐

We, the jury, find as follows on the ADA claim of the Plaintiff, Cuauhtemoc Hernandez, against defendant, Cook County (check the box that applies):

For Plaintiff: ☐            For Defendant: ☐

Complete the below section only if you have found for Plaintiff Hernandez:

**Damages**

We award Plaintiff Hernandez compensatory damages in the amount of:

$_____

We, the jury, find as follows on the ADA claim of the Plaintiff, William Mathis, against defendant, Sheriff of Cook County (check the box that applies):

For Plaintiff: ☐            For Defendant: ☐

We, the jury, find as follows on the ADA claim of the Plaintiff, William Mathis, against defendant, Cook County (check the box that applies):

For Plaintiff: ☐                    For Defendant: ☐

Complete the below section only if you have found for Plaintiff Mathis:

**Damages**

We award Plaintiff Mathis compensatory damages in the amount of:

$_____

Jurors, please sign and date the form below:

Presiding juror: _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

Dated: August _____, 2026

Plaintiff Proposed Verdict Form

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn