UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CUAUHTEMOC HERNANDEZ and
WILLIAM MATHIS,

        *Plaintiffs,*

    v.

 THOMAS DART, Sheriff of Cook County,
and COOK COUNTY, ILLINOIS,

        *Defendants.*

Case No. 23-cv-16970
Judge Sunil R. Harjani
Magistrate Judge Keri L. Holleb Hotaling

## NON-PARTY GLOBETROTTERS ENGINEERING CORPORATION'S OPPOSED MOTION TO QUASH SUBPOENA

Globetrotters Engineering Corporation ("GEC") respectfully moves to quash Plaintiffs' trial subpoena to Carl Darr, a GEC employee. *See* Exhibit A (subpoena to Carl Darr). Plaintiffs seek expert testimony from Mr. Darr even though they failed to disclose him as an expert witness. Plaintiffs only disclosed Mr. Darr as a fact witness but he has no percipient knowledge of Plaintiffs' individual claims. Plaintiffs seek to elicit testimony from Mr. Darr only because of his specialized ADA and information learned through working in an expert capacity.

The Court should quash the subpoena to Mr. Darr because he is an expert witness—not a fact witness—his testimony is not helpful to the trial because structural standards are not at issue at trial, and compliance imposes an undue burden.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas. *Ott v. City of Milwaukee*, 682 F.3d 552, 556 (7th Cir. 2012). Under Rule 45(d)(3)(A), a court must quash or

1

modify a subpoena if the subpoena "(i) fails to allow a reasonable time to comply, (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c), (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv). Furthermore, a court may quash or modify a subpoena if it requires "(i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B)(i)–(ii). A party moving to quash under Rule 45(d)(3) bears the burden of demonstrating that a subpoena falls within one of these above-listed categories. *Pacific Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 193 (N.D. Ill. 2012). The decision to quash a subpoena is within the court's sound discretion. *United States v. Ashman*, 979 F.2d 469, 495 (7th Cir. 1992).

## **ARGUMENT**

### **I. GEC Has Standing Because the Subpoena is Directed to Its Employee and Its Protected Consulting Work-Product.**

GEC has standing to move to quash or modify the subpoena because it "infringes upon the movant's legitimate interests." *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982). The subpoena is directed to GEC's employee and threatens GEC's legitimate interests, including interference with GEC's business operations. *See Sunrise Opportunities, Inc. v. Regier*, No. 05 C 2825, 2006 WL 581150, at *9 (N.D. Ill. Mar. 7, 2006) (quashing subpoena issued to non-testifying expert where Plaintiff framed their argument as one entitling them to depose the expert as a fact witness).

On August 12, 2026, counsel for GEC had a telephonic conference with counsel for Plaintiffs regarding the trial subpoena and the instant Motion. The parties did not reach any agreement, and the instant Motion is therefore "Opposed."

**II. Plaintiffs Cannot Compel Mr. Darr's Expert Testimony at Trial.**

This subpoena is not about ordinary fact testimony. Plaintiffs seek Mr. Darr's opinions about ADA structural standards, accessibility measurements, ramp compliance, and architectural or engineering analysis. Those subjects require specialized, expert knowledge.

**A. Mr. Darr's Anticipated Testimony Concerns Specialized ADA Structural Standards, Not Lay Facts.**

Rule 701 does not permit Plaintiffs to present expert testimony in lay-witness form. The rule was amended to "avoid this very situation—to prevent parties from proffering an expert in lay witness clothing." *Compania Administradora de Recuperacion de Activos v. Titan Int'l, Inc.*, 533 F.3d 555, 561 (7th Cir. 2008) (internal citations omitted). That is exactly what Plaintiffs seek to do here. Mr. Darr's anticipated testimony would concern ADA structural standards, accessibility measurements, and professional architectural or engineering analysis.

Plaintiffs did not disclose Mr. Darr as an expert under Rule 26(a)(2), and instead only disclosed him as a fact witness. The Seventh Circuit has held that a party errs by "confusing Rules 26(a)(1) and 26(a)(2)," because "[d]isclosing a person as a witness and disclosing a person as an expert witness are two distinct acts." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004). Moreover, the duty to disclose expert testimony is not excused merely because the witness was also disclosed as a fact witness. *Tribble v. Evangelides*, 670 F.3d 753, 759 (7th Cir. 2012). Plaintiffs cannot convert Defendants' consulting retention into Plaintiffs' own expert testimony without complying with Rule 26(a)(2), disclosing the opinions they intend to elicit, and compensating Mr. Darr for expert testimony.

3

**B. Plaintiffs Seek Testimony About Work Performed in Mr. Darr's Expert Capacity.**

Plaintiffs' own motion *in limine* filings show that they are not seeking lay testimony. Plaintiffs describe Mr. Darr as one of the "architects hired by defendants" who prepared reports about whether the ramps violated ADA structural standards. Dkt. 202 at 4. Plaintiffs also identify GEC's work as site visits to verify existing conditions of the Cermak ramp, LIDAR documentation of physical conditions, and issuance of a December 6, 2023, report. *Id*. at 4–5. Plaintiffs' proposed testimony therefore squarely targets the work Mr. Darr performed as a GEC employee and consulting expert. It does not concern facts he personally observed about Plaintiffs' individual experiences, medical conditions, requests for assistance, damages, or access to jail programs. Plaintiffs are attempting to compel expert testimony from an opposing consultant's employee while avoiding the obligations that apply to expert testimony.

**C. Plaintiffs' Subpoena Is an Improper End-Run Around Rule 26 and Expert Compensation.**

Plaintiffs did not retain Mr. Darr as an expert. They should not be permitted to accomplish through a trial subpoena what they failed to do through expert discovery.

The Seventh Circuit has explained there is a "significant distinction between disclosing an individual as a fact witness under Rule 26(a)(1)(A) and disclosing an expert witness under Rule 26(a)(2)." *Karum Holdings LLC v. Lowe's Companies*, Inc., 895 F.3d 944, 951 (7th Cir. 2018). There, a party disclosed a witness as a fact witness, then tried to use him for expert opinions, arguing that the opposing party knew enough from discovery to avoid prejudice. The Seventh Circuit rejected that approach, holding that the purported expert disclosure was "plainly inadequate," emphasizing that Rule 26(a)(2) requires a formal expert disclosure. Here, Plaintiffs

cannot disclose Mr. Darr as a fact witness and then use a trial subpoena to elicit specialized ADA opinions drawn from expert w. ork

### D. Structural Standards Are No Longer at Issue at Trial, so Mr. Darr's Testimony Is Unnecessary and Unduly Burdensome.

Mr. Darr's expert report concerned structural compliance issues. Dkt. 204 at 7. This Court has already resolved these certified Rule 23(c)(4) issues and found that the ramps did not comply with the ADA structural standards during the relevant time periods. Dkt. 196 at 7–8; Dkt. 204 at 6–7. The remaining trial issues concern Plaintiffs' individual claims for damages, including whether Plaintiffs personally were denied access, whether Defendants acted with deliberate indifference, causation, and damages. Dkt. 196 at 4; Dkt. 204 at 6–7. Mr. Darr has no percipient knowledge of those issues.

Plaintiffs seek testimony from Mr. Darr related to expert work regarding structural compliance, which is not at issue at trial. Accordingly, the subpoena imposes undue burden to seek testimony from a third-party who is not a retained expert for Plaintiffs to testify about a resolved issue.

### CONCLUSION

For all the foregoing reasons, the Court should quash to the trial subpoena to Carl Darr, or in the alternative, impose reasonable limits on the subject matter and time of testimony and order Plaintiffs to make payment of reasonable compensation to Mr. Darr for any testimony related to his role as an expert, and other and further relief that the Court deems just and proper.

Dated: August 12, 2026

/s/ Matthew C. Crowl
Matthew C. Crowl
RILEY SAFER HOLMES & CANCILA LLP
1 S. Dearborn Street, Suite 2200
Chicago, Illinois 60603
(312) 471-8700
mcrowl@rshc-law.com

*Attorney for Globetrotters Engineering Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2026, the foregoing document was filed with the Court's

CM/ECF electronic filing system, providing notice to all counsel of record.


*/s/ Matthew C. Crowl*
*Attorney for Globetrotters Engineering Corporation*