**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Cuauhtemoc Hernandez, et al.

                              Plaintiff,

v.                                                      Case No.: 1:23–cv–16970
                                                        Honorable Sunil R. Harjani

Thomas Dart, et al.

                              Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, August 13, 2026:

        MINUTE entry before the Honorable Sunil R. Harjani: Final pretrial conference held. For the reasons stated on the record and in the Order entered today, the parties' motions in limine are granted in part, denied in part, and deferred in part [195], [196], and [198]. Plaintiffs' Motion for Leave to Adjust the Trial Order of Witnesses [212] is granted in part and denied in part. Non–Party Globetrotters Engineering Corporation's Opposed Motion to Quash Subpoena [214] is withdrawn. Further, as discussed on the record, the parties shall confer on a proposed preliminary jury instruction regarding this Court's prior findings and file their proposed instruction on the docket before trial starts on 8/17/2026. The parties shall also: (1) send an email with all proposed jury instructions [215] in a Microsoft Word Document, to Chambers_Harjani@ilnd.uscourts.gov by Friday at noon, 8/14/2026; (2) deliver to Chambers two copies of final exhibit binders, separated into exhibits the parties intend to admit at trial and exhibits for impeachment and refreshing recollection, including an exhibit list, the exhibits, and all electronic exhibits to the Court on the morning of Monday, 8/17/2026. Jury trial set for 8/17/2026, at 9:00 a.m. stands, with counsel present in court at 8:30 a.m. Finally, the Court's understanding from the jury instructions is that they apply to both claims in the Amended Complaint [43] under the ADA and the Rehabilitation Act, that the elements are the same, and that there can only be one recovery under both Acts. So there is no need to separate these statutes out in the jury instructions. And that the Court still needs to determine whether the statutory damages claim under the Illinois Civil Rights Remedies Restoration Act is for the Court or the jury. If either party has a dispute with this understanding, they must file a status report with their position by 8/14/2026. Mailed notice(lxs, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.