**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CUAUHTEMOC HERNANDEZ and WILLIAM MATHIS, | ) | |
| *Plaintiffs,* | ) | Case No. 23-cv-16970 |
| *-vs-* | ) | Judge Sunil R. Harjani |
| THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, | ) | Magistrate Judge Keri L. Holleb Hotaling |
| *Defendants.* | ) | |

**DEFENDANTS' MOTION TO CORRECT A CLERICAL MISTAKE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(a)**

Defendants, THOMAS J. DART, in his official capacity as Sheriff of Cook County, and COOK COUNTY, ILLINOIS, by their attorney EILEEN O'NEILL BURKE, State's Attorney of Cook County, through her Special Assistant State's Attorneys, JOHNSON & BELL, LTD., pursuant to Fed. R. Civ. P. 60(a), respectfully request that the Court correct a clerical mistake in its Memorandum Opinion and Order dated February 4, 2026. In support of their motion, Defendants state as follows:

1. During the final pretrial conference on August 13, 2026, the Court ordered the parties to meet and confer to prepare a preliminary jury instruction that informs the jury of the Court's findings regarding the Cermak and RTU east tunnel ramps.

2. In reviewing the specific factual findings in the Court's Memorandum Opinion and Order dated February 4, 2026, ECF No. 175, Defendants were made aware of a clerical mistake regarding the slopes of the upper and lower portions of the RTU east tunnel ramp as measured by the third-party architectural/engineering firm that conducted the assessment of the ramp.

3. The Court cited Defendants' response to Plaintiffs' statement of fact No. 28 for its finding that the firm "found that the upper portion of the ramp has a slope of 1:11, and the lower portion of the ramp has a slope of 1:8.5." (*Id.* at 4.)

4. The way this factual finding is phrased, it could be incorrectly interpreted that the entire upper portion of the ramp has a slope of 1:11 and that the entire lower portion of the ramp has a slope of 1:8.5.

5. However, Plaintiffs' statement of fact No. 28, which the Court relied on in making its finding, states that for the upper ramp, the "*last 4.27'* of the run, at the top has a . . . slope of 1:11" and that for the lower ramp, the "*last 1 foot* of the run [at the very bottom of the ramp] is steeper than the rest of the ramp with a slope of approximately 1:8.5." (Pls.' SOF ¶ 28, ECF No. 122; Defts' Resp. to Pls.' SOF ¶ 28, ECF No. 139, emphasis added.)

6. With regard to the entire upper and lower portions of the ramp, the firm found that the average slope for the upper portion of the ramp is 1:13.4, and the average slope for the lower portion of the ramp is 1:12, which are both within the structural standards' requirement of a 1:12 or shallower slope. (Pls.' SOF ¶ 28; Defts' Resp. to Pls.' SOF ¶ 28.)

7. Thus, the Court's order stating that the firm "found that the upper portion of the ramp has a slope of 1:11, and the lower portion of the ramp has a slope of 1:8.5" contains a clerical mistake. (Order at 4.)

8. Under Federal Rule of Civil Procedure 60(a), by motion of a party, a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a); *see also Shuffle Tech Int'l, LLC v. Wolff Gaming, Inc.*, 757 F.3d 708, 710–11 (7th Cir. 2014); *INTL FCStone Fin. Inc. v. Jacobson*, 950 F.3d 491, 497 n.7 (7th Cir. 2020).

9. Defendants respectfully request that the Court correct its Memorandum Order and Opinion dated February 4, 2026, to reflect that for the upper ramp, the "last 4.27' of the run, at the top has a . . . slope of 1:11" and that for the lower ramp, the "last 1 foot of the run [at the very bottom of the ramp] is steeper than the rest of the ramp with a slope of approximately 1:8.5." (Pls.' SOF ¶ 28; Defts' Resp. to Pls.' SOF ¶ 28.)

10. Defendants propose the following corrections:

On Page 4 of the Order, replace the following sentence:

> The firm also found that the upper portion of the ramp has a slope of 1:11, and the lower portion of the ramp has a slope of 1:8.5.
>
> with
>
> The firm also found that the last 4.27' at the top of the upper portion of the ramp has a slope of 1:11, and the last 1 foot at the very bottom of the lower portion of the ramp has a slope of 1:8.5.

On Page 9 of the Order, replace the following sentence:

> It is also undisputed that the upper portion of the ramp has a slope of 1:11, and the lower portion of the ramp has a slope of 1:8.5.
>
> with
>
> It is also undisputed that the last 4.27' at the top of the upper portion of the ramp has a slope of 1:11, and the last 1 foot at the very bottom of the lower portion of the ramp has a slope of 1:8.5.

11. On August 14, 2026, the parties met and conferred to discuss language for a preliminary jury instruction that informs the jury of the Court's findings regarding the Cermak and RTU east tunnel ramps. During the videoconference, Defendants pointed out the clerical mistake to Plaintiffs' counsel and proposed that the parties make a joint request to the Court to correct the mistakes identified above. Defendants shared a draft of this motion with Plaintiffs' counsel on August 15, 2026. Despite the parties' efforts, the parties were unable to reach an agreement.

WHEREFORE, Defendants respectfully request that the Court correct a clerical mistake in its Memorandum Opinion and Order dated February 4, 2026, as set forth in this motion and specifically identified in Paragraph 10.

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

Dated: August 15, 2026

/s/ *Samuel D. Branum*
Special Assistant State's Attorney

Samuel D. Branum
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770
branums@jbltd.com