**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Cuauhtemoc Hernandez and William Mathis,<br><br>Plaintiffs,<br><br>v.<br><br>Thomas Dart and Cook County, Illinois,<br><br>Defendants. | No. 23 C 16970<br><br>Judge Sunil R. Harjani |

**PROPOSED AGREED JURY**
**INSTRUCTIONS**

## 1.01 FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence, and you are about to hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

Nothing I am saying now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Agreed Proposed Instruction 1

_____Agreed
______Given
______Given as Modified
______Refused
______Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.01

## 1.02 NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Agreed Proposed Instruction 2 (if applicable)

____Agreed
____Given
____Given as Modified
____Refused
____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.02

**1.03 ALL LITIGANTS EQUAL BEFORE THE LAW**

In this case the defendants are public entities. All parties are equal before the law. A public entity is entitled to the same fair consideration that you would give any individual person.

Agreed Proposed Instruction 3

____Agreed
____Given
____Given as Modified
____Refused
____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.03. modified.

**1.04 Evidence**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

I have taken judicial notice of certain facts. You must accept those facts as proved.[1]

Agreed Proposed Instruction 4

______Agreed
______Given
______Given as Modified
______Refused
______Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.04

[1] If applicable.

## 1.06 WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Agreed Proposed Instruction 5

____Agreed
____Given
____Given as Modified
____Refused
____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.06, modified.

## 1.07 NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Agreed Proposed Instruction 6

____Agreed
____Given
____Given as Modified
____Refused
____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.07

## 1.08 CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Agreed Proposed Instruction 7

____Agreed
____Given
____Given as Modified
____Refused
____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.08

## 1.09 LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Agreed Proposed Instruction 8 (if applicable)

____Agreed
____Given
____Given as Modified
____Refused
____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.09

## 1.11 WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Agreed Proposed Instruction 9

____Agreed
____Given
____Given as Modified
____Refused
____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.11

## 1.12 DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Agreed Proposed Instruction 10

____Agreed
____Given
____Given as Modified
____Refused
____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.12

**1.13 Testimony of Witnesses**
**(Deciding What to Believe)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the manner of the witness while testifying;
- the witness's intelligence;
- the reasonableness of the witness's testimony in light of all the evidence in the case.

Agreed Proposed Instruction 11
______Agreed
______Given
______Given as Modified
______Refused
______Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.13

## 1.14 PRIOR INCONSISTENT STATEMENTS [OR ACTS]

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Agreed Proposed Instruction 12

____Agreed
____Given
____Given as Modified
____Refused
____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.14, modified.

## 1.15 Impeachment of Witness — Convictions

You have heard evidence that each Plaintiff has been convicted of a crime. You may consider this evidence only in deciding whether the Plaintiff's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

Agreed Proposed Instruction 13

______Agreed
______Given
______Given as Modified
______Refused
______Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.15, modified.

## 1.16 LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

Agreed Proposed Instruction 14

____Agreed
____Given
____Given as Modified
____Refused
____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.16

## 1.17 NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Agreed Proposed Instruction 15

____Agreed
____Given
____Given as Modified
____Refused
____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.17

## 1.18 ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Agreed Proposed Instruction 16

____Agreed
____Given
____Given as Modified
____Refused
____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.18

## 1.24 DEMONSTRATIVE EXHIBITS

Certain demonstrative exhibits have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Agreed Proposed Instruction No. 17 (if applicable)

___ Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.24, modified and to be adjusted depending on the demonstrative used.

## 1.27 BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Agreed Proposed Instruction 18

____Agreed
____Given
____Given as Modified
____Refused
____Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 1.27

## 1.32 SELECTION OF PRESIDING JUROR; GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached a unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Agreed Proposed Instruction 19

__Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: 2017 Federal Civil Jury Instructions of the Seventh Circuit 1.32, modified

## 1.33 COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Agreed Proposed Instruction 20

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: 2017 Federal Civil Jury Instructions of the Seventh Circuit 1.33

## 1.34 DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Agreed Proposed Instruction 21

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: 2017 Federal Civil Jury Instructions of the Seventh Circuit 1.34

**INTENTIONAL DISCRIMINATION**

Intentional discrimination occurs when a defendant knew that harm to a federally protected right was substantially likely and failed to act on that likelihood.

Authority: *Lacy v. Cook County*, 897 F.3d 847, 862 (7th Cir. 2018).

Agreed Proposed Instruction 22

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

**1.25 MULTIPLE CLAIMS; MULTIPLE PLAINTIFFS/DEFENDANTS**

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, any of the others is also liable. Although there are two plaintiffs, it does not follow that if one is successful, the others are, too.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.

Agreed Proposed Instruction No. 23
___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

**ISSUE INSTRUCTION**

To succeed on their claims, each Plaintiff must prove each of the following things by a preponderance of the evidence:

1. He is an individual with a disability;
2. He was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity;
3. The denial or discrimination was by reason of his disability; and
4. The denial or discrimination was intentional.

If you find that the Plaintiff you are considering has proved these things by a preponderance of the evidence, then you should find in favor of that Plaintiff, and go on to consider the amount of damages, if any, the Plaintiff is entitled to recover.

If you find that either or both Plaintiffs have failed to provide any one of these things, then you should find in favor of Defendants, and you will not consider the question of damages.

Agreed Proposed Instruction No. 24
___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn