**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Cuauhtemoc Hernandez and William Mathis,<br><br>Plaintiffs,<br><br>v.<br><br>Thomas Dart and Cook County, Illinois,<br><br>Defendants. | No. 23 C 16970<br><br>Judge Sunil R. Harjani |

**PROPOSED DISPUTED JURY**
**INSTRUCTIONS AND VERDICT FORM**

## 7.04 LIMITING INSTRUCTION CONCERNING EVIDENCE OF STATUTES, ADMINISTRATIVE RULES, REGULATIONS, AND POLICIES

You have heard evidence about whether Defendants' conduct violated general orders, policies or procedures.

You may consider this evidence in your deliberations as to the claims. But remember that the issue is whether Defendants violated Plaintiff's rights under the ADA, not whether a statute, rule, general order, policy or procedure of the Defendants might have been violated.

Defendants' Proposed Instruction No. 1.

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: Federal Civil Jury Instructions of the Seventh Circuit 7.04, modified

Plaintiffs' Objection: This instruction is not necessary because of the Court's finding that the ramps did not comply with the ADA structural standards and defendants' disputed ramp assistance policy did not provide equivalent access to traverse the ramp. Dkt. 175, Memorandum Opinion and Order at 8. Accordingly, the issue whether defendants violated any "general orders, policies or procedures" should not have any bearing on whether the plaintiffs are entitled to compensatory damages for having ramps that violate the minimum structural standards required by the ADA. "Title II imposes an affirmative obligation on public entities to provide facilities …that comply with detailed architectural standards or provide equivalent access." *Clemons v. Dart*, 168 F.Supp.3d 1060, 1071 (N.D. Ill. 2016) (Tharp, J.) (citing 28 C.F.R. § 35.151). As another district judge aptly explained in *Flora v. Dart*, "[t]he Sheriff's offer of non-equivalent accommodations does not suggest anything other than deliberate indifference." 2017 WL 2152392, at *7 (N.D. Ill. May 17, 2017) (Kennelly, J.) (vacated by agreement of the parties).

**LIMITATION ON RECOVERY OF NON-PHYSICAL DAMAGES**

At the time of the alleged incidents, Plaintiffs were pre-trial detainees in the custody of the Cook County Jail. Due to their status as a prisoner, each Plaintiff cannot recover compensatory damages for mental and emotional harm unless he proves, by a preponderance of evidence, that he sustained a physical injury, that is greater than *de minimis*, that was caused by one or both of the Defendants' conduct.

To guide your consideration of the extent of Plaintiff's physical injuries, if any, I will define the term *de minimis* for you.

Defendants' Proposed Instruction No. 2.

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: Prison Litigation Reform Act, 42 U.S.C. Section 1997e(e); modified.

Plaintiffs' Objection: This instruction does not apply to this case to Plaintiff Hernandez because he was not in custody when this case was filed and therefore the Prison Litigation Reform Act does not apply to his claims.

Additionally, plaintiffs allege that the ADA provides damages beyond physical injuries. Here, just like the district court in *Mendoza v. Dart*, 20-cv-670, plaintiffs contend that compensatory damages may be in the form of being unable to access the jail's programs and services on the same basis as nondisabled inmates because of the structural barriers. In *Mendoza*, the district court provided that these types of damages are permissible:

> The loss of access to certain programs and activities of a public entity; specifically, the inability to access the courthouse(s) or restroom facilities within the courthouse on the same basis as non-disabled individuals, and the inability to access water for drinking and washing on the same basis as non-disabled detainees at the courthouse(s). The plaintiff is not entitled to damages for emotional and mental harm, embarrassment, or humiliation resulting from not being able to pursue the same activities as non-disabled individuals.

*See Mendoza v. Dart*, 20-cv-670, Dkt. 232 at 24, Jury Instructions.

Finally, in this case there is the availability of damages provided by the Illinois Civil Rights Remedies Restoration Act, 775 ILCS 60/1 *et seq.* This law provides the following remedies:

> Sec. 20. Remedies. Whoever injures another by a violation of this Act is liable for each and every offense for all remedies available at law, including, but not limited to, damages for past, current, and future monetary losses, emotional pain, suffering, inconvenience, mental anguish, loss of employment of life, and other nonmonetary losses, and any amount that may be determined by a jury, or a court sitting without a jury, but in no case less than $4,000, and any attorney's fees, costs, and expenses, including but not limited to, expert witness fees, that may be determined by the court in addition thereto.

775 ILCS 60/20. While plaintiff Mathis was incarcerated when this case was filed, state law provides a host of remedies, including mental and emotional damages, as well as mandatory minimum statutory damages in the amount of $4,000.

**DEFINITION OF DE MINIMIS**

The term *de minimis* means "small, minor, insignificant, or negligible."

Defendants' Proposed Instruction No. 3

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: Dictionary.com

Plaintiffs' Objection: The only citation to "Dictionary.com." This instruction is unsupported. Additionally, plaintiffs' motion in limine 1 seeks to bar defendants from arguing the noncompliant ramps were *de minimis.* Dkt. 198, Motions in limine at 1-3. The Court's Memorandum Opinion and Order stated, "the Court is unaware of any binding or persuasive authority recognizing a *de minimis* defense under the ADA." Dkt. 175, Memorandum Opinion and Order at 7.

**The Parties and the Claims**

The Plaintiffs in this case are Cuauhtemoc Hernandez and William Mathis. The Defendants in this case are the Sheriff of Cook County and Cook County Illinois.

Plaintiffs bring a claim under the Americans with Disabilities Act (ADA) Plaintiff Mathis also brings a state law claim under the Illinois Civil Rights Remedies Restoration Act.

**The parties agree to the above statement. Defendants object to the additional proposed language by plaintiffs below.**

---

Plaintiffs claim that they were required to move up and down the Cermak ramp and RTU east tunnel ramp. Plaintiffs claim their rights were violated because each ramp was not compliant with the federal accessibility standards and they were not provided access to move on the same basis as non-disabled individuals.

The Court ruled that any procedure to assist individuals up and down the ramps in wheelchairs or carts does not satisfy defendants' obligations under the ADA.

Plaintiff's Proposed Instruction 1

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Authority: *Hernandez v. Dart*, 23-cv-16970, Dkt. 175, Memorandum Opinion and Order; *Lacy v. Cook Cnty*., *Illinois*, 897 F.3d 847, 853 (7th Cir. 2018); *Shaw v. Kemper*, 52 F.4th 331, 335 (7th Cir. 2022) Instruction in *Clemons v. Dart*, 13-cv-2356, Dkt. 148 at 4 (following grant of summary judgment to a plaintiff who was not provided accessible showers and toilets at the

Jail); Instruction in *Bowers v. Dart*, 16-cv-2483, Dkt. 216 at 19; Instruction in *Mendoza v. Dart*, 20-cv-670, Dkt. 232 at 18.

Defendants' Objections: Plaintiffs' additional paragraphs are not jury instructions and are better suited for Plaintiffs' opening statements, testimony, and evidence. The paragraphs do not instruct the jury on the law and are prejudicial to Defendants because the inclusion of this language adds judicial weight to, and tacit approval of, Plaintiffs' allegations.

Plaintiffs' second paragraph incorrectly states that "[t]he Court ruled that any procedure to assist individuals up and down the ramps in wheelchairs or carts does not satisfy defendants' obligations under the ADA." The Court did not make this broad finding. The Court's ruling was limited to "equivalent access" and whether assisting individuals up and down the ramps permitted "[d]epartures from particular requirements of [the federal accessibility standards]." (Order at 8, ECF No. 175.) Evidence related to assistance was considered by the Court solely for the purpose of determining whether the ramps did not need to comply with the federal accessibility standards because equivalent access was provided. The concept of equivalent access is a defense to compliance with the standards, and because the Court has already ruled that that the ramps were not compliant with the standards, the jury should not be instructed on a defense to an issue that has already been decided by the Court.

Further, evidence that assistance is provided to individuals with disabilities to go up and down the ramps may be admitted to show that Defendants did not act with deliberate indifference. In *Shaw v. Kemper*, 52 F.4th 331, 335 (7th Cir. 2022), the Seventh Circuit stated that the plaintiff "still need[ed] to prove his claim and show deliberate indifference" under Title II of the ADA. The Seventh Circuit stated that the defendants would be able to defend against the claim of deliberate indifference by "develop[ing] facts showing that prison staff undertook reasonable measures to accommodate" the plaintiff's need to access a toilet. *Id.* Thus, the Seventh Circuit recognized that reasonable measures to accommodate an individual's disability may be offered by defendants to defend against claims that they acted with deliberate indifference. *See id.*; *see also Moore v. W. Ill. Corr. Ctr.*, 89 F.4th 582, 595 (7th Cir. 2023) (relying on reasonable accommodations provided by defendants as evidence that they did not act with deliberate indifference under Title II of the ADA).

**DEFINITION OF DISABILITY**

Under the ADA, an individual is disabled if he has a physical or mental impairment that substantially limits one or more major life activities. Caring for oneself, standing, and walking are each considered a major life activity.

Under the ADA, "substantially limits" shall be construed broadly in favor of expansive coverage and is not meant to be a demanding standard. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting.

Plaintiff's Proposed Instruction 2

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Authority: *Rogers v. Dart*, 2025 WL 2239341, at *4 (N.D. Ill. Aug. 6, 2025) (Rowland, J.) (citing the ADA and corresponding regulations under the ADA for a qualified person with a disability); 42 U.S.C. § 12102(1); 42 U.S.C. § 12102(2)(A); 29 C.F.R. § 1630.2(j)(1)(i); 29 C.F.R. § 1630.2(j)(1)(ii); *Edwards v. Dart*, 2022 WL 3543474, at *3 (N.D. Ill. Aug. 17, 2022) (explaining the relaxed standard for substantially limiting).

Defendants' Objections: Plaintiffs' proposed instruction does not track the Seventh Circuit Pattern Jury Instructions. Defendants propose corresponding instructions below.

**DEFENDANTS' CORRESPONDING INSTRUCTION REGARDING DEFINITIONS OF "DISABILITY"**

Under the ADA, the term "disability" means a physical impairment that "substantially limits" a major life activity. I will now define some of these terms in more detail. Again, I remind you to consider the specific definitions I give you, and not to use your own opinion as to what these terms mean.

Under the ADA, an impairment "substantially limits" a person's ability to walk if it prevents or severely restricts him from walking, compared to the average person in the general population.

To decide if each Plaintiff's alleged impairment substantially limits each Plaintiff's ability walk, you should consider the nature and severity of the impairment, how long it is expected to last, and its expected long-term impact.

Only impairments with a permanent or long-term impact are disabilities under the ADA. Temporary injuries and short-term impairments are not disabilities. Even so, some disabilities are permanent, but only appear from time to time. For example, if a person has a mental or physical disease that usually is not a problem, but flares up from time to time, that can be a disability if it substantially limits a major life activity.

Defendants' Proposed Instruction No. 4
___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: Seventh Circuit Pattern Jury Instruction (Civil) 4.04 (modified).

Plaintiffs' Objection: Defendants apply a pattern jury instruction, 4.04, that addresses Employment Discrimination under the ADA. Plaintiffs' proposed instruction cites cases that address Title II of the ADA, corresponding law, and regulations. *Rogers v. Dart*, 2025 WL 2239341, at *4 (N.D. Ill. Aug. 6, 2025) (Rowland, J.) (citing the ADA and corresponding regulations under the ADA for a qualified person with a disability); 42 U.S.C. § 12102(1); 42 U.S.C. § 12102(2)(A); 29 C.F.R. § 1630.2(j)(1)(i); 29 C.F.R. § 1630.2(j)(1)(ii); *Edwards v. Dart*, 2022 WL 3543474, at *3 (N.D. Ill. Aug. 17, 2022) (explaining the relaxed standard for substantially limiting).

**DEFENDANTS' INSTRUCTION REGARDING REASONABLE ACCOMMODATION**

Under the ADA, to "accommodate" a disability is to make some change that will let a person with a disability access programs and services provided by a public entity. An accommodation is "reasonable" if it is feasible and would be effective.

The term "reasonable accommodation" does not include efforts that would cause an undue hardship on Defendants.

The ADA does not require the best or preferred accommodation to be provided, only that a reasonable accommodation be provided.

Source: Seventh Circuit Pattern Jury Instruction (Civil) 4.06 (modified) and 4.06 Committee notes, citing *US Airways, Inc. v. Barnett*, 535 U.S. 391, 401–02 (2002); 42 U.S.C. § 12112(b)(5)(A); *Hildreth v. Butler*, 960 F.3d 420, 431 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1527 (2021) ("The question is not whether other modifications could have been made, such as those Hildreth seeks, but whether the accommodations made were reasonable.")

Defendants' Proposed Instruction No. 5
___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Plaintiffs' Objection: The Supreme Court held in *Tennessee v. Lane*, that "[i]n the case of facilities built or altered after 1992, the regulations require compliance with specific architectural accessibility standards." 541 U.S. 509, 532 (2004) (citing 28 CFR § 35.151). This was a decision by Congress that "required States to take reasonable measures to remove architectural and other barriers to accessibility." *Lane*, 541 U.S. at 531 (citing 42 U.S.C. § 12131(2)). The "reasonable modifications" or "reasonable accommodations" framework in a case under Title II concerns buildings built prior to 1992 that are not required to comply with the ADA's architectural accessibility standards. *Lane*, 541 U.S. at 532; *Lacy v. Cook County*, 897 F.3d 847, 853 (7th Cir. 2018); *Rogers v. Dart*, 2026 WL 1584767, at *8 (N.D. Ill. 2026) (Rowland, J.). Pursuant to the implementing regulation, means of providing reasonable accommodations include: "reassignment of services to accessible buildings," "delivery of services at alternative accessible sites," and "any other methods that result in making . . . services, programs, or activities readily accessible to and usable by individuals with disabilities." 28 C.F.R. § 35.150(b)(1). Defendants provide no authority that this type of defense is appliable in a case involving ramps that must, based on the date of construction, must comply with the ADA structural standards.

Additionally, defendants cite pattern instruction 4.06 that addresses employment discrimination under Title I of the ADA.

**EXPLANATION REGARDING STRUCTURAL BARRIERS**

Buildings built after 1992, such as the Cermak ramp and the RTU east tunnel ramp, must comply with ADA structural accessibility standards.

Plaintiff's Proposed Instruction 3

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Authority: *Lacy v. Cook County*, 897 F.3d 847, 853 (7th Cir. 2018).

Defendants' Objections: The instruction proposed above is a misstatement of the law, is not derived from Seventh Circuit Pattern Instructions, and should be stricken in its entirety. This instruction will confuse the jury because no barrier prevented Plaintiffs from accessing services. This instruction is not a legal standard but rather simply an observation that led to the DOJ adopting structural accessibility standards. *See Lacy*, 897 F.3d at 853.

Furthermore, this instruction is highly prejudicial to Defendants and will result in confusion over the intentional discrimination element of a claim under the ADA for money damages. Plaintiffs must show intentional discrimination to be awarded money damages, but this instruction conflates the discrimination element with "structural barriers." This instruction incorrectly suggests that if structural barriers prevent access to services, this negates Plaintiffs' burden to prove intentional discrimination. If this were the case, it would make the intentional discrimination element superfluous, which is contrary to law.

## EXPLANATION REGARDING PROGRAM OR SERVICE

Access to an accessible ramp is a program or service of a public entity.

Plaintiff's Proposed Instruction 4

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: *Shaw v. Kemer*, 52 F.4th 331, 334 (7th Cir. 2022) (explaining "[w]e have no difficulty concluding that that a handicapped-accessible toilet for disabled persons amounts to a service, the denial of which could establish a claim" under either the ADA or Rehabilitation Act); Dkt. 175, Memorandum Opinion and Order at 11; *see also Mendoza v. Dart*, 638 F.Supp.3d 898, 901 (N.D. Ill. 2022) (Bucklo, J.).

Defendants' Objections: Plaintiffs added this instruction at 4:40pm on July 28, 2026, the day the jury instructions are due. Defendants object that an "accessible ramp" is not a "program" or "service" that is being provided. The ramp is merely the path of travel for an individual to access a program or service of a public entity.

**THE SHERIFF'S RESPONSIBILITY UNDER ILLINOIS LAW**

Under the law, the Sheriff is the custodian of the Cook County Jail and has custody and care of the facility. The Sheriff shall maintain the County Jail in a good and sufficient repair.

Authority: 55 Ill. Comp. Stat. 5/3-6017; 730 Ill. Comp. Stat. 125-1; 730 Ill. Comp. Stat. 125/18.

Plaintiff's Proposed Instruction 5

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Defendants' Objections: This instruction is not based off a pattern jury instruction, is irrelevant, and will not be helpful to the jury. Whether the Sheriff is the "custodian" of the Jail is irrelevant to the elements of a cause of action under the ADA. Moreover, whether the Jail was maintained in "good and sufficient repair" is not at issue in this case.

**COMPENSATORY DAMAGES FOR ADA CLAIM FOR HERNANDEZ**

If you find in favor of Plaintiff Hernandez, then you must determine the amount of money that will fairly compensate the Plaintiff for any injury that you find he sustained as a direct result of Defendant(s) failure to accommodate his disability.

A Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money.

You should consider the following types of compensatory damages, and no others:

a. The physical pain and suffering that Plaintiff has experienced. No evidence of the dollar value of physical pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

b. The loss of access to certain programs and activities of the jail - specifically, the inability use the ramps on the same basis as non-disabled individuals.

If you return a verdict for Plaintiff Hernandez, but determine that he has failed to prove compensatory damages, then you must award nominal damages of $1.00.

Plaintiff Proposed Instruction 6

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Authority: *Mendoza v. Dart*, 20-cv-670, Dkt. 232 at 24, Jury Instruction; *Bowers v. Dart*, 16-cv-2483, Dkt. 216 at 24, Jury Instruction; Illinois Civil Rights Remedies Restoration Act, 775 ILCS 6/1 *et seq*.

In *Cassidy v. Ind. Dep't. of Corr.*, 1997 F.3d 374 (7th Cir. 2000), the Court, citing *Robinson*, held a blind prisoner seeking damages under the ADA was permitted to seek the

following damages since they were not barred by § 1997e(e) as "mental or emotional":

- The loss of the opportunity to enjoy an early discharge from prison or the chance of a pardon or clemency based on efforts to rehabilitate himself;

- The loss of participation in and advantages of activities to which the non-disabled had access while in prison, and the loss of the freedom of movement and social contact;

- A diminished quality of life; and

- The loss of access to programs, services and other activities guaranteed by federal law (presumably to the extent that the non-disabled enjoyed these rights).

*Cassidy*, 199 F.3d at 375-77.

In the Civil Rights Act of 1991, Congress provided for limited damages remedies under certain civil rights statutes, including Title I of the ADA. 42 U.S.C. § 1981a. However, Congress did not see it fit to limit the remedies available under Title II of the ADA (or under Title VI or sections 504 and 505(a)(2) of the Rehabilitation Act, the statutes Title II incorporates).

With no limitation by Congress, the traditional presumption that when "legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." *Bell v. Hood*, 327 U.S. 678, 685 (1946). Absent a clear direction to the contrary by Congress, a federal court presumably has the power to award full compensatory damages. *Birdsall v. Coolidge*, 93 U.S. 64 (1876) (compensatory damages "are given as a compensation, recompense, or satisfaction to the plaintiff, for an injury actually received by him from the defendant"); *Lacy v. Cook County*, 897 F.3d 847, 863 (7th Cir. 2018) (adopting "deliberate indifference" standard and noting the legislative history of the ADA is to assure equality of opportunity and full participation for individuals with disabilities and to combat exclusion); *see* 42 U.S.C. § 1981a(b)(3) (noting damages in the context of employment discrimination case may include compensatory damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses"); *Ammons v. Chicago Board of Education*, 16 C 4884, 2019 WL 1595870, at *5 *(N.D. Ill. 2019) (Kim, M.J.) (noting an employment discrimination claim arising under the ADA allows for compensatory damages in the form of "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses"); *Thompson v. National R.R. Passenger Corp*., 621 F.2d 814, 824 (6th Cir. 1980) (noting "pain and suffering, permanent injury, and loss of enjoyment of life each represent separate losses which the victim incurs"); *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 499 (7th Cir. 2000) (acknowledging claim under Title I of the ADA provides for compensatory damages for "inconvenience" and "loss of enjoyment of life").

The harm that Congress intended to protect with the ADA is sweeping. In *Lacy*, the Court

provided context to this legislation:

> In 1990, Congress enacted the ADA to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). This sweeping legislation was animated by the finding that "individuals with disabilities continually encounter various forms of discrimination," ranging from "outright intentional exclusion" to "the discriminatory effects of architectural, transportation, and communication barriers." *Id.* § 12101(a)(5). The ADA was crafted "to advance equal-citizen stature for persons with disabilities," *Tennessee v. Lane*, 541 U.S. 509, 536, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004) (Ginsberg, J., concurring), and to remedy their status as "a discrete and insular minority who have been faced with restrictions and limitations, subjected to a history of purposeful unequal treatment, and regulated to a position of political powerlessness in our society," *id.* at 516, 124 S.Ct. 1978 (majority opinion) (quoting 42 U.S.C. § 12101(a)(7)).

*Lacy*, 897 F.3d at 852.

Defendants' Objections: This instruction misstates the law by equating a loss of access to programs and activities with any inability to use the ramps "on the same basis as" non-disabled individuals. Only plaintiffs "who allege a concrete injury" have standing to sue and recover damages. *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 3 (2023). This instruction allows a jury to award damages to Plaintiff for any *de minimis* variation between Plaintiff and non-disabled individuals without showing a concrete injury.

In *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1576 (2022), the Supreme Court held that "emotional [and mental] distress damages are not recoverable under the Spending Clause antidiscrimination statutes [Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972 Rehabilitation Act, and Affordable Care Act]." (affirming appellate court decision that the plaintiff could not recover for injuries of "humiliation, frustration, and emotional distress" under the Rehabilitation Act or the Affordable Care Act); *see also id.* at 1570–72 (stating that under the Spending Clause statutes, a defendant is "subject to the *usual* contract remedies in private suits" and that "[a]s a general rule, no damages will be awarded for the mental distress or emotional trauma that may be caused by a breach of contract" (quoting J. Perillo, Calamari & Perillo on Contracts §14.5, p. 495 (6th ed. 2009) (Calamari & Perillo))); *id.* at 1582 (Breyer, J., dissenting) (stating that the Court's decision creates an anomaly because compensatory damages for "emotional pain, suffering" and "mental anguish" under Title VII and compensatory damages for "personal humiliation, and mental anguish and suffering" under Section 1983 are permitted, but "the Court's decision today means that those same remedies will be denied to [those protected by the Spending Clause antidiscrimination

statutes]"). Although the Court's holding in *Cummings* did not specifically mention the ADA, the Court's holding applied to the Rehabilitation Act and Title VI, and in *Barnes v. Gorman*, 536 U.S. 181, 185 (2002), the Supreme Court held that "the remedies for violations of § 202 of the ADA and § 504 of the Rehabilitation Act are coextensive with the remedies available in a private cause of action brought under Title VI of the Civil Rights Act of 1964." 536 U.S. at 185; *see also* 42 U.S.C. § 12133 (stating that the "remedies, procedures, and rights set forth in section 505 of the Rehabilitation Act of 1973 (29 U.S.C. 794a) shall be the remedies, procedures, and rights this title provides to any person alleging discrimination on the basis of disability in violation of section 202 [42 USCS § 12132]"). As such, Plaintiff may not recover damages for mental or emotional injuries, including "loss of opportunity and full participation in access to a bed," "loss of enjoyment of life," "diminished quality of life," or "inconvenience." *See Cummings*, 142 S. Ct. at 1569–76; *Barnes*, 536 U.S. at 185; *see also Hacker v. Dart*, 62 F.4th 1073, 1086 (7th Cir. 2023) (stating that damages for "inconvenience" and "loss of enjoyment of life" fall under the category of compensation for harm to a plaintiff's mental or emotional health).

Also, Plaintiffs did not experience a physical injury moving up and down the ramps. As such, Plaintiffs are barred from recovering damages for mental or emotional injuries on their claims *See* 42 U.S.C. § 1997e(e) (under the Prison Litigation Reform Act (PLRA), a detainee must make a prior showing of physical injury before recovering compensatory damages for mental or emotional injury); *Hacker v. Dart*, 62 F.4th 1073, 1085–86 (7th Cir. 2023) (stating that for a detainee to recover mental or emotional damages under the PLRA, the detainee must "link[] his alleged physical injury to his claim" and finding in that case that the plaintiff sufficiently connected a physical injury to his "listening device claim" (for which he could recover emotional damages) but failed to connect that physical injury to his "teletype phone claim" and therefore could not recover emotional damages for the teletype phone claim).

## COMPENSATORY DAMAGES FOR ADA CLAIM FOR MATHIS

If you find in favor of Plaintiff Mathis, then you must determine the amount of money that will fairly compensate the Plaintiff for any injury that you find he sustained as a direct result of Defendant(s) failure to accommodate his disability.

A Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money.

You should consider the following types of compensatory damages, and no others:

a. The physical and mental and emotional pain and suffering and inconvenience and loss of enjoyment of life that Plaintiff has experienced. No evidence of the dollar value of the physical and mental and emotional pain and suffering and inconvenience and loss of enjoyment of life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

b. The loss of access to certain programs and activities of the jail - specifically, the inability use the ramps on the same basis as non-disabled individuals.

If you return a verdict for Plaintiff, but determine he has failed to prove compensatory damages, then you must award nominal damages of $1.00.

Plaintiff Proposed Instruction 7

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Authority: *Mendoza v. Dart*, 20-cv-670, Dkt. 232 at 24, Jury Instruction; *Bowers v. Dart*, 16-cv-2483, Dkt. 216 at 24, Jury Instruction; Illinois Civil Rights Remedies Restoration Act, 775 ILCS 6/1 *et seq*.

In *Cassidy v. Ind. Dep't. of Corr*., 1997 F.3d 374 (7th Cir. 2000), the Court, citing *Robinson*, held a blind prisoner seeking damages under the ADA was permitted to seek the

following damages since they were not barred by § 1997e(e) as "mental or emotional":

- The loss of the opportunity to enjoy an early discharge from prison or the chance of a pardon or clemency based on efforts to rehabilitate himself;

- The loss of participation in and advantages of activities to which the non-disabled had access while in prison, and the loss of the freedom of movement and social contact;

- A diminished quality of life; and

- The loss of access to programs, services and other activities guaranteed by federal law (presumably to the extent that the non-disabled enjoyed these rights).

*Cassidy*, 199 F.3d at 375-77.

In the Civil Rights Act of 1991, Congress provided for limited damages remedies under certain civil rights statutes, including Title I of the ADA. 42 U.S.C. § 1981a. However, Congress did not see it fit to limit the remedies available under Title II of the ADA (or under Title VI or sections 504 and 505(a)(2) of the Rehabilitation Act, the statutes Title II incorporates).

With no limitation by Congress, the traditional presumption that when "legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." *Bell v. Hood*, 327 U.S. 678, 685 (1946). Absent a clear direction to the contrary by Congress, a federal court presumably has the power to award full compensatory damages. *Birdsall v. Coolidge*, 93 U.S. 64 (1876) (compensatory damages "are given as a compensation, recompense, or satisfaction to the plaintiff, for an injury actually received by him from the defendant"); *Lacy v. Cook County*, 897 F.3d 847, 863 (7th Cir. 2018) (adopting "deliberate indifference" standard and noting the legislative history of the ADA is to assure equality of opportunity and full participation for individuals with disabilities and to combat exclusion); *see* 42 U.S.C. § 1981a(b)(3) (noting damages in the context of employment discrimination case may include compensatory damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses"); *Ammons v. Chicago Board of Education*, 16 C 4884, 2019 WL 1595870, at *5 *(N.D. Ill. 2019) (Kim, M.J.) (noting an employment discrimination claim arising under the ADA allows for compensatory damages in the form of "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses"); *Thompson v. National R.R. Passenger Corp*., 621 F.2d 814, 824 (6th Cir. 1980) (noting "pain and suffering, permanent injury, and loss of enjoyment of life each represent separate losses which the victim incurs"); *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 499 (7th Cir. 2000) (acknowledging claim under Title I of the ADA provides for compensatory damages for "inconvenience" and "loss of enjoyment of life").

The harm that Congress intended to protect with the ADA is sweeping. In *Lacy*, the Court

provided context to this legislation:

> In 1990, Congress enacted the ADA to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). This sweeping legislation was animated by the finding that "individuals with disabilities continually encounter various forms of discrimination," ranging from "outright intentional exclusion" to "the discriminatory effects of architectural, transportation, and communication barriers." *Id.* § 12101(a)(5). The ADA was crafted "to advance equal-citizen stature for persons with disabilities," *Tennessee v. Lane*, 541 U.S. 509, 536, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004) (Ginsberg, J., concurring), and to remedy their status as "a discrete and insular minority who have been faced with restrictions and limitations, subjected to a history of purposeful unequal treatment, and regulated to a position of political powerlessness in our society," *id.* at 516, 124 S.Ct. 1978 (majority opinion) (quoting 42 U.S.C. § 12101(a)(7)).

*Lacy*, 897 F.3d at 852.

Defendants' Objections: Plaintiffs added this instruction at 4:40pm on July 28, 2026, the day the jury instructions are due.

This instruction misstates the law by equating a loss of access to programs and activities with any inability to use the ramps "on the same basis as" non-disabled individuals. Only plaintiffs "who allege a concrete injury" have standing to sue and recover damages. *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 3 (2023). This instruction allows a jury to award damages to Plaintiff for any *de minimis* variation between Plaintiff and non-disabled individuals without showing a concrete injury.

In *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1576 (2022), the Supreme Court held that "emotional [and mental] distress damages are not recoverable under the Spending Clause antidiscrimination statutes [Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972 Rehabilitation Act, and Affordable Care Act]." (affirming appellate court decision that the plaintiff could not recover for injuries of "humiliation, frustration, and emotional distress" under the Rehabilitation Act or the Affordable Care Act); *see also id.* at 1570–72 (stating that under the Spending Clause statutes, a defendant is "subject to the *usual* contract remedies in private suits" and that "[a]s a general rule, no damages will be awarded for the mental distress or emotional trauma that may be caused by a breach of contract" (quoting J. Perillo, Calamari & Perillo on Contracts §14.5, p. 495 (6th ed. 2009) (Calamari & Perillo))); *id.* at 1582 (Breyer, J., dissenting) (stating that the Court's decision creates an anomaly because compensatory damages for "emotional pain, suffering" and "mental anguish" under Title VII and compensatory damages for "personal humiliation, and mental anguish and suffering" under Section

1983 are permitted, but "the Court's decision today means that those same remedies will be denied to [those protected by the Spending Clause antidiscrimination statutes]"). Although the Court's holding in *Cummings* did not specifically mention the ADA, the Court's holding applied to the Rehabilitation Act and Title VI, and in *Barnes v. Gorman*, 536 U.S. 181, 185 (2002), the Supreme Court held that "the remedies for violations of § 202 of the ADA and § 504 of the Rehabilitation Act are coextensive with the remedies available in a private cause of action brought under Title VI of the Civil Rights Act of 1964." 536 U.S. at 185; *see also* 42 U.S.C. § 12133 (stating that the "remedies, procedures, and rights set forth in section 505 of the Rehabilitation Act of 1973 (29 U.S.C. 794a) shall be the remedies, procedures, and rights this title provides to any person alleging discrimination on the basis of disability in violation of section 202 [42 USCS § 12132]"). As such, Plaintiff may not recover damages for mental or emotional injuries, including "loss of opportunity and full participation in access to a bed," "loss of enjoyment of life," "diminished quality of life," or "inconvenience." *See Cummings*, 142 S. Ct. at 1569–76; *Barnes*, 536 U.S. at 185; *see also Hacker v. Dart*, 62 F.4th 1073, 1086 (7th Cir. 2023) (stating that damages for "inconvenience" and "loss of enjoyment of life" fall under the category of compensation for harm to a plaintiff's mental or emotional health).

Also, Plaintiffs did not experience a physical injury moving up and down the ramps. As such, Plaintiffs are barred from recovering damages for mental or emotional injuries on their claims *See* 42 U.S.C. § 1997e(e) (under the Prison Litigation Reform Act (PLRA), a detainee must make a prior showing of physical injury before recovering compensatory damages for mental or emotional injury); *Hacker v. Dart*, 62 F.4th 1073, 1085–86 (7th Cir. 2023) (stating that for a detainee to recover mental or emotional damages under the PLRA, the detainee must "link[] his alleged physical injury to his claim" and finding in that case that the plaintiff sufficiently connected a physical injury to his "listening device claim" (for which he could recover emotional damages) but failed to connect that physical injury to his "teletype phone claim" and therefore could not recover emotional damages for the teletype phone claim).

**MITIGATION OF DAMAGES**

If you have found that Plaintiff should be awarded compensatory damages for injuries he has proven by a preponderance of the evidence, then you must consider whether Plaintiff's damages should be reduced in whole or in part because he failed to mitigate those damages.

The law provides a party cannot recover damages he could have prevented by exercising ordinary care and diligence.

The burden is on Defendants to prove Plaintiff failed to minimize his damages and that the damages should be reduced by a particular amount as a result.

In this case, Defendants claim and has the burden of proving that, with reasonable efforts and ordinary care, Plaintiff could have avoided some losses in whole or in part, even if you have found that his losses originally resulted from Defendants' wrongful conduct.

If Defendants prove that Plaintiff could have avoided some losses in whole or in part with reasonable efforts and ordinary care, you may not require Defendants to pay the amount Plaintiff could reasonably have avoided and you must subtract any such amount from the amount of damages you have found.

Defendants' Proposed Instruction No. 6

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: Illinois Pattern Jury Instructions 700.17, modified; Federal Civil Jury Instructions of the Seventh Circuit 4.12 & 3.12 (2017); *Stragapede v. City of Evanston*, 865 F.3d 861, 868 (7th Cir. 2017) (allowing failure to mitigate defense for a claim under Title I of the ADA); *Fleming v. County of Kane*, 898 F.2d 553, 561 (7th Cir. 1990) (stating, in employment discrimination case, that it is "well-established that the principle of mitigation of damages requires an injured party, at the risk of having his damage award reduced, to take reasonable steps to minimize the harm done."

(citing *Hunter v. Allis-Chalmers Corp., Engine Div.*, 797 F.2d 1417, 1427 (7th Cir. 1986); Farnsworth, Contracts §§ 12.12 and .13)); *cf. Cummings*, 142 S. Ct. at 1570–72 (stating that under the Spending Clause statutes, a defendant is subject to the usual remedies under contract law).

Plaintiffs' Objection: Illinois Pattern Jury Instruction 700.17 addresses a breach of contract claim and has limited applicability to a case under Title II of the ADA. Additionally, Seventh Circuit Pattern Instruction 4.12 concerns employment discrimination under the ADA and 3.12 concerns mitigation pertaining to employment discrimination. Defendants do not explain why mitigation of damages apply to a case under Title II concerning a ramp that plaintiffs must traverse to move from place to place in a correctional setting where the plaintiffs - as inmates – have no discretion on the path of travel.

Reliance on Seventh Circuit Pattern Instruction 3.12 for Employment Discrimination Under Title VII is unpersuasive. It is clear under Titiel VII, a plaintiff has a "statutory duty to mitigate damages." *Booker v. Tylor Milk Co*., 64 F.3d 860, 864 (3rd Cir 1995). This statutory duty, found in Title VII, provides "[i]nterim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the backpay otherwise allowable." 42 U.S.C. § 2000e-5(g)(1). While this type of defense is viable under an employment context, defendants offer no support under the law or implementing regulations regarding applicability in a case under Title II of the ADA.

**PROXIMATE CAUSATION**

To recover damages, Plaintiffs must prove that the deviations in the ramps caused their alleged injuries.

Defendants' Proposed Instruction No. 7

___Agreed
___Given
___Given as Modified
___Refused
___Withdrawn

Source: Court's Memorandum Opinion and Order dated February 4, 2026, ECF No. 175, at p. 6.

Plaintiff's Objection: Defendants proposed this instruction on August 12, 2026. Plaintiffs will not object if the defendants remove the word "deviations" and replace it with "ramps' noncompliance with the ADA."

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cuauhtemoc Hernandez and William Mathis,<br><br>*Plaintiffs*,<br><br>v.<br><br>Thomas Dart, Sheriff of Cook County, and Cook County, Illinois,<br><br>*Defendants*. | No. 23 CV 169705<br><br>Judge Sunil R. Harjani |

**VERDICT FORM**

**PLAINTIFF HERNANDEZ**

We, the jury, find as follows on the claim of the Plaintiff, Cuauhtemoc Hernandez, against defendant, Sheriff of Cook County (check the box that applies):

For Plaintiff: ☐ For Defendant: ☐

We, the jury, find as follows on the claim of the Plaintiff, Cuauhtemoc Hernandez, against defendant, Cook County (check the box that applies):

For Plaintiff: ☐ For Defendant: ☐

Complete the below section only if you have found for Plaintiff Hernandez:

**Damages**

We award Plaintiff Hernandez compensatory damages in the amount of:

$____________________

(If you find for Plaintiff Hernandez, but award no compensatory damages, enter $1.00 for nominal damages)

**PLAINTIFF MATHIS**

We, the jury, find as follows on the claim of the Plaintiff, William Mathis, against defendant, Sheriff of Cook County (check the box that applies):

For Plaintiff: ☐ For Defendant: ☐

We, the jury, find as follows on the claim of the Plaintiff, William Mathis, against defendant, Cook County (check the box that applies):

For Plaintiff: ☐ For Defendant: ☐

Complete the below section only if you have found for Plaintiff Mathis:

Did Plaintiff, William Mathis, prove a violation on or after January 1, 2024? (check the box that applies)

Yes: ☐ No: ☐

**Damages**

We award Plaintiff Mathis compensatory damages in the amount of:

$____________________

(If you find for Plaintiff Mathis, but award no compensatory damages, enter $1.00 for nominal damages)

Jurors, please sign and date the form below:

Presiding juror: ________________________________________

____________________ ____________________

____________________ ____________________

____________________ ____________________

____________________ ____________________

____________________ ____________________

____________________ ____________________

____________________ ____________________

Dated: August _____, 2026

Plaintiffs' Proposed Verdict Form

Plaintiffs' Position: Compensatory damages are distinct from nominal damages. Accordingly, Plaintiffs contend that the verdict form must instruct the jury that, if it finds in favor of either plaintiff on liability but awards no compensatory damages, it must enter an award of $1.00 in nominal damages for that plaintiff.

Defendants do not object to the verdict form.