IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cuauhtemoc Hernandez, et al., | ) | |
| | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| *-vs-* | ) | No. 23-cv-16970 |
| | ) | |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) | Honorable Sunil R. Harjani |
| | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFFS' MOTION TO BAR UNTIMELY DISCLOSED WITNESSES**

Plaintiffs, by counsel, move the Court to bar defendants' witnesses that were not timely disclosed during discovery under Rule 26(a)(3), Rule 26(e), and Rule 37.

Grounds for this motion are as follows:

1. Fact discovery closed on March 3, 2025. Dkt. 89, Minute entry. Following expert discovery, the parties each moved for summary judgment.

2. On February 4, 2026, the Court entered a memorandum opinion and order addressing summary judgment. Dkt. 175.

3. On March 7, 2026 – about one month after the Court's summary judgment ruling – defendants served their first supplemental disclosure identifying four new medical witnesses that they intended to use to support their claims and defenses. These witnesses include:

   a. Barbara Davis, PA-C

   b. Salvador Martinez, PA-C

c. Glen Trammell, PA-C; and

d. Brittany Wilkins, PA-C.

Exhibit 1, Defendants' First Supplemental Disclosure. Defendants offer the same boilerplate language about the scope of person's anticipated testimony:

> The above individuals are available through undersigned defense counsel. As Plaintiffs' medical providers on or around the time of the allegations in Plaintiffs' complaint, they are likely to have discoverable information regarding their interaction with Plaintiffs, their observations of Plaintiffs, the physical and medical conditions of Plaintiffs, the medical care and treatment provided to Plaintiffs, the medications prescribed and administered to Platiniffs, the allegations in the complaint, and *any other information obtained during the course of discovery in this matter.*

Exhibit 1 at 1-2, Defendants' First Supplemental Disclosure (emphasis supplied).

4. On July 28, 2026, the deadline to file the final pretrial order, defense counsel sent an e-mail identifying four new witnesses that defendants intended to call at trial without identifying the scope of anticipated testimony:

a. Rosetta Hunter RN

b. Diane Hsu MD

c. Daniel Kacrzowski PA-C (incorrectly spelled Daczrowski)

d. Patrick Ennis MD

Exhibit 2, ASA Yurchich e-mail sent 7/28/2026.

5. Defendants have offered no explanation why they waited one year after the close of fact discovery and *after* the Court's ruling on summary judgment to serve their first supplemental Rule 26(a)(1) Disclosures identifying PA Davis, PA Martinez, PA Trammell, and PA Wilkins.

6. Under Rule 26(a)(1), defendants were obligated to identify the names and contact information of people "likely to have discoverable information" related to their claims or defenses.

7. As the Seventh Circuit explained in *Morris v. BNSF Railway Company*, 969 F.3d 753, 765 (7th Cir. 2020), "[t]he Rule makes plain that these initial disclosures are just that – 'initial' – and envisions they may (and often do) prove incomplete, for parties regularly come across additional people with discoverable information as well as documents containing information that may be used to support their claims or defenses." "Rule 26 addresses this reality by imposing a duty to correct or supplement in a timely manner 'if the party learns that in some material respect the disclosure or response is incomplete or incorrect.'" *Morris*, 969 F.3d at 765 (citing Rule 26(e)(1)(A)).

8. In this case, defendants produced each plaintiff's medical records early in discovery. Despite having those records, defendants deliberately chose not to disclose any medical witnesses during the Rule 26 discovery period. Plaintiffs therefore conducted discovery based on the witnesses defendants identified and developed their litigation strategy in reliance on those disclosures. As the Seventh Circuit recognized in *Morris*, "it maters to someone in [plaintiff's] shoes that [defendant] attends diligently to making timely supplemental disclosures: the whole point of introducing the discovery mechanisms listed in Rule 26 was to ensure that trials would no longer be "carried on in the dark." *Morris*, 969 F.3d 753 at 765 (citation omitted).

9. Plaintiffs were deprived of the opportunity to tailor discovery and develop their litigation strategy based on the witnesses defendants identified during discovery. Defendants' late disclosure of these medical witnesses prevented plaintiffs from conducting depositions, obtaining expert review, or otherwise preparing to address their anticipated testimony. Under Rule 37(c)(1), defendants' failure to disclose these witnesses during the discovery period was neither "substantially justified" nor "harmless." As the Seventh Circuit explained in *Morris*, "[t]he combined application of Rule 26(a)(3), Rule 26(e), and Rule 37 allowed the district court to reason" that the defendant "waited too long to supplement its discovery," thereby precluding "the witnesses in question from testifying at all." *Morris*, 969 F.3d at 766. The same result is warranted here. Accordingly, this Court should exclude the medical witnesses first disclosed on March 7, 2026 and July 28, 2026, from testifying at trial.

10. Defendants may argue that plaintiffs were aware of these individuals because their names appear in plaintiffs' medical records. That type of argument was rejected by the Seventh Circuit in *Morris*. As *Morris* explained, "[i]t's one thing to know that a person's name is out there; it's another thing to know that the other side is intending to call him as a witness. That's why we have Rule 26(a) disclosures." *Id.* at 765. Plaintiffs' medical records identify approximately 50 different medical professionals. Defendants disclosed none of them as potential trial witnesses during discovery. Without those disclosures, plaintiffs had no notice of which, if any, of those individuals defendants intended to rely upon at trial and

therefore had no meaningful opportunity to conduct discovery or prepare to rebut their testimony.

11. Permitting defendants to rely on these previously undisclosed witnesses would reward defendants' failure to comply with Rule 26 while unfairly prejudicing plaintiffs, precisely the result Rule 37(c)(1) is designed to prevent.

Accordingly, plaintiffs respectfully request that the Court exclude from trial all witnesses first identified in defendants' First Supplemental Rule 26(a) Disclosures served on March 7, 2026, and in defendants' July 28, 2026 email. Defendants failed to timely disclose these witnesses during discovery, and because that failure was neither substantially justified nor harmless, Rule 37(c)(1) requires that they be barred from testifying in support of defendants' claims or defenses.

Respectfully submitted,

/s/ Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave
Chicago, IL 60643
(773)233-7901
pwm@morrisseylawchicago.com

*attorneys for the plaintiffs*