**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CUAUHTEMOC HERNANDEZ and WILLIAM MATHIS, | ) | |
| Plaintiffs, | ) | No. 1:23-cv-16970 |
| v. | ) | Honorable Sunil R. Harjani |
| THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, | ) | |
| Defendants. | ) | |

**DEFENDANTS RESPONSE TO**
**PLAINTIFFS' MOTION TO BAR WITNESSES**

Defendants, Cook County and the Cook County Sheriff's Office, submit the following response in opposition to plaintiffs' motion to bar untimely disclosed witnesses.

In their motion, plaintiffs seek to exclude eight medical providers who treated plaintiffs during their time in custody at Cook County jail. (ECF No. 222.) These witnesses are not newly retained experts or previously unknown. They are plaintiffs' own treating providers, and their identities, examinations, observations, diagnoses, and treatment are documented in plaintiffs' medical records that were produced during discovery.

Plaintiffs' motion focuses almost entirely on the timing of defendants' supplemental disclosures. But Rule 37(c)(1) does not require exclusion whenever a disclosure is late. Exclusion is unwarranted where the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). In determining harmlessness, courts consider the following factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice;

(3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). The question of "whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Id.*

**I. Any Disclosure Deficiency is Harmless**

In this case, the factors weigh in favor of finding the untimely disclosures to be harmless. To begin with, there is no substantive surprise. Plaintiffs possessed their medical records and knew who treated them, what complaints they made, what the providers observed, and what treatment they received. Indeed, the medical records were produced early in discovery and plaintiffs used them as exhibits in support of their motion for summary judgment. See Rule 26(e)(1)(A) (containing an exception for information that has "otherwise been made known to the other parties during the discovery process or in writing.").

Moreover, there is no evidence of bad faith or trial by ambush. Defendants produced those records and are not attempting to introduce a new theory or a litigation created medical examination. Rather, we are merely seeking to call a treating physician who can testify about the medical treatment plaintiffs received while in Cook County jail. That is, their testimony will be confined to what is stated in the records.

Any prejudice can be readily cured without the drastic sanction of exclusion. If necessary, defendants are willing to make themselves available for a short deposition before the treater testifies. That remedy directly addresses plaintiffs' complaint that they lacked an opportunity to depose the witnesses.

## II. The March 7 Witnesses Should Be Permitted to Testify

Defendants disclosed Barbara Davis, Salvador Martinez, Glen Trammell, and Brittany Wilkins on March 7, 2026. The disclosure informed plaintiffs that the witnesses had information concerning their interactions with plaintiffs' observations, physical and medical conditions, treatment, and medications. These witnesses were, therefore, specifically identified months before trial, and plaintiffs already possessed the medical records describing their treatment.

Plaintiff argument is particularly unpersuasive as to Glen Trammell. Plaintiffs themselves list Trammell as a will-call witness, represent that he will testify consistent with his deposition, and expressed a desire to to call him on the first day of trial. Plaintiffs cannot credibly claim prejudicial surprise from a witness they deposed and affirmatively intend to present themselves.

For these same reasons, exclusion of Davis, Martinez, and Wilkins is disproportionate to any disclosure deficiency.

## III. The July 28 Witnesses Should Not Be Categorically Excluded

Plaintiffs also challenge Rosetta Hunter, Daniel Kaczrowski, Dr. Diane Hsu, and Dr. Patrick Ennis, who were identified as trial witnesses on July 28, 2026.

Although those witnesses were identified later, the same harmlessness considerations apply. Each witness is one of plaintiffs' medical providers. The Final Pretrial Order identifies their anticipated testimony concerning plaintiffs' physical and medical conditions, their interactions with plaintiffs, and the medical care and treatment they provided. Thus, July 28 may have been the first time defendants formally identified these providers as possible trial witnesses; it was not the first time plaintiffs learned who they were, what treatment they provided, or what was documented during their medical encounters.

If the Court concludes that plaintiffs require additional preparation regarding any particular provider, a short deposition is a sufficient cure. Wholesale exclusion is unnecessary.

**IV. Defendants Will Limit the Providers to their Treatment-Related Testimony**

Finally, defendants do not intend to convert these treating providers into undisclosed retained experts. Their testimony can be limited to (1) plaintiffs' complaints and medical histories reported during treatment; (2) examinations and observations, (3) diagnoses made during treatment; (4) medications and mobility aids prescribed; (5) treatment recommendations; and (6) opinions actually formed in the course of treating plaintiffs. Defendants do not intend to elicit newly developed litigation opinions. That limitation eliminates any legitimate concern that plaintiffs will encounter undisclosed expert opinions at trial.

**CONCLUSION**

Plaintiffs ask the Court to exclude highly relevant testimony from their own treating medical providers even though they possessed the records documenting those providers' treatment and observations. There is no evidence of bad faith, the substance of the testimony is not a surprise, and any remaining prejudice can easily be cured.

DATED: August 18, 2026

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

BY: */s/ Jordan F. Yurchich*

JORDAN F. YURCHICH
Assistant State's Attorney
50 West Washington Street, Suite 500
Chicago, IL 60602
Jordan.yurchich@cookcountysao.org
***Attorney for defendants***