**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Cuauhtemoc Hernandez and William Mathis,<br><br>Plaintiffs,<br><br>v.<br><br>Thomas Dart and Cook County, Illinois,<br><br>Defendants. | No. 23 C 16970<br><br>Judge Sunil R. Harjani |

**JURY INSTRUCTIONS**

Instruction 1

Members of the jury, you have seen and heard all the evidence, and you are about to hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

Nothing I am saying now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Instruction 2

During this trial, I have asked witnesses questions myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Instruction 3

In this case, the defendants are public entities. All parties are equal before the law. A public entity is entitled to the same fair consideration that you would give any individual person.

Instruction 4

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

I have taken judicial notice of certain facts. You must accept those facts as proved.

Instruction 5

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Instruction 6

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Instruction 7

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Instruction 8

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

You have heard evidence about grievances from Plaintiff Mathis and the grievance process. You may only consider those grievances for the purpose of whether they provided notice to Defendants about whether the RTU and Cermak ramps were non-compliant with federal accessibility standards. You may not consider whether the contents of these grievances are true.

You have heard evidence about the structure of the RTU and Cermak ramps in Plaintiffs Exhibits 1, 2, 3, and 7, and Defendants Exhibit 33. You may only consider these exhibits and any testimony about the exhibits for the purpose of whether Defendants had notice that the ramps were non-compliant with federal accessibility standards. You may not consider these exhibits for any other purpose.

You have heard testimony from Carl Darr. You may only consider his testimony for the purpose of whether Defendants had notice that the ramps were non-compliant with federal accessibility standards.

You have heard testimony about another lawsuit involving ramps at the Cook County Jail. You may only consider testimony about this lawsuit for the purpose of whether Defendants had notice that the ramps were non-compliant with federal accessibility standards.

Instruction 9

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Instruction 10

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Instruction 11

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the manner of the witness while testifying;
- the witness's intelligence;
- the reasonableness of the witness's testimony in light of all the evidence in the case.

Instruction 12

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before trial, one of these witnesses made a statement that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Instruction 13

You have heard evidence that each Plaintiff has been convicted of a crime. You may consider this evidence only in deciding whether the Plaintiff's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

Instruction 14

It is proper for a lawyer to meet with any witness in preparation for trial.

Instruction 15

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Instruction 16

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Instruction 17

Certain demonstrative exhibits have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Instruction 18

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Instruction 19

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Instruction 20

The Plaintiffs in this case are Cuauhtemoc Hernandez and William Mathis. The Defendants in this case are the Sheriff of Cook County and Cook County, Illinois.

Plaintiffs bring a claim under the Americans with Disabilities Act (ADA). Plaintiff Mathis also brings a state law claim under the Illinois Civil Rights Remedies Restoration Act.

Plaintiff Hernandez seeks damages only for the Cermak ramp. Plaintiff Mathis seeks damages for both the Cermak and RTU ramps.

Instruction 21

By order of the Court dated February 4, 2026, the Court has determined that the Cermak ramp and the RTU east tunnel ramp were not compliant with the federal accessibility standards pursuant to 28 C.F.R. 35.151(c). You must accept those facts as proved.

A building that was constructed after July 26, 1992, but prior to September 15, 2010, must comply with the 1991 Standards or Uniform Federal Accessibility Standards (UFAS). A building constructed on or after September 15, 2010, and before March 15, 2012, must comply with the 1991 Standards, UFAS, or the 2010 Standards. A building constructed on or after March 15, 2012, must comply with the 2010 Standards.

The Court has determined that the Cermak ramp violated these standards because:

1. Under the 1991 Standards, the rise of ramp run can be a maximum of 30 inches and the Cermak ramp had a rise of 32.4 inches, which is 2.4 inches over the maximum permitted by the 1991 Standards.
2. A ramp with a rise greater than 6 inches must have handrails, and the handrails must extend 12 inches beyond the ramp. The handrails did not extend 12 inches beyond the ramp.

The Court has determined that the RTU east tunnel ramp violated these standards because:

1. The RTU east tunnel ramp has one landing that is 9 inches in length and another that is 57 inches in length. Under both the 1991 and 2010 Standards, the landing must be a minimum of 60 inches.
2. The last 4.27 feet at the top of the upper portion of the ramp has a slope of 1:11, and the last one foot at the very bottom of the lower portion of the ramp has a

slope of 1:8.5. Under both the 1991 and 2010 Standards, the slope of a ramp cannot be steeper than 1:12.

3. The handrails only extend 7.4 inches beyond the lower ramp and 11.3 inches beyond the upper ramp. Under both standards, handrails must extend at least 12 inches beyond the ramp.

Instruction 22

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, the other is also liable. Although there are two plaintiffs, it does not follow that if one is successful, the other is, too.

In considering a claim against a defendant, you must not consider evidence admitted only against the other defendant or only as to other claims.

Instruction 23

To succeed on their claims, each Plaintiff must prove each of the following things by a preponderance of the evidence:

1. He is an individual with a disability;
2. He was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity;
3. The denial or discrimination was by reason of his disability; and
4. The denial or discrimination was intentional.

If you find that the Plaintiff you are considering has proved these things by a preponderance of the evidence, then you should find in favor of that Plaintiff, and go on to consider the amount of damages, if any, the Plaintiff is entitled to recover.

If you find that either or both Plaintiffs have failed to provide any one of these things, then you should find in favor of Defendants, and you will not consider the question of damages.

Instruction 24

The ADA defines "disability" as a physical or mental impairment that substantially limits a major life activity. Major life activities include caring for oneself, walking, and standing. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting.

Instruction 25

The ADA applies to "all services, programs, and activities provided or made available by public entities." A pathway or route of travel within a prison is a service, program, or activity of the prison.

Instruction 26

Each Plaintiff must prove he was denied the benefits of that service, program, or activity. A mere inconvenience is not enough. The Plaintiff must show the ramps deprived him of access to a prison service, program, or activity on the same basis as other prisoners.

Instruction 27

Intentional discrimination occurs when a defendant knew that harm to a federally protected right was substantially likely and failed to act on that likelihood.

Instruction 28

To recover damages, Plaintiffs must prove that the non-compliant Cermak ramp and RTU ramp as determined by the Court in its order on February 4, 2026 caused their alleged injuries.

Instruction 29

If you find in favor of Plaintiff Hernandez, then you must determine the amount of money that will fairly compensate the Plaintiff for any injury that you find he sustained as a direct result of Defendant(s) failure to accommodate his disability.

A Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money.

You should consider the following types of compensatory damages, and no others:

a. The physical pain and suffering that Plaintiff has experienced. No evidence of the dollar value of physical pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained. Plaintiff Hernandez is not seeking emotional or mental distress damages in this case.

b. The loss of access to programs, services, and activities of the jail.

Instruction 30

If you find in favor of Plaintiff Mathis, then you must determine the amount of money that will fairly compensate the Plaintiff for any injury that you find he sustained as a direct result of Defendant(s) failure to accommodate his disability.

A Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money.

You should consider the following types of compensatory damages, and no others:

a. The physical and mental and emotional pain and suffering and inconvenience and loss of enjoyment of life that Plaintiff has experienced. No evidence of the dollar value of the physical and mental and emotional pain and suffering and inconvenience and loss of enjoyment of life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained. Plaintiff Mathis cannot recover compensatory damages for mental and emotional harm unless he proves, by a preponderance of evidence, that he sustained a physical injury that was caused by one or both of the Defendants' conduct.

b. The loss of access to certain programs, services, and activities of the jail.

Instruction 31

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached a unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Instruction 32

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Cuauhtemoc Hernandez and William Mathis,<br><br>*Plaintiffs*,<br><br>v.<br><br>Thomas Dart, Sheriff of Cook County, and Cook County, Illinois,<br><br>*Defendants*. | No. 23 CV 16970<br><br>Judge Sunil R. Harjani |

**VERDICT FORM**

**PLAINTIFF HERNANDEZ**

We, the jury, find as follows on the claim of the Plaintiff, Cuauhtemoc Hernandez, against defendant, Thomas Dart, Sheriff of Cook County (check the box that applies):

For Plaintiff: ☐ For Defendant: ☑

We, the jury, find as follows on the claim of the Plaintiff, Cuauhtemoc Hernandez, against defendant, Cook County, Illinois (check the box that applies):

For Plaintiff: ☐ For Defendant: ☑

Complete the below section only if you have found for Plaintiff Hernandez against one or both defendant(s):

**Damages**

We award Plaintiff Hernandez compensatory damages in the amount of:

$ 0.00

(If you find for Plaintiff Hernandez, but award no compensatory damages, enter $1.00 for nominal damages)

**PLAINTIFF MATHIS**

We, the jury, find as follows on the claims of the Plaintiff, William Mathis, against defendant, Thomas Dart, Sheriff of Cook County (check the box that applies):

For Plaintiff: ☐ For Defendant: ☑

We, the jury, find as follows on the claims of the Plaintiff, William Mathis, against defendant, Cook County, Illinois (check the box that applies):

For Plaintiff: ☐ For Defendant: ☑

Complete the below section only if you have found for Plaintiff Mathis against one or both defendant(s):

**Damages**

We award Plaintiff Mathis compensatory damages in the amount of:

$ 0.00

(If you find for Plaintiff Mathis, but award no compensatory damages, enter $1.00 for nominal damages)

Did Plaintiff, William Mathis, prove a violation on or after January 1, 2024? (check the box that applies)

Yes: ☐ No: ☑

Jurors, please sign and date the form below:

Presiding juror: [signature]

[signature] [signature]

[signature] [signature]

[signature]

[signature]

[signature]

Dated: 8/14/2026