**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CUAHTEMOC HERNANDEZ and WILLIAM MATHIS,<br><br>Plaintiffs,<br>v.<br><br>THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS,<br><br>Defendants. | Case No. 23 CV 16970<br><br>Honorable Sunil R. Harjani |

**ORDER**

Plaintiffs moved to exclude eight of Defendants' witnesses from testifying at trial because of their untimely disclosure. [222]. Plaintiffs complain about two sets of witnesses. First, Plaintiffs object to testimony from Barbara Davis, Salvador Martinez, Glen Trammell, and Brittany Wilkins, who Defendants identified as witnesses on March 7, 2026 in Defendants' first supplemental disclosures. [222-1]. Plaintiffs contend that these individuals were only disclosed after the Court issued its summary judgment opinion on February 4, 2026, [175], and after fact discovery closed on March 3, 2025. [89]. Second, Plaintiffs object to testimony from Rosetta Hunter, Diane Hsu, Daniel Kacrzowski, and Patrick Ennis. Defendants never disclosed these witnesses, but added them to the witness list for the final pretrial order. [222-2]. Thus, Plaintiffs only learned of these witnesses well after discovery closed and mere weeks before trial. [181].

Rule 26(a)(1)(A) requires parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). Rule 26(e) further requires that parties supplement their disclosures in a timely manner. Fed. R. Civ. P. 26(e). Though the Rules do not set a timeframe for "timely" disclosures, courts agree that disclosures made after the close of fact discovery are untimely. *Viamedia, Inc. v. Comcast Corp.*, 2026 WL 984327, at *4 (N.D. Ill. Apr. 13, 2026); *Maxson v. Dwyer*, 2023 WL 432146, at *3 (N.D. Ill. July 5, 2023). Regarding the first group of witnesses, Defendants disclosed these individuals after the close of fact discovery, which makes the disclosures untimely. The witnesses in the second set were never disclosed. Defendants therefore violated Rule 26's mandates regarding witness disclosures.

If a party fails to disclose a witness pursuant to Rule 26(a) or timely supplement its disclosures under Rule 26(e), the Federal Rules bar the party from presenting that witness at a trial. Fed. R. Civ. P. 37(c)(1). This sanction is "automatic and mandatory" absent a showing that the late disclosure was justified or harmless. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). The district court has broad discretion to determine whether the Rule 26 violation was either justified or harmless. *King v. Ford Motor Co.*, 872 F.3d 833, 838 (7th Cir. 2017). In analyzing whether to exclude a witness, courts consider the following factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d at 857.

Defendants' violations of Rule 26 were not harmless because Plaintiffs suffered prejudice and are unable to cure that prejudice. None of these witnesses were shared with Plaintiffs until after the close of discovery. Plaintiffs were thus inhibited from developing discovery and forming a trial strategy related to these witnesses. Such "obvious prejudice" is not harmless. *King v. Ford Motor Co.*, 872 F.3d at 838. And four witnesses were not disclosed until the parties were submitting their pretrial materials weeks before trial was scheduled to begin, which is inexcusably too late. *See Morris v. BNSF Railway Co.*, 969 F.3d 753, 766 (7th Cir. 2020). Since Plaintiffs had no opportunity to depose these witnesses or prepare for their trial testimony, they are unable to cure the prejudice from Defendants' untimely disclosures.

Courts exclude testimony in similar circumstances when the parties are unable to conduct discovery related to untimely disclosed witnesses. For example, in *Jones v. Das*, the Seventh Circuit upheld the trial court's exclusion of a witness declaration from the summary judgment record when the witness was only disclosed after the fact discovery deadline passed and after defendants moved for summary judgment. 164 F.4th 1924, 1037 (7th Cir. 2026). Similarly, in *LG Electronics v. Whirlpool Corp.*, the district court excluded the testimony of witnesses who were only shared on the final day of fact discovery. 2010 WL 9506787, at *1 (N.D. Ill. Sept. 7, 2010). The district court agreed that the untimely disclosure prejudiced plaintiff in its trial preparation because discovery was closed and trial was set. *Id*. And in *Rao v. Rusch*, another district court barred testimony from witnesses who were disclosed either on the last day of discovery or one week before trial began. 2017 WL 4278541, at *1 (N.D. Ill. July 21, 2017). That district court found that, especially as related to one late-disclosed witness, the party would be "highly prejudiced" because it had not deposed the witness or sought any documents related to his testimony. *Id*. at *2. Like the prejudiced party in *Jones*, *LG Electronics*, and *Rao*, Plaintiffs in this case had no opportunity to depose any of Defendants' eight untimely disclosed witnesses. They could not conduct discovery related to these witnesses' testimony.

Further, it makes no difference that these witnesses may have been referenced in other discovery. Even if Plaintiffs knew about these individuals in general,

Plaintiffs did not know that Defendants would seek their testimony at trial. That is insufficient to overcome the prejudice from learning of these witnesses after the close of discovery. *See Zurwell v. Hill's Pet Nutrition, Inc.*, 2010 WL 11561393, at *3 (S.D. Mar. 9, 2010) (knowing that certain employees may have information about plaintiff's allegations was not enough to give defendants notice that the employees would be witnesses); *LG Electronics v. Whirlpool Corp.*, 2010 WL 9506787, at *1–2 (familiarity with defendants employees insufficient to overcome the prejudice from late witness disclosures because the untimely disclosure prevents the party's "ability to prepare effectively for trial" and "reeks of unfair surprise").

Accordingly, Defendants in this case fail to overcome their burden of showing their failures to disclose or timely supplement their disclosures were either harmless or justified. The Court, in its discretion, finds that Plaintiffs would be prejudiced from allowing the testimony of Defendants' witnesses and have no opportunity to cure that prejudice. It therefore grants Plaintiffs' motion and excludes Defendants' witnesses from testifying at trial.

**SO ORDERED.**

Dated: August 20, 2026

Sunil R. Harjani
United States District Judge