**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CUAUHTEMOC HERNANDEZ and WILLIAM MATHIS,<br><br>Plaintiffs,<br>v.<br><br>THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS,<br><br>Defendants. | Case No. 23 CV 16970<br><br>Honorable Sunil R. Harjani |

## ORDER

Defendants move under Rule 60(a) to ask this Court to correct a clerical error in its Memorandum Opinion and Order issued February 4, 2026, which ruled on the parties' cross motions for summary judgment. [220]. Specifically, Defendants take issue with the Court's finding that, for the RTU east tunnel ramp, "the upper portion of the ramp has a slope of 1:11, and the lower portion of the ramp has a slope of 1:8.5." [175] at 4, 9. As Defendants point out, for the RTU east tunnel ramp, the undisputed fact on the record for summary judgment is that the last 4.27 feet of the upper ramp has a slope of 1:11, and the last one foot of the lower ramp has a slope of 1:8.5. [139] at 10–11. Defendants ask the Court to amend its findings in its Memorandum Opinion and Order on summary judgment to conform with the underlying undisputed fact.

Pursuant to Rule 60(a), a court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(a) allows for a correction "[i]f the flaw lies in the translation of the original meaning to the judgment." *Shuffle Tech Int'l, L.L.C., v. Wolff Gaming, Inc.*, 757 F.3d 708, 710 (7th Cir. 2014). However, "if the judgment captures the original meaning but is infected by error, then the parties must seek another source of authority to correct the mistake." *Id*. Rule 60(a) permits the Court to make changes that "implement the result intended by the court at the time the order was entered." *Westco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 984 (7th Cir. 1989).

Defendants are correct that the undisputed fact in the summary judgment record is more nuanced than the finding in the Court's Memorandum Opinion and Order. But this discrepancy in no way changes the Court's summary judgment decision. Rather, the Court's opinion made a more generalized statement about the

fact that the ramps fail to comply with the federal accessibility standards. Defendants' motion seeks to clarify that specifically the top 4.27 feet of the upper portion of the ramp had the non-compliant slope of 1:11, and specifically the bottom foot of the lower portion of the ramp had the non-compliant slope of 1:8.5. The Court finds that this change lies only in the translation of the original meaning of the undisputed facts to the judgment in the Court's opinion. Thus clarifying the prior order to reflect the more nuanced, undisputed fact is consistent with the result intended in the Court's February 4, 2026 Memorandum Opinion and Order.

This clarification is like one of the corrections in *Valerio v. Total Taxi Repair & Body Shop*, 2015 WL 3962573, at *4 (N.D. Ill. June 25, 2016). There, the district court entered an order regarding plaintiffs' motion for attorneys' fees and costs. *Id*. Plaintiffs in that case sought to clarify the court's order to specify the defendants from whom they could seek fees and costs to undertake collection efforts. *Id*. The district court agreed this requested amendment was within the "original meaning" of the court's original order, and amended the order to list the defendants by name. *Id*. Like in *Valerio*, Defendants' requested correction is within the original meaning of the Court's Memorandum Opinion and Order. The Court relied on the undisputed fact about the slope of the ramps in making its original finding. [175] at 4 (citing [139] ¶ 28). That undisputed fact specifies that the noncompliant portion of the upper ramp is the top 4.27 feet, and the noncompliant portion of the lower ramp is the bottom foot. Thus, the more exact description of which portions of the ramp had a slope steeper than 1:12 is within the original meaning of the Court's finding that the upper and lower portions of the ramp were steeper than 1:12.

Accordingly, the Court grants Defendants' motion to correct a clerical error and will re-issue its February 4, 2026 Memorandum Opinion and Order.

**SO ORDERED.**

Dated: August 20, 2026

Sunil R. Harjani
United States District Judge