IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cuauhtemoc Hernandez and William Mathis, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | 23-cv- 16970 |
| -*vs*- | ) | |
| | ) | Judge Sunil R. Harjani |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) | Magistrate Judge Holleb Hotaling |
| | ) | |
| *Defendants.* | ) | |

**JOINT STATUS REPORT REGARDING PROGRESS OF SETTLEMENT NEGOTIATIONS**

The parties, pursuant to the Court's order entered on August 20, 2026, Dkt. 229, file the following joint status report regarding the progress of settlement negotiations.

**<u>Plaintiffs' Position</u>**

Since entry of the Court's August 20, 2026 Order, the parties have been unable to make any progress toward resolving the Rule 23(b)(2) class claims. Defense counsel lacks authority to negotiate interim relief for class members who continue to traverse the noncompliant RTU east tunnel ramp, including a proposal to direct class members to use the north tunnel ramp until the east tunnel ramp is brought into compliance with federal accessibility standards. *See* Dkt. 241, Transcript of August 18, 2026 Trial Proceedings, Eric Davis Trial Testimony 23:4–24; Lonnie Hollis Trial Testimony 204:23–206:3 (testimony indicating that class members could be transported to Cermak via the north corridor, thereby avoiding the noncompliant RTU east tunnel ramp). Defense counsel likewise lacks authority to negotiate repairs to bring the noncompliant RTU east tunnel ramp into compliance with federal accessibility standards.

Defense counsel further lacks authority to discuss resolution of the Rule 23(b)(3) class claims or to seek the assistance of a Magistrate Judge to facilitate settlement negotiations.

**Defendants' Position**

Plaintiffs' position does not accurately reflect the progress that has been made since trial. The parties have attended several hearings and settlement conferences with Judge Weisman in *Walker v. Dart*, 20-cv-261, and *Rogers v. Dart*, No. 24-cv-3739. Both cases were referred by Judge Rowland for settlement discussions, and the parties have a settlement conference scheduled for October 29, 2026. The parties are presently focusing their efforts on *Walker* because that case is set for trial starting November 30, 2026. If *Walker* settles, that could potentially provide a framework for the other cases, including *Hernandez*. If *Walker* does not settle, then the prospects of settlement in the other cases, including this one, will need to be revisited.

In *Hernandez*, a jury found that Plaintiffs were not entitled to compensatory damages for traversing the ramps. As a result of that trial win, Defendants have been reassessing the posture of the case to determine the best path forward. Defendants have also been continuing the facility-wide assessment to ensure ADA-compliance across the Cook County Department of Corrections. That assessment also includes the RTU east tunnel ramp.

Defense counsel requested Plaintiffs' counsel to make a renewed settlement demand that reflects the change in the strength of the parties' respective positions after the trial. To date, Plaintiffs' counsel has not made a renewed demand. Although the renewed demand will eventually be necessary, the parties' continued progress in the *Walker*

settlement discussions will inform resolution of *Hernandez*. Defendants respectfully request to submit another status report in thirty days to update the Court on the outcome of the October 29, 2026 settlement conference and further progress on resolution of this case.

In response to Plaintiffs' reply below, defense counsel never stated he lacks authority to negotiate resolution of the class. The clients are still reassessing the case given the recent developments, and the settlement conference on October 29, 2026, will provide another data point on settlement possibilities.

**Plaintiffs' Reply**

The Rule 23(b)(2) class has a pending motion seeking an order requiring defendants to renovate the RTU east tunnel ramp to comply with applicable federal architectural standards and to provide interim relief to class members until the ramp is brought into compliance. *See* Dkt. 190, Motion at 9. Defendants have declined to seek assistance from Magistrate Judge Weisman or the assigned Magistrate Judge to resolve these issues. *See* Dkt. 240, Minute Entry. For the past two months, defense counsel has stated he lacks authority to negotiate resolution of the Rule 23(b)(2) class.

As for *Walker v. Dart*, on September 28, 2026, Magistrate Judge Weisman conveyed to defense counsel a near "best and final" settlement offer to resolve that case. *See Rogers v. Dart*, 24-cv-3739, Dkt. 209, Minute Entry. Defense counsel will present the proposal to the Cook County Litigation Subcommittee on October 21, 2026. The parties are scheduled to appear before Judge Rowland the following day, October 22, 2026, to discuss the upcoming trial. On October 29, 2026, the parties will report back to Judge Weisman regarding whether the Subcommittee has accepted the settlement proposal. *See Rogers v. Dart*, 24-cv-3739, Dkt. 210, Minute Entry.

Unlike *Hernandez*, *Walker* does not seek injunctive relief because the ramp at issue in *Walker*—the Cermak ramp—has been repaired to comply with the applicable federal structural standards.

Respectfully submitted,

| | |
|---|---|
| /s/ Patrick W. Morrissey<br>Thomas G. Morrissey, Ltd.<br>10257 S. Western Ave.<br>Chicago, IL 60643<br>(773) 233-7901<br><br>*An attorney for the plaintiff class* | /s/ Samuel D. Branum (with consent)<br>Johnson & Bell, Ltd.<br>33 W. Monroe St., Suite 2700<br>Chicago, IL 60603<br>(312) 372-0770<br><br>*An attorney for defendants* |