IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cuauhtemoc Hernandez, et al., | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | 23-cv-16970 |
| *-vs-* | ) | |
| | ) | Honorable Sunil R. Harjani |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFFS' OPPOSED MOTION TO ORDER DEFENDANTS TO PAY FOR CLASS NOTICE**

Plaintiffs, by counsel, moves the Court for an order requiring defendants Sheriff and Cook County to pay for any forthcoming class notice.

Grounds for this motion are as follows:

1. On November 2, 2026, the Court directed the parties "to meet and confer and determine what notice should be sent to the class about any recent developments." Dkt. 244, Minute entry. The parties must address this issue in their status report due November 20, 2026. Dkt. 243, Minute entry; Dkt. 244, Minute entry.

2. Although the parties have additional time to confer regarding the substance of the notice, Class Counsel moves the Court to require defendants to bear the expense of transmitting that notice.[1]

[1] Class Counsel provided a draft notice, attached as Exhibit 1, to defendants on October 23, 2026. Defendants have not provided any feedback regarding the substance of this proposed notice.

3. Another court in this District recently addressed and resolved this nearly identical issue against defendants in *Walker v. Dart*, 20-cv-261. There, the court found that the plaintiff "was a prevailing plaintiff for the purpose of recovering costs of notifying the class" and that, following the grant of summary judgment in favor of the plaintiff class, "this provides a sufficient basis to diverge from the traditional rule of cost allocation." *Walker v. Dart*, 2026 WL 1724590, at *3-4 (N.D. Ill. June 15, 2026) (Rowland, J.). The court delayed transmission of the notice only because defendants elected to challenge Article III standing at the individual trial of the class representative. *Id.*

4. Despite Judge Rowlan's recent ruling addressing this precise issue, defendants continue to object to paying the cost of class notice on the grounds that the plaintiff classes have not prevailed. This position is inconsistent with the reasoning in *Walker*. The Court should likewise require defendants to bear the expense of transmitting any forthcoming notice to the class in this case.

5. Rule 23(d)(1) states, in relevant part:

> In conducting an action under this rule, the court *may* issue orders that:
>
> ** ** **
>
> (B) require – to protect class members and fairly conduct the action – giving appropriate notice to some or all class members of:
>
> (i) any step in the action;
>
> (ii) the proposed extent of the judgment; or
>
> (iii) the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defense, or to otherwise come into the action.

Fed.R.Civ.P. 23(d)(1)(B) (emphasis added).

6. The Court's order of February 4, 2026 has "materially alter[ed] the legal relationship between the parties." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). Plaintiffs are therefore the prevailing party entitled to fees under the fee shifting provision of the Americans with Disabilities Act, 42 U.S.C. § 12205.

7. Since 2023, Class Counsel has dedicated substantial time and financial resources to litigating this heavily contested matter. As the Supreme Court stated in *Bradley v. Sch. Bd. Of City of Richmond*, 416 U.S. 696 (1974), "[t]o delay a fee award until the entire litigation is concluded would work substantial hardship on plaintiffs and their counsel." *Id.* at 723.

8. The Seventh Circuit has interpreted the Supreme Court's decision on interim fee awards to mean that, "[o]nce a plaintiff obtains substantive relief that is not defeasible by further proceedings, he can seek interim fees and the district court has the power to award them." *Richardson v. Penfold*, 900 F.2d 116, 119 (7th Cir. 1990); *Dupuy v. Samuels*, 423 F.3d 714, 719 (7th Cir. 2005).

9. Plaintiffs have obtained "substantive relief that is not defeasible by further proceedings." *Richardson, supra*. Plaintiffs brought this lawsuit to challenge the Cermak and RTU east tunnel ramps' compliance with the ADA. The Court, in its order of February 4, 2026 granted plaintiffs' motion for partial summary judgment. The Court's order resolved the issue classes in plaintiffs' favor. Dkt. 243, Minute entry.

10. The ADA authorizes a court to award attorney's fees, litigation expenses, and costs to a prevailing party. Under 42 U.S.C. § 12205 (and the implementing regulation 28 C.F.R. § 35.175), each provide as follows:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the forgoing the same as a private individual.

11. Plaintiffs brought this lawsuit on behalf of Rule 23(b)(3) class to decide the issues: (1) whether the RTU east tunnel ramp complied with the structural standards required by the ADA from February 13, 2022 to the date of entry of judgment, and (2) whether the Cermak ramp complied with the structural standards required by the ADA from December 20, 2021 to November 14, 2025, the date the defendants reconfigured the ramp. Dkt. 238, Memorandum Opinion and Order at 2.

12. Plaintiffs and the plaintiff classes have plainly "succeeded on any significant claim affording it some of the relief sought, either *pendente lite* or at the conclusion of the litigation." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist*., 489 U.S. 782, 783 (1989). As the prevailing party, plaintiffs are presumptively entitled to an award of fees. *Lefemine v. Weidman*, 133 S.Ct. 9 (2012).

13. As stated above, Rule 23 requires notice of the Court's summary judgment ruling. The costs for serving this notice should be the responsibility of defendants.

14. As reflected in the regulations implementing the ADA, Congress intended that "[l]itigation expenses include items such as expert witness fees, travel expenses, etc." 28 C.F.R. Pt. 35, App. A, Section-by-Section Analysis, § 35.175.

15. As the Ninth Circuit explained in *Lovell v. Chandler*, 303 F.3d 1039 (9th Cir. 2002):

> This construction of the statute is consistent with its legislative history. According to committee reports, Congress included the term "litigation expenses" in order to authorize a court to shift costs such as expert witness fees, travel expenses, and the preparation of exhibits. *See* H.R. Rpt. No. 101–485(III) at 73, *reprinted in* 1990 U.S.C.C.A.N. 445, 496 (Report of the Committee on the Judiciary) ("Litigation expenses include the costs of expert witnesses. This provision explicitly incorporates the phrase 'including litigation expenses' to respond to rulings of the Supreme Court that items such as expert witness fees, travel expenses, etc., be explicitly included if intended to be covered under an attorney's fee provision."); H.R. Rpt. No. 101–485(II) at 140, *reprinted in* 1990 U.S.C.C.A.N. 303, 423 (Report of the Committee on Education and Labor) ("Litigation expenses include the costs of experts and the preparation of exhibits.").

*Lovell*, 303 F.3d at 1058.

16. Atticus Administration LLC (Atticus) sent out the original class notice to 1,253 individuals in June 2025. *See* Exhibit 2, Atticus Project Status Report. Class Counsel, if notice is approved by the Court, will request that Atticus facilitate notice by US Mail to the last known address of class members along with hosting a static web page providing a copy of the notice and the Court's summary judgment memorandum opinion and order along with any other relevant documents agreed to by the parties or ordered by the Court.[2] Atticus provided an estimate for

[2] Class Counsel believes a web page is important for notice since a large number of the notices sent in June 2025 – or about 457 pieces of mail - were undeliverable. *See* Exhibit 2, Atticus Project Status Report; *see also Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d

performing this work in the amount of $8,700 under the assumption that there are 1,600 class members. Exhibit 3, Estimate from Atticus Administration.

17. Class Counsel initially requested a position from defendants on this issue on October 21, 2026. Class Counsel shared a draft motion with defendants on November 5, 2026. On November 11, 2026, the counsel for defendants, Mr. Samual Branum, had a phone conversation with Class Counsel. During this conferral, defense counsel stated that defendants oppose the motion because they do not believe the plaintiff classes are prevailing parties and contend that Class Counsel should bear the entire costs of any class notice. Defense counsel further requested until December 4, 2026, to file a written objection to the motion.

18. In accordance with *Palmer v. City of Chicago*, 806 F.2d 1316 (7th Cir. 1986), Class Counsel is prepared to assign an undertaking promising to repay personally any award of costs associated with notice.

It is therefore respectfully requested that the Court order defendant Sheriff and Cook County to pay the cost for any forthcoming class notice.

Respectfully submitted,

/s/ Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773)233-7900
pwm@morrisseylawchicago.com
*an attorney for the plaintiff class*

---

781, 786 (7th Cir. 2004) ("The World Wide Web is an increasingly important method of communication, and, of particular pertinence here, an increasingly important substitute for newspapers.").