IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cuauhtemoc Hernandez and William Mathis, | ) | |
| *Plaintiffs,* | ) | |
| | ) | 23-cv- 16970 |
| -*vs*- | ) | |
| | ) | Judge Sunil R. Harjani |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) | Magistrate Judge Holleb Hotaling |
| *Defendants.* | ) | |

**JOINT STATUS REPORT**

The parties, pursuant to the Court's order entered on October 21, 2026, Dkt. 243, and November 2, 2026, Dkt. 244, file the following joint status report.

**Plaintiffs' Position**

Plaintiffs agree that the only substantive issue presently before the Court is the pending motion for a permanent injunction concerning the Cermak ramp.

Plaintiffs contend that the Rule 23(b)(3) class members should receive individual notice by U.S. Mail informing them of the Court's summary judgment memorandum opinion and order and their right to pursue individual damages claims pursuant to *Bennett*. Plaintiffs further contend that notice should be published on a dedicated webpage and posted in the housing units at the Cook County Jail due to the transient nature of the plaintiff classes. When notice was originally sent by U.S. Mail on June 27, 2025, 457 notices were originally returned as undeliverable out of 1,253. *See* Dkt. 245-2, Status Report by the Atticus Administration LLC.

Plaintiffs provided defendants with a proposed notice on October 23, 2026, a copy of which is attached as Exhibit 1. To date, defendants have neither proposed revisions to plaintiffs' draft nor provided any substantive alternative notice language.

**Defendants' Position**

Defendants will be filing a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. Plaintiffs failed to prove by a preponderance of the evidence that they suffered a concrete harm from the challenged ramp conditions, and therefore, they lacked standing to bring this suit in the first instance.

Standing "is an essential ingredient of subject-matter jurisdiction" that "must be secured at each stage of the litigation," including at trial. *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020). Because Article III standing remains a live issue based on the testimony at trial, ruling on the motion for permanent injunctive relief and sending notice to the putative class now would be premature and wasteful of judicial and party resources. If the Court finds that Plaintiffs suffered no concrete injury from the challenged conditions, the entire class action must be dismissed for lack of subject matter jurisdiction. *Walters v. Edgar*, 163 F.3d 430, 437 (7th Cir. 1998). Such a ruling would render any order for injunctive relief extrajudicial and render any notice sent to class members misleading and confusing.

In the event the Court orders that notice be sent now, Defendants object to Plaintiffs' request to publish the notice on a dedicated webpage and posting the notice in the housing units at the Cook County Jail. A jury has already found that the class representatives were not entitled to damages for traversing the ramps. The value of any individual claim for damages is highly questionable when the class representatives could not prove their

damages. Maintaining a costly website and expending resources to post notices in the housing units for current detainees who may not even be class members is not proportional to the value of the claims. Posting notices in the jail would also interfere with jail operations and may have the effect of a mandatory injunction, which would trigger the requirements of the Prison Litigation Reform Act. If the Court is inclined to move in this direction, Defendants respectfully request leave to research and brief the issue.

Also, the notices cannot advise on the statute of limitations or where to file an action because that information depends on what claims are brought, such as pursuant to the ADA or the Illinois Civil Rights Remedies Restoration Act; any affirmative defenses Defendants may raise, such as the Illinois Tort Immunity Act, 745 ILCS 10/8-101, which imposes a one-year time limit on actions against local governmental entities; and whether the case is filed in state or federal court.

Defendants request that the Court set a briefing schedule on their Rule 12(b)(1) motion to dismiss and hold off on any further rulings until that motion is resolved.

Respectfully submitted,


| | |
|---|---|
| /s/ Patrick W. Morrissey<br>Thomas G. Morrissey, Ltd.<br>10257 S. Western Ave.<br>Chicago, IL 60643<br>(773) 233-7901<br><br>*An attorney for the plaintiff class* | /s/ Samuel D. Branum (with consent)<br>Johnson & Bell, Ltd.<br>33 W. Monroe St., Suite 2700<br>Chicago, IL 60603<br>(312) 372-0770<br><br>*An attorney for defendants* |